# EXHIBIT A

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 29 1967
ROBERT C. THOMAS, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT, et al,

    Plaintiffs,

UNITED STATES OF AMERICA,

    Plaintiff-Intervenor.

v.                            CIVIL ACTION NO. 1300

MERIDIAN MUNICIPAL SEPARATE
SCHOOL DISTRICT, et al,

    Defendants.

O R D E R

This matter came on for hearing May 24, 1967 on order of this Court for the defendants to appear and show cause why an order should not be entered in this matter in accordance with the decree set out by the Court of Appeals for the Fifth Circuit in the case of United States, et al., v. Jefferson County Board of Education, et al., decided December 29, 1966, and, on rehearing en banc, March 29, 1967. The Court having considered the evidence on record in this matter previously entered in this cause in light of the Jefferson decision and having determined that the previously entered order fails to meet the standards for school desegregation plans enuciated by the Court of Appeals in United States, et al., v Jefferson County Board of Education, et al., and that the previously - entered order does not conform to the uniform plan formulated by the Court of Appeals for school desegregation plans based on freedom of choice, now therefore,

233

IT IS ORDERED, ADJUDGED and DECREED that the defendants, their agents, officers, employees and successors and all those in active concert and participation with them, be and they are permanently enjoined from discriminating on the basis of race or color in the operation of the Meridian Municipal School District. As set out more particularly in the body of the decree, they shall take affirmative action to disestablish all school segregation and to eliminate the effects of the dual school system:

I

SPEED OF DESEGREGATION

Commencing with the 1967-1968 school year, in accordance with this decree, all grades shall be desegregated and pupils assigned to schools in these grades without regard to race or color.

II

EXERCISE OF CHOICE

The following provisions shall apply to all grades:

(a) Who May Exercise Choice. A choice of schools may be exercised by a parent or other adult person serving as the student's parent. A student may exercise his own choice if he (1) is exercising a choice for the ninth or a higher grade, or (2) has reached the age of fifteen at the time of the exercise of choice. Such a choice by a student is controlling unless a different choice is exercised for him by his parent or other adult person serving as his parent during the choice period or at such later time as the student exercises a choice. Each reference in this decree to a student exercising a choice means the exercise of the choice, as appropriate, by a parent or such other adult, or by the student himself.

(b) Annual Exercise of Choice. All students shall be required to exercise a free choice of schools annually.

(c) <u>Choice Period</u>. The period for exercising choice shall commence on March 1, 1968 and end March 31, 1968, and in subsequent years shall commence March 1 and end March 31 preceding the school year for which the choice is to be exercised. No student or prospective student who exercises his choice within the choice period shall be given any preference because of the time within the period when such choice was exercised.

(d) <u>Mandatory Exercise of Choice</u>. A failure to exercise a choice within the choice period shall not preclude any student from exercising a choice at any time before he commences school for the year with respect to which the choice applies, but such choice may be subordinated to the choices of students who exercised choice before the expiration of the choice period. Any student who has not exercised his choice of school within a week after school opens shall be assigned to the school nearest his home where space is available under standards for determining available space which shall be applied uniformly throughout the system.

(e) <u>Public Notice</u>. On or within a week before the date the choice period opens, the defendants shall arrange for the conspicuous publication of a notice describing the provisions of this decree in the newspaper most generally circulated in the community. The text of the notice shall be substantially similar to the text of the explanatory letter sent home to parents. Publication as a legal notice will not be sufficient. Copies of this notice must also be given at that time to all radio and television stations located in the community. Copies of this decree shall be posted in each school in the school system and at the office of the Superintendent of Education.

(f) <u>Mailing of Explanatory Letters and Choice Forms</u>. On the first day of the choice period there shall be distributed by first-class mail or equivalent an explanatory letter and a choice form



- 3 -

to the parent (or other adult person acting as parent, if known to the defendants) of each student, together with a return envelope addressed to the Superintendent. Should the defendants satisfactorily demonstrate to the Court that they are unable to comply with the requirement of distributing the explanatory letter and choice form by first-class mail or equivalent, they shall propose an alternative method which will maximize individual notice, i.e., personal notice to parents by delivery to the pupil with adequate procedures to insure the delivery of the notice. The text for the explanatory letter and choice form shall essentially conform to the sample letter and choice form appended to this decree.

(g) <u>Extra Copies of the Explanatory Letter and Choice Form</u>. Extra copies of the explanatory letter and choice form shall be freely available to parents, students, prospective students, and the general public at each school in the system and at the office of the Superintendent of Education during the times of the year when such schools are usually open.

(h) <u>Content of Choice Form</u>. Each choice form shall set forth the name and location and the grades offered at each school and may require of the person exercising the choice the name, address, age of student, school and grade currently or most recently attended by the student, the school chosen, the signature of <u>one</u> parent or other adult person serving as parent, or where appropriate the signature of the student and the identity of the person signing. No statement of reasons for a particular choice, or any other information or any witness or other authentication, may be required or requested, without approval of the Court.

(i) <u>Return of Choice Form</u>. At the option of the person completing the choice form, the choice may be returned by mail, in person, or by messenger to any school in the school system or to the office of the Superintendent.

- 4 -

236

(j) <u>Choices Not on Official Form</u>. The exercise of choice may also be made by the submission in like manner of any other writing which contains information sufficient to identify the student and indicates that he has made a choice of school.

(k) <u>Choice Forms Binding</u>. When a choice form has once been submitted and the choice period has expired, the choice is binding for the entire school year and may not be changed except in cases of parents making different choices from their children under the conditions set forth in paragraph II(a) of this decree and in exceptional cases where, absent the consideration of race, a change is educationally called for or where compelling hardship is shown by the student. A change in family residence from one neighborhood to another shall be considered an exceptional case for purposes of this paragraph.

(1) <u>Preference in Assignment</u>. In assigning students to schools, no preferences shall be given to any student for prior attendance at a school and, except with approval of the Court in extraordinary circumstances, no choice shall be denied for any reason other than overcrowding. In case of overcrowding at any school, preference shall be given on the basis of the proximity of the school to the homes of the students choosing it without regard to race or color. Standards for determining overcrowding shall be applied uniformly throughout the system.

(m) <u>Second Choice Where First Choice is Denied</u>. Any student whose choice is denied must be promptly notified in writing and given his choice of any school in the school system serving his grade level where space is available. The student shall have seven days from the receipt of notice of a denial of first choice in which to exercise a second choice.

(n) <u>Transportation</u>. Where transportation is generally provided, buses must be routed to the maximum extent feasible in light of the geographic distribution of students, so as to serve each student choosing any school in the system.

- 5 -

Every student choosing either the formerly white or the formerly Negro school nearest his residence must be transported to the school to which he is assigned under these provisions, whether or not it is his first choice, if that school is sufficiently distant from his home to make him eligible for transportation under generally applicable transportation rules.

(o) <u>Official Not to Influence Choice</u>. At no time shall any official, teacher, or employee of the school system or any other person influence any parent, or other adult person serving as a parent, or any student, in the exercise of a choice or favor or penalize any person because of a choice made. If the defendant school board employs professional guidance counselors, such persons shall base their guidance and counseling on the individual student's particular personal, academic, and vocational needs. Such guidance and counseling by teachers, as well as professional guidance counselors, shall be available to all students without regard to race or color.

(p) <u>Protection of Persons Exercising Choice</u>. Within their authority school officials are responsible for the protection of persons exercising rights under or otherwise affected by this decree. They shall, without delay, take appropriate action with regard to any student or staff member who interferes with the successful operation of the plan. Such interference shall include harassment, intimidation, threats, hostile words or acts, and similar behavior. The school board shall not publish, allow, or cause to be published, the names or addresses of pupils exercising rights or otherwise affected by this decree. If officials of the school system are not able to provide sufficient protection, they shall seek whatever assistance is necessary from other appropriate officials.

III

PROSPECTIVE STUDENTS

Each prospective new student shall be required to exercise a choice of schools before or at the time of enrollment. All such students known to defendants shall be furnished a copy of the prescribed letter to parents, and choice form, by mail or in person, on the date the choice period opens or as soon thereafter as the school system learns that he plans to enroll. Where there is no pre-registration procedure for newly entering students, copies of the choice forms shall be available at the Office of the Superintendent and at each school during the time the school is usually open.

## IV

### TRANSFERS

(a) *Transfers for Special Needs*. Any student who requires a course of study not offered at the school to which he has been assigned may be permitted, upon his written application, at the beginning of any school term or semester, to transfer to another school which offers courses for his special needs.

(b) *Transfers to Special Classes or Schools*. If the defendants operate and maintain special classes or schools for physically handicapped, mentally retarded, or gifted children, the defendants may assign children to such schools or classes on a basis related to the function of the special class or school that is other than freedom of choice. In no event shall such assignments be made on the basis of race or color or in a manner which tends to perpetuate a dual school system based on race or color.

## V

### SERVICES, FACILITIES, ACTIVITIES AND PROGRAMS

No student shall be segregated or discriminated against on account of race or color in any service, facility, activity,

or program (including transportation, athletics, or other extracurricular activity) that may be conducted or sponsored by the school in which he is enrolled. A student attending school for the first time on a desegregated basis may not be subject to any disqualifications or waiting period for participation in activities and programs, including athletics, which might otherwise apply because he is a transfer or newly assigned student except that such transferees shall be subject to long-standing, non-racially based rules of city, county or state athletic associations dealing with the eligibility of transfer students for athletic contests. All school use or school-sponsored use of athletic fields, meeting rooms, and all other school related services, facilities, activities, and programs such as Commencement exercises and parent-teacher meetings which are open to persons other than enrolled students, shall be open to all persons without regard to race or color. All special educational programs conducted by the defendants shall be conducted without regard to race or color.

VI

SCHOOL EQUALIZATION

(a) *Inferior Schools*. In schools heretofore maintained for Negro students, the defendants shall take prompt steps necessary to provide physical facilities, equipment, courses of instruction, and instructional materials of quality equal to that provided in schools previously maintained for white students. Conditions of overcrowding, as determined by pupil-teacher ratios and pupil-classroom ratios shall, to the extent feasible, be distributed evenly between schools formerly maintained for Negro students and those formerly maintained for white students. If for any reason it is not feasible to improve sufficiently any school formerly maintained for Negro students, where such improvement would otherwise be required by this paragraph, such school shall be closed as soon as

- 8 -

possible, and students enrolled in the school shall be reassigned on the basis of freedom of choice. By October of each year, defendants shall report to the Clerk of the Court, pupil-teacher ratios, pupil-classroom ratios and per-pupil expenditures both as to operating and capital improvement costs, and shall outline the steps to be taken and the time within which they shall accomplish the equalization of such schools.

(b) <u>Remedial Programs</u>. The defendants shall provide remedial education programs which permit students attending or who have previously attended segregated schools to overcome past inadequacies in their education.

## VII

### NEW CONSTRUCTION

The defendants, to the extent consistent with the proper operation of the school system as a whole, shall locate any new school and substantially expand any existing schools with the objective of eradicating the vestiges of the dual system.

## VIII

### FACULTY AND STAFF

(a) <u>Faculty Employment</u>. Race or color shall not be a factor in the hiring, assignment, reassignment, promotion, demotion, or dismissal of teachers and other professional staff members, including student teachers, except that race may be taken into account for the purpose of counteracting or correcting the effect of the segregated assignment of faculty and staff in the dual system. Teachers, principals, and staff members shall be assigned to schools so that the faculty and staff are not composed exclusively of members of one race. Wherever possible, teachers shall be assigned so that more than one teacher of the minority race (white or Negro) shall be on a desegregated faculty. Defendants shall take positive

- 9 -

and affirmative steps to accomplish the desegregation of their school faculties and to achieve substantial desegregation of faculties in as many of the schools as possible for the 1967-1968 school year notwithstanding that teacher contracts for the 1967-68 or 1968-69 school years may have already been signed and approved. The tenure of teachers in the system shall not be used as an excuse for failure to comply with this provision. The defendants shall establish as an objective that the pattern of teacher assignment to any particular school not be identifiable as tailored for a heavy concentration of either Negro or white pupils in the school.

(b) _Dismissals_. Teachers and other professional staff members may not be discriminatorily assigned, dismissed, demoted, or passed over for retention, promotion, or rehiring, on the ground of race or color. In any instance where one or more teachers or other professional staff members are to be displaced as a result of desegregation, no staff vacancy in the school system shall be filled through recruitment from outside the system unless no such displaced staff member is qualified to fill the vacancy. If, as a result of desegregation, there is to be a reduction in the total professional staff of the school system, the qualifications of all staff members in the system shall be evaluated in selecting the staff member to be released without consideration of race or color. A report containing any such proposed dismissals, and the reasons therefor, shall be filed with the Clerk of the Court, serving copies upon opposing counsel, within five (5) days after such dismissal, demotion, etc., as proposed.

(c) _Past Assignments_. The defendants shall take steps to assign and reassign teachers and other professional staff members to eliminate the effects of the dual school system.

## IX

### REPORTS TO THE COURT

(1) <u>Report on Choice Period</u>. The defendants shall serve upon the opposing parties and file with the Clerk of the Court on or before June 15, 1967, and, in each subsequent year, on or before June 15, a report tabulating by race the number of choice applications and transfer applications received for enrollment in each grade in each school in the system, and the number of choices and transfers granted and the number of denials in each grade of each school. The report shall also state any reasons relied upon in denying choice and shall tabulate, by school and by race of student, the number of choices and transfers denied for each such reason.

In addition, the report shall show the percentage of pupils actually transferred or assigned from segregated grades or to schools attended predominately by pupils of a race other than the race of the applicant, for attendance during the 1966-67 school year, with comparable data for the 1965-66 school year. Such additional information shall be included in the report served upon opposing counsel and filed with the Clerk of the Court.

(2) <u>Report After School Opening</u>. The defendants shall, in addition to reports elsewhere described, serve upon opposing counsel and file with the Clerk of the Court within 30 days after the opening of schools for the fall semester of each year, a report setting forth the following information:

(i) The name, address, grade, school of choice and school of present attendance of each student who has withdrawn or requested withdrawal of his choice of school or who has transferred after the start of the school year, together with a description of any action taken by the defendants on his request and the reasons therefor.

- 11 -

(ii) The number of faculty vacancies, by school, that have occurred or been filled by the defendants since the order of this Court or the latest report submitted pursuant to this subparagraph. This report shall state the race of the teacher employed to fill each such vacancy and indicate whether such teacher is newly employed or was transferred from within the system. The tabulation of the number of transfers within the system shall indicate the schools from which and to which the transfers were made. The report shall also set forth the number of faculty members of each race assigned to each school for the current year.

(iii) The number of students by race, in each grade of each school.

ORDERED, ADJUDGED and DECREED this the 25th day of May, 1967.

_____
UNITED STATES DISTRICT JUDGE

A TRUE COPY, I HEREBY CERTIFY.
ROBERT C. THOMAS, CLERK
BY:
_A. B. Edmundson_
Deputy Clerk
Dated: 5-29-67

EXPLANATORY LETTER

(School System Name and Office Address)

(Date Sent)

Dear Parent:

All grades in our school system will be desegregated next year. Any student who will be entering one of these grades next year may choose to attend any school in our system, regardless of whether that school was formerly all-white or all-Negro. It does not matter which school your child is attending this year. You and your child may select any school you wish.

Every student, white and Negro, must make a choice of schools. If a child is entering the ninth or a higher grade, or if the child is fifteen years old or older, he may make the choice himself. Otherwise a parent or other adult serving as parent must sign the choice form. A child enrolling in the school system for the first time must make a choice of schools before or at the time of his enrollment.

The form on which the choice should be made is attached to this letter. It should be completed and returned by              . You may mail it in the enclosed envelope, or deliver it by messenger or by hand to any school principal or to the Office of the Superintendent at any time between              and              . No one may require you to return your choice form before              and no preference is given for returning the choice form early.

No principal, teacher or other school official is permitted to influence anyone in making a choice or to require early return of the choice form. No one is permitted to favor or penalize any student or other person because of a choice made. A choice once made cannot be changed except for serious hardship.

No child will be denied his choice unless for reasons of overcrowding at the school chosen, in which case children living nearest the school will have preference.

To those eligible for transportation, transportation will be provided no matter what school is chosen.

Your School Board and the school staff will do everything we can to see to it that the rights of all students are protected and that desegregation of our schools is carried out successfully.

Sincerely yours,

Superintendent

245

## CHOICE FORM

This form is provided for you to choose a school for your child to attend next year. You have 30 days to make your choice. It does not matter which school your child attended last year, and it does not matter whether the school you choose was formerly a white or Negro school. This form must be mailed or brought to the principal of any school in the system or to the Office of the Superintendent, _____, by _____

A choice is required for each child.

Name of child _____
                    (Last)           (First)           (Middle)

Address _____

Name of parent or other
adult serving as parent _____

If child is entering first grade, date of birth:

_____
    (Month)        (Day)         (Year)

Grade child is entering _____

School attended last year _____

Choose one of the following schools by marking an X beside the name.

Name of School          Grade              Location

_____    _____       _____

_____    _____       _____

_____    _____       _____

_____

                     Signature _____
                     Date      _____

_____

_____

To be filled in by Superintendent:

                    School Assigned _____