EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

JOHN BARNHARDT, et al.,         )
                                  )

              Plaintiffs,        )
                                  )

     and                     )
                                  )

UNITED STATES OF AMERICA,    )     Civil Action No. 1300(E)
                                  )

            Plaintiff-Intervenor,  )     United States' First Set of
                                  )     Document Requests

     v.                      )
                                  )

MERIDIAN MUNICIPAL SEPARATE   )
SCHOOL DISTRICT, et al.,         )
                                  )

            Defendants.      )

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26 of the Local Rules of Civil Procedure, Plaintiff-Intervenor the United States of America hereby requests that Defendant Meridian Municipal Separate School District (the "District") answer the following requests for documents, separately, fully, and in writing within thirty (30) days of the date of this Notice. The District's answers should include all information known up to the date its responses are served.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Federal Rule of Civil Procedure 26(e)(1), the District is under a duty to supplement or amend responses to these discovery requests and to update these responses on a regular basis.

### INSTRUCTIONS

    (a)     Whenever the information requested in these document requests is not readily available in the form requested but is available, or can more easily be made available, in

a different form, the District may make the information available in such different form so long as the information requested is intelligible.

   (b) If the District refuses to respond to any interrogatory or document request, or any subpart thereof, on the ground of privilege, identify:

     (1) the nature of the privilege, including work product;

     (2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked;

     (3) with respect to each document:

      a. the type of document,

      b. the general subject matter of the document,

      c. the date of the document,

      d. the author(s) and addressee(s) of the document and the relationship of the author(s) and the addressee(s) to each other, and

      e. all recipients of the document; and

     (4) with respect to each oral communication:

      a. the name of the person(s) making the communication,

      b. the names of all persons present while the communication was made,

      c. the relationship of the person present to the person making the communication,

      d. the date and place of the communication, and

      e. the general subject matter of the communication.

## DEFINITIONS

Unless the context of each request clearly indicates otherwise, the following words shall be deemed to mean the following:

      1.    The term "communication(s)" means any oral or written statement of any nature, including but not limited to correspondence, memoranda, electronic mail, conversations, meetings, conferences, dialogues, discussions, interviews, consultations, agreements, and other interactions between two or more persons.

      2.    The term "document(s)" shall include, without limitation, the original or a copy (when the original is unavailable) of any material, whether written, recorded, typed, handwritten, printed, transcribed, illustrated, or otherwise produced or reproduced, and whether in draft or final form, of any kind or nature, including but not limited to any correspondence, electronic mail, legal document, media report, photograph, photostat, microfilm, note, memorandum, letter, telegram, telex, circular, release, report, prospectus, memorandum of telephone or in-person conversation(s), financial statement, investigation summary, board minutes, analysis, drawing, graph, chart, account, book, notebook, draft, summary, diary, transcript, computer data base, computer printout or other computer generated matter, contract or order, technical report, laboratory report or notebook, engineering report, mechanical and electronic audio and video recordings or transcripts thereof, and other data compilations from which information can be obtained and translated.

      3.    The terms "identify," "identification," or "identity" have the following meanings:

a.      When used in reference to a natural person, it means to state the person's full name, current residence and business addresses, current residence and business telephone numbers and, if applicable, their title, dates of employment, and job description.  If their current addresses are unknown, provide the last known business and residence addresses.

b.      When used in reference to a document, it means to state the type of document (*e.g.*, letter, memorandum, telegram, chart, etc.), its author and originator, its date or dates, all addressees and recipients, and its present location or custodian.  If any such document was but is no longer in the District's possession or subject to the District's control, state what disposition was made of it.

4.      The terms "describe" and "description" mean provide, in detail, all available information about the requested topic, including any relevant dates and identity of all individuals involved.

5.      The singular shall be deemed to include the plural, the plural to include the singular, and words in the masculine, feminine, or neuter shall include each of the other genders as necessary to make the request inclusive rather than exclusive.

6.      The present tense includes the past and future tenses.  "All" means "any and all;" "any" means "any and all."  "Including" means "including but not limited to."

7.      The terms "and" as well as "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

8.      The terms "regarding," "reflecting," "concerning," "pertaining to," and "relating to" mean constituting, about, with regard to, with respect to, relating, concerning,

4

discussing, describing, reflecting, dealing with, in any way pertinent to, or referring in any way to the referenced subject matter.

9.    The term "complaint" means a claim, allegation, assertion, grievance, or report, whether formally filed or informally communicated orally or in writing.

10.    The term "person" is defined as any natural person or individual, or any business, legal or governmental entity or association.

11.    The term "law enforcement" means any agency, organization, department, or governmental entity authorized by law to maintain public order, or any individual working on behalf of any such body, including but not limited to the Meridian Police Department or any other police department, police officer, sheriff's department, or sheriff's officer.

12.    The term "the District" refers to the Meridian Municipal Separate School District and its school board, school board members, agents, employees, representatives, officers, or any person acting or purporting to act on its behalf.

## DOCUMENT REQUESTS

1.    All documents relied on to provide responses to the United States' First Set of Interrogatories.

2.    All District policies and procedures regarding student discipline implemented in the District since the 2008-2009 school year, including policies and procedures relating to the referral of students to law enforcement.  Include all documents concerning or reflecting any changes in such policies or procedures since the 2008-2009 school year.

3.    All standard forms utilized by the District during the 2008-2009, 2009-2010, and 2010-2011 school years relating to student discipline, including discipline referral

forms (office or law enforcement referral), behavior report forms, and any forms used when students are suspended in school or out of school or expelled.

4.      All documents produced by any system, program, or service utilized by the District to monitor and analyze student discipline, including incidents of student misconduct, office disciplinary referrals, law enforcement referrals, disciplinary consequences administered, and other student discipline data.  Include all data fields and all searchable data fields.

5.      All notes, minutes, and agenda from all discussions (formal and informal) and meetings – held during the 2008-2009, 2009-2010, and 2010-2011 school years – between members of the Meridian Board of Education and District personnel regarding the District's student discipline policies, practices, or procedures and the District's enforcement of such policies, practices, and procedures.

6.      All documents from any trainings conducted or provided by or for school or District personnel during the 2008-2009, 2009-2010, and 2010-2011 school years regarding student discipline.

7.      All memoranda of understanding, contracts, agreements, and communications between the District and any law enforcement entity regarding fights between students, detaining students who are suspended from school, referring students to law enforcement, contacting law enforcement, requesting law enforcement presence on school grounds, or otherwise pertaining to student discipline.

8.      All documents and communications pertaining to every instance in which law enforcement was notified, contacted, or summoned by school personnel or other District personnel about incidents involving District students during the 2008-2009, 2009-2010, and 2010-2011 school years.

9.   All documents and lists, maintained by the District or by any school within the District, of students who previously have been arrested or are on probation.

10.   All documents addressing or concerning complaints received by the District about the District's student discipline policies, procedures, or practices.

11.   All documents addressing or concerning the discipline, suspension, non-renewal, or termination of any District employee, including but not limited to Charles Kent, M.D. Cameron, Barbara Kidd, and Vicky Hood, during the 2008-2009, 2009-2010, and 2010-2011 school years.

12.   All documents addressing or concerning complaints received by the District about any District employee during the 2008-2009, 2009-2010, and 2010-2011 school years.

13.   All documents from discussions (formal and informal) and meetings – held during the 2008-2009, 2009-2010 and 2010-2011 school years – between members of the Meridian Board of Education and central office administrators and staff regarding the termination, non-renewal, layoff, or reduction of District employees or positions.

14.   For each document produced in response to these document requests, identify all individuals who were contacted to provide responsive information, all individuals who provided responsive information, the individual(s) who created the document and the individual(s) who maintains custody of the document.  Include each person's name, title, and address.

Dated:      February 7, 2011

United States Department of Justice
Civil Rights Division
Educational Opportunities Section

By:

ALLISON R. BROWN
RYAN C. WILSON
Tel:  (202) 514-4092
Fax: (202) 514-8337

8