# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT, et al.                                         PLAINTIFFS

and

UNITED STATES OF AMERICA                          PLAINTIFF-INTERVENOR

v.                                                      CIVIL ACTION NO. 1300(E)

MERIDIAN MUNICIPAL SEPARATE
SCHOOL DISTRICT, et al.                                        DEFENDANTS

### Defendant Meridian Public School District's Responses to Requests for Production of Documents Propounded by the Untied States of America

Defendant Meridian Public School District ("District"), through undersigned counsel, in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure, responds to Plaintiff-Intervenor's Requests for Production of Documents as follows:

**General Objection**: The Requests for Production of Documents propounded by the United States are premature in light of the history of this desegregation litigation. The Fifth Circuit closed this case and transferred it to the inactive docket of the district court subject to re-opening upon good cause shown. The United States has made no such showing. Further, the discovery sought is beyond the scope of the desegregation Plan and orders in this case.

**History of this Litigation**. On May 10, 1965, Private Plaintiffs John Barnhardt et al., then-minor students, by their parents, filed this lawsuit against the District, seeking disestablishment of its racially dual school system. On June 28, 1965, this Court granted leave to the United States to intervene as a plaintiff. On May 29, 1967, this Court ordered the desegregation of the District's schools and approved a freedom-of-choice desegregation plan.

By Order of November 7, 1969, the Fifth Circuit Court of Appeals entered an order (the "November 7, 1969 Order") enjoining the District from operating a dual school system based on race or color and requiring the District to operate a unitary school system within which no person is effectively excluded from any school because of race or color. The Fifth Circuit ordered the immediate implementation of a desegregation plan (the "Plan") prepared by the United States Department of Health, Education, and Welfare ("HEW"). The November 7, 1969 Order allowed modifications to the Plan after consideration by the district court, subject to further order by the Fifth Circuit. By Order of November 19, 1969, the Fifth Circuit later approved amendments to the Plan, redrawing student attendance zones for seventh, eighth, and ninth grade students to attend four schools. On July 14, 1970, the district court issued findings of fact and recommendations for additional amendments to the Plan's student attendance zones for assignment of students in grades one through six to ten elementary schools. By Order of July 20, 1970, the Fifth Circuit approved these modifications to student attendance zones. On February 7, 1973, the Fifth Circuit closed the case subject to being reopened. By Order of March 22, 1974, the Fifth Circuit transferred the case to the district court's inactive docket subject to being re-opened for good cause shown. The district court entered no further orders in this case until June 19, 2009, and the docket was dormant for thirty-two years.

On June 19, 2009, the district court entered its Order Modifying Desegregation Plan, which approved reconfiguring of the junior high and middle schools, constructing a new ninth-grade facility, closing Kate Griffin Junior High School, closing Witherspoon Elementary School, and reconfiguring the elementary student attendance zones to accommodate Witherspoon students at Parkview Elementary and Crestwood Elementary. Private Plaintiffs and the United States did not oppose the District's motion to modify the Plan.

District Responded to Informal Discovery Requests. In 2007-08, the United States initiated a case review of the District, requesting data about various aspects of District operations. The District was under the impression that the United States was seeking to determine if the District was unitary. In February, 2008, the United States conducted a site visit at several schools and by letter of April 11, 2008, requested additional information about the District's operations. The District responded to the information requests by letters of May 12, 2008, and supplemented with additional information on May 29, 2008, June 4, 2008, and July 2, 2008. The United States asked for additional information by letter of December 16, 2008. The District responded on March 10, 2009. In addition, the District has discussed with the United States and counsel for Private Plaintiffs a proposed consent decree.

By letter of May 12, 2010, the United States informed the District that it had received "a complaint" about the District's "new student disciplinary policy," which was described as notifying law enforcement whenever a student in grades 6-12 was involved in a physical altercation. The United States said it had come to its attention that the District was in the process of terminating various positions, especially of black employees. The United States asked for information, stating that the new discipline policy and recent personnel cuts "implicate" the District's desegregation obligations. The District responded by letter of May 19, 2010, explaining that the complaint about a new disciplinary policy was incorrect. The District had not adopted a new student discipline policy with respect to fights or violence at school. The District provided copies of the District's policies on Unlawful or Violent Acts and its policy against Fighting. The District also observed that the desegregation Plan and the orders do not require the District to provide information about student discipline. The District responded to questions about personnel, explaining that the District, faced with unprecedented budgetary and financial

constraints in public education, would act responsibly, without regard to race, to balance its budget, including reduction-in-force and non-renewal of employees. The District provided information about its elimination of specific positions and the resulting non-renewal of certain employees.

<u>Discovery Is a Fishing Expedition</u>. To date, the United States has not moved to enforce any particular provisions of the desegregation Plan nor filed any pleading alleging that the District is not complying with its desegregation Plan. Instead, after no action in the litigation for more than forty years, the United States filed these interrogatories, asking for virtually every detail about student discipline for the last three school years and information about suspension, non-renewal, or termination of all employees during the last three school years.

These Requests for Production of Documents are extraordinarily broad in scope, amounting to a fishing expedition. Further, the District does not maintain or retain files in a manner that would allow it to respond to many of the detailed and overbroad discovery requests. If the Department of Justice intends to use discovery as a tool at this point in this litigation, it should first put the District on formal notice of the allegations against the District that frame the nature and scope of the discovery requests.

The District also responds to each Request below by stating its specific objections.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents relied on to provide responses to the United States' First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 1:** Objection. See General Objection above and the District's answers and objections to the United States' First Set of Interrogatories.

**REQUEST NO. 2:** All District policies and procedures regarding student discipline implemented in the District since the 2008-2009 school year, including policies and procedures relating to the referral of students to law enforcement. Include all documents concerning or reflecting any changes in such policies or procedures since the 2008-2009 school year.

**RESPONSE TO REQUEST NO. 2:** Objection. See General Objection above. Further, Request No. 2 is overly broad and is not relevant to the desegregation Plan and the orders in this case.

**REQUEST NO. 3:** All standard forms utilized by the District during the 2008-2009, 2009-2010, and 2010-2011 school years relating to student discipline, including discipline referral forms (office or law enforcement referral), behavior report forms, and any forms used when students are suspended in school or out of school or expelled.

**RESPONSE TO REQUEST NO. 3:** Objection. See General Objection above. Further, Request No. 3 is overly broad in time and scope and is not relevant to the desegregation Plan and the orders in this case.

**REQUEST NO. 4:** All documents produced by any system, program, or service utilized by the District to monitor and analyze student discipline, including incidents of student misconduct, office disciplinary referrals, law enforcement referrals, disciplinary consequences administered, and other student discipline data. Include all data fields and all searchable data fields.

**RESPONSE TO REQUEST NO. 4:** Objection. See General Objection above. Further, Request No. 4 is vague, overly broad in time and scope, unduly burdensome, and not relevant to the desegregation Plan and the orders in this case. Additionally, requiring the District

to compile every document regarding every discipline-related report for an unrestricted time period is unreasonable.

**REQUEST NO. 5:** All notes, minutes, and agenda from all discussions (formal and informal) and meetings – held during the 2008-2009, 2009-2010, and 2010-2011 school years – between members of the Meridian Board of Education and District personnel regarding the District's student discipline policies, practices, or procedures and the District's enforcement of such policies, practices, and procedures.

**RESPONSE TO REQUEST NO. 5:** Objection. See General Objection above. Further, Request No. 5 is overly broad in scope and time, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case. The District cannot reasonably be expected to recall all "formal" or "informal" discussions held over a three-year period. Request No. 5 is vague and confusing.

**REQUEST NO. 6:** All documents from any trainings conducted or provided by or for school or District personnel during the 2008-2009, 2009-2010, and 2010-2011 school years regarding student discipline.

**RESPONSE TO REQUEST NO. 6:** Objection. See General Objection above. Further, Request No. 6 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case.

**REQUEST NO. 7:** All memoranda of understanding, contracts, agreements, and communications between the District and any law enforcement entity regarding fights between students, detaining students who are suspended from school, referring students to law enforcement, contacting law enforcement, requesting law enforcement presence on school grounds, or otherwise pertaining to student discipline.

**RESPONSE TO REQUEST NO. 7:** Objection. See General Objection above. Further, Request No. 7 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan or orders in this case. Additionally, requiring the District to compile every document regarding every discipline-related report for an unrestricted time period is unreasonable.

**REQUEST NO. 8:** All documents and communications pertaining to every instance in which law enforcement was notified, contacted, or summoned by school personnel or other District personnel about incidents involving District students during the 2008-2009, 2009-2010, and 2010-2011 school years.

**RESPONSE TO REQUEST NO. 8:** Objection. See General Objection above. Further, Request No. 8 is overly broad and is not relevant to the desegregation Plan or orders in this case.

**REQUEST NO. 9:** All documents and lists, maintained by the District of by any school within the District, of students who previously have been arrested or are on probation.

**RESPONSE TO REQUEST NO. 9:** Objection. See General Objection above. Further, Request No. 9 is overly broad in time and scope and is not relevant to the desegregation Plan or orders in this case. Further, such records are confidential.

**REQUEST NO. 10:** All documents addressing or concerning complaints received by the District about the District's student discipline policies, procedures, or practices.

**RESPONSE TO REQUEST NO. 10:** Objection. See General Objection above. Further, Request No. 10 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan or orders in this case. Additionally, requiring the District to

compile every document regarding any complaint for an unrestricted time period is unreasonable.

**REQUEST NO. 11:** All documents addressing or concerning the discipline, suspension, non-renewal, or termination of any District employee, including but not limited to Charles Kent, M.D. Cameron, Barbara Kidd, and Vicky Hood, during the 2008-2009, 2009-2010, and 2010-2011 school years.

**RESPONSE TO REQUEST NO. 11:** Objection. See General Objection above. Further, Request No. 11 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan or orders in this case. Additionally, such employee information is confidential.

**REQUEST NO. 12:** All documents addressing or concerning complaints received by the District about any District employee during the 2008-2009, 2009-2010, and 2010-2011 school years.

**RESPONSE TO REQUEST NO. 12:** Objection. See General Objection above. Further, Request No. 12 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan or orders in this case. Additionally, such employee information is confidential.

**REQUEST NO. 13:** All documents from discussions (formal and informal) and meetings – held during the 2008-2009, 2009-2010 and 2010-2011 school years – between members of the Meridian Board of Education and central office administrators and staff regarding the termination, non-renewal, layoff, or reduction of District employees or positions.

**RESPONSE TO REQUEST NO. 13:** Objection. See General Objection above. Further, Request No. 13 is overly broad in time and scope and unduly burdensome. Such

information about employees is confidential. Further, the District cannot reasonably be expected to recall and compile every "informal discussion" over a three-year period.

**REQUEST NO. 14:** For each document produced in response to these document requests, identify all individuals who were contacted to provide responsive information, all individuals who provided response information, the individual(s) who created the document and the individual(s) who maintains custody of the document. Include each person's name, title, and address.

**RESPONSE TO REQUEST NO. 14:** Undersigned counsel are listed below.

RESPECTFULLY SUBMITTED this the 8th day of March, 2011.

MERIDIAN PUBLIC SCHOOL DISTRICT

By: *Holmes S. Adams*
     *One of Its Attorneys*

OF COUNSEL:
Holmes S. Adams (MSB # 1126)
Laura F. Rose (MSB # 102256)
Adams and Reese LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS 39157
Phone: (601) 353-3234
Facsimile: (601) 355-9708
holmes.adams@arlaw.com
laura.rose@arlaw.com

John G. Compton
Witherspoon & Compton
P.O. Box 845
Meridian, Mississippi 39302
Phone: (601) 693-6466
Facsimile: (601) 693-4840
jcompton@witherspooncompton.com

## CERTIFICATE OF SERVICE

I, Holmes S. Adams, counsel for the District, certify that a true and correct copy of the above and foregoing **Responses of Meridian Public School District to First Set of Requests for Production of Documents by United States** has been forwarded to the following persons:

Fred L. Banks, Jr.
Phelps Dunbar
Post Office Box 23066
Jackson, MS  39225-3066

Allison R. Brown, Esq.
Ryan C. Wilson, Esq.
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Patrick Henry Building, Suite 4300
Washington, DC 20530

This the 8th day of March, 2011.

_Holmes S. Adams_
Holmes S. Adams