# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT, et al.                                PLAINTIFFS

and

UNITED STATES OF AMERICA                   PLAINTIFF-INTERVENOR

v.                                            CIVIL ACTION NO. 1300(E)

MERIDIAN MUNICIPAL SEPARATE
SCHOOL DISTRICT, et al.                               DEFENDANTS

### Defendant Meridian Public School District's Responses
### To Interrogatories of Plaintiff-Intervenor United States of America

Defendant Meridian Public School District (the "District"), by its undersigned counsel, in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure, responds to Plaintiff-Intervenor's First Set of Interrogatories as follows:

**General Objection**: The Interrogatories propounded by the United States are premature in light of the history of this desegregation litigation. The Fifth Circuit closed this case and transferred it to the inactive docket of the district court subject to re-opening upon good cause shown. The United States has made no such showing. Further, the discovery sought is beyond the scope of the desegregation Plan and orders in this case.

History of this Litigation. On May 10, 1965, Private Plaintiffs John Barnhardt et al., then-minor students, by their parents, filed this lawsuit against the District, seeking disestablishment of its racially dual school system. On June 28, 1965, this Court granted leave to the United States to intervene as a plaintiff. On May 29, 1967, this Court ordered the desegregation of the District's schools and approved a freedom-of-choice desegregation plan.

By Order of November 7, 1969, the Fifth Circuit Court of Appeals entered an order (the "November 7, 1969 Order") enjoining the District from operating a dual school system based on race or color and requiring the District to operate a unitary school system within which no person is effectively excluded from any school because of race or color. The Fifth Circuit ordered the immediate implementation of a desegregation plan (the "Plan") prepared by the United States Department of Health, Education, and Welfare ("HEW"). The November 7, 1969 Order allowed modifications to the Plan after consideration by the district court, subject to further order by the Fifth Circuit. By Order of November 19, 1969, the Fifth Circuit later approved amendments to the Plan, redrawing student attendance zones for seventh, eighth, and ninth grade students to attend four schools. On July 14, 1970, the district court issued findings of fact and recommendations for additional amendments to the Plan's student attendance zones for assignment of students in grades one through six to ten elementary schools. By Order of July 20, 1970, the Fifth Circuit approved these modifications to student attendance zones. On February 7, 1973, the Fifth Circuit closed the case subject to being reopened. By Order of March 22, 1974, the Fifth Circuit transferred the case to the district court's inactive docket subject to being re-opened for good cause shown. The district court entered no further orders in this case until June 19, 2009, and the docket was dormant for thirty-two years.

On June 19, 2009, the district court entered its Order Modifying Desegregation Plan, which approved reconfiguring of the junior high and middle schools, constructing a new ninth-grade facility, closing Kate Griffin Junior High School, closing Witherspoon Elementary School, and reconfiguring the elementary student attendance zones to accommodate Witherspoon students at Parkview Elementary and Crestwood Elementary. Private Plaintiffs and the United States did not oppose the District's motion to modify the Plan.

District Responded to Informal Discovery Requests.   In 2007-08, the United States initiated a case review of the District, requesting data about various aspects of District operations.  The District was under the impression that the United States was seeking to determine if the District was unitary.  In February, 2008, the United States conducted a site visit at several schools and by letter of April 11, 2008, requested additional information about the District's operations.  The District responded to the information requests by letters of May 12, 2008, and supplemented with additional information on May 29, 2008, June 4, 2008, and July 2, 2008.  The United States asked for additional information by letter of December 16, 2008.  The District responded on March 10, 2009.  In addition, the District has discussed with the United States and counsel for Private Plaintiffs a proposed consent decree.

By letter of May 12, 2010, the United States informed the District that it had received "a complaint" about the District's "new student disciplinary policy," which was described as notifying law enforcement whenever a student in grades 6-12 was involved in a physical altercation.  The United States said it had come to its attention that the District was in the process of terminating various positions, especially of black employees.  The United States asked for information, stating that the new discipline policy and recent personnel cuts "implicate" the District's desegregation obligations.  The District responded by letter of May 19, 2010, explaining that the complaint about a new disciplinary policy was incorrect.  The District had not adopted a new student discipline policy with respect to fights or violence at school.  The District provided copies of the District's policies on Unlawful or Violent Acts and its policy against Fighting.  The District also observed that the desegregation Plan and the orders do not require the District to provide information about student discipline.  The District responded to questions about personnel, explaining that the District, faced with unprecedented budgetary and financial

constraints in public education, would act responsibly, without regard to race, to balance its budget, including reduction-in-force and non-renewal of employees. The District provided information about its elimination of specific positions and the resulting non-renewal of certain employees.

<u>Discovery Is a Fishing Expedition</u>. To date, the United States has not moved to enforce any particular provisions of the desegregation Plan nor filed any pleading alleging that the District is not complying with its desegregation Plan. Instead, after no action in the litigation for more than forty years, the United States filed these interrogatories, asking for virtually every detail about student discipline for the last three school years and information about suspension, non-renewal, or termination of all employees during the last three school years.

These Interrogatories are extraordinarily broad in scope, amounting to a fishing expedition. Further, the District does not maintain or retain files in a manner that would allow it to respond to many of the detailed and overbroad discovery requests. If the Department of Justice intends to use discovery as a tool at this point in this litigation, it should first put the District on formal notice of the allegations against the District that frame the nature and scope of the discovery requests.

The District also responds to each Interrogatory below by stating its specific objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Provide the total number and percentage of all students – by race, sex, and grade level – enrolled in every school and educational facility operated by the District during the 2008-2009, 2009-2010, and 2010-2011 school years.

**ANSWER TO INTERROGATORY NO. 1:** Objection. See General Objection above.

*1008053*

4

**INTERROGATORY NO. 2:** Provide the total number of students and percentage – by race, school, grade, and sex – suspended in school or out of school, expelled, or placed in an alternative school or alternative education program for misbehavior during the 2008-2009, 2009-2010, and 2010-2011 school years. Include for each such student the student's grade level; the infraction or offense for which the student was disciplined; the disciplinary disposition or consequence imposed by the District; the date the infraction or offense was committed; the name, race, and title of the District employee who initiated the disciplinary process, the name, race, and title of all District employees involved in the disciplinary process; the date the disciplinary disposition or consequence was imposed; and an indication of whether the student or the student's parent or guardian appealed any aspect of the discipline decision.

**ANSWER TO INTERROGATORY NO. 2:** Objection. See General Objection above. Further, Interrogatory No. 2 is a compound interrogatory, overly broad in scope and time, burdensome, is not relevant to desegregation Plan in this case. Further, a review by the United States of each individual student disciplinary action over the last three school years is beyond the scope of the desegregation orders.

**INTERROGATORY NO. 3:** Provide the total number of calls, notifications, or referrals made to law enforcement by any school personnel or other District personnel during the 2008-2009, 2009-2010, and 2010-2011 school years for all incidents occurring in or around a District school of educational facility. For each call, notification, or referral made during the relevant time periods, include the following information:

    a. The date each call, notification, or referral was made;

b.  The name, position, and race of the individual(s) who called, notified, or referred the incident to law enforcement and the name, position, and race of any individual who instructed someone else to call or notify law enforcement;

c.  The name, race, school attended, and grade level of each student involved and the role of each student in the incident;

d.  A description of the offense(s), infraction(s), or behavior(s) for which law enforcement was called or notified and a list of all criminal charge filed as a result of the incident;

e.  The actions taken by law enforcement as a result of each incident, including removal of students from school grounds, arrest of students, charging any student with a criminal offense, or detaining any student; and

f.  Disciplinary actions taken by the District, including in-school or out-of-school suspension, placement in an alternative school or alternative education program, or expulsion as a result of the incident. Include the length of any suspensions, alternative placements, or expulsions. For each alternative placement, include the name of the alternative school or alternative education program.

**ANSWER TO INTERROGATORY NO. 3:** Objection. See General Objection above. Further, Interrogatory No. 3 is a compound interrogatory, overly broad in scope and time, unduly burdensome, and not relevant to the desegregation Plan and orders in this case. Additionally, some or all of the requested information is confidential.

**INTERROGATORY NO. 4:** Describe any system, program, or service utilized by the District or by any school in the District during the 2008-2009, 2009-2010, and 2010-2011 school years to monitor and analyze student discipline, including incidents of student

misconduct, office disciplinary referrals, law enforcement referrals, disciplinary consequences administered, and other student discipline data. Include the name of the system, program, or service; the identity of the individual and District position responsible for maintaining such system, program, or service; the identity of all individuals and District positions with access to the system, program, or service; the process by which information is inputted to the system, program, or service; the reporting schedule for any data that must be reported to an outside entity from the system, program, or service; and a description of all data fields utilized in the system, program, or service, including all searchable data fields.

**ANSWER TO INTERROGATORY NO. 4:** Objection. See General Objection above. Further, Interrogatory No. 4 is overly broad in scope and time, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case.

**INTERROGATORY NO. 5:** Describe all District policies and procedures related to student discipline implemented in the District since the 2008-2009 school year. Include a description of all edits, revisions, modifications, adjustments, and changes made to the policies and procedures since 2008-2009 and the reasons for each edit, revision, modification, adjustment, or change made.

**ANSWER TO INTERROGATORY NO. 5:** Objection. See General Objection above.

**INTERROGATORY NO. 6:** Describe all discussions (formal and informal) and meetings – held during the 2008-2009, 2009-2010, and 2010-2011 school years – between members of the Meridian Board of Education and District personnel regarding the District's student discipline policies, practices, or procedures, including the District's enforcement of such policies, practices, and procedures.

**ANSWER TO INTERROGATORY NO. 6:** Objection. See General Objection above. Further, Interrogatory No. 6 is overly broad in scope and time, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case. The District cannot reasonably be expected to recall and describe all "formal" or "informal" discussions held over a three-year period. The interrogatory is vague and confusing.

**INTERROGATORY NO. 7:** Describe all trainings conducted or provided by or for school or District personnel regarding student discipline during the 2008-2009, 2009-2010, and 2010-2011 school years. Include for each such training the date the training was conducted, the title of the trainings, the length of each training, the identity of the individual(s) or entity that conducted the training, and the name and position of all individuals in attendance at each training.

**ANSWER TO INTERROGATORY NO. 7:** Objection. See General Objection above. Further, Interrogatory No. 7 is a compound interrogatory, overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case.

**INTERROGATORY NO. 8:** Provide the total number of students and percentage – by race, school, grade level, and sex – who were punished, observed, cited, referred to the office, or verbally warned for misbehavior or a disciplinary offense or infraction but not suspended in school or out of school, expelled, or placed in any alternative school or alternative school program for the misbehavior, offense, or infraction during the 2008-2009, 2009-2010, and 2010-2011 school years.

**ANSWER TO INTERROGATORY NO. 8:** Objection. See General Objection above. Further, Interrogatory No. 8 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case,. Further, the term "observed" is

vague and confusing. Also, the District cannot reasonably be expected to be able to compile and provide every "verbal" warning issued to students for misbehavior over a three-year period.

**INTERROGATORY NO. 9:** Describe all District policies and procedures implemented since the 2008-2009 school year regarding the referral of District students to law enforcement.

**ANSWER TO INTERROGATORY NO. 9:** Objection. See General Objection above. Further, Interrogatory No. 9 is not relevant to the desegregation Plan and orders in this case. The District has already provided responsive information to prior informal requests by the United States.

**INTERROGATORY NO. 10:** Describe all lists maintained by the District or by any school within the District during the 2008-2009, 2009-2010, 2010-2011 school years of students who previously have been arrested, e.g., lists of students on probation. Include for each such list the identity of the individual and position that maintains the list; the individuals, positions, or entities that receive the list; the frequency with which the listed is updated; and the manner in which the list is distributed. In each school, describe where the list is located and identify all individuals and positions that have access to the list.

**ANSWER TO INTERROGATORY NO. 10:** Objection. See General Objection above. Further, Interrogatory No. 10 is overly broad in time and scope, unduly burdensome, is not relevant to the desegregation Plan and the orders in this case, and is a compound interrogatory. Additionally, the information is confidential.

**INTERROGATORY NO. 11:** Describe all communications, memoranda of understanding, contracts, or other documents created or made during the 2008-2009, 2009-2010,

2010-2011 school years regarding the referral of students to law enforcement from District schools, educational facilities, or other District property.

**ANSWER TO INTERROGATORY NO. 11:** Objection. See General Objection above. Further, Interrogatory No. 11 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case. The District cannot reasonably be expected to describe all "communications" of any kind within the District for a three-year period.

**INTERROGATORY NO. 12:** Provide the name, race, and assigned school of all security guards or school resource officers who work or have worked in the District from the 2008-2009 school year to the present whether by virtue of a contractual agreement or as a salaried employee. For each individual listed, include the length of time he or she worked as a security guard or resource officer, and for those individuals listed who no longer work in the District as a security guard or resource officer, include all of the reasons they no longer work in the District.

**ANSWER TO INTERROGATORY NO. 12:** Objection. See General Objection. Further, Interrogatory No. 12 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case, and are beyond the scope of permissible discovery under the federal Rules.

**INTERROGATORY NO. 13:** Describe all complaints, written and verbal, received by the District during the 2008-2009, 2009-2010, and 2010-2011 school years regarding the District's student discipline policies, procedures, or practices. Include the identity of the complainant(s), the date the complaint was received, and a description of any District action taken in response to the complaint.

**ANSWER TO INTERROGATORY NO. 13:** Objection. See General Objection above. Further, Interrogatory No. 13 is overly broad in time and scope, unduly burdensome, exceeds the scope of permissible discovery allowed under the Federal Rules of Civil Procedure, is not relevant to the desegregation Plan and orders in this case. In addition, the District cannot reasonably be expected to describe all "verbal complaints" received over a three-year period.

**INTERROGATORY NO. 14:** Provide the total number and percentage of all District employees, by name, race, assigned location, and position who worked in District schools, educational facilities, and the central administrative office during the 2008-2009, 2009-2010, and 2010-2011 school years. Include (but not limited to) all full-time teachers, part-time teachers, principals, associate principals, assistant principals, counselors, and central office administrators and staff.

**ANSWER TO INTERROGATORY NO. 14:** Objection. See General Objection above. Further, Interrogatory No. 14 is overly broad in scope and time, especially as to non-certificated employees.

**INTERROGATORY NO. 15:** Identify all District employees – including but not limited to Charles Kent, M.D. Cameron, Barbara Kidd, and Vicky Hood – whom the District disciplined, suspended, non-renewed, or terminated during the 2008-2009, 2009-2010, and 2010-2011 school years. For each such employee, describe all reasons for the discipline, suspension, non-renewal, or termination; identify all employees involved in the District's decision to impose the discipline, suspension, non-renewal or termination; and identify all documents regarding the District's decision.

**ANSWER TO INTERROGATORY NO. 15:** Objection. See General Objection above. Further, Interrogatory No. 15 is a compound interrogatory, overly broad in time and scope, unduly burdensome. Further, such employee information is confidential.

**INTERROGATORY NO. 16:** Describe all discussions (formal and informal) and meetings – held during the 2008-2009, 2009-2010, and 2010-2011 school years – between members of the Meridian Board of Education and central office administrators and staff regarding the termination, non-renewal, layoff, or reduction of District employees or positions. Include for each discussion and meeting, the date of the discussion or meeting, the identity of the individuals present for the discussion or meeting, the identity of the individuals present for the discussion or meeting, and the reason given for the termination, non-renewal, layoff or reduction.

**ANSWER TO INTERROGATORY NO. 16:** Objection. See General Objection above. Further, Interrogatory No. 16 is a compound interrogatory, overly broad in time and scope, and unduly burdensome. Such information about employees is confidential. Further, the District cannot reasonably be expected to recall and compile every "informal discussion" over a three- year period.

**INTERROGATORY NO. 17:** Describe all complaints, written and verbal, received by the District during the 2008-2009, 2009-2010, and 2010-2011 school years regarding any District employee. Include the identity of the complainant(s), the date the complaint was received, the identity and position of the individual(s) named in the complaint, and a description of any District action taken in response to the complaint.

**ANSWER TO INTERROGATORY NO. 17:** Objection. Interrogatory No. 17 is overly broad in time and scope, unduly burdensome, is not relevant to the desegregation Plan and order in this case, and is not reasonably calculated to lead to the discovery of admissible and/or

relevant evidence. Further, Interrogatory No. 17 is overly broad in its request for all "verbal" complaints and "all complaints" of any kind.

**INTERROGATORY NO. 18:** With respect to Document Request # 3 in the United States' First Set of Document Requests, for each form provided, include the range of dates the form was utilized in the District, the purpose of the form, and the process for using the form, *i.e.*, the individual or position responsible for completing the form, the individual or position responsible for receiving the form, and any process for recording the form or the information contained therein for future references and data analysis.

**ANSWER TO INTERROGATORY NO. 18:** Objection. See General Objection above. Further, Interrogatory No. 18 is a compound interrogatory, overly broad in time and scope, unduly burdensome, exceeds the scope of permissible discovery allowed under the Federal Rules of Civil Procedure, and is not relevant to the desegregation Plan and orders in this case.

**INTERROGATORY NO. 19:** With respect to Document Request # 6 in the United States' First Set of Document Requests, include for each training, the date the training was conducted, the identity of the individual(s) or entity that conducted the training, the title of the training, and the name and position of all individuals in attendance at each training.

**ANSWER TO INTERROGATORY NO. 19:** Objection. See General Objection above. Further, Interrogatory No. 19 is overly broad in time and scope, unduly burdensome, exceeds the scope of permissible discovery allowed under the Federal Rules of Civil Procedure, is not relevant to the desegregation Plan and orders in this case, and is not reasonably calculated to lead to the discovery of admissible and/or relevant evidence.

**INTERROGATORY NO. 20:**   With respect to Document Request #8 in the United States' First Set of Document Requests, for each document and communication provided regarding law enforcement notification, contact, or summons during the 2008-2009, 2009-2010, 2010-2011 school years, include the date of each document and communication; the name, position, and race of all District employees with knowledge of the events surrounding each incident; and the name, race, school attended and grade level (at the time of the incident) of all students involved in each incident.

**ANSWER TO INTERROGATORY NO. 20:**   Objection. See General Objection above. Further, Interrogatory No. 20 is a compound interrogatory, overly broad in time and scope, unduly burdensome, is not relevant to the desegregation Plan or orders in this case, and is not reasonably calculated to lead to the discovery of admissible and/or relevant evidence. Further, Interrogatory No. 20's request for information regarding "all District employees with knowledge of the events surrounding each incident" is overly broad, and it is not reasonably possible for the for the District to respond completely to the request.

**INTERROGATORY NO. 21:**   Identify each current member of the Meridian Board of Education. Include for each member their race, official start date, and term length.

**ANSWER TO INTERROGATORY NO. 21:**   Objection. See General Objection above.

**INTERROGATORY NO. 22:**   For each of the above interrogatories and for each document request, identify all individuals who were contacted to provide responsive information, and all individuals who provided responsive information. Include each person's name, title, and address.

**ANSWER TO INTERROGATORY NO. 22:** Undersigned counsel are listed below.

RESPECTFULLY SUBMITTED this the 8th day of March, 2011.

MERIDIAN PUBLIC SCHOOL DISTRICT

By: *Holmes S. Adams*
One of Its Attorneys

OF COUNSEL:
Holmes S. Adams (MSB # 1126)
Laura F. Rose (MSB # 102256)
Adams and Reese LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS 39157
Phone: (601) 353-3234
Facsimile: (601) 355-9708
holmes.adams@arlaw.com
laura.rose@arlaw.com

John G. Compton
Witherspoon & Compton
P.O. Box 845
Meridian, Mississippi 39302
Phone: (601) 693-6466
Facsimile: (601) 693-4840
jcompton@witherspooncompton.com

## CERTIFICATE OF SERVICE

I, Holmes S. Adams, counsel for the District, certify that a true and correct copy of the above and foregoing **Responses of Meridian Public School District to First Set of Interrogatories by the United States** has been forwarded to the following:

Fred L. Banks, Jr.
Phelps Dunbar
Post Office Box 23066
Jackson, MS 39225-3066

Allison R. Brown, Esq.
Ryan C. Wilson, Esq.
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Patrick Henry Building, Suite 4300
Washington, DC 20530

This the 8th day of March, 2011.

*/s/ Holmes S. Adams*
Holmes S. Adams