# EXHIBIT I



**U.S. Department of Justice**
Civil Rights Division
Educational Opportunities Section

AB:KSD:ARB:RCW
169-41-130

| | |
|---|---|
| U.S. Mail: | Educational Opportunities Section, PHB<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 |
| Overnight Mail: | Educational Opportunities Section, Suite 4300<br>601 D Street, NW<br>Washington, DC 20004 |
| Telephone: | (202) 514-4092 |
| Facsimile: | (202) 514-8337 |

April 27, 2011

<u>VIA E-MAIL AND FACSIMILE (601-355-9708)</u>
Holmes S. Adams, Esq.
Adams and Reese, LLP
111 E. Capitol Street, Suite 350
Jackson, MS 39225

Re:   United States and Barnhardt v. Meridian Municipal Separate School District, C.A. No. 1300 (S.D. Miss.)

Dear Holmes:

This letter will serve to memorialize our telephone conversation of Friday, April 22, 2011, regarding the parties' effort amicably to resolve the Meridian Public School District's objections to the United States' outstanding Interrogatories and Document Requests of February 7, 2011. As we discussed, you have agreed to confer with Attorney John Compton and with the School Board for the Meridian Public School District (the "District") to determine if the District is willing to provide the United States the information it has requested pertaining to student discipline and faculty dismissals. As we agreed, you will contact us by the week of May 16, 2011, to inform us of the District's position with respect to the information requested. We reiterate that we are amenable to, and will make ourselves available for, further conversation by phone should you, Mr. Compton, or the School Board have additional questions about our requests.

Additionally, as I explained in our telephone conversation of April 22, 2011, the United States seeks the information requested because it has received numerous complaints from students, parents, and community members who allege that the District applies its student disciplinary policies, procedures, and practices in an inconsistent manner that negatively affects only black students. These allegations, if true, describe conduct in contravention of the 1967 desegregation order's general prohibition against discrimination. Furthermore, as I indicated during our conversation, we have received complaints from students, parents, and community members who allege that the District has utilized an employee reduction process that results in the termination of only black faculty members. Again, if true, these allegations describe conduct inconsistent with the 1967 desegregation order's general prohibition against discrimination. As

we discussed, the May 29, 1967 desegregation order contains a general prohibition against discrimination, "permanently enjoin[ing]" the defendant school district "from discriminating on the basis of race or color in the operation of the Meridian Municipal School District," and a specific requirement that "race or color shall not be a factor in the hiring, assignment, reassignment, promotion, demotion, or dismissal of teachers and other professional staff members . . . ."   Thus, the areas of inquiry covered by the United States's discovery requests clearly fall within the ambit of the desegregation order and the instant litigation.

The information we have requested in our discovery requests will assist us in determining whether, in our view, the District is operating consistent with the desegregation orders that govern this case.

We appreciate your anticipated cooperation and we look forward to hearing from you.

Sincerely,

Allison R. Brown
Ryan C. Wilson

Trial Attorneys
Educational Opportunities Section

2