**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JOHN BARNHARDT, et al.**                                        **PLAINTIFFS**

**and**

**UNITED STATES OF AMERICA**                       **PLAINTIFF-INTERVENOR**

**v.**                                        **CIVIL ACTION NO. 1300(E)**

**MERIDIAN MUNICIPAL SEPARATE**
**SCHOOL DISTRICT, et al.**                                        **DEFENDANTS**


_**HEARING REQUESTED**_


**Defendant Meridian Public School District's Response To Rule 37 Motion of the**
**Plaintiff-Intervenor United States to Compel Discovery Responses**

Defendant Meridian Public School District (the "District"), by its counsel,  responds to

Plaintiff-Intervenor's Rule 37 Motion to Compel Discovery ("Motion"):

1.        Since early 2008, the District has cooperated with the United States in informal

discovery.  In February, 2008, at the request of the United States, the District facilitated a two-

day on-site visit to Meridian during which counsel for the United States toured some schools and

met with the then-Superintendent, school administrators, and staff.  Subsequently, the United

States made letter requests for information about multiple areas of District operations such as

student assignment, special programs at the high school, faculty and staff assignments, an

opening in the Superintendent's position, elementary and middle school gifted programs,

advanced placement programs at the high school, special education, elementary school recess,

and student discipline.  The District provided responsive information and materials by letters of

May 12, 2008, May 29, 2008, June 4, 2008, July 2, 2008, March 10, 2009, and May 19, 2010.

Student Discipline

2.      The collapse of the informal discovery process began with the United States'

letter of May 12, 2010, about a single complaint concerning the District's "new student

discipline policy" of notifying law enforcement about student fights.  Ex. A., letter dated May

12, 2010.  The District responded by letter of May 19, 2010, explaining that the basis of the

complaint was incorrect.  The District had adopted no such new policy.  The District provided its

current  policies against fighting and a staff memo, which is not Board policy, sending to

principals copies of affidavits for disorderly conduct and for possession of weapons so that, if

principals decided it necessary to call police to their schools, they did not have to go the police

department to file charges.  Ex. B., letter dated May 19, 2010.

3.      The District objected to discovery as to student discipline on two grounds. First,

the District's Desegregation Plan does not contain any provision regarding student discipline and

requires no report of discipline data.  Second, in assessing unitary status for school districts, the

Supreme Court does not list discipline as a factor.  *Green v. County School Board of New Kent

County, Virginia*, 391 U.S. 430, 435 (1968).

4.      On August 8, 2010, the United States and the MS Youth Justice Project conducted

a meeting at Love City Fellowship in Meridian.  A copy of the flyer advertising the meeting is

attached as Exhibit C.  The flyer poses the questions:  "Has your child been treated unfairly?"

and "Has your child been put out of school, arrested or suspended?"  If so, the United States

wants "to hear from you."  The flyer lists Allison Brown, counsel for the United States, as a

contact and provides a telephone number and email address.

5.      On May 23, 2011, Thomas E. Perez, Assistant Attorney General for the Civil

Rights Division of the U.S. Department of Justice, attended a community forum to visit with

community members at the First Union Baptist Church in Meridian.  Ex. D, letter of May 19, 2011.

6.       The point is that the United States knows about which particular disciplinary instances and/or particular students any complaints have been made.  Instead of tailoring its discovery requests to information arising from these particular complaints, the United States embarks on a "fishing expedition," asking for every conceivable detail about every instance of written or verbal disciplinary action with respect to any of more than 6,000 students in the District and for each of the last three school years.  The United States now says that it is investigating "systemic" discrimination [Doc. 2 at 11] when it has not yet investigated any specific instances by which to determine any individual problem, much less a systemic problem.  Under the circumstances, these requests are unduly burdensome, unreasonable, and sometimes impossible to answer.  The District is willing to provide information with respect to particular students and/or particular instances subject to proper protection of student confidential information.

Adverse Employment Actions

7.       The same letter from the United States of May 12, 2010, noted "a complaint and media reports" of black employee terminations and elimination of positions held by blacks.  Ex. A.  On May 19, 2010, the District responded, explaining that faced with budgetary and financial constraints for school year 2010-11, it  intended to implement a reduction in force and to reduce the number of administrative staff positions.  The District listed the specific positions eliminated and the names of administrators and central office employees who were either terminated, non-renewed, or who resigned.  The District also reported which of these named employees had, under state law, asked for a hearing before the Board.  Ex. B.

8.     Here again, United States throws its fishing net too wide, asking for information about "discipline, suspension, non-renewal, or termination" of "<u>any</u> District employee" and any complaints about any District employee.  The District has a total of approximately 1,100 employees.  The United States is seeking to re-evaluate every employment decision made as to every one of these employees over a three-year period.  The discovery request is unduly burdensome, unreasonable under the circumstances, and in some cases impossible to answer.

9.     The District is willing to provide documentary information as to the specifically named employees subject to proper protection of confidentiality as to personnel matters and to the enforcement of any confidentiality provisions in agreements with an employee.

10.     Without waiving its objections, the District is willing to participate in the exchange of reasonable, specific, information to move the litigation toward resolution.  The United States' discovery requests are, however, often not focused, reasonable, or specific.

11.     Undersigned counsel has conferred with counsel for the United States and asked the United States to narrow its discovery to tailor them so that the District would be able to feasibly respond.  The United States filed the subject motion to compel.

12.     Anticipating the District's objections, the United States' "Reasons" listed in its Motion frequently re-characterize the discovery requests to make them sound less broad and more focused.  That the United States limits most requests to three years' worth of data dies not adequately narrow the scope of discovery.  [Doc. 2 at p. 16]  The discovery requests are overly broad, going so far as to seek "informal discussions" and "verbal reports" regarding student discipline and employee hiring, non-renewals, and terminations.

13.     The District addresses below each of the specific interrogatories and requests for production listed in the United States' motion:

## **INTERROGATORIES**

Interrogatory No. 1:    Provide the total number and percentage of all students – by race, sex, and grade level – enrolled in every school and educational facility operated by the District during the 2008-2009, 2009-2010, and 2010-2011 school years.

Answer to Interrogatory No. 1:        Objection.  See General Objection above. [Note: The District's General Objection is set out in its initial Responses.]

United States Reason No. 1:  This interrogatory requests information about the overall student enrollment of the District to determine if and where disparities exist by race.

**Response to Motion to Compel:**  Without waiving its objections, the District will

provide the information requested.

Interrogatory No. 2:    Provide the total number of students and percentage – by race, school, grade, and sex – suspended in school or out of school, expelled, or placed in an alternative school or alternative education program for misbehavior during the 2008-2009, 2009-2010, and 2010-2011 school years.  Include for each such student the student's grade level; the infraction or offense for which the student was disciplined; the disciplinary disposition or consequence imposed by the District; the date the infraction or offense was committed; the name, race, and title of the District employee who initiated the disciplinary process, the name, race, and title of all District employees involved in the disciplinary process; the date the disciplinary disposition or consequence was imposed; and an indication of whether the student or the student's parent or guardian appealed any aspect of the discipline decision.

Answer to Interrogatory No. 2:        Objection.  See General Objection above.  Further, Interrogatory No. 2 is a compound interrogatory, overly broad in scope and time, burdensome, is not relevant to desegregation Plan in this case. Further, a review by the United States of each individual student disciplinary action over the last three school years is beyond the scope of the desegregation orders.

United States Reason 2:        This interrogatory request information about students who are disciplined by District personnel and removed from the mainstream educational environment through suspension, expulsion, or alternative school placement.  The request for information of student disciplinary data is well within the scope of the desegregation orders.

**Response to Motion to Compel Interrogatory No. 2:**        See paragraphs 3-6 above of

this Response.  Interrogatory No. 2 is also compound interrogatory, which when considered with

all the compound interrogatories below, exceeds the limit on discovery requests.

Interrogatory No. 3:   Provide the total number of calls, notifications, or referrals made to law enforcement by any school personnel or other District personnel during the 2008-2009, 2009-2010, and 2010-2011 school years for all incidents occurring in or around a District school of educational facility.  For each call, notification, or referral made during the relevant time periods, include the following information:

a.      The date each call, notification, or referral was made;

b.      The name, position, and race of the individual(s) who called, notified, or referred the incident to law enforcement and the name, position, and race of any individual who instructed someone else to call or notify law enforcement;

c.      The name, race, school attended, and grade level of each student involved and the role of each student in the incident;

d.      A description of the offense(s), infraction(s), or behavior(s) for which law enforcement was called or notified and a list of all criminal charge filed as a result of the incident;

e.      The actions taken by law enforcement as a result of each incident, including removal of students from school grounds, arrest of students, charging any student with a criminal offense, or detaining any student; and

f.      Disciplinary actions taken by the District, including in-school or out-of-school suspension, placement in an alternative school or alternative education program, or expulsion as a result of the incident.  Include the length of any suspensions, alternative placements, or expulsions.  For each alternative placement, include the name of the alternative school or alternative education program.

Answer to Interrogatory No. 3:       Objection.  See General Objection above.  Further, Interrogatory No. 3 is a compound interrogatory, overly broad in scope and time, unduly burdensome, and not relevant to the desegregation Plan and orders in this case.  Additionally, some or all of the requested information is confidential.

United States Reason 3:  This interrogatory request information specifically related to the allegations that the District calls for the arrest of only black students for minor infractions.

**Response to Motion to Compel Interrogatory No. 3:** Objections based upon

paragraphs 3-6 above of this Response.  Contrary to the "United States Reason 3," the

interrogatory seeks more information than necessary to evaluate "allegations that the District

calls for the arrest of only black students for minor infractions."  The District has communicated

to the United States that there is no policy requiring arrest of students and provided its current

policies regarding fighting and violence.  Further, the District cannot comply with subsections

(d) and (e).  The District is not responsible for any "criminal charge filed as a result of [an]

incident" or "actions taken by law enforcement as a result of each incident…" as requested in

subsections (d) and (e).  Such information must be sought from law enforcement authorities.  All

information related to juvenile criminal records is sealed.

**Interrogatory No. 4**:  Describe any system, program, or service utilized by the District or by any school in the District during the 2008-2009, 2009-2010, and 2010-2011 school years to monitor and analyze student discipline, including incidents of student misconduct, office disciplinary referrals, law enforcement referrals, disciplinary consequences administered, and other student discipline data.  Include the name of the system, program, or service; the identity of the individual and District position responsible for maintaining such system, program, or service; the identity of all individuals and District positions with access to the system, program, or service; the process by which information is inputted to the system, program, or service; the reporting schedule for any data that must be reported to an outside entity from the system, program, or service; and a description of all data fields utilized in the system, program, or service, including all searchable data fields.

Answer to Interrogatory No. 4:        Objection.  See General Objection above.  Further**,** Interrogatory No. 4 is overly broad in scope and time, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case.

United States Reason 4:        This interrogatory request information specifically related to the District's maintenance of student discipline records.

**Response to Motion to Compel Interrogatory No. 4**:  Without waiving its objections,

the District is willing to provide information as to the system used to on report student discipline

to the Mississippi State Department of Education and the any summary reports sent to the State

Department of Education.  The interrogatory is compound and overly broad in asking for every

detail of the operation of the system.

**Interrogatory No. 5**:  Describe all District policies and procedures related to student discipline implemented in the District since the 2008-2009 school year.  Include a description of all edits, revisions, modifications, adjustments, and changes made to the policies and procedures since 2008-2009 and the reasons for each edit, revision, modification, adjustment, or change made.

Answer to Interrogatory No. 5:        Objection.  See General Objection above.

United States Reason 5:        This interrogatory requests information about the District's student discipline policies and requests information to determine whether the District has modified the policies in a way that would address racial disparities in student discipline.

**Response to Motion to Compel Interrogatory No. 5:**     Without waiving its

objections, the District will respond to the interrogatory with regard student discipline policies

requested.  The District objects to providing a description of all edits and the reasons for each

such edit, which is unduly burdensome.

**Interrogatory No.6**:  Describe all discussions (formal and informal) and meetings – held
during the 2008-2009, 2009-2010, and  2010-2011 school years – between members of the
Meridian Board of Education and District personnel regarding the District's student discipline
policies, practices, or procedures, including the District's enforcement of such policies, practices,
and procedures.

Answer to Interrogatory No. 6:     Objection.  See General Objection above.  Further,
Interrogatory No. 6 is overly broad in scope and time, unduly burdensome, and is not relevant to
the desegregation Plan and orders in this case.  The District cannot reasonably be expected to
recall and describe all "formal" or "informal" discussions held over a three-year period.  The
interrogatory is vague and confusing.

United States Reason 6:     This interrogatory requests information specifically related
to the District's efforts to address student discipline issues and is easily comprehensible as such.

**Response to Motion to Compel Interrogatory No. 6:**     Without waiving the

District's objections, the United States may inspect the minutes of the Board that record Board

actions. It is unduly burdensome and impossible to reconstruct a description of all "informal"

and "formal" discussions over a three- year period between the Board and any "District

personnel."

**Interrogatory No. 7**:  Describe all trainings conducted or provided by or for school or
District personnel regarding student discipline during the 2008-2009, 2009-2010, and 2010-2011
school years.  Include for each such training the date the training was conducted, the title of the
trainings, the length of each training, the identity of the individual(s) or entity that conducted the
training, and the name and position of all individuals in attendance at each training.

Answer to Interrogatory No. 7:     Objection. See General Objection above.  Further,
Interrogatory No. 7 is a compound interrogatory, overly broad in time and scope, unduly
burdensome, and is not relevant to the desegregation Plan and orders in this case.

United States Reason 7:     This interrogatory request information specifically related
to the District's efforts to train its staff in administering student discipline.

**Response to Motion to Compel Interrogatory No. 7:**      The interrogatory is unduly

burdensome and compound.  When taken together with the many other compound

interrogatories, it exceeds the permitted number of interrogatories.

**Interrogatory No. 8**: Provide the total number of students and percentage – by race, school, grade level, and sex – who were punished, observed, cited, referred to the office, or verbally warned for misbehavior or a disciplinary offense or infraction but not suspended in school or out of school, expelled, or placed in any alternative school or alternative school program for the misbehavior, offense, or infraction during the 2008-2009, 2009-2010, and 2010-2011 school years.

Answer to Interrogatory No. 8:      Objection.  See General Objection above.  Further, Interrogatory No. 8 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case,.  Further, the term "observed" is vague and confusing.  Also, the District cannot reasonably be expected to be able to compile and provide every "verbal" warning issued to students for misbehavior over a three-year period.

United States Reason 8:      This interrogatory is specifically tailored to compare discipline of white students with discipline of black students in the District by comparing responsive information with information about those instances in which students are suspended, expelled, or placed in an alternative school or alternative school program for misbehavior.  Such a comparison is well within the scope of the desegregation orders.

**Response to Motion to Compel Interrogatory No. 8:**      Contrary to the United States'

assertion, Interrogatory No. 8 is not "specifically tailored."  Instead, it seeks information that is

impossible for the District to provide.  The District does not know what is meant by the term

"observed."  The term "verbally warned" is vague.  It is impossible for the District to provide

information about students who have been "verbally warned," as the District understands the

term, in every classroom and school over a three-year period since "verbal warnings" are not

recorded.  Without waiving its objections, the District will provide copies of summary reports on

student discipline provided to the State Department of Education.

**Interrogatory No. 9:** Describe all District policies and procedures implemented since the 2008-2009 school year regarding the referral of District students to law enforcement.

<u>Answer to Interrogatory No. 9</u>:      Objection.  See General Objection above.  Further, Interrogatory No. 9 is not relevant to the desegregation Plan and orders in this case.  The District has already provided responsive information to prior informal requests by the United States.

<u>United States Reason 9</u>:      A review by the United States of policies and procedures with respect to law enforcement in the schools is well within the scope of the desegregation orders.  If the District has previously given this information to the United States and has not modified the information in any way since it was provided, the District may indicate simply the title of any documents provided, the subject of any information provided, and the date it was provided.

**<u>Response to Motion to Compel Interrogatory No. 9:</u>**      The District has already communicated to the United States that no policy exists "regarding the referral of District students to law enforcement."  Without waiving any of its objections, the District will respond as to discipline policies for the requested period.

**<u>Interrogatory No. 10</u>**:      Describe all lists maintained by the District or by any school within the District during the 2008-2009, 2009-2010, 2010-2011 school years of students who previously have been arrested, *e.g.*, lists of students on probation.  Include for each such list the identity of the individual and position that maintains the list; the individuals, positions, or entities that receive the list; the frequency with which the listed is updated; and the manner in which the list is distributed.  In each school, describe where the list is located and identify all individuals and positions that have access to the list.

<u>Answer to Interrogatory No. 10</u>:      Objection.  See General Objection above.  Further, Interrogatory No. 10 is overly broad in time and scope, unduly burdensome, is not relevant to the desegregation Plan and the orders in this case, and is a compound interrogatory.  Additionally, the information is confidential.

<u>United States Reason 10</u>:      This interrogatory requests information specifically related to the District's maintenance of student discipline records.

**<u>Response to Motion to Compel Interrogatory No. 10:</u>**  See paragraphs 3-6 of this Response as to the District's objections.  The District will provide all summary reports on students discipline provided to the State Department of Education.  The interrogatory is compound and, together with all other requests, exceeds the permitted number of discovery requests.

**Interrogatory No. 11**:        Describe all communications, memoranda of understanding, contracts, or other documents created or made during the 2008-2009, 2009-2010, 2010-2011 school years regarding the referral of students to law enforcement from District schools, educational facilities, or other District property.

Answer to Interrogatory No. 11:        Objection. See General Objection above.  Further, Interrogatory No. 11 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case.  The District cannot reasonably be expected to describe all "communications" of any kind within the District for a three-year period.

United States Reason 11:        This interrogatory requests information specifically related to the District's relationship with the law enforcement agencies responsible for arresting students out of the District.

**Response to Motion to Compel Interrogatory 11:**        Interrogatory No. 11 is not related to the desegregation orders or desegregation plan in this case.  The interrogatory is unclear.  The District does not under the term "students out of the District."

**Interrogatory No. 12**:        Provide the name, race, and assigned school of all security guards or school resource officers who work or have worked in the District from the 2008-2009 school year to the present whether by virtue of a contractual agreement or as a salaried employee.  For each individual listed, include the length of time he or she worked as a security guard or resource officer, and for those individuals listed who no longer work in the District as a security guard or resource officer, include all of the reasons they no longer work in the District.

Answer to Interrogatory No. 12:        Objection.  See General Objection.  Further, Interrogatory No. 12 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case, and are beyond the scope of permissible discovery under the federal Rules.

United States Reason 12:        This interrogatory requests information specifically related to the responsibility of law enforcement and security officers in administering student discipline.

**Response to Motion to Compel Interrogatory No. 12**:        Contrary to the United States' "Reason," Interrogatory No. 12 does not seek information "specifically related" to the role of law enforcement and security officers in administering student discipline. The interrogatory does not mention student discipline.  The District is not obligated to guess the purpose of the interrogatory or assume what it seek  The interrogatory is overly broad, unduly burdensome, and not relevant to the desegregation plan and orders in this case.

**Interrogatory No. 13**:        Describe all complaints, written and verbal, received by the District during the 2008-2009, 2009-2010, and 2010-2011 school years regarding the District's student discipline policies, procedures, or practices.  Include the identity of the complainant(s), the date the complaint was received, and a description of any District action taken in response to the complaint.

Answer to Interrogatory No. 13:        Objection.  See General Objection above.  Further, Interrogatory No. 13 is overly broad in time and scope, unduly burdensome, exceeds the scope of permissible discovery allowed under the Federal Rules of Civil Procedure, is not relevant to the desegregation Plan and orders in this case.  In addition, the District cannot reasonably be expected to describe all "verbal complaints" received over a three-year period.

United States Reason 13:        This interrogatory requests information specifically related to whether complaints the District has received mirror the complaints received by the United States about student discipline.

**Response to Motion to Compel Interrogatory 13:**    Interrogatory No. 13 is not

"specifically related to whether complaints" to the District "mirror the complaints received by

the United States about student discipline" as alleged by the United States.  The District has  no

idea what "complaints" have been received by the United States.  The interrogatory is not

specifically tailored to elicit the information stated in the reason, but instead seeks to discover

every single "written and verbal" complaint received by the District regarding student discipline.

The interrogatory does not limit the request by the race of student, nature of complaint, identify

of the complainant, or school. It is impossible for the District to describe all "verbal" complaints.

**Interrogatory No. 14**:        Provide the total number and percentage of all District employees, by name, race, assigned location, and position who worked in District schools, educational facilities, and the central administrative office during the 2008-2009, 2009-2010, and 2010-2011 school years.  Include (but not limited to) all full-time teachers, part-time teachers, principals, associate principals, assistant principals, counselors, and central office administrators and staff.

Answer to Interrogatory No. 14:        Objection.  See General Objection above.  Further, Interrogatory No. 14 is overly broad in scope and time, especially as to non-certificated employees.

1095735-1                                          12

United States Reason 14:   This interrogatory requests information about the staff within the District to determine if and where disparities exist by race in employees and positions terminated by the District.

**Response to Motion to Compel Interrogatory 14:**        The District will respond to

the interrogatory.

**Interrogatory No. 15**:        Identify all District employees – including but not limited to Charles Kent, M.D. Cameron, Barbara Kidd, and Vicky Hood – whom the District disciplined, suspended, non-renewed, or terminated during the 2008-2009, 2009-2010, and 2010-2011 school years.  For each such employee, describe all reasons for the discipline, suspension, non-renewal, or termination; identify all employees involved in the District's decision to impose the discipline, suspension, non-renewal or termination; and identify all documents regarding the District's decision.

Answer to Interrogatory No. 15:      Objection.  See General Objection above.  Further, Interrogatory No. 15 is a compound interrogatory, overly broad in time and scope, unduly burdensome.  Further, such employee information is confidential.

United States Reason 15:   This interrogatory requests information about complaints the United States has received that particular District employees were terminated based on race.

**Response to Motion to Compel Interrogatory No. 15:**  The United States does not

limit its request to "particular District employees," or even to teachers or certified employees, but

seeks information regarding "all" 1,100l District employees.  Further, the United States does not

define what it means by the term "discipline."  Finally, it is impossible for the District to

"describe all reasons" and "identify all documents."  Subject to proper protection of employee

confidentiality and any confidentiality provisions of agreements with an employee, the District

will respond to the interrogatory as to the specifically named employees.

**Interrogatory No. 16**:        Describe all discussions (formal and informal) and meetings – held during the 2008-2009, 2009-2010, and 2010-2011 school years – between members of the Meridian Board of Education and central office administrators and staff regarding the termination, non-renewal, layoff, or reduction of District employees or positions. Include for each discussion and meeting, the date of the discussion or meeting, the identity of the individuals present for the discussion or meeting, the identity of the individuals present for the discussion or meeting, and the reason given for the termination, non-renewal, layoff or reduction.

Answer to Interrogatory No. 16:        Objection.  See General Objection above.  Further, Interrogatory No. 16 is a compound interrogatory, overly broad in time and scope, and unduly burdensome.  Such information about employees is confidential.  Further, the District cannot reasonably be expected to recall and compile every "informal discussion" over a three- year period.

United States Reason 16:        This interrogatory requests information specifically related to the District's discussions about faculty terminations.

**Response to Motion to Compel Interrogatory No. 16:**        It is impossible for the

District to answer this Interrogatory.  The District is unable to reconstruct a description of all

"discussions" over a three- year period between the Board and "central office administrators," or

even to identify such discussions.

**Interrogatory No. 17**:        Describe all complaints, written and verbal, received by the District during the 2008-2009, 2009-2010, and 2010-2011 school years regarding any District employee.  Include the identity of the complainant(s), the date the complaint was received, the identity and position of the individual(s) named in the complaint, and a description of any District action taken in response to the complaint.

Answer to Interrogatory No. 17:        Objection.  Interrogatory No. 17 is overly broad in time and scope, unduly burdensome, is not relevant to the desegregation Plan and order in this case, and is not reasonably calculated to lead to the discovery of admissible and/or relevant evidence.  Further, Interrogatory No. 17 is overly broad in its request for all "verbal" complaints and "all complaints" of any kind.

United States Reason 17:  This interrogatory request information specifically related to faculty terminations.

**Response to Motion to Compel Interrogatory No. 17:**        The "Reason" given by the

United States is disingenuous.  The interrogatory does not seek "information specifically related

to faculty terminations."  It seeks every single complaint, including verbal complaints, of any

type made by anyone regarding any of the 1,100 District employees.   This request is

exceedingly broad and unduly burdensome.   It is impossible for the District to describe all

verbal complaints.

**Interrogatory No. 18**:        With respect to Document Request # 3 in the United States' First Set of Document Requests, for each form provided, include the range of dates the form was

utilized in the District, the purpose of the form, and the process for using the form, *i.e.,* the individual or position responsible for completing the form, the individual or position responsible for receiving the form, and any process for recording the form or the information contained therein for future references and data analysis.

Answer to Interrogatory No. 18:      Objection.  See General Objection above.  Further, Interrogatory No. 18 is a  compound interrogatory, overly broad in time and scope, unduly burdensome, exceeds the scope of permissible discovery allowed under the Federal Rules of Civil Procedure, and is not relevant to the desegregation Plan and orders in this case.

United States Reason 18:      This interrogatory requests information specifically related to the District's student discipline process.

**Response to Motion to Compel Interrogatory No. 18:**      Without waiving its

objections, the District will produce student disciplinary forms.

**Interrogatory No. 19**:      With respect to Document Request # 6 in the United States' First Set of Document Requests, include for each training, the date the training was conducted, the identity of the individual(s) or entity that conducted the training, the title of the training, and the name and position of all individuals in attendance at each training.

Answer to Interrogatory No. 19:      Objection.  See General Objection above.  Further, Interrogatory No. 19 is overly broad in time and scope, unduly burdensome, exceeds the scope of permissible discovery allowed under the Federal Rules of Civil Procedure, is not relevant to the desegregation Plan and orders in this case, and is not reasonably calculated to lead to the discovery of admissible and/or relevant evidence.

United States Reason 19:      This interrogatory requests information specifically related to documents provided about trainings conducted by or for the District related to student discipline.

**Response to Motion to Compel Interrogatory 19:** Without waiving its objections, the

District will respond to the interrogatory.

Interrogatory No. 20:  With respect to Document Request  #8 in the United States' First Set of Document Requests, for each document and communication provided regarding law enforcement notification, contact, or summons during the 2008-2009, 2009-2010, 2010-2011 school years, include the date of each document and communication; the name, position, and race of all District employees with knowledge of the events surrounding each incident; and the name, race, school attended and grade level (at the time of the incident) of all students involved in each incident.

Answer to Interrogatory No. 20:      Objection.  See General Objection above.  Further, Interrogatory No. 20 is a compound interrogatory, overly broad in time and scope, unduly

burdensome, is not relevant to the desegregation Plan or orders in this case, and is not reasonably calculated to lead to the discovery of admissible and/or relevant evidence.  Further, Interrogatory No. 20's request for information regarding "all District employees with knowledge of the events surrounding each incident" is overly broad, and it is not reasonably possible for the for the District to respond completely to the request.

United States Reason 20:   This interrogatory requests information specifically related to the District's maintenance of student discipline records.  Additionally, this interrogatory requests information specifically related to documents provided regarding the District's relationship with law enforcement for the administration of student discipline.

**Response to Motion to Compel Interrogatory No. 20:**     Without waiving its

objections, the District will respond to the interrogatory.

**Interrogatory No. 21**:        Identify each current member of the Meridian Board of Education.  Include for each member their race, official start date, and term length.

Answer to Interrogatory No. 21:      Objection.  See General Objection above.

United States Reason 21:     This interrogatory requests information about the composition of the Meridian Board of Education, which complainants have alleged is dictating student discipline policy for the District.

**Response to Motion to Compel Interrogatory No. 21:**     The District will respond to

the interrogatory.

**DOCUMENT REQUESTS**

Request No. 1:        All documents relied on to provide responses to the United States' First Set of Interrogatories.

Response to Request No. 1:   Objection.  See General Objection above and the District's answers and objections to the United States' First Set of Interrogatories.

United States Reason 1:        This document request seeks information that the District utilized to assist in responding to the Interrogatories.

**Response to Motion to Compel Request 1**:   Without waiving its objections, the

District will respond to the request.

**Request No. 2**:        All District policies and procedures regarding student discipline implemented in the District since the 2008-2009 school year, including policies and procedures

relating to the referral of students to law enforcement.  Include all documents concerning or reflecting any changes in such policies or procedures since the 2008-2009 school year.

    <u>Response to Request No. 2:</u>   Objection. See General Objection above.  Further,  Request No. 2 is overly broad and is not relevant to the desegregation Plan and the orders in this case.

    <u>United States Reason 2:</u>       This document request seeks copies of the District's student discipline policies and changes made in order to determined whether the District's policies are discriminatory on their face and whether the District has made modifications to the policies that would address racial disparities in student discipline.

    **<u>Response to Motion to Compel Request No. 2:</u>**   Without waiving its objections, the

District will respond to the request.

    **<u>Request No. 3</u>**:       All standard forms utilized by the District during the 2008-2009, 2009-2010, and 2010-2011 school years relating to student discipline, including discipline referral forms (office or law enforcement referral), behavior report forms, and any forms used when students are suspended in school or out of school or expelled.

    <u>Response to Request No. 3:</u>   Objection.  See General Objection above.  Further, Request No. 3 is overly broad in time and scope and is not relevant to the desegregation Plan and the orders in this case.

    <u>United States Reason 3:</u>       This document request seeks any forms utilized by the District to administer student discipline.

    **<u>Response to Motion to Compel Request No. 3:</u>**   Without waiving its objections, the

District will respond to the request.

    **<u>Request No. 4</u>**:       All documents produced by any system, program, or service utilized by the District to monitor and analyze student discipline, including incidents of student misconduct, office disciplinary referrals, law enforcement referrals, disciplinary consequences administered, and other student discipline data.  Include all data fields and all searchable data fields.

    <u>Response to Request No. 4:</u>   Objection.  See General Objection above.  Further, Request No. 4 is vague, overly broad in time and scope, unduly burdensome, and not relevant to the desegregation Plan and the orders in this case.  Additionally, requiring the District to compile every document regarding every discipline-related report for an unrestricted time period is unreasonable.

    <u>United States Reason 4:</u>       This document request seeks information specifically related to the District's maintenance of student discipline records.

**Response to Motion to Compel Request No. 4:**     This request is overly broad in time and scope.  It is not limited to any particular time frame.  It does not seek "information" as alleged in the United States' reason, but "all documents produced by any system, program, or service…"  This is entirely unreasonable, unduly burdensome, and impossible for the District.

**Request No. 5**:                    All notes, minutes, and agenda from all discussions (formal and informal) and meetings – held during the 2008-2009, 2009-2010, and 2010-2011 school years – between members of the Meridian Board of Education and District personnel regarding the District's student discipline policies, practices, or procedures and the District's enforcement of such policies, practices, and procedures.

Response to Request No. 5:   Objection.  See General Objection above.  Further, Request No. 5 is overly broad in scope and time, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case.  The District cannot reasonably be expected to recall all "formal" or "informal" discussions held over a three-year period.  Request No. 5 is vague and confusing.

United States Reason 5:       This document request seeks information specifically related to the District's efforts to address student discipline issues and is easily comprehensible.

**Response to Motion to Compel Request No. 5:**     Without waiving its objections, the District will respond to the request with respect to Board minutes.  It is, however, impossible for the District to reconstruct a description of all "informal" (and thus unrecorded) and "formal" discussions over a three- year period between the Board and any "District personnel."

**Request No. 6**:                    All documents from any trainings conducted or provided by or for school or District personnel during the 2008-2009, 2009-2010, and 2010-2011 school years regarding student discipline.

Response to Request No. 6:   Objection.  See General Objection above.  Further, Request No. 6 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan and orders in this case.

United States Reason 6:       This document request seeks information about training the District has provided that would address racial disparities in student discipline.

**Response to Motion to Compel Request No. 6:**     Without waiving its objections, the District will respond to the request.

**Request No. 7**:        All memoranda of understanding, contracts, agreements, and communications between the District and any law enforcement entity regarding fights between students, detaining students who are suspended from school, referring students to law enforcement, contacting law enforcement, requesting law enforcement presence on school grounds, or otherwise pertaining to student discipline.

Response to Request No. 7:   Objection.  See General Objection above.  Further, Request No. 7 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan or orders in this case.  Additionally, requiring the District to compile every document regarding every discipline-related report for an unrestricted time period is unreasonable.

United States Reason 7:        This document request seeks information specifically related to the District's relationship with law enforcement in the administration of student discipline.

**Response to Motion to Compel Request No. 7:**  This request is not limited in time.

Without waving its objections, the District will respond to the request for the last three school

years.

**Request No. 8**:        All documents and communications pertaining to every instance in which law enforcement was notified, contacted, or summoned by school personnel or other District personnel about incidents involving District students during the 2008-2009, 2009-2010, and 2010-2011 school years.

Response to Request No. 8:   Objection.  See General Objection above.  Further, Request No. 8 is overly broad and is not relevant to the desegregation Plan or orders in this case.

United States Reason 8:        This document request seeks information about the District's use of law enforcement to administer student discipline.

**Response to Motion to Compel Request No. 8:**   Without waiving its objections, the

District will respond to the request with respect to documents.  It is impossible for the District to

reconstruct all communications, if any, for a three-year time period.

**Request No. 9**:        All documents and lists, maintained by the District of by any school within the District, of students who previously have been arrested or are on probation.

Response to Request No. 9:   Objection. See General Objection above.  Further, Request No. 9 is overly broad in time and scope and is not relevant to the desegregation Plan or orders in this case.  Further, such records are confidential.

United States Reason 9:      This document request seeks information about complaints the United States has received that the District maintains a list of students, all black, who previously have been arrested or are on probation.

**Response to Motion to Compel Request No. 9:**      Without waiving its objections, the

District will respond to the request.

**Request No. 10**:      All documents addressing or concerning complaints received by the District about the District's student discipline policies, procedures, or practices.

Response to Request No. 10:      Objection.  See General Objection above.  Further, Request No. 10 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan or orders in this case.  Additionally, requiring the District to compile every document regarding any complaint for an unrestricted time period is unreasonable.

United States Reason 10:      This document request seeks information specifically related to the District's receipt of complaints about student discipline.

**Response to Motion to Compel Request No. 10:**  Without waiving its objections, the

District will respond to the request for the last school year.  The request, however, is not limited

in time.

**Request No. 11**:      All documents addressing or concerning the discipline, suspension, non-renewal, or termination of any District employee, including but not limited to Charles Kent, M.D. Cameron, Barbara Kidd, and Vicky Hood, during the 2008-2009, 2009-2010, and 2010-2011 school years.

Response to Request No. 11:  Objection.  See General Objection above.  Further, Request No. 11 is overly broad in time and scope, unduly burdensome, and is not relevant to the desegregation Plan or orders in this case.  Additionally, such employee information is confidential.

United States Reason 11:      This document request seeks information about complaints the United States has received regarding the termination of particular District employees who are black.

**Response to Motion to Compel Request No. 11:**  The United States does not limit its

request to "particular District employees," or even to teachers or certified employees, but instead

seeks information regarding any of the 1,100l District employees.  Further, the United States

does not define what it means by the term "discipline."  Finally, it is impossible for the District

to "describe all reasons" and "identify all documents."  Subject to proper protection of employee

confidentiality and confidentiality provisions of any agreements, the District will respond to the

interrogatory as to the particular named employees.

**Request No. 12**:        All documents addressing or concerning complaints received by
the District about any District employee during the 2008-2009, 2009-2010, and 2010-2011
school years.

Response to Request No. 12:        Objection.  See General Objection above.  Further,
Request No. 12 is overly broad in time and scope, unduly burdensome, and is not relevant to the
desegregation Plan or orders in this case.  Additionally, such employee information is
confidential.

United States Reason 12:        This document request seeks information about allegations
we have received that black employees against whom the District has received no complaints for
performance were terminated by the District while white employees against whom the District
has received complaints have been permitted to remain in the District.

**Response to Motion to Compel Request No. 12:**  The United States does not limit its

request to teachers or certified employees, but instead seeks information regarding "any District

employee."  The request is overly broad and unduly burdensome, requiring the District to study

more than 1,100 plus personnel files over a three-year period to gather responsive information, if

any.   See general expedition to "fishing expedition" as to employment.

**Request No. 13:**        All documents from discussions (formal and informal) and
meetings – held during the 2008-2009, 2009-2010 and 2010-2011 school years – between
members of the Meridian Board of Education and central office administrators and staff
regarding the termination, non-renewal, layoff, or reduction of District employees or positions.

Response to Request No. 13:  Objection.  See General Objection above.  Further, Request
No. 13 is overly broad in time and scope and unduly burdensome.  Such information about
employees is confidential.  Further, the District cannot reasonably be expected to recall and
compile every "informal discussion" over a three-year period.

United States Reason 13:        This document request seeks information specifically
related to the District's faculty termination decisions.

**Response to Motion to Compel Request No. 13:**   This request asks for more than documents "specifically related to the District's faculty terminations and decisions."   Further, it is impossible for the District to answer this request.  The District maintains minutes for its Board meetings that show action taken by the Board related to employee non-renewals and terminations on recommendation of the Superintendent.  The minutes do not describe the substance of "discussions."

**WHEREFORE, PREMISES CONSIDERED**, the Meridian Public School District respectfully requests that the Court reconsider its Order [Doc.3] dated August 19, 2011, prior to the District's filing its timely response in opposition, and that the Court enter an Order denying the Rule 37 Motion of the Plaintiff-Intervenor United States to Compel Discovery Responses.

Respectfully submitted this the 12th day of August, 2011.

<div style="margin-left: 50%;">

**MERIDIAN PUBLIC
SCHOOL DISTRICT**

  s/ Holmes S. Adams_____
One of Its Attorneys

</div>

OF COUNSEL:

Holmes S. Adams  (MSB No. 1126)
Laura Ford Rose (MSB No. 102256)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi
Tel: (601) 353-3234
Fax: (601)-355-9708
Holmes.adams@arlaw.com
Laura.rose@arlaw.com

John G. Compton (MSB No. 6433)
Witherspoon & Compton
1100 23rd Avenue
P. O. Box 845
Meridian, Mississippi 39302
Tel: (601) 693-6466
Fax:  (601) 693-4840

## CERTIFICATE OF SERVICE

I, Holmes S. Adams, counsel for the District, certify that a true and correct copy of the above and foregoing has been filed electronically and forwarded by U.S. Mail to the following:

Fred L. Banks, Jr.
Phelps Dunbar
Post Office Box 23066
Jackson, MS  39225-3066

Allison R. Brown, Esq.
Ryan C. Wilson, Esq.
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Patrick Henry Building, Suite 4300
Washington, DC 20530

This the 12th day of August, 2011.


  _s/ Holmes S. Adams_____