**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

JOHN BARNHARDT, *et al.*,        )
                                       )
             Plaintiffs,      )
                                       )
      and             )
                                       )
UNITED STATES OF AMERICA,    )      Civil Action No. 1300(E)
                                     )
          Plaintiff-Intervenor,  )
                                     )
      v.              )
                                     )
MERIDIAN MUNICIPAL SEPARATE  )
SCHOOL DISTRICT, *et al.*,    )
                                     )
         Defendants.    )
_____)

**AFFIDAVIT OF ALLISON R. BROWN,
<u>UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY</u>**

1.      I am a trial attorney in the Educational Opportunities Section of the Civil Rights Division of the United States Department of Justice, and I currently am assigned as counsel on behalf of the Plaintiff-Intervenor United States in this ongoing school desegregation lawsuit.

2.      As part of this ongoing desegregation case, the United States has sought information from the Defendant Meridian Municipal Separate School District (the "District") regarding, among other things, complaints the United States has received about the discipline and arrest of black students enrolled in the District.

3.      On December 21, 2011, the United States, by electronic mail, informed the District that it would like to conduct a site visit of the District's schools as part of its monitoring of compliance with the desegregation order in this case.  Consistent with a previous site visit by the United States of the District's schools, the United States requested the opportunity to speak with a principal at each school visited, to observe classrooms during school hours, and to speak with teachers and students.  The United States also requested an opportunity to speak with District Superintendent Dr. Alvin Taylor.  *See* E-mail from Ryan Wilson to Holmes Adams and John Compton (December 21, 2011), attached hereto as Exhibit 4.

4.      On January 10, 2012, the District, by electronic mail, advised the United States that it would not permit either counsel for the United States or the United States' expert to interview school personnel while on site, and that any observation of classrooms would need to

take place outside of school hours.  *See* E-mail from Holmes Adams to Allison Brown and Ryan Wilson (January 10, 2012), attached hereto as Exhibit 5.

   5.      On January 30, 2012, the United States served the District with a notice of inspection and entry upon land pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Rule 34 Notice"), informing the District of its intent to conduct a site visit of the District schools, accompanied by the United States' expert in student discipline practices.

   6.      On February 8, 2012, counsel for the United States, myself and Ryan C. Wilson, traveled to Jackson, Mississippi, and met with counsel for the District, Holmes Adams and John Compton.  During the February 8 meeting, Mr. Wilson and I discussed with Mr. Adams and Mr. Compton the United States' Rule 34 Notice and attempted to reach a mutual agreement regarding the parameters of a United States site visit and inspection.

   7.      Counsel concluded the meeting, during which the District said it was willing to permit the United States and its expert to conduct a site visit of the District schools from February 27 - 29, 2012; observe classrooms without significant disruption; and conduct depositions of some District personnel from March 1 - 2, 2012.  Counsel for both parties said they would take this proposal back to their respective clients for review and consideration.

   8.      During the February 8 meeting, Mr. Adams informed Mr. Wilson and me that he still intended to file his objection to the United States' Rule 34 Notice for the record.

   9.      On February 9, 2012, the District served the United States with the District's objection to the Rule 34 Notice ("Objection").  In it, the District categorically objected to any interviews while on site, any observation of classrooms while class was in session, and any review of documents or databases while on site.

   10.     Mr. Wilson and I consulted with our client and with our expert and determined that, in order to formulate a considered opinion, our expert must be permitted to speak to school personnel while on site, in a manner that avoids disrupting classroom instruction or the provision of academic services to students.  Moreover, we determined that review of documents and databases as set forth in the inspection notice would be critical aspects of the site visit.  As such, on February 15, 2012, Mr. Wilson and I informed Mr. Adams by telephone that the United States was unable to agree to the proposal we had discussed on February 8.

   11.     Since February 15, the United States has continued to seek resolution to this dispute.  *See* Ltr. from Ryan Wilson to Holmes Adams (February 24, 2012), attached hereto as Exhibit 6.  The United States has assured the District that it shares the District's commitment to preserve classroom instruction and the provision of academic services to District students and thus will not disrupt classrooms.  To that end, the United States assured the District on February 27, 2012, that its expert would speak only to personnel already on-site during the tour, and would speak to personnel only during breaks for such personnel or as we observe personnel on-site away from students.  The United States also made clear that it would seek to avoid duplicative review of documents already produced, to avoid unnecessary burden on District personnel.

12.     To date, after more than three months of negotiations, the United States and the District remain unable to reach a resolution regarding the parameters of a United States site visit and inspection.  On February 27, 2012, the District informed the United States by letter that it would not sign a good faith certificate to append to the United States' Motion to Compel Entry on Land, given its stated belief that the parties had reached a final agreement on the contours of a site visit on February 8, 2012.  *See* Ltr. from Holmes Adams to Allison Brown (February 27, 2012), attached hereto as Exhibit 7.

13.     As counsel for the United States, I request any appropriate relief available in this matter pursuant to L.U.Civ.R. 37(a) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on February 29th, 2012            __/s/Allison R. Brown_____
                                                                              Allison R. Brown
                                                                              Trial Attorney
                                                                              Educational Opportunities Section
                                                                              Civil Rights Division
                                                                              United States Department of Justice
                                                                              950 Pennsylvania Avenue, N.W. – PHB
                                                                              Washington, D.C. 20530
                                                                              E-Mail:  Allison.Brown@usdoj.gov