# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Civil Action No. 1300(E) |
| ) | |
| Plaintiff-Intervenor, ) | United States' Notice of Entry and |
| ) | Inspection of School District Pursuant to |
| v. ) | FED. R. CIV. P. 34 |
| ) | |
| MERIDIAN MUNICIPAL SEPARATE ) | |
| SCHOOL DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

      Pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, Plaintiff-Intervenor United States of America ("United States") serves notice of its intention to enter schools and offices in the Meridian Public School District ("District") from February 28 – March 2, 2012, to inspect the District's operations with regard to student discipline and faculty and staff composition. The purpose of this inspection is to assist the United States in its review of the District's compliance with the court orders in the above-captioned case. The United States' inspection of the District will include:

1. Touring each District school, including but not limited to classrooms, during regular school hours;

2. Access by the United States' student discipline expert to District personnel who are able to answer questions, in the presence of counsel for both parties, about District and school policies, procedures, and practices related to student discipline, including but not limited to interviews of the following persons:

    a. Superintendent Alvin Taylor;

    b. Principals at each school;

    c. District and school security officers, school resource officers, or other law enforcement officers assigned to work in the school district;

    d. All other District personnel responsible for administering student discipline; and

    e. All District personnel responsible for maintaining student discipline records and recording student discipline data.

3. On-site review of District files related to student discipline at each school; and

4. Examining District processes and procedures related to the above-referenced litigation that occur during the normal course of business, and any related documentation, including but not limited to the following:

    a. Procedures for keeping and inputting student discipline data into any data system(s) the District uses;

    b. Procedures classroom teachers use for reporting student discipline issues to building principals or other administrators responsible for student discipline;

    c. Procedures classroom teachers or other District personnel use for calls, notifications, or referrals to the Meridian Police Department;

    d. Procedures for assigning students to schools, including but not limited to the alternative school, and to classrooms within schools; and

    e. Procedures for assigning, hiring, and recruiting District staff, faculty, and administrators.

2

The United States notes that this request comports with Rule 34 of the Federal Rules of Civil Procedure, and caselaw making clear that allowing experts to question personnel during an inspection regarding policies, procedures, and practices is appropriate and well within the scope of Rule 34, which is to be construed liberally. *See, e.g., Coleman v. Schwarzenegger*, No. CIV S-90-0520, 2007 WL 3231706 (E.D.Cal. Oct. 30, 2007) (finding that "questions by experts" directed to personnel at a prison were "properly included as part of an inspection of 'any operation' on the prison facilities to be inspected."); *United States v. Erie County*, No. 09-CV-849S, 2010 WL 986505 (W.D.N.Y. March 17, 2010) (holding that as part of Rule 34 inspection, "[r]easonable access to employees is necessary for the consultants to form an understanding and opinion" of defendants' policies and practices); *see also Southern Ry. Co. v. Lanham*, 403 F.2d 119, 127 (5th Cir. 1968) (citing the "liberal spirit of the rules" to state that "[w]hat must be shown under the requirement of good cause in Rule 34 are such circumstances as give the court reason to expect that the beneficial objectives of pre-trial discovery will be achieved.").

3

Dated this 30th day of January, 2012

Respectfully submitted,

| | |
|---|---|
| JOHN DOWDY<br>United States Attorney | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division |
| | ANURIMA BHARGAVA, Chief<br>SHAHEENA SIMONS, Deputy Chief<br>Educational Opportunities Section |
| ALFRED B. JERNIGAN, JR.<br>Assistant United States Attorney | /s/ Ryan C. Wilson<br>ALLISON R. BROWN<br>RYAN C. WILSON<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>Patrick Henry Building, Suite 4300<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br>(202) 514-4092 |

4

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a copy of the United States' Notice of Entry and Inspection of School District Pursuant to FED. R. CIV. P. 34 in *United States and Barnhardt v. Meridian Mun. Sep. Sch. Dist.*, Civil Action No. 1300(E), to be served to the following individuals via e-mail and U.S. mail:

Holmes S. Adams
Adams and Reese LLP
111 E. Capitol Street, Suite 350
Jackson, Mississippi 39225-4297

Fred L. Banks, Jr.
Phelps Dunbar LLP
4270 I-55 North
Jackson, MS 39211-6391

Dated this 30th day of January, 2012.

/s/ Allison R. Brown

ALLISON R. BROWN