# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT, et al.                                  **PLAINTIFFS**

and

UNITED STATES OF AMERICA                 **PLAINTIFF-INTERVENOR**

V.                                          CIVIL ACTION NO. 4:65cv1300-HTW-LRA
                                                   (formerly 1300(E))

MERIDIAN MUNICIPAL SEPARATE
SCHOOL DISTRICT, et al.                                **DEFENDANTS**

## NOTICE OF SERVICE

Notice is hereby given that Defendant, Meridian Municipal Separate School District,

served a copy of its Objection to the United State's Notice of Entry and Inspection of School

District Pursuant to Fed. R. Civ. P. 34 to Plaintiff-Intervenor United States of America's counsel

by overnight Federal Express and by United States Mail to Plaintiffs' counsel, with the original

being retained by counsel for Defendant.

RESPECTFULLY SUBMITTED this the 9th day of February, 2012.

MERIDIAN PUBLIC SCHOOL DISTRICT

By: /s/ Holmes S. Adams
    One of Its Attorneys

OF COUNSEL:
Holmes S. Adams (MSB # 1126)
Laura F. Rose (MSB # 102256)
Lindsey N. Oswalt (MSB #103329)
Adams and Reese LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS 39157
Phone: (601) 353-3234
Facsimile: (601) 355-9708

holmes.adams@arlaw.com
laura.rose@arlaw.com
lindsey.oswalt@arlaw.com

John G. Compton
Witherspoon & Compton
P.O. Box 845
Meridian, Mississippi 39302
Phone: (601) 693-6466
Facsimile: (601) 693-4840
jcompton@witherspooncompton.com

## CERTIFICATE OF SERVICE

I, Holmes S. Adams, counsel for the District, certify that a true and correct copy of the above and foregoing has been forwarded to the following persons:

Fred L. Banks, Jr.
Phelps Dunbar
P. O. Box 16114
Jackson, MS  39236-6114

Allison R. Brown
Ryan C. Wilson
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Patrick Henry Building, Suite 4300
Washington, DC 20530

This the 9th day of February, 2012.

/s/ Holmes S. Adams
Holmes S. Adams

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT, et al.,                                      **PLAINTIFFS**

and

UNITED STATES OF AMERICA,                        **PLAINTIFF-INTERVENOR**

v.                                  **CIVIL ACTION NO. 4:65cv1300-HTW-LRA 1300(E)**

MERIDIAN MUNCIPAL SEPARATE
SCHOOL DISTRICT, et al.,                                    **DEFENDANTS**

**MERIDIAN MUNICIPAL SCHOOL DISTRICT'S OBJECTION TO THE UNITED
STATES' NOTICE OF ENTRY AND INSPECTION OF SCHOOL DISTRICT
PURSUANT TO FED. R. CIV. P. 34.**

COMES NOW the Meridian Public School District (the "District") and files this

objection to the United States of America's (the "Government") Notice of Entry and Inspection

filed under Fed. R. Civ. P. 34. The Government's Notice was served on the District on January

30, 2012. In support of its objection, the District would show to the Court the following:

1.      The District does not dispute that Rule 34 permits the Government to enter its

facilities and observe its operations. However, the Government's requests to (1) interview

school administrators, security officials, law enforcement officers, and other school personnel

and (2) to review student discipline records, procedures for input of discipline data, policies to

notify police, procedures for assigning students to alternative school and classes, all hiring and

recruiting practices, and other procedures are outside the permissible scope of discovery pursuant

to both Fed. R. Civ. P. 26(b) and 34(a)(2).

2.      The Government's request is deficient in two ways. First, the Government has

not identified how or why traditional methods of discovery – which are less burdensome and

disruptive to the schools – are insufficient to accomplish its purposes. In the leading case on the

subject, the Fourth Circuit articulated a "balancing test" to be used when a party seeks to conduct an inspection under Rule 34 that involves interaction with the operation itself. *Belcher v. Bassett Furniture Indus., Inc.*, 558 F.2d 904, 908-910 (4th Cir. 1978). The first requirement is that "some degree of need must be shown." *Id.* at 908. If need is established, the Court must balance "the degree to which the proposed inspection will aid in the search for truth . . . against the burdens and dangers created by the inspection." *Id.* In assessing these factors, the Court should consider whether the inspecting party could "more easily and more reliably" investigate the elements of its case other than by "roaming through the [facilities] addressing random inquiries" to persons there. *Id.* at 909. As explained more fully below, the Government's proposed inspection will (1) produce evidence that is unreliable and subject to dispute and (2) unnecessarily burden the school district and its schools.

      a.     As here, one of the chief concerns in *Belcher* was that interviews conducted by the inspecting party or its experts would amount to little more than unsworn, "roving deposition[s]." 588 F.2d at 907. Even if defense counsel are present during the interviews, the court highlighted that because the "safeguards of true depositions" would be absent, any objections by the defense would be virtually meaningless. *Id.* at 909-10. Further, the information obtained would "consist in large part of unsubstantiated hearsay." *Id.* at 909. "An expert's testimony on the basis of sworn testimony of actual employees [] given under oath at trial or by deposition, would be far more reliable and persuasive in fact." *Id.* On this basis, the court concluded that it was "difficult to see how the proposed inspection can have any meaningful direction." *Id.*

      Similarly, in *Curry v. Goodman*, the court observed that a right to a site inspection under Rule 34(a)(2) does not automatically permit a plaintiff's expert access to the defendant's

employees. 2003 U.S. Dist. LEXIS 17861, *3 (D.Conn. May 22, 2003). In the absence of a compelling showing otherwise, a site visit ought not be treated as a "hybrid visit/deposition." *Id.* Instead, questions to a defendant's employees must be "presented through formal discovery mechanisms." *Id.*

      b.     In this case, the Government has been offered opportunities to take part in more reliable methods of discovery. The District has agreed to make its administrators available for deposition. In fact, the deposition of Superintendent Alvin Taylor, who is specifically mentioned in the Government's Rule 34 request, is already scheduled before the requested inspection.[1] To date, the Government has not requested the deposition of any other administrator. Further, an on-site inspection of documents is entirely unnecessary. On September 12, 2011, as ordered by this Court, the District produced 38,344 pages of documents to the Government, at a duplicating cost of more than $9,600. The documents include all schools' student discipline referral forms for three school years, referrals to police, and student discipline policies and procedures, among other documents requested. To date, the Government has not identified for the District any specific incident nor any particular discipline policy that violates the District's desegregation orders in this case. It is unclear why the Government should be able to disrupt the operation of the schools to review the same documents on site. If the Government believes additional production is warranted, a Rule 34(a)(1) request for production of documents accomplishes the same purpose with little or no loss of classroom time for administrators, teachers, or students. Other courts have noted that part of demonstrating the necessity of an invasive site inspection is showing that the information sought is not "obtainable from some other source that is more

---

[1]    The District objects to the Government's request to interview Superintendent Taylor during its site visit on a separate basis. Presently, Superintendent Taylor's deposition is scheduled for February 24, 2012, a date before the inspection. The Government should not be allowed to depose Dr. Taylor on the record and then ask him informal questions at a later date. Superintendent Taylor's entire testimony may be obtained at his deposition, which should not later be extended into an *ad hoc* questions-and-answer session for the Government.

convenient, less burdensome, or less expensive." *Johnson v. Mundly Indust. Contractors, Inc.*, 2002 U.S. Dist. LEXIS 19346, *10 (E.D.N.C. March 15, 2002) (citing Fed. R. Civ. P. 26(b)(2)(i)). The vast majority of items sought in the Government's request could be obtained through depositions or document requests, which are indisputably more convenient and less burdensome to the school district.

    c.    Importantly, the vague objectives cited by the Government for its requested inspection do not outweigh the disruption that will occur if the request is granted. Making administrators and security personnel[2] available to answer whatever questions the Government's expert may have brings the administrative duties of those persons to a halt. The inspection will lead to disruptions in school activities, classes, and administrative matters. The inspection will disrupt class rooms if the Government is permitted to enter a room during class time, and much more so if the Government interviews the classroom teacher. The district schools should not be made to suffer disruptions where the Government has not explained why traditional methods of discovery are insufficient to obtain the information needed. Under the *Belcher* test, the Government's request should be denied.

    3.    The Government's request is deficient in a second respect. Even if this Court permits the Government to conduct interviews and document reviews during its inspection, the content of the Government's request is impermissibly broad. The Government's own cases cited in support of its Rule 34 request confirm that the extensive, disruptive, and virtually unlimited inspection requested by the Government is not permitted. In *Coleman v. Schwarzenegger*, for instance, the court allowed plaintiff's experts to interview individuals at the subject facility, but only with the understanding that "[d]efendants will not be required to take extraordinary steps to

---

[2] The District cannot require "law enforcement officers" not employed by the school district to appear for the Government's inspection as requested in section 2(c) of its Notice. This request is unreasonable, and is beyond the District's ability to comply.

ensure that each of these officials are present for interview with plaintiffs' experts," which is

precisely what the Government's request here dictates. 2007 U.S.Dist. LEXIS 99928, *23

(E.D.Cal. Oct. 30, 2007). Only if officials are present and available "in the ordinary course of

business" would such interviews be permitted. *Id.* Similarly, in *United States v. Erie County*,

the Court permitted consultants to speak with employees at the subject facility, but did so after

acknowledging that a prior order of the court had narrowed and limited the scope of permissible

questions to two discrete topics. 2010 U.S. Dist. 26068, *3 (W.D.N.Y. March 19, 2010). With

that limitation already in place, the court concluded that the defendant could adequately prepare

the proposed witnesses. *Id.* Here, however, the system of roving interviews about multiple

discipline incidents and policies as well as hiring and recruiting of employees does not permit the

school district to prepare its employees.

4.     In sum, the "liberal spirit of the rules" does not give the Government unfettered

access to methods of discovery not otherwise available under the rules. *See Southern Ry. v.

Lanham*, 403 F.2d 119, 127 (5th Cir. 1968). The Government has made no showing that

traditional discovery methods, which are less burdensome, more convenient, and more reliable,

cannot adequately provide all information needed here. Accordingly, the District requests that

this Court deny the Government's Rule 34 request to the extent that it seeks anything more than

entry into the District's facilities and observation of its operations. In the alternative, should the

Court conclude that a more invasive inspection is warranted, the District requests that the Court

impose the following limitations:

a.     The District shall not be required to take extraordinary steps to make any

administrator or employee available for the inspection. Only where employees are present and

available in the ordinary course of business may the Government or its expert interview

employees, and even then, the Government should not be able to interrupt or disrupt class to interview a teacher.

        b.      The Government shall not be permitted to interview any administrator, principal, teacher, or other school employee whom the District agrees to made available for formal deposition.

        c.      The Government shall not be entitled to review any documents during its site inspection.

        d.      The Government must limit the scope of its inquiries to questions concerning (i) student discipline policies and procedures or (ii) the interviewee's personal experiences with the discipline process.

        e.      The Government may not interview any minor student outside the presence of his/her parent or legal guardian.

        f.      Certain information about individual students is confidential under an Agreed Confidentiality Order entered by this Court in this case, and the Government's expert is subject to that order and to federal law protecting disclosure of information from student records so that he shall not disclose any such information to anyone not a party to this lawsuit.

        g.      Any other limitation this Court deems proper and necessary.

RESPECTFULLY SUBMITTED, this the 9th day of February, 2012

**MERIDIAN PUBLIC SCHOOL DISTRICT**

By: /s/ Holmes S. Adams
          *One of Its Attorneys*

OF COUNSEL:

Holmes S. Adams (MSB # 1126)
Laura F. Rose (MSB # 102256)
Lindsey N. Oswalt (MSB #103329)
Adams and Reese LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS  39157
Phone: (601) 353-3234
Facsimile: (601) 355-9708
holmes.adams@arlaw.com
laura.rose@arlaw.com
lindsey.oswalt@arlaw.com

John G. Compton
Witherspoon & Compton
P.O. Box 845
Meridian, Mississippi 39302
Phone: (601) 693-6466
Facsimile:  (601) 693-4840
jcompton@witherspooncompton.com

## CERTIFICATE OF SERVICE

I, Holmes S. Adams, counsel for the District, certify that a true and correct copy of the

above and foregoing Objection of Meridian Municipal Separate School District to the United

States' Notice of Entry and Inspection of School District Pursuant to Fed. R. Civ. P. 34 has been

forwarded to the following:

Ms. Allison R. Brown
Mr. Ryan C. Wilson
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Patrick Henry Building, Suite 4300
Washington, DC 20530

Mr. Fred L. Banks, Jr.
Phelps Dunbar
Post Office Box 23066
Jackson, MS  39225-3066

This the 9th day of February, 2012.

/s/ Holmes S. Adams
Holmes S. Adams