IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Civil Action No. 1300(E) |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| MERIDIAN MUNICIPAL SEPARATE ) | |
| SCHOOL DISTRICT, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-INTERVENOR UNITED STATES' MOTION TO COMPEL ENTRY UPON LAND

The United States moves the Court to compel entry upon land for inspection and other Purposes – pursuant to Rules 26(b)(1), 34, and 37(a)(2) and (3) of the Federal Rules of Civil Procedure – to allow the United States and its school discipline practices expert to enter the Meridian Public School District ("District") to inspect District schools and specified documents, and to interview District employees under reasonable conditions.

On January 30, 2012, the United States served the District with a Notice of Entry and Inspection under Rule 34 of the Federal Rules of Civil Procedure as part of its ongoing review of the District's compliance with the desegregation orders in this case. United States' Notice of Entry and Inspection ("Rule 34 Notice"), at 1-2, January 30, 2012, attached hereto as Exhibit 1. The proposed inspection will focus on the areas of student discipline and faculty and staff hiring and assignment, which were the subjects of a previous Motion to Compel Discovery Responses

that was granted by this Court.  United States Motion to Compel Discovery Responses, July 28, 2011 (No. 1).  The United States files this motion because the District has categorically objected to any interviews of school personnel during the proposed site visit and any review of documents, records, or databases during the inspection.[1]  The District bases its objections on factually and legally unsupported assertions that the requested inspection would "lead to disruptions in school activities, classes, and administrative matters."  Def.'s Obj. to Rule 34 Notice ("Objection"), at 4, February 9, 2012 (No. 12), attached hereto as Exhibit 2.

The District's stated concerns have no basis in reality.  The United States routinely conducts site visits to school districts throughout the country, during which it interviews school personnel, observes classes, and reviews documents, as part of its monitoring of compliance with school desegregation orders.  Indeed, the United States conducted such a review of the Meridian Public School District in 2008, and the District raised no concerns regarding potential disruption before, during, or after the site visit.  The United States has assured the District that it will take great care, as is its practice, to minimize burdens on District employees and to avoid disruption to the educational environment.  The discovery that the United States seeks is reasonable and relevant, and the District has not met its burden of demonstrating otherwise.  Pursuant to Local Rule 37(a), the United States has met and conferred with the District regarding the conditions of the requested inspection, and the parties have been unsuccessful in resolving their differences.[2]

---

[1] In its written objection, the District also objected to any observation of classrooms while class is in session.  The District has since said that it would permit such observation.

[2] As set forth more fully in the attached Affidavit of Counsel, the District is unwilling to sign a Good Faith Certificate to append to this Motion to Compel.  In short, the United States and the District have had numerous discussions in an effort to resolve the dispute regarding the United States' site visit and inspection.  The District takes the position that the United States and District reached a final "compromise resolution" during a conversation on February 8, 2012.  In fact, counsel for both parties agreed to present proposals to resolve the dispute to their respective clients for review and consideration.

    **A.**    **The Discovery Sought by the United States Under Fed. R. Civ. P. 34(b) Is Reasonable and Relevant.**

The United States' inspection notice under Rule 34 requests entry and access to the District to include the following:[3]

1. Touring each District school, including but not limited to classrooms, during regular school hours;

2. Access by the United States' student discipline expert[4] to District personnel who are able to answer questions, in the presence of counsel for both parties, about District and school policies, procedures, and practices related to student discipline, including but not limited to interviews of the following persons:

   a. Superintendent Alvin Taylor;

   b. Principals at each school;

   c. District and school security officers, school resource officers, or other law enforcement officers assigned to work in the school district;

   d. All other District personnel responsible for administering student discipline;

   e. All District personnel responsible for maintaining student discipline records and recording student discipline data;

3. On-site review of District files related to student discipline at each school;

4. Examining District processes and procedures related to the above-referenced

---

[3] In the Rule 34 Notice, the United States noticed the site visit for the week of February 27 - March 2, 2012.  However, in light of the failure of the parties to resolve the discovery dispute, the United States has asked the District to reschedule the site visit to the week of March 26 - March 30, 2012.

[4] In an effort to reach a compromise, the United States has already agreed that its attorneys will not question school personnel during the site visit.

>litigation that occur during the normal course of business and any related documentation, including but not limited to:
>
>a. Procedures for keeping and inputting student discipline data into any data system(s) the District uses;
>
>b. Procedures classroom teachers use for reporting student discipline issues to building principals or other administrators responsible for student discipline;
>
>c. Procedures classroom teachers or other District personnel use for calls, notifications, or referrals to the Meridian Police Department;
>
>d. Procedures for assigning students to schools, including but not limited to the alternative school, and to classrooms within schools; and
>
>e. Procedures for assigning, hiring, and recruiting District staff, faculty, and administrators.

Rule 34 Notice, at 1-2.

Although the District characterizes the United States' requested inspection as "virtually unlimited" in scope, Objection, at 4, the notice makes clear that the scope of the inspection is narrow, well-defined, and well within the scope of permissible discovery. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant" to the subject matter involved in the pending action. Further, Rule 34, governing inspections and entry upon land, is to be liberally construed. *See*, *e.g.*, *Southern Ry. Co. v. Lanham*, 403 F.2d 119, 127 (5th Cir. 1968) (citing the "liberal spirit of the rules" to state that "[w]hat must be shown under the requirement of good cause in Rule 34

are such circumstances as give the court reason to expect that the beneficial objectives of pre-trial discovery will be achieved.").

Defendants misapprehend the scope of Rule 34 when they suggest that the United States' inspection should be limited to mere "entry into the District's facilities" and visual observation of the schools. Objection, at 5. In *Morales v. Turman*, 59 F.R.D. 157 (E.D. Tex. 1972), the United States District Court for the Eastern District of Texas granted plaintiffs' request for their experts to enter two juvenile facilities operated by the Texas Youth Council to conduct a participant observation study for purposes of evaluating conditions of confinement at the facilities. *Id.* at 158-60 (noting that "entry upon land for a variety of discovery purposes under Rule 34 is not unusual" and that Rule 26(b) is designed to permit "the broadest sweep of access") (citing 8A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2206). The *Morales* plaintiffs' experts were permitted to live in the youths' dormitories, attend classes, eat meals with the youths, and generally live under facility conditions that paralleled those in which the youths lived. *Id.* at 158.

Courts also have made clear that allowing experts to question personnel during an inspection regarding policies, procedures, and practices, as the United States requests here, is appropriate and well within the scope of Rule 34. In *New York State Association for Retarded Children, Inc. v. Carey*, 706 F.2d 956, 960 (2d Cir. 1983), the United States Court of Appeals for the Second Circuit affirmed the district court's order permitting plaintiffs' counsel, consultants, and experts to enter the defendants' facility for adults and children with mental retardation, to interview staff members, facility employees, and class members to assess conditions. The court found that the value of this form of discovery outweighed the burden of plaintiffs' experts conducting interviews in the facility, particularly because the interviews were going to be used to

enable the plaintiffs' experts to express an opinion.  *Id.* at 961; *see also* 8A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2214 (stating that, where entry on land is sought, the court "must balance the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection); *Coleman v. Schwarzenegger*, No. CIV S-90-0520, 2007 WL 3231706 (E.D.Cal. Oct. 30, 2007) (finding that "questions by experts" directed to personnel at a prison were "properly included as part of an inspection of 'any operation' on the prison facilities to be inspected."); *United States v. Erie County*, No. 09-CV-849S, 2010 WL 986505 (W.D.N.Y. March 17, 2010) (holding that as part of Rule 34 inspection, "[r]easonable access to employees is necessary for the consultants to form an understanding and opinion" of defendants' policies and practices).

The type of access sought by the United States in this instance is far more akin to that permitted by the courts in *Carey*, *Coleman*, or *Erie*, than to what the court rejected in *Belcher v. Bassett*, the case on which the District principally relies.  588 F.2d 904, 908-10 (4th Cir. 1978). The plaintiffs in *Belcher* did not identify the type of discrimination being investigated, the areas of inquiry for the inspection, the persons to be interviewed, or the topics about which they would be questioned.  *Id.* at 904, 909.  The United States' request here, by contrast, is narrowly tailored to "aid in the search for the truth," and describes with particularity the focused areas of inquiry for the visit.  The United States previously put the District on notice of its concerns related to complaints about racially disparate student discipline practices.  Letter from Allison Brown to Holmes Adams and John Compton (May 12, 2010), attached hereto as Exhibit 3.   The inspection notice identified the categories of persons the United States would like its expert to be able to interview on site, the areas of inquiry, and the specific procedures the United States wishes to examine.  Additionally, the United States has repeatedly invited the District to suggest

parameters for interviews that would alleviate its concerns, and has assured the District that it will keep interviews brief and avoid interrupting personnel carrying out their duties. The United States' request, therefore, is not a request to freely "roam" the District in the manner rejected in *Belcher*, but rather a narrow inspection of the District's student discipline and hiring practices, in furtherance of the United States' obligation to monitor compliance with existing desegregation orders.

      **B**.    **The District's Objections to the Requested Discovery Lack Merit.**

Upon a motion to compel entry upon land, "the standard is the same as if the objecting party had moved for a protective order under Rule 26(c) and the burden is on the objector to satisfy the court that discovery should not be had." 8A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2214.

The District offers no support, either factual or legal, for its claims that its inspection, under the requested conditions, will be burdensome or oppressive. *Cf. Lewis v. St. Luke's Hospital Ass'n*, 132 F.3d 33 (6th Cir. 1997), 1997 WL 778410, at *4 ("Broad allegations of harm unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."); *Koch v. Koch Industries, Inc.*, 1992 WL 223816, at *9 (D. Kan. 1992); *Cont'l Ill. Nat'l Bank & Trust v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (party opposing discovery cannot rely on bare assertions of burdensomeness, oppressiveness, or irrelevance). In the United States' original request to tour the school district, the United States emphasized its willingness to minimize disruption by requesting to tour only when state or district-wide testing was not occurring. E-mail from Ryan Wilson to Holmes Adams and John Compton (Dec. 21, 2011, 14:03 EST), attached hereto as Exhibit 4. Indeed, in its tour of the District in 2008, the United States managed to conduct its inspection without disrupting teachers who were leading classes,

or in any other way interrupting classroom learning.  The United States has made clear that it is open to discussing other suggestions the District may have regarding ways to minimize burden and avoid disruption.  The United States further notes that the District's stated concerns regarding disruption are apparently new; District counsel did not even accompany the United States for most of its 2008 previous site visit.

The District also objects that the United States seeks to force the District to take "extraordinary steps" to have school personnel available to answer questions during the proposed site visit.  The United States has made no such demand, has no such expectation, and has asked only that its expert be permitted to speak with employees at their normal places of employment, in the course of normal business hours.  The United States' expert would be asking questions that are essential to forming an understanding of the District's disciplinary policies, procedures, and practices.  Nonetheless, Defendants have categorically and repeatedly refused to permit any interviews at all during the inspection.  Defendants contend that any questioning must take place in the context of formal depositions, which will be more "convenient," less "expensive," and less "burdensome."  The United States may well notice depositions of District personnel in the course of discovery, but it is unclear how requiring multiple employees from each of the District's schools to appear for deposition, outside of their normal time and place of employment, will be less burdensome or inexpensive for anyone, including the anticipated deponents.  Allowing the United States' expert some latitude to ask questions during the site visit, in a manner that minimizes disruption and enables him to formulate his opinions, serves the "beneficial objectives of pre-trial discovery" as contemplated under Rule 34.  *Southern Ry. Co. v. Lanham*, 403 F.2d at 127.

Defendants also object to review of any documents or databases by the United States while on site, noting that the District produced documents in response to this Court's Order granting the United States' last Motion to Compel Discovery Responses. The United States will indeed seek to avoid duplicative review of documents already produced. But there may well be additional records related to both student discipline and faculty and staff hiring and assignment that have not yet been produced and that will be available on site, and the United States is entitled to inspect them. Indeed, the United States recently learned of changes to student discipline policies and procedures through the Superintendent's Internet "Blog," as opposed to supplemental discovery responses from the District. Further, in order to formulate an opinion regarding the District's student discipline practices, the United States' expert will need to examine the different databases and systems that the District uses to collect, maintain, and record student discipline data.

### C. Conclusion

The United States' inspection notice requests relevant information under reasonable conditions, and the District has failed in its burden to show otherwise. The notice makes clear that the inspection will be focused on two issues: student discipline and hiring, meaning that it will be considerably narrower in scope than the United States' previous site visit to the District's schools. The likelihood of identifying relevant information during a site visit, which is a routine component of the United States' efforts to monitor school desegregation cases, outweighs the potential burdens on the school district. Accordingly, the United States respectfully requests that this Court:

1.  Grant the United States' Motion to Compel Entry on Land and require the District to permit access consistent with that requested in the United States' inspection

        notice;

2.       Schedule a status conference to discuss discovery issues and set a discovery schedule, which we believe will facilitate orderly resolution of the United States' review of student discipline and faculty hiring practices; and

3.       Grant all other such relief that this Court may deem equitable.

Dated this 29th day of February, 2012.

Respectfully submitted,

| | |
|---|---|
| JOHN M. DOWDY, JR.<br>United States Attorney | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>ANURIMA BHARGAVA, Chief<br>SHAHEENA SIMONS, Deputy Chief<br>Educational Opportunities Section |
| /s/Alfred B. Jernigan, Jr.<br>ALFRED B. JERNIGAN, JR.<br>Assistant U. S. Attorney<br>MS Bar No. 3088<br>Chief, Civil Division<br>Southern District of Mississippi<br>501 E. Court Street, Ste. 4.430<br>Jackson, MS  39201<br>(601) 973-2820 direct<br>(601) 965-4032 fax<br>al.jernigan@usdoj.gov | /s/ Ryan C. Wilson<br>ALLISON R. BROWN<br>RYAN C. WILSON<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>Patrick Henry Building, Suite 4300<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br>(202) 514-4092 |

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this date, February 29, 2012, I served the following counsel of record with a copy of the foregoing Motion to Compel Entry Upon Land and Memorandum of Law in Support by electronic mail:

Holmes S. Adams
Adams and Reese LLP
111 E. Capitol Street, Suite 350
Jackson, Mississippi 39225-4297

Fred L. Banks, Jr.
Phelps Dunbar LLP
4270 I-55 North
Jackson, MS 39211-6391

                                        /s/Allison R. Brown
                                           Allison R. Brown