# EXHIBIT 6

Case 4:65-cv-01300-HTW-LGI   Document 15-6   Filed 03/01/12   Page 2 of 3



**U.S. Department of Justice**
Civil Rights Division
Educational Opportunities Section

AB:SS:ARB:RCW
169-41-130

| | |
|---|---|
| U.S. Mail: | Educational Opportunities Section, PHB<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 |
| Overnight Mail: | Educational Opportunities Section, Suite 4300<br>601 D Street, NW<br>Washington, DC 20004 |
| Telephone: | (202) 514-4092 |
| Facsimile: | (202) 514-8337 |

February 24, 2012

**VIA E-MAIL AND FACSIMILE (601-355-9708)**

Holmes S. Adams, Esq.
Adams and Reese, LLP
111 E. Capitol Street, Suite 350
Jackson, MS 39225

      Re:    **United States and Barnhardt v. Meridian Municipal Separate School District, C.A. No. 1300 (S.D. Miss.)**

Dear Holmes:

      Thank you for your letter dated February 16, 2012. As we explained during our phone call on February 15 and subsequent email on February 16, we do not agree with your position that we reached an agreement on February 8, 2012 regarding the parameters of our requested site visit of the Meridian schools. Your proposal is that we and our expert would visually observe the district's schools over three days, and then depose approximately 10 administrators (school principals and the chief of security) over a period two days.

      We have considered this suggested compromise, as we said we would, and have determined that we cannot agree to a tour of the school district that gives our expert no latitude to speak to school personnel, and permits no review of files and databases while on site. Further, if we are required to notice depositions of school personnel, we do not agree to limit the length of those depositions in the manner proposed. See, Fed. R. Civ. P. 30(d)(1). We also note that your objection of February 9, 2012 itself departed from our February 8 discussion in significant ways, including by objecting to observation of classes while in session. As we explained on February 8, we believe classroom observation is an important aspect of any school site visit, and emphasize our commitment to avoiding disruption or intrusion upon classroom learning.

      We remain committed to achieving a positive resolution to our student discipline concerns and believe there is room for a true compromise to our request to tour the school district. As we stated in our February 16 email, we are open to further discussions about ways that we can alleviate the district's concerns about disruption, while still 1) giving our expert

some latitude to speak to school personnel, 2) permitting reasonable document review and inspection of database systems, and 3) permitting observation of classrooms while class is in session. If the district is not open to further discussion along these lines, we feel we have no choice but to seek the court's intervention. We are attaching a good faith certificate to this letter, and ask you to return it to us by noon tomorrow. Please let us know if you have any questions, or would like to discuss an alternative proposal.

Sincerely,

/s/Ryan C. Wilson

Ryan C. Wilson
Allison R. Brown

Trial Attorneys
Educational Opportunities Section