IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHN BARNHARDT, et al.,**                                                          **PLAINTIFFS**

**and**

**UNITED STATES OF AMERICA,**                                      **PLAINTIFF-INTERVENOR**

v.                                        CIVIL ACTION NO. 4:65cv1300-HTW-LRA 1300(E)

**MERIDIAN MUNCIPAL SEPARATE**
**SCHOOL DISTRICT, et al.,**                                                          **DEFENDANTS**

## MERIDIAN MUNICIPAL SCHOOL DISTRICT'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION TO COMPEL ENTRY UPON LAND

COMES NOW the Meridian Public School District ("the District") and files this Response in Opposition to the United States of America's ("the Government") Motion to Compel Entry Upon Land.  In support thereof, the District would show to the Court the following:

1.      The District does not dispute that Rule 34 permits the Government to enter its school facilities and tour them.  Accordingly, the District agreed that the Government's expert and attorneys could take a three-day tour of all schools on February 27-29, 2012, in a sequence of the Government's choice. The District agreed to provide a guide at each school with access to all classrooms who would identify the teacher, the subject, and grade of students in any class the Government chose to observe.   The District also agreed the Government expert and counsel could enter any classroom, asking only that the disruption resulting from entrance into a classroom by four or five adult strangers be kept to a minimum.

2      The District agreed to the Government's formal notice of the superintendent's deposition for February 24, 2012, which was the Friday before the school tours were to begin the

following Monday. At a meeting of opposing counsel in Jackson on February 8, 2012, where the parties' counsel discussed the District's objection to "interviews," as opposed to depositions, the District agreed to make available for depositions, after conclusion of the tours, all principals and the head of security. All counsel agreed these depositions would be scheduled on March 2 and 3, 2012, in a sequence of the Government's choice. In a further effort to resolve this discovery dispute, the District later offered to make all school security officers and school resource officers, not just the head of security, available for depositions after completion of the tour. When the Government later raised a concern that these depositions would necessarily be limited in time, the District made clear that it imposed no prohibition on subsequent depositions of these same persons if necessary.

3. The crux of the District's objection is the Government's demand that its expert may conduct unsworn, roving "interviews" of anyone he meets and of specific persons whom the District is expected to have available for "interview," including the superintendent, all principals, security officers, school resource officers, teachers ("personnel responsible for administering student discipline"), as well as other personnel who have knowledge about procedures and processes for student discipline (discipline records and data, reports to administrators, calls to the police, assignment of students to schools and classrooms) and also about the full range of personnel procedures for "assigning, hiring, and recruiting District staff, faculty, and administrators." The Government has made it clear that these roving "interviews" may not take the place of later depositions. The Government simply wants to "interview" in advance of depositions. In addition, the District objects to inspection of documents while on tour and to the broad scope of the inquiries that the Government wants to make on its tours.

23892392.1                                                    2

**Interviews**

4. The Government's demand for roving interviews is deficient because the Government has not identified how or why traditional methods of discovery are insufficient. The Government's suggestion that depositions are no less disruptive than roaming the halls of the District's schools and interviewing whomever their expert encounters is false. Depositions have the benefit of being scheduled ahead of time, thereby permitting the witness to arrange for the least disruption to work via substitute teachers or subordinate administrators and permitting the District to prepare its witnesses.

5. As already noted in the District's Objection to the Government's Rule 34 request, such "interviews" are "unsubstantiated hearsay." Depositions, on the other hand, are given under oath and are far more reliable and persuasive in fact. *Belcher v. Bassett Furniture Indus., Inc.*, 558 F.2d 904, 908-910 (4th Cir. 1978). The Government has not offered any argument that the informal interviews have remotely the same evidentiary value as sworn depositions.[1]

**Inspection of Documents**

6. In response to the Government's document requests, the District produced on September 12, 2011, more than 38,000 pages of documents. The vast majority of the documents included all student discipline referral forms for the three prior school years, referrals to police, and student discipline polices and procedures. The District is currently working on supplementation of its production with records from the first semester of this school year. In the face of this voluminous production, the Government cites no law for the proposition that it should be permitted to inspect additional documents while on tour. Further, the Government

---

[1] Nor does the Government address the District's argument that it should not be permitted to depose Superintendent Taylor on one day, and then proceed to informally interview him the next. If the Government is permitted to do so, Superintendent Taylor's sworn deposition and all of its formalities are meaningless. To date, the Government has not notice any depositions other than Dr. Taylor's which it decline to take on February 24 and decided to file this motion to compel.

does not answer the District's argument that a Rule 34(a)(1) request for additional documents is the proper manner to obtain additional documents from the District. Instead, the Government posits – without any legitimate basis – that there may be additional discipline-related documents on site at the District, but does not describe how it will obtain these items once on campus. In litigation, parties must first use the traditional discovery process to determine whether certain documents exist, and whether they should be produced. Only then may they file specific requests seeking such documents. In no scenario do the rules permit a party to rummage through documents which may not be relevant to their case in an effort to find relevant documents. This type of document inspection is nothing more than a fishing expedition.

**Scope of Inquiries**

7. Even if this Court permits such interviews, the Government's request is impermissibly broad. The case law on which the Government relies supports the need for limitations on its inspection. In both *Coleman v. Schwarzenegger* and *United States v. Erie County*, either the court or the parties themselves placed strict limitations on the inspection sought. In *Coleman*, the Court concluded that nothing in Rule 34 required the defendant to undertake special effort to ensure the presence of certain officials during the inspection. 2007 U.S. Dist. LEXIS 99928, *23 (E.D.Cal. Oct. 30, 2007). While the Government claims its request would not require the District to take any such effort, its assertion is disingenuous. The Government's request straightforwardly asks the District to make available a long list of persons, including some who are not at the District in the "ordinary course of business" such as law enforcement officers whose attendance the District has no power to compel.

8. In *United States v. Erie County*, the Court permitted consultants to speak with employees at the subject facility, but did so after acknowledging that a prior order of the court

23892392.1                                    4

had narrowed and limited the scope of permissible questions to two discrete topics. 2010 U.S. Dist. 26068, *3 (W.D.N.Y. March 19, 2010). With that limitation already in place, the court concluded that the defendant could adequately prepare the proposed witnesses. *Id*. The District here seeks a limitation far more narrow than the Government presently suggests. *Erie County* confirms that further limitation is appropriate and necessary in this case.

9. The Government's attempt to distinguish *Belcher* is unpersuasive. The Government claims that its Rule 34 request is more narrowly tailored than the request in *Belcher*. *Belcher v. Bassett Furniture Indus., Inc.*, 558 F.2d 904, 908-910 (4th Cir. 1978). As a practical matter, however, this is not the case. Although the Government provides a bulleted list of the persons it wishes to speak to and of the topics it will discuss, a plain reading shows that it entitles the Government to speak to virtually anyone. When the Government requests to speak to "all other District personnel responsible for administering student discipline," this necessarily includes every teacher and administrator because they are all involved in student discipline. Further, the Government's confirms that the list it provides is not exhaustive, as it asks to speak to the persons listed, but specifically states that it is "not limited to interviews of the following persons."

10. Likewise, the list of discussion topics the Government provides covers everything from discipline to data entry procedures to student assignment to hiring, assigning and recruiting of District staff, faculty, and administrators. There is little under this broad umbrella that the Government cannot pursue in its interviews. In short, under *Belcher*, the Government's request still would not survive the "balancing test." *Belcher*, 558 F.2d at 908-10.[2] The Government has

---

[2] *Belcher* articulated a balancing test when a party seeks to conduct an inspection that involves interaction with the operation itself. The first prong is to require a showing of some degree of need. If need is established, the Court must balance the burdens and dangers created by the inspection. In assessing these factors, the Court should

yet to demonstrate why it could not "more easily and reliably" investigate this case other than by the sweeping inspection and interviews that it requests. *Id*. at 909.

**Agreement to Settle Discovery Dispute**

11. The Government has not dealt in good faith with the District in filing its motion to compel. On February 8, 2012, counsel for both the Government and the District met in Jackson to discuss the case in general and the Rule 34 request in particular. All present agreed that (1) the Government would take the superintendent's deposition on Friday, February 24 in advance of the school tours, (2) that the Government's expert and attorney would tour the schools over three days (Monday through Wednesday, in order set by the Government), and (3) the Government's expert would not conduct "interviews" during the tours because on Thursday and Friday, after completion of the tours, the District would make available for depositions its school principals and the head of security. The Government later reneged on its agreement, telephoning District counsel to say it intended to file a motion to compel based upon the District's Objection filed after the February 8 meeting and agreement.[3] It denied any agreement at first because all details of the tours had not been worked out. Now, Government counsel states that the agreement had to be approved by their supervisors. No such condition was stated at the February meeting. District counsel acted on the agreement and moved to make arrangements for the tour and following depositions.

12. The District incorporates by reference its discussion of the case law bearing on this motion to compel as set out in the District Objection to the Government's Rule 34 Request.

---

consider whether the inspecting party could "more easily and more reliably investigate its case other than by "roaming through the [facilities] addressing random inquiries" to persons there. *Id*.

[3] When the February meeting took place, the Government had failed to file any notice of service with the Court of its Rule 34 Request. As a courtesy, District counsel had delayed filing its Objection so that the Government could first file its notice of service. The Government used the later-filed Objection to contrive points of difference about the conduct of the tour when counsel for the parties had reached agreement. The District continued to demonstrate its good faith by offering to satisfy all such points except to continue to object to "interviews" and on-site document examination.

13. In support of its Response, the affidavit of Holmes S. Adams, counsel for the District, is attached as Exhibit "A."

For all the above reasons, the Government's motion to compel should be denied and the agreement resolving this dispute between the parties should be enforced.

RESPECTFULLY SUBMITTED, this the 7th day of March, 2012

**MERIDIAN PUBLIC SCHOOL DISTRICT**

By: /s/ Holmes S. Adams
*One of Its Attorneys*

OF COUNSEL:

Holmes S. Adams (MSB # 1126)
Laura F. Rose (MSB # 102256)
Lindsey N. Oswalt (MSB #103329)
Adams and Reese LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS  39157
Phone: (601) 353-3234
Facsimile: (601) 355-9708
holmes.adams@arlaw.com
laura.rose@arlaw.com
lindsey.oswalt@arlaw.com

John G. Compton
Witherspoon & Compton
P.O. Box 845
Meridian, Mississippi 39302
Phone: (601) 693-6466
Facsimile:  (601) 693-4840
jcompton@witherspooncompton.com

## **CERTIFICATE OF SERVICE**

I, Holmes S. Adams, counsel for the District, certify that a true and correct copy of the above and foregoing Response in Opposition to the United States' Motion to Compel Entry upon Land has been forwarded to the following:

Ms. Allison R. Brown
Mr. Ryan C. Wilson
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Patrick Henry Building, Suite 4300
Washington, DC 20530

Mr. Fred L. Banks, Jr.
Phelps Dunbar
Post Office Box 23066
Jackson, MS  39225-3066

This the 7th day of March, 2012.

/s/ Holmes S. Adams
Holmes S. Adams