IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT, et al.,                                                      PLAINTIFFS

and

UNITED STATES OF AMERICA,                         PLAINTIFF-INTERVENOR

v.                              CIVIL ACTION NO. 4:65cv1300-HTW-LRA 1300(E)

MERIDIAN SCHOOL DISTRICT, et al.,                                  DEFENDANTS

### AFFIDAVIT OF HOLMES S. ADAMS
### COUNSEL TO MERIDIAN SCHOOL DISTRICT

STATE OF MISSISSIPPI
COUNTY OF MADISON

     1. John Compton with Witherspoon & Compton, LLC in Meridian and I are counsel to the Meridian School District (the "District") with respect to the District's federal desegregation case.

     2. On February 8, 2012, Allison R. Brown and Ryan Wilson, trial attorneys for the U.S. Department of Justice, met with Mr. Compton and me in my law offices in Jackson to discuss the case generally and to discuss possible resolution of the Government's Rule 34 request.

     3. As a result of that meeting, counsel for the parties agreed that the Government's deposition, previously noticed, of the District's superintendent would go forward on Friday, February 24, 2012. All agreed that the Government's expert and counsel, together with the District's counsel, would tour all schools, in the order set by the Government, beginning the following Monday, February 27 through Wednesday, February 29, 2012. The expert and counsel could observe classrooms with minimum disruption. All agreed that, instead of the expert conducting interviews, the District would make available for deposition its school principals and the head of security on Thursday, March 1 and Friday, March 2, 2012, following completion of the school tours.

     4. At the February 8 meeting, counsel for the District explained that the Government had not filed a notice of service of its Rule 34 request. Therefore, as a courtesy, counsel for the District had not filed its notice of service of its Objection and not served the Objection on the Government. District counsel explained that it intended to serve the Objection to make the record complete. District counsel was clear that the

23892996.1


EXHIBIT A

agreement of the February 8 meeting overrode the Objection. I have no recollection that counsel for the District, or counsel for the Government, conditioned the agreement upon approval by supervisors or respective clients.

5. Accordingly, the discovery dispute was resolved. District counsel began making arrangements for the school tours and depositions for the scheduled dates.

6. On February 15, 2012, when Government counsel telephoned me to announce that they intended to file a motion to compel, I responded that we had reached an agreement resolving the Rule 34 discovery dispute.

7. Later, counsel for the District told the Government and wrote a letter dated February 27, 2012, [Doc.14, Ex. 7] stating that the parties had agreed on February 8 that the Government's expert and attorneys might tour all schools for a three-day period but that the Government and its expert would not "interview" District employees about substantive topics, including student discipline or employment matters. In a further effort to resolve this matter, the District offered to provide a guide at each school who is familiar with the school, that the expert could enter classrooms, and that the guide would identify each teacher by name and provide the subject and grade of the class. All areas of the schools, not just classrooms, would be available for inspection. Further, the District never attempted to limit the length of the depositions nor to prohibit subsequent depositions. Finally, in addition to the principals and head of security, the District offered to make available for deposition all its security officers and SROs.

8. Despite the Government's agreement, it determined not to depose the superintendent as noticed and to cancel the tours and all other depositions.

AFFIANT FURTHER SAYETH NOT.

_____
HOLMES S. ADAMS

Sworn to and subscribed before me, this the 7th day of March, 2012.

_____
Notary Public

My Commission Expires:

23892996.1