IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Civil Action No. 4:65-cv-01300-HTW-LRA |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| MERIDIAN MUNICIPAL SEPARATE ) | |
| SCHOOL DISTRICT, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## UNITED STATES' REPLY TO THE MERIDIAN SCHOOL DISTRICT'S RESPONSE IN OPPOSITION TO THE MOTION TO COMPEL ENTRY UPON LAND

In reply to the Meridian Municipal School District's (the "District") Response in Opposition to the United States' Motion to Compel Entry Upon Land, the Plaintiff-Intervenor United States respectfully states as follows:

1.      The District's contention that the United States' Rule 34 Notice is "impermissibly broad," "sweeping," and likely to cause "disruption" to the educational environment is entirely without basis. Response, at ¶ 7 and 10. First, it is routine for the United States, as it monitors school district compliance with desegregation orders across the country, to conduct site visits of the schools within each district, observe classrooms, and conduct interviews of relevant school personnel, including the building principal. The United States conducted just such a routine site visit of the Meridian Public School District in 2008 with no objection from the District. The

District is fully aware that the United States would not be "roving" the hallways in a manner that disrupts the educational environment.

2.	Moreover, the Rule 34 Notice specifies that the review will be focused on two narrow issues: the administration of student discipline, and faculty and staff hiring and assignment in the District.  The type of inspection sought is similar to what the courts approved in *New York State Association for Retarded Children, Inc. v. Carey*, 706 F.2d 956 (2d Cir. 1983); *Coleman v. Schwarzenegger*, No. CIV S-90-0520, 2007 WL 3231706 (E.D.Cal. Oct. 30, 2007), and *United States v. Erie County*, No. 09-CV-849S, 2010 WL 986505 (W.D.N.Y. March 17, 2010), and the District's efforts to distinguish those cases are unpersuasive.  Student discipline and faculty and staff hiring and assignment are topics no more "sweeping" than those topics – "medical and mental health care," "mental health treatment," "suicide prevention," and "housing, programming, exercise, and activities" – on which the courts permitted inspections and expert interviews in *Coleman* and *Erie*.  *Coleman*, at 1; *Erie*, at 3.

3.	In an effort to further respond to District concerns, the United States has made clear that it does not expect the District to undertake extraordinary efforts to make particular individuals available during the site visit, and has specifically delineated the types of personnel its expert would like the opportunity to briefly speak with while on site, including a subset of teachers, security officers, SROs, and administrators.  The United States remains open to discussing further ways to address the District's concerns, but the District continues to categorically object to any interviews of school personnel.

4.	The District's assertion that the United States' request should be denied absent a showing that expert interviews have "the same evidentiary value as sworn depositions" is also misplaced.  Experts such as the United States' expert on student discipline typically rely on informational

interviews in formulating their opinions. The requested interviews are essential for the United States' expert to form a complete understanding of the District's disciplinary policies and procedures, and how they are interpreted and applied. If the District has an objection regarding the "reliability" of such expert interviews, then it may, at the appropriate time, raise an objection to those opinions. Under Federal Rule of Evidence 703, however, an expert's opinion is generally admissible so long as the facts and data underlying that opinion are of a type reasonably relied on by experts in the field.

5.      The District has provided no reason, legal or factual, for objecting to the United States' review of any documents or databases while on site, other than the fact that, when ordered by the Court, the District provided documents in response to the United States' previous discovery requests. The United States has made clear that it will seek to avoid duplicative review of documents already produced.  Further, at no time has the United States suggested, not through its Rule 34 Notice, its Motion to Compel, nor in conversation with the District, that the United States or its expert wish to aimlessly rifle through all District paperwork while on site.[1] The United States has instead kept its focus narrow and defined. For example, the United States has explained that to formulate an opinion regarding the District's student discipline practices, the United States' expert seeks to examine the different databases and systems that the District uses to collect, maintain, and record student discipline data.

6.      Finally, the United States restates its strong disagreement with the District's position that counsel for the parties reached final agreement with respect to the contours of the requested site

---

[1] The District asserts that it has produced more than 38,000 pages of documents in response to the United States' discovery requests. Many of the documents the District produced were provided in a format that was not reasonably usable, and we have been working with the District to obtain documents in a more accessible format that the United States and its expert can comprehend and evaluate. On March 8, 2012, the District re-produced some data in electronic format, which the United States is currently reviewing. The United States hopes and expects that an in-person inspection of the District's databases and systems would help clarify the data.

3

visit, and that the United States somehow breached that agreement. The United States has at all times acted in good faith in its dealings with the District and will continue to do so. We have repeatedly indicated to the District that we remain willing to continue to confer in good faith to reach a resolution regarding the United States' reasonable request to visit the District's schools, interview school personnel, and review relevant student discipline records and recordkeeping systems.

7. For the foregoing reasons, the United States respectfully requests that the Court grant its Motion to Compel Entry Upon Land. Although the site visit was originally scheduled for the week of February 27, 2012, the United States has asked the District to allow the inspection to take place during the week of March 26, 2012.

Respectfully submitted, this 9th day of March 2012,

| | |
|---|---|
| JOHN M. DOWDY, JR.<br>United States Attorney | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br>ANURIMA BHARGAVA, Chief<br>SHAHEENA SIMONS, Deputy Chief<br>Educational Opportunities Section |
| /s/Alfred B. Jernigan, Jr.<br>ALFRED B. JERNIGAN, JR.<br>Assistant U. S. Attorney<br>MS Bar No. 3088<br>Chief, Civil Division<br>Southern District of Mississippi<br>501 E. Court Street, Ste. 4.430<br>Jackson, MS  39201<br>(601) 973-2820 direct<br>(601) 965-4032 fax<br>al.jernigan@usdoj.gov | /s/Allison R. Brown<br>ALLISON R. BROWN<br>RYAN C. WILSON<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>Patrick Henry Building, Suite 4300<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br>(202) 514-4092<br>allison.brown@usdoj.gov |

## CERTIFICATE OF SERVICE

      I hereby certify that, on this date, March 9, 2012, I served the following counsel of record with a copy of the foregoing Reply to the District's Response to the United States' Motion to Compel Entry Upon Land by electronic mail:

Holmes S. Adams
Adams and Reese LLP
111 E. Capitol Street, Suite 350
Jackson, Mississippi 39225-4297

Fred L. Banks, Jr.
Phelps Dunbar LLP
4270 I-55 North
Jackson, MS 39211-6391

                                              /s/Alfred B. Jernigan, Jr.