IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO.4:65-cv-1300 HTW-LRA

MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT                           DEFENDANT


**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**

On March 26, 2012, intervenor plaintiff, the United States of America ("United States"), and defendant Meridian Municipal School District ("the District") appeared before the court in a motion hearing on the United States' motion to compel entry upon land [docket no. 14] filed pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure.[1] Following argument regarding the proper scope of a physical inspection

---

[1]Rule 26 of the Federal Rules of Civil Procedure states in pertinent part:

(b) Discovery Scope and Limits.
   (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 34 states in pertinent part:

(a) In General. A party may serve on any other party a request within the scope of Rule 26(b):
. . . .
   (2) to permit entry onto designated land or other property possessed or

1

under Rule 34 of the schools in the District, this court announced its ruling to the parties and instructed the parties as to how to proceed with the inspection. The United States' motion is granted in part and denied in part for the reasons herein.

## I. Background

On May 10, 1965, plaintiff John Barnhardt and others, then minor students, by their parents, sued the Meridian Municipal Separate School District located in Meridian, Mississippi, seeking disestablishment of the District's racially dual school system [docket no.s 1, 13]. Shortly thereafter, on June 28, 1965, this court granted leave to the United States of America to intervene as a party plaintiff [docket no. 13]. On May 29, 1967, this court entered a desegregation order enjoining discrimination by the District on the basis of race and mandating certain actions by the District in order to eliminate the

---

> controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.
>
> Rule 37 states in pertinent part:
>
> (a) Motion for an Order Compelling Disclosure or Discovery.
>   (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>   (2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending.
> . . . .
>   (3) Specific Motions.
> . . . .
>   (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> . . . .
>     (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

2

dual school system [docket no. 2-1].

The Court of Appeals for the Fifth Circuit modified the District's plan several times [docket no. 13]. On November 7, 1969, in *United States v. Hinds County School Board*, 423 F.2d 1264 (5th Cir. 1969), a matter comprised of consolidated cases concerning segregation in school districts in Mississippi, including the present case, the Fifth Circuit issued an order directing each of the schools to implement the Desegregation Plan prepared by the United States Department of Health, Education and Welfare for ending the dual school systems. *Id.* at 1267. The court retained jurisdiction of the cases and ordered that the Plan would remain in full force and effect until further order of the court. *Id.* at 1268-69.

On February 7, 1973, this court closed the case *sub judice*, stating that any party or the court on its own motion could reopen the case [docket no. 13]. On March 22, 1974, the Fifth Circuit transferred jurisdiction of the case to this court [docket no. 13].

Over the years, since the District became subject to the Desegregation Plan, the United States has sent teams of investigators to the District to assess the District's compliance with the Plan, outstanding desegregation orders, and federal law [docket no. 2]. Department of Justice counsel last conducted an on-site investigation of the District in 2008. All parties agree that the visit was amiable between the parties and helpful to the District.

Now, the United States Department of Justice, Civil Rights Division, Educational Opportunities Section, allegedly has been receiving complaints from 2010 until the present relative to the District's discipline policy. Motion to Compel [docket no. 1]; Letter, Exh. 3 to Motion to Compel [docket no. 15-3]. The United States also has been

3

notified that the District has been terminating various positions within the District. *Id*. According to the complaints, this discipline policy has disproportionately targeted African-American students, while most or all of the terminations have been positions occupied by African-Americans at the time of termination. *Id.*

The United States effectively reopened this case on July 28, 2011, by filing a motion [docket no. 1] to compel discovery the District refused to provide related to the complaints concerning student discipline and employment practices in the District. This court entered an order [docket no. 3] granting that motion.

As part of the United States' ongoing review of the District's compliance with the desegregation orders in this case, on January 30, 2012, the United States served the District with a notice of intention to enter the schools and offices in the District from February 28-March 2, 2012, this time specifically "to inspect the District's operations with regard to student discipline and faculty and staff composition." Notice, Exh. 1 to Motion to Compel [docket no. 15-1]. The United States gave notice of its intent to:

> (1) tour each school in the district, including classrooms, during school hours;
>
> (2) provide the United States' expert access to District personnel who are knowledgeable with respect to policies, procedures and practices related to student discipline, including: the District Superintendent; principals at each school; security officers assigned to the schools; and District personnel responsible for administering student discipline;
>
> (3) conduct on-site review at each school of District files related to student discipline; and
>
> (4) examine District processes and procedures related to the desegregation litigation, including procedures for: keeping and inputting student discipline data; reporting student discipline issues; engaging the Meridian Police Department in association with student discipline; assigning students to schools and classrooms; and assigning, hiring and

recruiting District staff, faculty, and administrators.

*Id.* (paraphrased).

On February 8, 2012, the parties met in order to attempt to settle the particulars of the United States' proposed inspection of the District.  On February 9, 2012, the District served its objection to the United States' notice of intent to enter the District.  Objection, Exh. 2 to Motion to Compel [docket no. 15-2].  The District did not dispute that Rule 34 permits the United States to enter its facilities and observe its operations.  The District agreed that the United States could tour the schools and question the District Superintendent as well as security officers by deposing them, Email, Exh. 5 to Motion to Compel [docket no. 15-5]; however, the District refused to allow the United States to proceed with the additional proposed methods of gathering information. Letter, Exh. 7 to Motion to Compel [docket no. 15-7].

The District makes essentially the same two arguments in its objection as those made in its response to the motion to compel.  The District cites two deficiencies with respect to the United States' request.  First, the District contends that the government should utilize traditional methods of discovery, which are less burdensome and disruptive to the schools, such as depositions instead of spontaneous informal interviews.  Secondly, the District contends that the government's request is impermissibly broad, requesting virtually unlimited access to school personnel in order to gather data on insufficiently narrowed topics.  Additionally, the District contends that the government has not acted in good faith with the District in filing its motion to compel.  According to the District, the parties had reached an agreement on the terms of the inspection on February 8, 2012, and then the United States reneged and filed its motion

to compel on March 1, 2012.

## II. Jurisprudence

Neither party disputes that Rule 34 allows entry upon land as a means of discovery. Rule 34 generally governs procedures for inspection of property and provides that a party may request "within the scope of Rule 26(b)" entry onto property possessed or controlled by the responding party, so that the requesting party may inspect the property or any designated object or operation on it. Rule 34(a)(2). The request must be reasonably specific. "[It] must describe with reasonable particularity each item or category of items to be inspected" and "specify a reasonable. . . manner for the inspection and for performing the related acts." Rule 34(b)(1)(A) and(B).

Further, Rule 34 must be applied in connection with Rule 26(b). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Rule 26(b)(1). The term "relevant" in Rule 26 is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Neither Rule 34 nor Rule 26, however, permits blanket discovery upon "bare skeletal request" in the face of an objection. *Belcher v. Bassett Furniture Industries, Inc.*, 588 F.2d 904, 908 (4th Cir. 1978). The court must limit discovery otherwise allowed by the Federal Rules of Civil Procedure when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). *See also* Rule 26(b)(1) ("All discovery is

subject to the limitations imposed by Rule 26(b)(2)(C)"). "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

This court, then, must determine to what extent each of the United States' requests, made pursuant to Rule 34, is reasonably specific and within the scope of Rule 26(b). This court begins its determination by looking to the District's objections to the United States' request. The burden is on the party who opposes its opponent's request for discovery to show specifically how each request is not relevant or how each request is overly broad, burdensome or oppressive. *See McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990). *See also* Rule 34(b)(2)(B) and (C) ("[T]he response [to a Rule 34 request] must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. An objection to part of a request must specify the part and permit inspection of the rest.")

**A. Interviews**

The United States seeks to conduct informal interviews regarding student discipline while touring inside the schools in order to aid the United States' experts[2] in forming their opinion concerning the District's student disciplinary practices. The District says that such interviews would constitute unsubstantiated hearsay and should not be allowed because of their lack of evidentiary value. Rule 26 states, however, that

---

[2] The District contends that it was not informed until the oral argument that the United States intended to bring two experts.

"[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1).

The District also argues that the United States' request for such interviews is impermissibly broad, specifically the United States' requests to speak to "[all] law enforcement officers assigned to work in the school district" and "all. . . District personnel responsible for administering student discipline." Notice, Exh. 1 to Motion to Compel [docket no. 15-1]. The District contends that: (1) it does not have authority over all law enforcement officers assigned to work in the school district; (2) all persons who administer student discipline would include all teachers and administrators; and (3) the United States has not provided specific topics with which the District can sufficiently prepare those persons who might be questioned.

The United States responds that "[t]he requested interviews are essential for the United States' expert[s] to form a complete understanding of the District's disciplinary policies and procedures, and how they are interpreted and applied." Reply, ¶4 [docket no. 17].

The United States' request to interview all law enforcement officers assigned to the school and all persons who administer student discipline is overly broad; however, the United States during oral argument modified its request. This modified request would allow the United States to interview Principals, Assistant Principals, the District Superintendent and the Chief Security Reserve Officer. The other security officers, approximately ten or twelve in number, should only be interviewed in the event the school administrators mentioned herein, or the Chief Security Reserve Officer are unable to answer a specific, material question about a particular occurrence or practice.

8

**B. Inspection of Documents**

The District has produced and continues to produce documents to the United States, including all student discipline referral forms for the three prior school years, referrals to police and student discipline policies and procedures. The United States, challenges the District, provides no basis for the need to inspect additional documents while on tour of the schools.

The United States responds that its requests will not be duplicative of prior document requests. The United States asserts that its experts must examine the different databases and systems that the District uses to collect, maintain and record student discipline data in order to form an opinion regarding the District's student discipline practices.

The District argues, and the court agrees, that a general request for on-site review of files, documentation, and data gathering and management procedures may be too broad. The parties agree, however, that the United States can obtain the desired information regarding data management through a more narrowly tailored approach, such as by speaking with the persons directly responsible for data management and requesting any readily available additional documents it needs to review. Unavailable key, material requested documents should be located and furnished as soon as possible.

**C. Bad Faith**

Finally, the District alleges that the United States has engaged in bad faith conduct with respect to settling the present discovery dispute. Rule 37(a)(3)(B)(iv) allows a party to file a motion to compel inspection if the opposing party fails to permit

inspection as requested under Rule 34.  In order to file a motion to compel, Rule 37(a)(1) requires the movant to certify that the parties conferred in good faith in an attempt to resolve the discovery dispute before involving the court.

The United States attached an affidavit [docket no. 14-2] to its motion to compel relaying the sequence of events between the parties from December 2011 through February 2012 concerning attempts to settle the dispute at issue.  The affidavit certifies that the Untied States conferred in good faith with the District prior to filing the present motion, and the attempt to resolve the dispute between the parties was unsuccessful.

Counsel for both parties engaged in discussion for over a month before meeting on February 8, 2012, at the office of Holmes Adams, counsel for the District, in Ridgeland, Mississippi.  Letters, Exh.s 4-7 to Motion to Compel.  On February 8, the parties agreed that the attorney representing the United States, along with the United States' expert, could tour the schools and observe classrooms. Letters, Exh.s 6 and 7 to Motion to Compel.  The parties further agreed at the meeting that the United States could conduct depositions of certain administrative and security personnel.[3]   *Id.*  The record reflects that the parties disagreed, however, as to the United States' request that its expert be able to conduct informal interviews of personnel and review files and databases while on site.  *Id.*

Both parties attest that they have engaged in attempts to agree on this matter. The District contends the parties reached an agreement on February 8, and then the

---

[3]The letters differ with respect to which specific administrative and security personnel the parties agreed would be deposed at the February 8 meeting. Accordingly, the court does not attempt to identify those persons herein.

10

United States reneged, having decided to file the motion at issue.  The United States responds that on February 8, it only agreed to consider the District's suggested compromise and that after consulting the United States' experts, the United States determined, and communicated to the District, that the United States could not accept the District's suggested compromise.  That the parties did not reach an agreement is bolstered by the District's filing and serving its objection to the United States' request for entry to inspect on February 9, 2012, the day after a purported agreement was reached.[4]  Notice of Objection [docket no. 12];  Objection, Exh. 2 to Motion to Compel [docket no. 15-2]. In that objection, as noted above, the District argued against the same two requests of the United States that the United States says prevented agreement on February 8 – the request to informal interviews of personnel and the general request to review records and data while on site.

By letter dated February 24, 2012, the United States communicated to the District that the parties did not reach an agreement on February 8, and requested that the District sign a good faith certificate attached to the letter, stating the parties had attempted to resolved the dispute.  Letter, Exh. 6 to Motion to Compel.  Both parties state that the District informed the United States by letter dated February 27, 2012, that the District would not sign a Certificate of Good Faith attesting that the parties had attempted to resolve the Rule 34 discovery dispute.  Affidavit [docket no. 14-2]; Letter, Exh. 7 to Motion to Compel [docket no. 15-7].  The United States filed its motion to compel on February 29, 2012 [docket no. 14].

---

[4]The District had thirty days after January 30, 2012, the date the District was served with the United States' notice of entry, to respond and/or object, in writing. Rule 34(b)(2)(A).

The attempt to confer and its unsuccessful culmination are both supported by the record. No evidence before the court suggests that the government acted in bad faith in the process of attempting to settle the discovery dispute; thus, the court finds no merit in this argument.

### III.  Holding

Having considered the arguments of the parties, including responses to extensive oral inquiry by the court at oral argument, and the parameters of the law, this court concludes that it should neither wholly grant nor wholly deny the United States' motion compel and rules as follows.[5]

The District, contrary to its assertion at oral argument, has been put on notice that the United States seeks to review both matters pertaining to discipline of students and the hiring, placement and termination of faculty, staff and administration. The United States may explore both of those areas within the parameters provided by the court.

As for the United States' request to tour the District, the United States shall have access to tour each of the schools in the Meridian Municipal Separate School District, beginning Tuesday, March 27, 2012.  The tour of these twelve schools shall take place

---

[5]*Gile v. United Airlines*, 95 F.3d 492, 495-96 (7th Cir. Ill. 1996), provides:

.

"The district court exercises significant discretion in ruling on a motion to compel. The district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case. FED. R. CIV. P. 37(a)(4)(B), (C). Thus, a district court is not limited to either compelling or not compelling a discovery request; in making its ruling, a district court should independently determine the proper course of discovery based upon the arguments of the parties."

during normal school hours.  Persons touring the schools on behalf of the United States will include only the two Department of Justice attorneys on record in this matter, Ryan Wilson and Allison Brown, and two experts selected by the United States.  The District may select guides to accompany the United States on the tour.  Prior to the commencement of the tour, the United States shall provide:  an outline of tentative questions;  a list of the order in which the schools will be visited;  the curriculum vitae of each expert to participate in the inspection;  and a list of documents requested.  The touring party may briefly visit classrooms selected at random, but may not visit classrooms engaged in sensitive exercises.

     With respect to the United States' request to interview personnel knowledgeable about disciplinary practices and procedures, the United States may interview the District Superintendent, principals at each school, and the Chief Security Reserve Officer.  Other security personnel may be interviewed only if the administrators herein and the Chief Security Reserve Officer are unable to explain a particular practice, or supply details relative to an inquiry herein permitted.  The United States shall not interview persons other than those designated by the court; thus, the United States may not interview other administrators, or teachers, or students.

     The United States' remaining requests pertain to an on-site review of files and procedures associated with discipline of students and employment practices in relation to faculty, staff and administration.  With respect to this request, the United States may interview the data manager as well as any other persons who generate pertinent data.  As noted above, and as agreed to by the parties at oral argument, the United States will request documents it seeks prior to the tour.  The District will provide those documents

during the tour if: the District has no reasonable, juridical objection and the documents are readily available.

The District may notify its personnel in writing, or by whatever means it wishes, that an inspection will be conducted on school premises.

Should a dispute as to the execution of this Order erupt during the visits, the parties are directed to contact the court at once to seek guidance and resolution of the issue.

SO ORDERED, this the 28th day of March, 2012.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

Civil Action No. 4:56-cv-1300 HTW-LRA
Order Granting in Part and Denying in Part Motion to Compel