**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | |
|---|---|
| JOHN BARNHARDT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| & ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | 4:65-cv-01300-HTW-LRA |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| MERIDIAN MUNICIPAL SEPARATE ) | |
| SCHOOL DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION
TO MODIFY THE PROTECTIVE ORDER ENTERED ON SEPTEMBER 23, 2011**

### I.   Introduction

The United States moves for the modification of the Agreed Protective Order ("Order") entered in the above-captioned matter on September 23, 2011, governing the use of confidential information defined as "student names and other personal identifiers." Order ¶ 2. The Order, entered in the instant desegregation case being handled by the Civil Rights Division's Educational Opportunities Section, states that the portions of documents designated as confidential may be "used solely for purposes of this litigation and for no other purpose." *Id.* The United States seeks to modify the Order to clarify that its Special Litigation Section, another unit of the Department of Justice's Civil Rights Division, may use information covered by the Order as it investigates allegations that the Meridian Police Department and the Lauderdale

County Youth Court violate the rights of students referred by the Meridian Public School District, the Defendant in this case (the "District").  The District had previously directed the Special Litigation Section to review information produced to the United States in this litigation before submitting any new information request to the District.  The District has now informed the United States that it objects to the modification of the Order for this purpose.  The basis for this motion is set forth below.

## II.     Background

1.      The United States, through the Civil Rights Division's Educational Opportunities Section ("EOS"), is currently reviewing the District's compliance with the Desegregation Orders in the above-captioned proceedings.  In response to allegations of racially disparate student discipline and of discriminatory referrals of students to law enforcement in the District, EOS has been investigating the District's policies and practices related to student discipline.  Decl. of EOS Trial Attorney Ryan Wilson ("Wilson Decl.")  ¶ 2.

2.      On August 10, 2011, this Court granted the United States' motion to compel discovery regarding the District's administration of student discipline.  In response to the Court's order compelling discovery, the District produced, on September 12, 2011, documents Bates Nos. MSD 000001-031904, 033957-035557, and 035558-036128.  Wilson Decl. ¶ 3.

3.      Also on September 12, 2011, the District moved for a Protective Order governing the disclosure and use of confidential information, defined as student names and other personal identifiers.  Wilson Decl. ¶ 4.

4.      The United States did not object to entry of a Protective Order governing student names, and, on September 23, 2011, United States Magistrate Judge Linda R. Anderson entered the Agreed Protective Order in this case ("Order").  *Id.*

5. The Order restricted the disclosure of confidential information to "Qualified Persons," defined as "(a) counsel for parties, their partners, associates, and employees who actually are assisting in the litigation; (b) the parties and their employees; (c) experts hired to assist the parties in the litigation; and (d) the Court and officers of the Court."  Order ¶ 3.

6. The Order further provided that the confidential portions of the documents shall be kept "confidential, secure, and used solely for purposes of this litigation and for no other purpose." Order ¶ 2.

7. EOS works closely with other units of the Civil Rights Division that are also charged with enforcing federal civil rights laws, including the Special Litigation Section ("SPL"). Wilson Decl. ¶ 5.

8. On December 1, 2011, the United States, through SPL, notified the City of Meridian that it had opened an investigation of the Meridian Police Department ("MPD"), concerning allegations that the MPD violates the rights of juveniles who the District refers for law enforcement action.  The letter stated that SPL was conducting the investigation under the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 ("Section 14141"), which prohibits law enforcement agencies from engaging in activities that amount to a pattern or practice of violating the Constitution or laws of the United States, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7 ("Title VI"), which prohibits discrimination on the basis of race, color, or national origin by the recipients of federal financial assistance. Decl. of SPL Deputy Chief Shelley Jackson ("Jackson Decl.") ¶¶ 2, 4-5; letter from Thomas E. Perez to Hon. Cheri M. Barry (Dec. 1, 2011).

9. Also on December 1, 2011, SPL notified Lauderdale County (the "County") that it had opened an investigation into whether the County, through the Lauderdale County Youth Court

- 3 -

("LCYC"), violates the rights of juveniles in its administration of juvenile justice. The letter informed the County that SPL was conducting its investigation in conjunction with the investigation of the MPD. It also stated that SPL was conducting the investigation under Section 14141, which also authorizes the Department of Justice to seek remedies for a pattern or practice of conduct that violates the constitutional or federal statutory rights of children in the administration of juvenile justice as well as under Title VI. Jackson Decl. ¶¶ 2, 4-5; letter from Thomas E. Perez to Hon. Frank Coleman (Dec. 1, 2011).

10. On December 15, 2011, SPL participated in a conference call regarding its investigation of the MPD and LCYC. The participants in the conference call included SPL Deputy Chief Shelley Jackson; SPL Trial Attorney Lori Rifkin; SPL Investigator Joan Yost; Meridian City Attorney Ronnie Walton; Lauderdale County Attorney Robert Bailey; MPD Assistant Police Chief James Sharp; Meridian Chief Administrative Officer Tim Miller; and Lauderdale County Sheriff Billy Sollie. Also joining the call were Dr. Alvin Taylor, the District's Superintendent, as well as District counsel John Compton, who, on information and belief, were invited to participate in the call by the Meridian City Attorney. Jackson Decl. ¶ 6.

11. During the December 15, 2011 call, SPL attorney Lori Rifkin informed the District that, as part of its investigation into the MPD and the LCYC, SPL might also request information from the District regarding its referrals of students to law enforcement authorities. Mr. Compton, counsel for the District, responded that the District had already provided information on student referrals to law enforcement to the Department of Justice as part of discovery in the above-captioned desegregation case, which is being handled by EOS. Ms. Rifkin told Mr. Compton that she would follow up with EOS regarding the documents, but that the information

produced by the District to EOS might need to be supplemented for the SPL investigation. Jackson Decl. ¶ 7.

12. Following that conversation, EOS provided SPL access to the discovery production on December 20, 2012.  Wilson Decl. ¶ 6; Jackson Decl. ¶ 10.

13. On December 21, 2011, EOS communicated with District counsel to suggest a meeting to discuss the relationship between this desegregation litigation and SPL's newly-announced investigation of the MPD and the LCYC.  EOS attorney Ryan Wilson's e-mail message to District counsel John Compton and Holmes Adams stated the following: "we spoke with our colleagues in the Special Litigation section of the Civil Rights Division regarding the recent phone call they had with the Meridian City Attorney's office and the school district.  During this call, the issue of school district documents on law enforcement referrals came up, and school district officials mentioned that they had already provided documents to our office in response to our discovery request in the desegregation case.  We would like to suggest a conference call among the school district lawyers, city attorney, and the Civil Rights Division lawyers, regarding the Educational Opportunities Section's pending desegregation case, and the Special Litigation section's separate investigation."  Wilson Decl. ¶ 7; E-mail from Ryan Wilson to John Compton and Holmes Adams (Dec. 21, 2011, 3:02 pm EST).

14. On January 12, 2012, counsel for the United States, for the District, for the City, and for the Juvenile Court had a conference call to discuss the relationship between the EOS desegregation case and the SPL investigations.  Participants in the call included EOS Deputy Chief Shaheena Simons, EOS Trial Attorneys Ryan Wilson and Allison Brown; SPL Deputy Chief Shelley Jackson, SPL Trial Attorney Lori Rifkin, and SPL Investigator Joan Yost; District Counsel John Compton; City Attorney Ronnie Walton; City Chief Administrative Officer Tim

Miller; MPD Chief Lee Shelbourn, Assistant Police Chief James Sharp and MPD Captain Wade Johnson. Wilson Decl. ¶ 8; Jackson Decl. ¶ 8.

15. During the January 12, 2012 call, Ms. Rifkin again stated that SPL would like to send the District an information request regarding the District's referrals of students to law enforcement agencies. Mr. Compton directed SPL to first review the discovery produced in the instant case and to then let the District know if SPL needed additional information. Jackson Decl. ¶ 9; Wilson Decl. ¶ 9.

16. SPL began its review of the discovery, which contained information subject to the Order in this case, on or around January 13, 2012. Jackson Decl. ¶ 10.

17. As counsel for the United States, a party to this action, SPL attorneys are "Qualified Persons" within the scope of the Order in this case. *See* Order ¶ 3. However, the Order provides that information designated as confidential can be used "solely for purposes of this litigation and for no other purpose." Order ¶ 2.

18. Although the District advised SPL to review the documents produced in discovery to EOS, the United States believes that a written modification of the Order is prudent and warranted to confirm that SPL is permitted to use information covered by the Order in the course of its investigation. Indeed, the United States should have moved the Court for such a written modification previously, the District's directive notwithstanding.

19. The United States and the District have been discussing modifying the Order to include teacher names under certain circumstances, and, as part of those discussions, the United States has suggested that the Order also be modified "to make clear that information may be shared with authorized DOJ attorneys and staff in SPL for purposes of their review," consistent with the

District's previous directives.  Wilson Decl. ¶ 10; e-mail from Zoe Savitsky to Holmes Adams and John Compton (Jun. 8, 2012, 3:52 pm EST).

20. In response, District counsel Holmes Adams noted the District's objection, stating that "The Meridian School District has not been a party to or part of the Special Litigation Section's investigation."  EOS immediately notified SPL of the District's new objection to SPL's review of discovery in this case.  Wilson Decl. ¶ 11; e-mail from Holmes Adams to Zoe Savitsky and Ryan Wilson (Jun. 8, 2012, 5:40 pm EST).

21. On June 11, 2012, EOS followed up with counsel for the District to ask whether the District was willing to reconsider its objection to modification of the Order, given its previous instruction that SPL review the discovery produced to EOS.  The e-mail noted the United States' intention to file this motion for modification of the Order if agreement could not be reached.  Wilson Decl. ¶ 12-13; e-mail from Ryan Wilson to Holmes Adams and John Compton (June 11, 2012, 7:14 pm EST).

22. On June 14 and 15, 2012, counsel for the parties met and conferred in person in Meridian, Mississippi and were unable to reach agreement regarding modification to the Order.  The District suggested segregation of arrest-related information from the rest of the discovery documents.  The United States' position is that documents that pertain to arrests are so commingled in the discovery that segregation would be impracticable, if not impossible. The United States therefore continues to request that the Court modify the order to reflect the District's previous instruction regarding SPLs access to the documents, upon which the United States has already relied.  Wilson Decl. ¶ 14.

**III.    Discussion**

Modification of a protective order, like its original entry, is "left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978); *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.1993).  Protective orders are considered "flexible devices," Charles Alan Wright et al., *8A Federal Practice & Procedure 3d § 2044.1* (2012), and are "designed to shape the changing needs of the litigation and subject to continued modification," *Granger v. Slade*, 90 Fed. Appx. 741, 742 (5th Cir. 2004).

Further, the Fifth Circuit has "recognize[d] that protective orders should generally be modified to allow discovery in other actions . . . ." *Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir.1986).  Indeed, courts in the Fifth Circuit have endorsed the sharing of discovery information in related matters as a way to promote judicial economy and avoid wasteful duplication.  *See*, *e.g., Phillips Petroleum Co. v. Pickens*, 105 F.R.D. 545, 550-51 (N.D. Tex. 1984) (noting that the presumption of public access to discovery "should operate with all the more force when litigants seek to use discovery in aid of collateral litigation on similar issues, for in addition to the abstract virtues of sunlight as a disinfectant, access in such cases materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process") (internal citations omitted).

Here, although there was clearly good cause for entry of an Order protecting the confidentiality of student names and other personal identifiers, there is also good cause to permit the United States to utilize information covered by the scope of the Order for purposes of SPL's civil rights investigations.  The possible violations that the United States is investigating in the SPL matters flow directly from the allegations of racially disparate discipline that the United States is assessing as part of EOS' desegregation case.  Further, SPL's investigations of the MPD and the LCYC focus on possible violations of the rights of students referred by the District and therefore directly serve those students' interests and the public interest at large.  Indeed, EOS and

SPL are both units within the same Division of the Department of Justice, charged with the same mission of protecting and enforcing civil rights—in this instance, the civil rights of District students who school authorities refer to law enforcement agencies.

SPL has and will maintain records containing student names and personal identifiers in a safe, secure, and confidential manner, as required by the Order.  Thus, modification of the Order to explicitly allow SPL access to personally-identifiable information for purposes of its investigation is consistent with the Order's interest in protecting students' privacy and of ensuring that their civil rights are protected.  Such a modification is also consistent with the position the District previously took regarding SPL's access and review of information.  By advising SPL to review the discovery in the instant case prior to sending the District any new or additional information requests, the District waived any objection to modifying the Order to clarify that SPL's use of the information in its investigations is permissible.

Additionally, permitting SPL to use documents already produced to the United States in the desegregation case serves the interest of efficiency, avoiding the costs and burdens of duplicative discovery requests and productions.  Indeed, presumably this is why the District directed SPL to first review the discovery already produced to the United States in the instant case prior to making any new requests.

Finally, the District has no legitimate reason to prevent use of the discovery produced in the desegregation case in the SPL investigation.  As previously noted, the interest being served by the Order is that of its students, not of the District itself.  Additionally, as the District has repeatedly pointed out, the District is not a target of the SPL investigation.

Accordingly, the United States requests that this Court modify the language of the Order restricting the use of confidential information "solely for purposes of this litigation and for no

other purpose," to explicitly permit use of the information in the SPL investigation as well as the EOS desegregation litigation.  The United States requests that the Court modify ¶ 2 of the Order to state as follows:

2. All student names and other personal identifiers in these documents shall be deemed "confidential information." The confidential portions of the documents shall be kept confidential, secure, and used solely for purposes of this litigation <u>or other federal civil rights enforcement by the United States Department of Justice's Civil Rights Division</u>.

### IV. <u>Conclusion</u>

For all of the above reasons, the United States respectfully requests that the Order be modified as set forth in the attached proposed order.

Dated: June 18, 2012

                      Respectfully submitted,

| | |
|---|---|
| JOHN M. DOWDY, JR.<br>United States Attorney | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>ANURIMA BHARGAVA, Chief<br>SHAHEENA SIMONS, Deputy Chief<br>Educational Opportunities Section |
| /s/Alfred B. Jernigan, Jr.<br>ALFRED B. JERNIGAN, JR.<br>Assistant U. S. Attorney<br>MS Bar No. 3088<br>Chief, Civil Division<br>Southern District of Mississippi<br>501 E. Court Street, Ste. 4.430<br>Jackson, MS  39201<br>(601) 973-2820 direct<br>(601) 965-4032 fax<br>al.jernigan@usdoj.gov | /s/ Ryan C. Wilson<br>RYAN C. WILSON<br>ZOE M. SAVITSKY<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>Patrick Henry Building, Suite 4300<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br>(202) 514-4092 |

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, June 18, 2012, I served the following counsel of record with a copy of the foregoing Motion to Modify the Protective Order and Memorandum of Law in Support by electronic mail:

Holmes S. Adams
Adams and Reese LLP
111 E. Capitol Street, Suite 350
Jackson, Mississippi 39225-4297

Fred L. Banks, Jr.
Phelps Dunbar LLP
4270 I-55 North
Jackson, MS 39211-6391

/s/ Ryan C. Wilson
RYAN C. WILSON
ZOE M. SAVITSKY
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
Patrick Henry Building, Suite 4300
950 Pennsylvania Ave., NW
Washington, D.C. 20530
(202) 514-4092