**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN BARNHARDT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| & | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 4:65-cv-01300-HTW-LRA |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF RYAN C. WILSON, ESQ.
ATTORNEY FOR PLAINTIFF-INTERVENOR UNITED STATES OF AMERICA, IN
SUPPORT OF UNITED STATES' MOTION TO MODIFY THE
PROTECTIVE ORDER ENTERED ON SEPTEMBER 23, 2011**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury:

1. I am a Trial Attorney in the United States Department of Justice, Civil Rights Division, Educational Opportunities Section ("EOS") and am currently assigned as counsel on behalf of the Plaintiff-Intervenor United States of America, in the above-captioned proceeding.

2. As part of its review into the Meridian Public School District's ("District") compliance with the Desegregation Orders in this case, and in response to allegations of racially disparate student discipline and of discriminatory referrals of students to law enforcement in the District, EOS has been investigating and has propounded discovery regarding the District's policies and practices related to student discipline.

3. On August 10, 2011, this Court granted the United States' motion to compel responses to the propounded discovery regarding the District's administration of student discipline. In response, on September 12, 2011, the District produced documents Bates Nos. MSD 000001-031904, 033957-035557, and 035558-036128.

4. On September 12, 2011, the District moved for a Protective Order governing the disclosure and use of confidential information, defined as student names and other personal identifiers. The United States did not object to entry of a Protective Order governing student names, and, on September 23, 2011, the United States Magistrate Judge Linda R. Anderson entered the Agreed Protective Order ("Order").

5. EOS works closely with other units of the Civil Rights Division that are also charged with enforcing federal civil rights laws, including the Special Litigation Section ("SPL"). On December 1, 2011, SPL notified the Meridian Police Department ("MPD") and the Lauderdale County Youth Court ("LCYC") that it is investigating allegations that the MPD and the LCYC violate the Fourth Amendment, Due Process, and Equal Protection rights of juveniles who are referred for law enforcement action by District.

6. On December 16, 2011, I learned from Lori Rifkin, an SPL Trial Attorney, about a phone call that attorneys and staff of SPL had with Meridian city officials, including Meridian City Attorney Ronnie Walton, District Superintendent Alvin Taylor, and District counsel John Compton, during which Attorney Rifkin informed the participants of SPL's interest in obtaining information regarding District referrals to law enforcement entities. I learned that during the call, Mr. Compton advised SPL that the District had already provided information to EOS in this litigation, and Ms. Rifkin responded that SPL would follow up with EOS about that information, although the information produced in discovery might need to be supplemented for the SPL

investigation. Following that conversation, EOS provided SPL access to the discovery production on December 20, 2012.

7. On December 21, 2011, I sent an electronic mail message to District counsel Holmes Adams and John Compton to suggest a meeting to discuss the relationship between the desegregation case and the investigation by the SPL. In my e-mail, I stated the following: "Finally, we spoke with our colleagues in the Special Litigation section of the Civil Rights Division regarding the recent phone call they had with the Meridian City Attorney's office and the school district. During this call, the issue of school district documents on law enforcement referrals came up, and school district officials mentioned that they had already provided documents to our office in response to our discovery request in the desegregation case. We would like to suggest a conference call among the school district lawyers, city attorney, and the Civil Rights Division lawyers, regarding the Educational Opportunities Section's pending desegregation case, and the Special Litigation section's separate investigation." (*See* Attachment A, E-mail from Ryan Wilson to John Compton and Holmes Adams (Dec. 21, 2011, 3:02 pm EST)).

8. On January 12, 2012, I participated in a conference call with attorneys from the SPL, counsel from the District, and officials from the City of Meridian. These participants were Shelley Jackson, Lori Rifkin, and Joan Yost from SPL; Shaheena Simons and Allison Brown from EOS; City Attorney Ronnie Walton; District counsel John Compton; City of Meridian Chief Administrative Officer Tim Miller; Meridian Chief of Police Lee Shelbourn, Assistant Chief of Police James Sharpe, and Captain Wade Johnson.

9. During the January 12, 2012 call, SPL again noted its interest in obtaining information about District students who had been referred to law enforcement entities. Ms.

Rifkin asked about possible processes to obtain this information.  Mr. Compton replied that a significant amount of documents had been produced to the EOS in discovery, noted the expense involved in producing the documents, and directed that SPL first review the discovery production in the instant matter before seeking documents and other information directly from the District.

10. The United States and the District have been discussing modifying the Order to include teacher names under certain circumstances, and, as part of those discussions, the United States has suggested that the Order also be modified "to make clear that information may be shared with authorized DOJ attorneys and staff in SPL for purposes of their review," consistent with the District's previous directives.  (*See* Attachment B, E-mail from Zoe Savitsky to Holmes Adams and John Compton (June 8, 2012, 3:52 pm EST)).

11. In response to our request to modify the protective order, District counsel Holmes Adams objected to EOS' "sharing the District's confidential information with attorneys in other sections of the Department . . . ."  The response also noted, "The Meridian School District has not been a party to or part of the Special Litigation Section's investigation."  (*See* Attachment C, E-mail from Holmes Adams to Zoe Savitsky and Ryan Wilson (June 8, 2012, 5:40 pm EST)).

12. In response to the e-mail from Holmes Adams, I e-mailed counsel for the District to request clarification of their position.  My e-mail stated the following, in relevant part: "Regarding the sharing of information, when the Special Litigation section asked the District for information on our conference call last January, John directed them to first work with us to try to obtain what they were requesting from the information already produced to us.  Have you changed your position on this?  Please advise us as soon as possible."  (*See* Attachment D, E-mail from Ryan Wilson to Holmes Adams and John Compton (June 8, 2012, 11:05 pm EST)).

13.     On June 11, 2012, I followed up with counsel for the District to ask whether the District was willing to reconsider its objection to modification of the Order given its previous instruction that SPL review the discovery produced to EOS.  The e-mail noted our intention to file a motion for modification of the Order if an agreement could not be reached.  (*See* Attachment E, E-mail from Ryan Wilson to Holmes Adams and John Compton (June 11, 2012, 7:14 pm EST)).

14.     On June 14 and 15, 2012, counsel for the parties met and conferred in person in Meridian, Mississippi and were unable to reach agreement regarding modification to the Order.  Following extensive discussion, District suggested segregation of arrest-related information from the rest of the discovery documents.  As we explained to the District, the documents that pertain to arrests are so commingled in the tens of thousands of pages of discovery that segregation would be impracticable, if not impossible. The United States therefore continues to request that the Court modify the order to reflect the District's previous instruction regarding SPL's access to the documents, upon which the United States has already relied.  Pursuant to the Local Rules of this Court, a Certificate of Good Faith accompanies this Motion to Modify the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of June 2012.

/s/ *Ryan C. Wilson*

Ryan C. Wilson, Esq.

U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
Patrick Henry Building, Suite 4300
Washington, D.C. 20530
(202) 514-4092