IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| JOHN BARNHARDT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| & ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | 4:65-cv-01300-HTW-LRA |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| MERIDIAN MUNICIPAL SEPARATE ) | |
| SCHOOL DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DECLARATION OF SHELLEY R. JACKSON, ESQ. IN SUPPORT OF UNITED
STATES' MOTION TO MODIFY THE PROTECTIVE ORDER
ENTERED ON SEPTEMBER 23, 2011**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that:

1. I am a Deputy Chief for the United States Department of Justice, Civil Rights Division, Special Litigation Section.

2. The Special Litigation Section (SPL) has an open investigation of the Meridian Police Department (MPD) and the Lauderdale County Youth Court (LCYC). The Special Litigation Section notified the MPD and the LCYC of this investigation on December 1, 2011. (*See* attachments A and B).

3. I am the SPL manager assigned to supervise the investigation of the MPD and the LCYC.

4. The SPL investigation is being conducted pursuant to the Department of Justice's authority to enforce 42 U.S.C. § 14141, which prohibits any governmental agency with responsibility for the administration juvenile justice from engaging in a pattern or practice that deprives juveniles of constitutional or federal statutory rights, and the anti-discrimination provision of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which prohibits discrimination on the basis of race, color or national origin by recipients of Federal financial assistance.

5. The SPL is investigating allegations that the MPD and the LCYC violate the Fourth Amendment, Due Process, and Equal Protection rights of juveniles who are referred for law enforcement action by the Meridian Public School District (District).  Consistent with SPL practice, at this stage SPL's investigation is not conducted in the context of a filed civil action, and thus is not governed by formal discovery rules.

6. On December 15, 2011, I participated in a conference call regarding the Special Litigation Section investigation with representatives of the City of Meridian, Lauderdale County, and District.   The participants in the conference call included SPL Trial Attorney Lori Rifkin, SPL Investigator Joan Yost and myself; Meridian City Attorney Ronnie Walton; Lauderdale County Attorney Robert Bailey; MPD Assistant Police Chief James Sharp; Meridian Chief Administrative Officer Tim Miller; Lauderdale County Sheriff Billy Sollie; District counsel John Compton and Dr. Alvin Taylor, the District's Superintendent.  On information and belief, Meridian City Attorney Walton extended invitations to participate in the call to the non-federal participants, including Mr. Compton and Superintendent Taylor.

7.      During the December 15, 2011 call, SPL Attorney Rifkin informed the participants of the Section's interest in obtaining information regarding District referrals to law enforcement entities.  Mr. Compton advised SPL that the District had already provided information to the Civil Rights Division's Educational Opportunities Section (EOS) in the instant litigation, and Ms. Rifkin responded that SPL would follow up with EOS about that information, although the information produced in discovery might need to be supplemented for the SPL investigation.

8.      On January 12, 2012, I participated in a conference call between SPL, EOS, and representatives of the City of Meridian, the District, and MPD.  Participants in the January 12, 2012 call included EOS Deputy Chief Shaheena Simons, EOS Trial Attorneys Ryan Wilson and Allison Brown; SPL Trial Attorney Lori Rifkin, SPL Investigator Joan Yost and myself; District Counsel John Compton; City Attorney Ronnie Walton, City Chief Administrative Officer Tim Miller; MPD Chief Lee Shelbourn, MPD Assistant Police Chief James Sharp and MPD Captain Wade Johnson.

9.      During the January 12, 2012 call, SPL again noted its interest in obtaining information about District students who had been referred to law enforcement entities.  Ms. Rifkin asked about possible processes to obtain this information.  Mr. Compton replied that a significant amount of documents had been produced to the EOS in discovery, and directed that SPL first review the discovery production in the instant matter before seeking documents and other information directly from the District.

10.     On or about December 20, 2011, SPL gained access to the discovery production in the instant matter.  Beginning on or about January 13, 2012, SPL has reviewed the discovery

production, including some personally identifiable information about District students, and has considered this information as part of our ongoing investigation.

11. In conducting our investigation, SPL followed the direction of the District's attorney to seek information from EOS regarding the District's referral of students to law enforcement. It was our understanding from the District's attorney that, by obtaining information the District had already provided to EOS, the United States was conducting its investigation in the manner least burdensome to the District.

12. If the requested modification of the protective order is granted, SPL will continue to abide by the order's requirement to maintain documents containing student names and personal identifiers in a confidential and secure manner.

13. Continued access to information regarding District students who are referred to law enforcement entities is important for SPL in conducting its investigation. If the District asserts that the sharing of confidential information by EOS violates the existing protective order, and no modification of the protective order is granted to allow use of personally-identifiable information by SPL in its investigation, SPL will be compelled to seek information directly from the District. This duplicative process will result in the inefficient use of both local and federal government resources, and may delay our ability to carry out the Section's responsibility to ensure the protection of the constitutional rights of students from the Meridian Public School District who are referred to law enforcement and the juvenile justice system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of June 2012.

/s/ *Shelley R. Jackson*_____
Shelley R. Jackson, Esq.