**Wilson, Ryan (CRT)**

| | |
|---|---|
| **From:** | Wilson, Ryan (CRT) |
| **Sent:** | Monday, June 11, 2012 7:14 PM |
| **To:** | 'holmes.adams@arlaw.com'; Savitsky, Zoe (CRT); 'JCompton@witherspooncompton.com' |
| **Subject:** | RE: For next week |
| **Attachments:** | 12 06 11 - Good Faith Certificate.pdf |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'holmes.adams@arlaw.com' | |
| | Savitsky, Zoe (CRT) | Read: 6/11/2012 7:14 PM |
| | 'JCompton@witherspooncompton.com' | |

Holmes and John,

We have not received your response to our email on June 8, 2012, in which we responded to your objection regarding proposed language for the protective order.  In our June 8 email, we asked you to clarify whether the District has changed its  earlier position that the  United States' Special Litigation Section should review discovery in our case before requesting  any other information from the school district.

We believe a motion to modify the existing protective order  (to clarify that the Special Litigation Section may use information in its investigations of the Meridian Police Department and the Lauderdale County Youth Court) is warranted here, particularly given the District's prior position.   If the District is unwilling to reconsider its objection, please let us know by the end of the day tomorrow (Tuesday, June 12) so that we may file the motion, and please review and return the attached good faith certificate.

Thanks,

*Ryan C. Wilson*
Trial Attorney
US Department of Justice, Civil Rights Division
Educational Opportunities Section
PHB 4006
Phone: (202) 305-9937 | Email: ryan.wilson@usdoj.gov

---

**From:** Wilson, Ryan (CRT)
**Sent:** Friday, June 08, 2012 11:05 PM
**To:** 'holmes.adams@arlaw.com'; Savitsky, Zoe (CRT); 'JCompton@witherspooncompton.com'
**Subject:** Re: For next week

Holmes,

Thanks for your message. Although we do not believe there is any basis for your objection, we are confirming that our colleague from the Special Litigation section will not observe the 30(b)(6) deposition. Regarding the sharing of information, when the Special Litigation section asked the District for information on our conference call last January, John directed them to first work with us to try to obtain what they were requesting from the information already produced to us. Have you changed your position on this? Please advise us as soon as possible.

Thank you,

Ryan Wilson

**From**: Holmes Adams [mailto:Holmes.Adams@arlaw.com]
**Sent**: Friday, June 08, 2012 05:39 PM
**To**: Savitsky, Zoe (CRT); John Compton <JCompton@witherspooncompton.com>
**Cc**: Wilson, Ryan (CRT)
**Subject**: RE: For next week

Zoe, we have no objection to your proposed amendment to the protective order with regard to teacher names.  We object, however,to your sharing the District's confidential information with attorneys in other sections of the Department and to participation in depositions by attorneys who not counsel in this case and for purposes other than this desegregation case  The Meridian School District has not been a party to or part of the Special Litigation Section's investigation.


Holmes


**From:** Savitsky, Zoe (CRT) [mailto:Zoe.Savitsky@usdoj.gov]
**Sent:** Friday, June 08, 2012 2:52 PM
**To:** Holmes Adams; John Compton
**Cc:** Wilson, Ryan (CRT)
**Subject:** For next week

Holmes and John,

As Ryan noted, thank you again for providing the names and order of deponents.

In terms of the proposed protective order, would it address your concern if, rather than "all teacher names," the clause referred to "teacher names in teacher improvement plans and similar personnel documents, and in documents created by teachers, including, but not limited to, teacher logs, parent logs, discipline logs, behavior notebooks, and other such similar documents"?

We also wanted to raise with you the language in the protective order which states that the information will only be used for the purpose of this litigation.  As you know, the Civil Rights Division's Special Litigation Section (SPL) has noticed an investigation of the Meridian Police Department and of the Lauderdale County Youth Court.  When SPL requested information from the District, you referred them to the data and information you had already provided to us in Educational Opportunities Section.  As such, we propose revising the proposed protective order to make clear that information may be shared with authorized DOJ attorneys and staff in SPL for purposes of their review.  We are happy to ask them if they would be willing to sign the protective order as well if you desire.

Again, as mentioned in our June 7, 2012 email, Lori Rifkin, the attorney who is handling the SPL investigation described above, is planning to observe the 30(b)(6) depositions next week.  During those depositions, we may introduce exhibits that contain information defined as confidential under the protective order, so we would like to resolve this as quickly as possible.  Please let us know your thoughts.

Best,

Zoe


-----------------------------------------------------------------
Zoe M. Savitsky
Trial Attorney
U.S. Department of Justice, Civil Rights Division
Educational Opportunities Section, PHB 4300
950 Pennsylvania Ave., NW
Washington, DC  20530

Ph: (202) 305-3223 | Fx: (202) 514-8337

# ADAMS AND REESE LLP

Baton Rouge | Birmingham | Houston | Jackson | Memphis | Mobile | Nashville | New Orleans | Sarasota | St. Petersburg | Tampa | Washington, D.C.

The contents of this e-mail and its attachments are intended solely for the addressee(s). In addition, this e-mail transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission.  Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail.  Treasury Circular 230 requires that we inform you that any statements regarding tax matters made herein, including attachments, cannot be relied upon for the purpose of avoiding tax penalties, and such statements are not intended to be used or referred to in any marketing or promotional materials.  Additionally, Adams and Reese LLP does not and will not impose any limitation on the disclosure of the tax treatment or tax structure of any transactions to which such statements relate.