IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT, et al.,                                                    PLAINTIFFS

and

UNITED STATES OF AMERICA,                               PLAINTIFF-INTERVENOR

v.                           CIVIL ACTION NO. 4:65cv1300-HTW-LRA 1300(E)

MERIDIAN MUNCIPAL SEPARATE
SCHOOL DISTRICT, et al.,                                                    DEFENDANTS

### Meridian Public School District's Response in Opposition to United States' Motion to Modify the Protective Order Entered on September 23, 2011

COMES NOW the Meridian Public School District ("the District") and files this Response in Opposition to the United States of America's Motion to Modify the Protective Order Entered on September 23, 2011 [Doc. 27]. In support, the District would show the Court the following:

1.  The District objects to the request made by the United States of America ("United States") to modify the agreed protective order previously entered by the Court [Doc. 10]

2.  The revision proposed by the United States would substantially broaden the scope of the protective order such that the purpose of the Order would be destroyed.

3.  The Agreed Protective Order that is currently in place limits use of certain documents to this litigation. The United States now seeks to permit another section of the Department of Justice to access the information in its entirety and use it in a separate investigation that the District is not currently involved in. The separate investigation is not under the authority of this Court, and the lawyers in the other section of the Department of Justice have not entered appearances in this litigation.

25072070

4.     In its Memorandum in Support of the motion to modify the protective order, the United States relies on excerpts from cases that emphasize the general presumption of open access to discovery.  However, this case is unique because of the District's important obligation to ensure confidentiality of information identifying minor students and other personal identifiers.  It is not appropriate to permit attorneys who are not involved in this case and who are handling an investigation that is separate from this case, not under the authority of this Court, to access and use this confidential information.  The District pursued a protective order for this very reason: to avoid having the confidential documents and information it has produced in discovery shared for purposes unrelated to this litigation.  Had the protective order not been in place, or had the order included the broad terms proposed by the United States, the District would have had no choice but to heavily redact the documents prior to production to ensure confidentiality.  Such redaction would have hampered review of the information by the United States and, therefore, an efficient resolution to this litigation.

5.     The United States should not be permitted to have the terms of the protective order revised and broadened now after the confidential documents have been produced.

6.     It should also be noted that the United States has refused to disclose specific documents produced by the District that it intends to share for purposes of the separate investigation.  The District has produced tens of thousands of pages in response to voluminous discovery requests from the United States.  The production was for the limited purpose of this litigation and was not intended for review by anyone not involved in this desegregation case. The United States should not be permitted now to share all of the production, most of which has no relevance to the separate investigation by others in the Department of Justice.

**Wherefore, premises considered**, the Meridian Public School District respectfully requests that the Court deny the Motion to Motion to Modify the Protective Order Entered on September 23, 2011 filed by the United States of America [Doc. 27].

RESPECTFULLY SUBMITTED, this the 5th day of July, 2012.

        **MERIDIAN PUBLIC SCHOOL DISTRICT**

        By: /s/ Holmes S. Adams
            *One of Its Attorneys*

OF COUNSEL:

Holmes S. Adams (MSB # 1126)
Laura F. Rose (MSB # 102256)
Lindsey N. Oswalt (MSB #103329)
Adams and Reese LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS  39157
Phone: (601) 353-3234
Facsimile: (601) 355-9708
holmes.adams@arlaw.com
laura.rose@arlaw.com
lindsey.oswalt@arlaw.com

John G. Compton
Witherspoon & Compton
P.O. Box 845
Meridian, Mississippi 39302
Phone: (601) 693-6466
Facsimile:  (601) 693-4840
jcompton@witherspooncompton.com

## CERTIFICATE OF SERVICE

I, Holmes S. Adams, counsel for the District, certify that a true and correct copy of the above and foregoing Response in Opposition to the United States' Motion to Modify the Protective Order Entered on September 23, 2011 has been forwarded to the following:

Mr. Ryan C. Wilson
Ms. Zoe M. Savitsky
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Suite 4300
Washington, DC 20530

Mr. Fred L. Banks, Jr.
Phelps Dunbar
Post Office Box 23066
Jackson, MS  39225-3066

This the 5th day of July, 2012.

/s/ Holmes S. Adams
Holmes S. Adams

25072070