**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| JOHN BARNHARDT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Civil Action No. 4:65-cv-01300-HTW-LRA |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MERIDIAN MUNICIPAL SEPARATE | ) | |
| SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

**UNITED STATES' REPLY TO THE MERIDIAN SCHOOL DISTRICT'S RESPONSE IN OPPOSITION TO THE MOTION TO MODIFY THE PROTECTIVE ORDER ENTERED ON SEPTEMBER 23, 2012**

In reply to the Meridian Municipal Separate School District's (the "District") Response in Opposition to the United States' Motion to Modify the Protective Order Entered on September 23, 2011, the Plaintiff-Intervenor United States respectfully states as follows:

1.     The District has presented no legal or factual support for its objection to United States' requested modification of the September 23, 2011 Agreed Protective Order ("Order").  The District contends in conclusory fashion that allowing a modification of the September 23, 2011 protective order would "substantially broaden the scope of the protective order" such that its intent would be "destroyed."  District's Response in Opposition to the United States' Motion to Modify the Protective Order at ¶ 2.

2.     The purpose of the Order, and the District's chief concern, is to protect personally identifiable student information contained in documents that the District has produced in the

course of the United States' investigation of allegations of racially disparate school discipline. *Id.* at ¶ 4.  The United States shares the District's interest in and obligation to protect student privacy, and has maintained and will continue to maintain all confidential student information in a safe and secure manner.  As units of the Civil Rights Division of the Department of Justice, both the Educational Opportunities Section ("EOS"), which is handling the instant desegregation litigation, and the Special Litigation Section ("SPL"), which is handling the United States' investigation of the Meridian Police Department, the Lauderdale County Youth Court, and the Mississippi Division of Youth Services, are required to protect students' privacy and personally identifiable information, irrespective of this Order.

3.      Modification of the Order to clarify that SPL may use information covered by the Order in its investigation does not broaden the scope of the Order or destroy its purpose, as both SPL's investigation and EOS' school discipline investigation flow from related allegations of violations of the civil rights of District students who receive school-based discipline and who are referred by school authorities to law enforcement agencies.  There is a strong presumption that protective orders should be modified and previously protected discovery should not be protected when it would be used to aid in litigation of similar issues.  *Phillips Petroleum Co. v. Pickens,* 105 F.R.D. 545, 550-51 (N.D. Tex. 1985).  The District cites no authority to support its assertion that this case "is unique" and therefore the presumption in favor of modification should not be followed in the instant matter.  Response at ¶ 4.

4.      Modification of the Order is also consistent with the District's previous instruction to SPL that it should review documents produced to EOS before sending an information request to the District. In its Response, the District does not dispute having previously provided that directive.  The District now objects to formalizing the parties' previous agreement, on which the

United States has already relied, through modification of the Order.

5.      The District contends that the United States should identify what specific documents SPL seeks to use for purposes of its civil rights investigations.  As the United States has previously described, such identification is not practicable or warranted. The United States notes first that the District appears to read the scope of the Order too broadly; the Order applies only to those portions of documents designated as confidential, defined as "student names and other personal identifiers."  Order at ¶ 2.  The vast majority of the 45,000 pages produced by the District do not contain confidential information as defined by the Order.  Requiring the United States to identify which specific records do contain such information, and which specific records SPL may require for its investigation, would be an arduous and burdensome task.  This is especially true given that the District's production was not labeled or organized in a manner permitting swift or easy review.

6.      As set forth in the United States' Motion to Modify the Protective Order Entered on September 23, 2011 ("Motion"), there is good cause for the proposed modification, including: enforcement of juveniles' civil rights; continued protection of students' privacy; consistency with the District's previous directives to the United States regarding sharing of discovery; avoidance of duplicative discovery and other information requests; and corollary conservation of local and federal government resources.

7.      In conclusion, the District has presented no case law or other compelling reason that would prevent the modification of the Order.  Accordingly, the United States respectfully requests that the Court grant its Motion to Modify the Protective Order Entered on September 23, 2011.

Dated this 12th day of July, 2012.


Respectfully submitted,


JOHN M. DOWDY, JR.                          THOMAS E. PEREZ
United States Attorney                       Assistant Attorney General
                                             Civil Rights Division

                                             ANURIMA BHARGAVA, Chief
                                             SHAHEENA SIMONS, Deputy Chief
                                             Educational Opportunities Section


/s/Alfred B. Jernigan, Jr.                   /s/ Ryan C. Wilson
ALFRED B. JERNIGAN, JR.                      RYAN C. WILSON
Assistant U. S. Attorney                     ZOE M. SAVITSKY
MS Bar No. 3088                              Trial Attorneys
Chief, Civil Division                        U.S. Department of Justice
Southern District of Mississippi             Civil Rights Division
501 E. Court Street, Ste. 4.430              Educational Opportunities Section
Jackson, MS  39201                           Patrick Henry Building, Suite 4300
(601) 973-2820 direct                        950 Pennsylvania Ave., NW
(601) 965-4032 fax                           Washington, D.C. 20530
al.jernigan@usdoj.gov                        (202) 514-4092

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, July 12, 2012, I served the following counsel of record with a copy of the foregoing Reply to Response in Opposition to the Motion to Modify the Protective Order Entered on September 23, 2011 by electronic mail:

Holmes S. Adams

Adams and Reese LLP

111 E. Capitol Street, Suite 350

Jackson, Mississippi 39225-4297

<u>/s/ Ryan C. Wilson</u>

Ryan C. Wilson
