IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al., | ) |
| Plaintiffs, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) Civil Action No. 4:65-cv-01300-HTW-LRA |
| Plaintiff-Intervenor, | ) 1300(E) |
| v. | ) |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

**DECLARATION OF VICTORIEN WU,
COUNSEL FOR PRIVATE PLAINTIFFS**

1. I am an attorney at the NAACP Legal Defense and Educational Fund, Inc. and am currently counsel on behalf of Plaintiffs John Barnhardt *et al.* (collectively "Private Plaintiffs") in this case.

2. As part of the Consent Order entered by this Court on May 30, 2013 (the "Consent Order"), the Meridian Municipal Separate School District ("the District") is required to submit semi-annual reports to the United States regarding its implementation of the substantive provisions of the Consent Order. In turn, the United States provides the District's reports to Private Plaintiffs after redacting them of any personally identifiable information.

3. This submission and redaction process has unexpectedly proven to be inefficient and burdensome and has led to tremendous delays in Private Plaintiffs receiving the reports. Private Plaintiffs did not receive the District's February 2015 and August 2015 reports until April

1

2016; its February 2016 report until June 2016; and its August 2016 report until November 2016. Further, because of redactions in the student discipline data done by the United States, Private Plaintiffs cannot fully assess the District's compliance with the Consent Order.

4. In a good-faith effort to remedy this situation, on March 30, 2016, Private Plaintiffs requested that the District provide them with direct access to the semi-annual reports and proposed that the parties enter into a confidentiality agreement to address any concerns that the District might have about the privacy of student information. *See* Ex. 1 (March 30, 2016 email from counsel for Private Plaintiffs to counsel for the District).

5. In the March 30, 2016 email, counsel for Private Plaintiffs noted that they have had similar arrangements with school districts in other similar cases, which have helped to avoid unnecessary delays and facilitate the exchange of information. In addition, Private Plaintiffs noted that they had consulted with the United States, and the United States agreed that such an arrangement is appropriate in this case.

6. On April 15, 2016, the District indicated that it was not amenable to the proposed arrangement and suggested that Private Plaintiffs "take up the matter with [the U.S. Department of Justice ('DOJ')] if [they] find DOJ's submission slows [their] review." *See* Ex. 2 (April 15, 2016 email from counsel for the District to counsel for Private Plaintiffs). However, the United States had already indicated that it supports the arrangement proposed by Private Plaintiffs. Moreover, the District's response did not address the impact of the redactions on Private Plaintiffs' ability to assess the District's compliance with the consent decree.

7. On April 25, 2016, the United States asked the District to participate in a telephone conference so that it could communicate its perspective on this issue. *See* Ex. 3 (April 25, 2016 email from counsel for the United States to counsel for the District). The District ignored the

United States' request. *See* Ex. 4 (May 2, 2016 email from counsel for the District to counsel for the United States); Ex. 5 (May 3, 2016 email from counsel for the District to counsel for the United States).

8. On May 6 and May 11, 2016, the United States reiterated its request for a telephone conference on this issue. *See* Ex. 6 (May 6, 2016 email from counsel for the United States to counsel for the District); Ex. 7 (May 11, 2016 email from counsel for the United States to counsel for the District). The District did not to respond to those requests.

9. On May 18, 2016, during a site visit conducted by the United States and Private Plaintiffs (collectively, "Plaintiff Parties"), Private Plaintiffs again approached the District about entering into a confidentiality agreement with respect to the District's semi-annual reports. Private Plaintiffs asserted that a confidentiality agreement would protect student privacy and facilitate the timely production of information to Private Plaintiffs. Although the District stated that it would consider the issue and get back to Private Plaintiffs, the District never responded to Private Plaintiffs' proposal.

10. During the site visit by Plaintiff Parties in May 2016, the District had no issue with Private Plaintiffs reviewing individual student disciplinary records in-person, alongside the United States, after Private Plaintiffs verbally consented to maintaining the confidentiality of personally identifiable information contained in those records. The District has never explained why it remains unwilling to enter into a comparable arrangement with respect to the semi-annual reports that it prepares pursuant to the Consent Order.

11. On June 7, 2016, during a telephone conference with the District and the United States, Private Plaintiffs again proposed that the parties enter into a confidentiality agreement. The United States stated that it welcomed such an arrangement, in part because the redaction process

has proven to be time-consuming and burdensome, and the redacted data is of limited use to Private Plaintiffs. The District once again indicated that it would consider the matter and get back to Private Plaintiffs. The District never contacted Private Plaintiffs about the issue.

12. On December 12, 2016, Private Plaintiffs renewed their request that the District provide them with direct access to its semi-annual reports and that the parties enter into a confidentiality agreement to protect the privacy of any student information. *See* Ex. 8 (December 12, 2016 letter from counsel for Private Plaintiffs to counsel for the District).

13. On January 12, 2017, the District rejected Private Plaintiffs' request. *See* Ex. 9 (January 12, 2017 email from counsel for the District to counsel for Private Plaintiffs).

14. For more than nine months, Private Plaintiffs attempted in good faith to resolve this issue by seeking the District's cooperation, but to no avail.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 20, 2017.

> /s/ Victorien Wu
> Victorien Wu
> NAACP Legal Defense and
>   Educational Fund, Inc.
> 40 Rector Street, 5th Floor
> New York, New York 10006
> Tel: (212) 965-2200
> Fax: (212) 226-7592
> vwu@naaacpldf.org