# Exhibit 8



*New York Office*
*40 Rector Street, 5th Floor*
*New York, NY  10006-1738*
*T. (212) 965 2200 F. (212) 226 7592*
*www.naacpldf.org*

*Washington, D.C. Office*
*1444 Eye Street, NW, 10th Floor*
*Washington, D.C.  20005*
*T. (202) 682 1300 F. (202) 682 1312*

December 12, 2016

*By email*

Holmes Adams, Esq.
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
holmes.adams@arlaw.com

John G. Compton, Esq.
Witherspoon & Compton, LLC
1100 23rd Avenue
Meridian, MS 39301
jcompton@witherspooncompton.com

    **Re: *Barnhardt v. Meridian Municipal Separate Sch. Dist.*, No. 65-cv-1300 (S.D. Miss.)**

Dear Mr. Adams and Mr. Compton:

  On behalf of Private Plaintiffs in the above-captioned case, we write to follow up on our email dated March 30, 2016 (and subsequent conversations), in which we requested that the Meridian Public School District (the "District") provide us with direct access to the biannual reports that it prepares pursuant to the May 30, 2013 consent decree. ECF No. 36 at 40-41. As you know, the consent decree requires the District to submit these reports to the United States, which in turn provides them to the Private Plaintiffs. *Id.* However, as we have expressed, this process has proven to be inefficient and leads to tremendous delays in Private Plaintiffs receiving the reports. Indeed, Private Plaintiffs did not receive the District's February and August 2015 reports until April 2016; its February 2016 report until June 2016; and its August 2016 report until November 2016. Further, because of the significant redactions in the student discipline data, Private Plaintiffs cannot meaningfully assess the District's compliance with the consent decree.

  On March 30, 2016, Private Plaintiffs requested that the District provide them with direct access to the biannual reports and proposed that the parties enter into a confidentiality agreement to address any concerns that the District might have about the privacy of student information. As noted in our March 30 email, we have had similar arrangements with school districts in other desegregation cases, which have helped to avoid unnecessary delays and facilitate the exchange of information. In addition, we noted that the United States agreed that such an arrangement is appropriate in this case.

  On April 15, 2016, Mr. Adams responded to our email and indicated that after conferring with Mr. Compton, the District was not amenable to the proposed arrangement and suggested that Private Plaintiffs "take up the matter with DOJ if [they] find DOJ's submission slows [their]

Case 4:65-cv-01300-HTW-LGI   Document 40-9   Filed 01/20/17   Page 3 of 4

Ltr. to Messrs. Adams & Compton
December 12, 2016
Page 2 of 2

review." As noted above, however, the United States has already indicated that it supports the arrangement proposed by Private Plaintiffs. Moreover, Mr. Adams's response does not address the impact of the redactions on Private Plaintiffs' ability to assess the District's compliance with the consent decree. On April 25, the United States asked the District to participate in a telephone conference so that it could communicate its perspective on this issue. The District ignored the United States' request. On May 6 and May 11, the United States reiterated its request for a telephone conference on this issue. Again, the District did not to respond to those requests.

On May 18, 2016, during the site visit conducted by the United States and Private Plaintiffs at Poplar Springs Elementary School, Private Plaintiffs again approached the District about entering into a confidentiality agreement. During this in-person conversation between counsel for all parties, Private Plaintiffs again asserted that a confidentiality agreement would protect student privacy and facilitate the timely production of information to Private Plaintiffs. Although Mr. Adams stated that he would consider the issue and get back to Private Plaintiffs, the District never responded to Private Plaintiffs' proposal regarding the confidentiality agreement. Subsequently, on June 7, during a telephone conference with the District and the United States, Private Plaintiffs again proposed that the parties enter into a confidentiality agreement. The United States stated that it welcomed such an arrangement, in part because the redaction process has proven to be time-consuming and burdensome, and the redacted data is of limited use to Private Plaintiffs. Mr. Adams once again indicated that he would discuss the matter with Mr. Compton and get back to Private Plaintiffs. Mr. Adams never contacted Private Plaintiffs about the issue.

Private Plaintiffs now renew their request that the District provide them with direct access to its biannual reports and that the parties enter into a confidentiality agreement to protect the privacy of any student information. We attach the proposed confidentiality agreement once again for your review and request that you respond to this proposal in writing by **December 19, 2016**. If the District is not amenable to this arrangement, or another arrangement that would provide Private Plaintiffs with direct access to the reports, Private Plaintiffs will seek guidance from the Court on this issue. If you have any questions, please do not hesitate to contact us.

Sincerely,

Victorien Wu
Natasha Merle
NAACP LEGAL DEFENSE
  AND EDUCATIONAL FUND, INC.

CC (via email):     Natane Singleton
                    Aria Vaughan
                    Alexander Chanock
                    U.S. Department of Justice

<u>CONFIDENTIALITY AGREEMENT</u>

WHEREAS, the Meridian Municipal Separate School District (hereafter referred to as the "District") and the Private Plaintiffs, represented by the NAACP Legal Defense and Educational Fund, Inc. ("LDF"), are currently parties in *Barnhardt v. Meridian Municipal Separate Sch. Dist. et al.,* Civil Action No. 4:65-cv-01300, in federal district court in the Southern District of Mississippi; and

WHEREAS, the District has agreed to share certain information with LDF in the context of this litigation, including the semiannual reports prepared by the District pursuant to paragraph 109 of the Consent Order entered on May 30, 2013;

In consideration of the District's agreement to provide to LDF such information, LDF agrees as follows:

1) LDF will comply with both federal and Mississippi laws regarding the privacy of student records.

2) LDF will adhere to all court rules regarding the protection of personal and sensitive information, including Local Uniform Civil Rule 5.2.

3) LDF will keep the identity and other personally identifiable information of individuals named in the provided documents confidential.

I, Victorien Wu, a person of the full age of majority and a legal representative of LDF, execute this statement of confidentiality in acknowledgement of the responsibilities associated with the possession of the above-referenced records.

**THUS DONE AND SIGNED**, on this _____ day of _____, 2016.

BY:   _____ (Print)

_____ (Signature)

*Authorized representative of the NAACP Legal Defense and Educational Fund, Inc.*

Subscribed and sworn to or affirmed before me this \_\_\_ day of _____, 2016.

_____
Notary Public
(Affix seal or stamp)