IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al., | ) |
| Plaintiffs, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) Civil Action No. 4:65-cv-01300-HTW-LRA |
| Plaintiff-Intervenor, | ) 1300(E) |
| v. | ) |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PRIVATE PLAINTIFFS'
MOTION TO AMEND CONSENT ORDER**

Plaintiffs John Barnhardt *et al.* (collectively, "Private Plaintiffs") respectfully submit the instant Memorandum of Law in Support of their Motion to Amend the Consent Order entered by this Court on May 30, 2013 (the "Consent Order"), ECF No. 36.

**INTRODUCTION**

Private Plaintiffs' Motion addresses a minor and administrative aspect of the Consent Order: namely, Paragraph 109, which is the reporting provision of the Consent Order. Currently, Defendant, the Meridian Municipal Separate School District ("the District"), is required to submit semi-annual reports to the United States regarding its implementation of the substantive provisions of the Consent Order. ECF No. 36 ¶ 109. In turn, the United States provides the District's reports to Private Plaintiffs after redacting them of any personally identifiable information. Unfortunately,

1

this submission and redaction process has unexpectedly proven to be inefficient and burdensome and has led to tremendous delays in Private Plaintiffs receiving the reports.

For more than nine months, Private Plaintiffs in good faith attempted to remedy this situation by seeking the District's cooperation. Specifically, Private Plaintiffs requested that the District simultaneously submit its semi-annual reports to the United States and Private Plaintiffs (collectively, "Plaintiff Parties"). Further, to address any concerns that the District might have about the privacy of student information in its reports, Private Plaintiffs offered to enter into a confidentiality agreement that would protect such information. The District rejected Private Plaintiffs' proposal, but offered no principled reason for doing so.

Private Plaintiffs have a reasonable basis for their modest request that the District provide its semi-annual reports simultaneously to Plaintiff Parties. This streamlined process will eliminate the unnecessary delay in Private Plaintiffs receiving the District's reports, better enable Private Plaintiffs to assess the District's compliance with the Consent Order, remove the burden currently imposed on the United States to implement time-consuming redactions of the District's reports, and impose no additional burden on the District. Accordingly, Private Plaintiffs respectfully request that their Motion be granted.

## BACKGROUND

On May 30, 2013, this Court entered the Consent Order to "ensur[e] that the District administers student discipline in a fair and non-discriminatory manner, reduces the disproportionate assignment of exclusionary sanctions to black students, and provides all students with an equal opportunity to learn in a safe, orderly, and supportive environment." ECF No. 36 ¶ 27. The Consent Order requires the District to implement a number of measures, including in the areas of school climate; student, parent, and community engagement; discipline policies and

procedures; alternative school placement; due process; relationships with law enforcement agencies; professional development; and data collection, data review, and self-assessment. *Id.* ¶¶ 30-108.

With respect to student discipline data, the Consent Order specifically directs the District to collect and review detailed data on the imposition of exclusionary discipline consequences, corporal punishment, and restraint and seclusion, as well as on referrals to law enforcement agencies and school-based arrests, on at least a quarterly basis. *Id.* ¶¶ 104-106.[1] In addition, the District must "analyze and evaluate the data to identify any racial disparities or disproportionality in the use of disciplinary referrals and exclusion or the severity of disciplinary consequences," as well as "in referrals to law enforcement or school-based arrests." *Id.*

The Consent Order includes a reporting provision. Specifically, Paragraph 109 of the Consent Order requires the District to "submit semi-annual reports to the United States demonstrating its efforts to comply with the provisions of this Agreement." *Id.* ¶ 109. In turn, "[t]he United States shall provide a copy of each semi-annual report to counsel for the Private Plaintiffs, subject to the requirements of [the Family Educational Rights and Privacy Act]." *Id.* The District's reports must include the student discipline data that it collects and analyzes, and the

---

[1] For each disciplinary incident, the District must gather data on "the student's name (or unique student identifier), race, sex, school, grade level, disability status, name and race of the referring staff member, infraction, date the incident occurred, description of the incident, student's prior disciplinary history, consequence, date the consequence was imposed, description of interventions that were attempted prior to imposing the consequence, and whether the parent appealed any aspect of the disciplinary decision." ECF No. 36 ¶ 104. For referrals to law enforcement agencies and school-based arrests, the District must gather data on "the student's name (or unique student identifier), race, sex, school and grade, disability status, infraction, description of the incident, student's prior disciplinary history, name of the law enforcement agency and officer that was involved, name and race of the referring staff member, whether the referral to law enforcement was mandatory under state law, whether the student was arrested, and on what charge(s)." *Id.* ¶ 105.

3

reports are to be provided every February 1 and August 1 of each year. *Id.* ¶¶ 104-106, 109. The Court expressly "retain[ed] jurisdiction over this case until further Order of the Court." *Id.* at 43.

Since the entry of the Consent Order, the process by which the District first submits its reports to the United States, which then provides them to Private Plaintiffs after redacting them of personally identifiable information, has unexpectedly proven to be inefficient and burdensome. Most recently, Private Plaintiffs did not receive the District's February 2015 and August 2015 reports until April 2016; its February 2016 report until June 2016; and its August 2016 report until November 2016. *See* Wu Decl. ¶ 3. Further, because of redactions in the student discipline data done by the United States, Private Plaintiffs cannot fully assess the District's compliance with the Consent Order. *Id.*

In a good-faith effort to remedy this situation, on March 30, 2016, Private Plaintiffs requested that the District provide them with direct access to the semi-annual reports and proposed that the parties enter into a confidentiality agreement to address any concerns that the District might have about the privacy of student information. *See* Ex. 1 (March 30, 2016 email from counsel for Private Plaintiffs to counsel for the District). Counsel for Private Plaintiffs noted that they have had similar arrangements with school districts in other similar cases, which have helped to avoid unnecessary delays and facilitate the exchange of information. *Id.* In addition, Private Plaintiffs noted that they had consulted with the United States, and the United States agreed that such an arrangement is appropriate in this case. *Id.*

On April 15, 2016, the District indicated that it was not amenable to the proposed arrangement and suggested that Private Plaintiffs "take up the matter with [the U.S. Department of Justice ('DOJ')] if [they] find DOJ's submission slows [their] review." *See* Ex. 2 (April 15, 2016 email from counsel for the District to counsel for Private Plaintiffs). As noted above,

4

however, the United States had already indicated that it supports the arrangement proposed by Private Plaintiffs. Moreover, the District's response did not address the impact of the redactions on Private Plaintiffs' ability to assess the District's compliance with the consent decree.

On April 25, 2016, the United States asked the District to participate in a telephone conference so that it could communicate its perspective on this issue. *See* Ex. 3 (April 25, 2016 email from counsel for the United States to counsel for the District). The District ignored the United States' request. *See* Ex. 4 (May 2, 2016 email from counsel for the District to counsel for the United States); Ex. 5 (May 3, 2016 email from counsel for the District to counsel for the United States). On May 6 and May 11, 2016, the United States reiterated its request for a telephone conference on this issue. *See* Ex. 6 (May 6, 2016 email from counsel for the United States to counsel for the District); Ex. 7 (May 11, 2016 email from counsel for the United States to counsel for the District). The District did not to respond to those requests. Wu Decl. ¶ 8.

On May 18, 2016, during a site visit conducted by Plaintiff Parties, Private Plaintiffs again approached the District about entering into a confidentiality agreement with respect to the District's semi-annual reports. Private Plaintiffs asserted that a confidentiality agreement would protect student privacy and facilitate the timely production of information to Private Plaintiffs. *Id.* ¶ 9. Although the District stated that it would consider the issue and get back to Private Plaintiffs, the District never responded to Private Plaintiffs' proposal. *Id.* Subsequently, on June 7, 2016, during a telephone conference with the District and the United States, Private Plaintiffs again proposed that the parties enter into a confidentiality agreement. *Id.* ¶ 11. The United States stated that it welcomed such an arrangement, in part because the redaction process has proven to be time-consuming and burdensome, and the redacted data is of limited use to Private Plaintiffs. *Id.* The

District once again indicated that it would consider the matter and get back to Private Plaintiffs. *Id.* The District never contacted Private Plaintiffs about the issue. *Id.*

On December 12, 2016, Private Plaintiffs renewed their request that the District provide them with direct access to its semi-annual reports and that the parties enter into a confidentiality agreement to protect the privacy of any student information. *See* Ex. 8 (December 12, 2016 letter from counsel for Private Plaintiffs to counsel for the District). On January 12, 2017, the District rejected Private Plaintiffs' request. *See* Ex. 9 (January 12, 2017 email from counsel for the District to counsel for Private Plaintiffs).[2]

## ARGUMENT

"[F]ederal courts have inherent equitable power to modify their own decrees, including consent decrees." *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne* (*LULAC*), 659 F.3d 421, 436 (5th Cir. 2011). Typically, a party that seeks to modify a consent decree must demonstrate that "a significant change in circumstances warrants revision of the decree." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992).[3] However, "[s]uch a showing is not

---

[2] Notably, during the site visit by Plaintiff Parties in May 2016, the District had no issue with Private Plaintiffs reviewing individual student disciplinary records in-person, alongside the United States, after Private Plaintiffs verbally consented to maintaining the confidentiality of personally identifiable information contained in those records. Wu Decl. ¶ 10. The District has never explained why it remains unwilling to enter into a comparable arrangement with respect to the semi-annual reports that it prepares pursuant to the Consent Order. *Id.*

[3] "A party may be able to fulfill this [requirement] by showing that the decree was not meeting its intended purpose." *LULAC*, 659 F.3d at 437-38; *see also Police Ass'n of New Orleans ex rel. Cannatella v. City of New Orleans*, 100 F.3d 1159, 1168 (5th Cir. 1996) ("It is settled that, to the extent a decree is drafted to deal with events in the future, the court must remain continually willing to modify the order to ensure that it accomplishes its intended result."); *United States v. Lawrence Cty. Sch. Dist.*, 799 F.2d 1031, 1046, 1048-49 (5th Cir. 1986) (noting that "[t]he power of a federal court that enters an equitable injunction is not spent simply because it has once spoken" and ordering district court to adopt changes in school attendance zones and other areas to eliminate vestiges of school segregation); *United States v. Seminole Cty. Sch. Dist.*, 553 F.2d 992, 993 n.2, 995 (5th Cir. 1977) (reversing denial of motion for further relief to eliminate the racially identifiable character of an elementary school, given that the "original plan . . . failed to achieve its projected results and . . . [thus] proved constitutionally inadequate"). Thus, modification is "appropriate when a decree proves to be unworkable because of unforeseen obstacles." *Rufo*, 502 U.S. at

necessary to implement minor changes . . . [that] are unrelated to remedying the underlying constitutional violation." *Id.* at 383 n.7; *see also Police Ass'n of New Orleans ex rel. Cannatella v. City of New Orleans*, 100 F.3d 1159, 1171-72 (5th Cir. 1996) (district court abused its discretion in denying a motion to amend "a minor provision" that was "not related to the primary purpose" of the consent decree). The Supreme Court has noted that "[o]rdinarily, the parties should consent to modifying a decree to allow such [minor] changes. If a party refuses to consent and the moving party has a reasonable basis for its request, the court should modify the decree." *Rufo*, 502 U.S. at 383 n.7.

In this case, Private Plaintiffs are seeking to modify a minor, administrative aspect of the Consent Order—its reporting provision. ECF No. 36 ¶ 109. As noted above, that provision currently requires the District to "submit [its] semi-annual reports to the United States." *Id.* ¶ 109. In turn, "[t]he United States shall provide a copy of each semi-annual report to counsel for the Private Plaintiffs . . . ." *Id.* Private Plaintiffs respectfully request that this provision be modified to require the District to *simultaneously* submit its semi-annual reports to Plaintiff Parties. Further, to address any concerns regarding the privacy of any personally identifiable information in the District's reports, Private Plaintiffs consent to an order protecting the confidentiality of any such information.

Private Plaintiffs have "a reasonable basis" for this modest amendment. *Rufo*, 502 U.S. at 383 n.7. As noted above, the current process by which the District submits its reports has led to unforeseeable and significant delays in Private Plaintiffs receiving them. Most recently, Private Plaintiffs did not receive the District's February 2015 and August 2015 reports until April 2016; its February 2016 report until June 2016; and its August 2016 report until November 2016. *See*

---

384. If so, the court must then "consider whether the proposed modification is suitably tailored to the changed circumstance." *Id.* at 383.

7

Wu Decl. ¶ 3. Further, because of the United States' redactions to the student discipline data, Private Plaintiffs cannot fully assess the District's compliance with the Consent Order. *Id.*

The relief sought by Plaintiffs is consistent with the practices and procedures in other similar cases. Indeed, it is not uncommon for consent decrees to require school districts to disclose student discipline data to private plaintiffs. *See, e.g.*, Consent Order, *Lee v. Lanett City Bd. of Educ.*, No. 70-844 (M.D. Ala. Oct. 24, 2001), ECF No. 274 at 21-22, 24-28 (requiring school district to collect and to provide to private plaintiffs student discipline data, including the race of the referring teacher, student, and person imposing discipline; the nature of the infraction; the nature and extent of discipline; and referrals to the police). Nor is it uncommon for school districts to voluntarily provide such data to private plaintiffs. *See, e.g.*, Report Note, *Thomas v. St. Martin Parish Sch. Bd.*, No. 65-11314 (W.D. La. July 1, 2016), ECF No. 201-2 at 15 (noting that the school district "has provided the raw [student discipline data] to counsel for Plaintiffs and Plaintiff-Intervenors").

In line with this reality, the United States has supported Private Plaintiffs' position that the District should submit its semi-annual reports simultaneously to Plaintiff Parties. *See* Ex. 1 (March 30, 2016 email from counsel for Private Plaintiffs to counsel for the District); Ex. 3 (April 25, 2016 email from counsel for the United States to counsel for the District); Ex. 6 (May 6, 2016 email from counsel for the United States to counsel for the District); Ex. 7 (May 11, 2016 email from counsel for the United States to counsel for the District). Indeed, Private Plaintiffs' proposal would eliminate the burden currently imposed on the United States to implement time-consuming redactions of the District's semi-annual reports.

Meanwhile, the District has offered no principled reason for objecting to Private Plaintiffs' proposal. *See, e.g.*, Ex. 2 (April 15, 2016 email from counsel for the District to counsel for Private

8

Plaintiffs); Ex. 4 (May 2, 2016 email from counsel for the District to counsel for the United States); Ex. 5 (May 3, 2016 email from counsel for the District to counsel for the United States); Ex. 9 (January 12, 2017 email from counsel for the District to counsel for Private Plaintiffs). Indeed, Private Plaintiffs' request—which simply asks the District to submit its semi-annual reports simultaneously to Plaintiff Parties, subject to a protection for confidentiality—would impose *no additional burden* on the District. Private Plaintiffs are not asking the District to provide any information not already made available to the United States.

In sum, because there is "a reasonable basis" for Private Plaintiffs' modest request "to implement minor changes . . . [that] are unrelated to remedying the underlying constitutional violation," "the court should modify the [Consent Order]." *Rufo*, 502 U.S. at 383 n.7.

## CONCLUSION

For the foregoing reasons, Private Plaintiffs respectfully request that the Court grant their Motion to Amend the Consent Order.

Dated: January 20, 2017

/s/ Fred L. Banks, Jr.
Fred L. Banks, Jr.
Phelps Dunbar LLP
Mississippi State Bar No. 1733
4270 I-55 North
Jackson, MS 39211-6391
Tel: (601) 360-9356
Fax: (601) 360-9777
fred.banks@phelps.com

/s/ Rachel Kleinman
Rachel Kleinman
Natasha Merle*
Victorien Wu*
NAACP Legal Defense and
    Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
rkleinman@naacpldf.org
nmerle@naacpldf.org
vwu@naaacpldf.org

*Counsel for Private Plaintiffs*

* Pro Hac Vice Admission Pending

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th of January 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel record, and that I mailed by United States Postal Service the document to the following: Natane Singleton; Aria Vaughan; and Alexander Chanock.

*/s/* Fred L. Banks, Jr.
Fred L. Banks, Jr.
Phelps Dunbar LLP
Mississippi State Bar No. 1733
4270 I-55 North
Jackson, MS 39211-6391
Tel: (601) 360-9356
Fax: (601) 360-9777
fred.banks@phelps.com
