IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| JOHN BARNHARDT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Civil Action No. 4:65-cv-01300-HTW-LRA |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| MERIDIAN MUNICIPAL SEPARATE ) | |
| SCHOOL DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**RESPONSE OF MERIDIAN PUBLIC SCHOOL DISTRICT OPPOSING
THE PRIVATE PLAINTIFFS' MOTION TO AMEND CONSENT ORDER AND
PROPOSING  ALTERNATIVE AMENDMENT**

On May 30, 2013, this Court approved a Consent Order [36], entered into by the United States, Private Plaintiffs, and the Defendant Meridian Public School District (the District) in this desegregation case.  Private Plaintiffs were represented by Fred L Banks, Jr., of Phelps Dunbar LLP and Leticia Smith-Evans and Rachel M. Kleinman of the NAAP Legal Defense & Educational Fund, Inc.  The United States was represented by Ryan Wilson and Zoe Savitsky, who conducted discovery and actively negotiated the Consent Order with the District.

Section V of the Consent Order addresses monitoring and enforcement.  Pursuant to Paragraph 109, pp. 40-42, the District is to submit semi-annual reports, on February 1 and August 1 of each year, demonstrating its efforts to comply with the Consent Order.  Among many other items, the District is to include all data collected as described in Paragraphs 104-106,

which are individual student disciplinary records. These records include personal information protected from disclosure by the Family Educational Rights and Privacy Act, known as FERPA (20 U.S.C. § 1232g; 34 CFR Part 99). At the time of the negotiation of the Consent Order, the District raised with the Department of Justice its concerns about sharing student information with the NAACP whose local community representatives might not either understand nor honor non-disclosure of individual student information. Therefore, the Department of Justice proposed the mechanism set out in Paragraph 109 of the Consent Order, by which the District would submit its reports to the United States, and the "United States in turn would provide a copy to counsel for Private Plaintiffs, subject to the requirements of FERPA." All parties to the Consent Order agreed to this mechanism, which the Court approved.

      The District has complied with its reporting requirements. It has submitted its reports to the United States, beginning with its initial report in August, 2013, and thereafter its reports of February and August for 2014, 2015, and 2016, a total of seven reports. Further, the District has participated in telephone conferences with both the United States and the NAACP to assist them in understanding how information is presented in the District's reports and has offered to participate in a conference after each report to assist the parties in reviewing the reports, which contain voluminous data.

      The Consent Order sets no deadline by which the United States is to provide the Private Plaintiffs with a copy of the District's semi-annual reports. Nor is the United States obligated to tell the District whether or when it provided a copy to Private Plaintiffs. Frankly, these omissions in the Consent Order, at least on the District's part, were because it did not anticipate any difficulties arising from the United States fulfilling its responsibilities to implement the mechanism it proposed.

In support of its motion to modify the Consent Order, the NAACP contends the system by which the United States provides the reports "to Private Plaintiffs after redacting them of personally identifiable information, has unexpectedly proven to be inefficient and burdensome." [41, p. 4].  In other words, the NAACP is alleging that the United States has not been diligent or timely in submitting copies of reports to it after the United States has redacted student information subject to FERPA, specifically as to the four reports submitted in 2015 and 2016.  The NAACP does not make the same allegation with respect to the three earlier reports of August, 2013, and February and August, 2014.  None of the delays, however, is the fault of the District.  The District asked the NAACP to address the matter with the United States.  The NAACP does not provide the United States' explanation for its delays of a year or more in providing reports to the NAACP except to say that the United States now supports its motion.

Secondly, the NAACP argues the redactions adversely impact its "ability to assess the District's compliance with the consent decree."  [41, p. 5].  Because the District has never seen a redacted report, it is impossible to assess the NAACP's contention.

The District wishes to fulfill its obligations to its students under FERPA.  It therefore proposes as an alternative amendment to the Consent Order that, within thirty days of the District's submission of its semi-annual reports to the United States, the District shall submit to counsel for Private Plaintiffs the same report with redactions of information protected by FERPA.  In doing so, the District will assign to each student a unique identification number so that it will possible to follow each student's individual disciplinary history and records.  This will end the delays complained of by the NAACP and allow the District to continue to satisfy its FERPA obligations.  If the NAACP has future concerns with the reacted reports, it can take up with matter with District, which will work in good faith to resolve any issues.

Wherefore, the District requests the Court deny the specific relief requested in the motion to modify the Consent Order.  The District requests the Court accept the modification proposed by the District in this response.

Respectfully submitted, this 3rd day of February, 2017.

**MERIDIAN PUBLIC SCHOOL DISTRICT**

/s/  Holmes S. Adams

OF COUNSEL:

Holmes S. Adams
MS Bar No. 1126
John S. Hooks
MS Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
E-mail: holmes.adams@arlaw.com
         john.hooks@arlaw.com

John G. Compton
MS Bar No. 6433
Witherspoon and Compton LLC
1100 23rd Avenue
Meridian, Mississippi 39302
Telephone: 601.693.6466
Facsimile: 601.693.4840
E-Mail: JCompton@witherspooncompton.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this date, I filed electronically the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of filing to all registered counsel of record.

      Dated:  February 3, 2017.

                                          /s/  Holmes S. Adams