IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> and ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Intervenor, ) <br> ) <br> v. ) <br> ) <br> MERIDIAN MUNICIPAL SEPARATE ) <br> SCHOOL DISTRICT, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 4:65-cv-01300-HTW-LRA <br> 1300(E) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PRIVATE PLAINTIFFS'
MOTION TO AMEND CONSENT ORDER**

Plaintiffs John Barnhardt *et al.* (collectively, "Private Plaintiffs") respectfully submit the instant Reply Memorandum of Law in Support of their Motion to Amend the Consent Order (the "Motion"), ECF No. 40.

In its response to Private Plaintiffs' Motion, the Meridian Municipal Separate School District (the "District") proposes an alternative amendment to the Consent Order to address the problems identified in Private Plaintiffs' Motion regarding the reporting provision of the Consent Order entered by this Court on May 30, 2013 (the "Consent Order"), ECF No. 36. *See* ECF No. 43 at 3.[1] Specifically, the District suggests an amendment to the Consent Order to provide that

---

[1] The District never proposed any amendments during the nearly nine-month-long period when Private Plaintiffs attempted to resolve the subject of the Motion via direct negotiations with the District. *See* ECF No. 41 at 2-6. Private Plaintiffs are not alleging that the District failed to comply with the reporting requirements of the Consent Order or that the delays and other problems relating to the reporting requirements are "the fault of the District." ECF No. 43 at 3. Nor are Private Plaintiffs alleging that "the United States has not been diligent or timely in submitting copies of reports to [them] after the United States

1

"within thirty days of the District's submission of its semi-annual reports to the United States, the District shall submit to counsel for Private Plaintiffs the same report with redactions of information protected by FERPA. In doing so, the District [shall] assign to each student a unique identification number so that it will be possible to follow each student's individual disciplinary history and records." *Id.* at 3.

Private Plaintiffs are amenable to the District's alternative amendment under the following circumstances:  (1) the District will provide its semi-annual reports to Private Plaintiffs in the same format as the reports provided to the United States; (2) the contents of the semi-annual reports provided to Private Plaintiffs will be identical to the contents of the reports provided to the United States, except that the students' names shall be replaced with "unique identification number[s]" that will make it "possible to follow each student's individual disciplinary history and records," *id.*; and (3) within ninety days of the Court's order amending the Consent Order, the District will provide to Private Plaintiffs copies of all of the semi-annual reports that it previously submitted to the United States with the student names replaced with "unique identification number[s]."

Subject to confirmation of the above clarifications, Private Plaintiffs do not oppose the alternative amendment proposed by the District. Private Plaintiffs will continue to work in good faith with the District to resolve any other issues that may arise under the Consent Order.

Dated: February 10, 2017

/s/ Fred L. Banks, Jr.                    /s/ Rachel Kleinman
Fred L. Banks, Jr.                         Rachel Kleinman

---

has redacted student information subject to FERPA." *Id.* Instead, as Private Plaintiffs explained in their prior submission, the current process—which consists of the District first submitting its reports to the United States, which then redacts the reports before providing them to Private Plaintiffs—has unexpectedly proven to be inefficient and burdensome and led to tremendous delays in Private Plaintiffs' receipt of the reports. ECF No. 41 at 1-4. None of the parties anticipated these complications when they agreed to the Consent Order. Indeed, the District acknowledges that, "on [its] part, . . . it did not anticipate any difficulties arising from the United States fulfilling its responsibilities to implement" the reporting provision. ECF No. 43 at 2.

2

Phelps Dunbar LLP
Mississippi State Bar No. 1733
4270 I-55 North
Jackson, MS 39211-6391
Tel: (601) 360-9356
Fax: (601) 360-9777
fred.banks@phelps.com

Natasha Merle
Victorien Wu
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
rkleinman@naacpldf.org
nmerle@naacpldf.org
vwu@naaacpldf.org

*Counsel for Private Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on the 10th of February 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel record.

                */s/* Rachel Kleinman
                Rachel Kleinman
                NAACP Legal Defense and
                 Educational Fund, Inc.
                40 Rector Street, 5th Floor
                New York, New York 10006
                Tel: (212) 965-2200
                Fax: (212) 226-7592
                rkleinman@naacpldf.org