THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHN BARNHARDT, ET AL.**                                                    **PLAINTIFFS**

**and**

**UNITED STATES OF AMERICA**                                  **PLAINTIFF INTERVENOR**

**v.**                              **CIVIL ACTION NO. 4:65-cv-01300–HTW-LRA 1300(E)**

**MERIDIAN MUNICIPAL SEPARATE**
**SCHOOL DISTRICT, ET AL.**                                                   **DEFENDANTS**

## MOTION FOR DECLARATION OF UNITARY STATUS

The Meridian Public School District (the "District") moves the Court to declare the District unitary, dissolve all injunctions entered in this case, and dismiss this case with prejudice. "[T]he appropriate measure of unitariness [is] 'whether the past has been eradicated so far as it remains in the power of school officials and courts to do so . . . .'" *Id.* at 1314 (quoting *Ross*, 699. F.2d at 227). The District has worked continuously to implement the Court's desegregation orders and to remove, to the extent practicable, all vestiges of *de jure* segregation. The District has timely submitted its annual reports to the Court describing its progress in complying with the 2013 Consent Order. The District has eliminated all vestiges of *de jure* segregation and is unitary in every respect.

In support of this Motion, and in addition to its Memorandum of Authorities submitted contemporaneously with this motion, the District shows as follows:

1. On May 10, 1965, private plaintiffs John Barnhardt, *et al.*, then-minor students, by their parents, initiated this lawsuit against the District, seeking disestablishment of its *de jure*

racially dual school system.  On June 28, 1965, this Court allowed the United States Department of Justice (the Government) to intervene as a plaintiff.

2. On May 29, 1967, the Court ordered desegregation of the District's schools and approved a freedom of choice attendance plan.  On November 7, 1969, the Court of Appeals for the Fifth Circuit issued an Order enjoining the District from operating a dual school system based on race or color and requiring the District to operate a unitary school system. The Fifth Circuit ordered the immediate implementation of a desegregation plan (the "Plan") prepared by the United States Department of Health, Education, and Welfare.  The November 7, 1969, Order allowed modifications to the Plan after consideration by District Court Judge Dan M. Russell, Jr., subject to further order by the Fifth Circuit Court of Appeals.

3. By Order of November 19, 1969, the Fifth Circuit approved an amendment to the Plan, redrawing attendance zones for seventh, eighth, and ninth-grade students to attend four schools: Carver Junior High School (7th grade) and Kate Griffin Junior High (8th and 9th), Magnolia Junior High School (7th grade) and Northwest Junior High School (8th and 9th).

4. By Order of March 30, 1970, the Fifth Circuit required the District to file reports with the Court setting out certain information about school operations.

5. On July 14, 1970, Judge Russell issued findings of fact and recommendations for additional amendments to the Plan's geographical attendance zones for assignment of students in grades one through six to ten elementary schools.  The amendments to the Plan were necessary, because Magnolia Elementary was being used as a junior high school and Chalk Elementary had been destroyed by fire.  On July 20, 1970, the Fifth Circuit approved these amendments to the Plan.  The amendments were effective for the 1970-71 school year, establishing ten elementary

schools each serving grades one through six within a specific geographical student attendance zone as described in the Order.

6. By Order of March 20, 1974, the Fifth Circuit, finding the District "has been and is being maintained as unitary school system" in compliance with its desegregation orders, transferred jurisdiction of the case to the District Court to be placed on its inactive docket. Per the Order, reports to the Fifth Circuit were discontinued. Instead, reports were to be filed with the District Court and retained for two years for examination by counsel for plaintiffs.

7. On June 19, 2009, this Court entered an Order modifying the Desegregation Plan permitting closing of Kate Griffin Junior High School and constructing a new ninth-grade facility for all ninth-grade students. Attendance zones for students in grades six through eight were also reconfigured providing for three middle schools (Carver Middle, Magnolia Middle, and Northwest Middle). Witherspoon Elementary School was closed, and its attendance zone was divided between Crestwood Elementary and Parkview Elementary.

8. On March 22, 2013, this Court approved entry of a Consent Order regarding the District's disciplinary practices and providing for implementation of positive behavior interventions and support ("PBIS") to reduce exclusionary discipline. [36].

9. The District has complied in good faith with this Court's 1969, 1970, and 2013 desegregation orders for a reasonable period of time.

10. The District has, to the extent practicable, eliminated the vestiges of racial discrimination resulting from the former racially dual system.

11. The District relies on the following exhibits in support of its motion:

Exhibit 1:    November 7, 1969, Desegregation Order;

Exhibit 2:    July 20, 1970 Amended Plan;

Exhibit 3:     Annual reports to the Court for school years 1970-71 through 1972-73;

Exhibit 4:     2017-18 Recruitment Plan;

Exhibit 5:     Yearbook excerpts for 2013-14 through 2016-17;

Exhibit 6:     Press release: MPSD Invited to White House Conference on "Rethinking School Discipline"

Exhibit 7:     March 20, 2017, Letter from Superintendent;

Exhibit 8:     March 30, 2017, "Compliance" Letter; and,

Exhibit 9:     September 7, 2017, Response to "Compliance" Letter.

The District has complied in good faith with this Court's desegregation orders and has eliminated, to the extent practicable, all vestiges of discrimination resulting from the former racially dual system. The District is unitary because each of the following areas is fully desegregated: student assignment, faculty, staff, student transportation, facilities, extracurricular activities, and discipline. The District respectfully requests the Court grant its motion and declare the District unitary, dissolve all injunctions entered in this case, and dismiss this case with prejudice.

Respectfully submitted, this 29th day of March, 2018.

**MERIDIAN PUBLIC SCHOOL DISTRICT**

/s/ John S. Hooks

OF COUNSEL:

Holmes S. Adams
MS Bar No. 1126
John S. Hooks
MS Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
E-mail: Holmes.Adams@arlaw.com
         John.Hooks@arlaw.com

And

John G. Compton
MS Bar No. 6433
Witherspoon and Compton LLC
1100 23rd Avenue
Meridian, Mississippi 39302
Telephone: 601.693.6466
Facsimile: 601.693.4840
E-Mail: JCompton@witherspooncompton.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this date, I filed electronically the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of filing to all registered counsel of record.

      Dated:  March 29, 2018.

                                    /s/  John S. Hooks