THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT, ET AL.                                      PLAINTIFFS

and

UNITED STATES OF AMERICA                          PLAINTIFF INTERVENOR

v.                            CIVIL ACTION NO. 4:65-cv-01300–HTW-LRA 1300(E)

MERIDIAN MUNICIPAL SEPARATE
SCHOOL DISTRICT, ET AL.                                          DEFENDANTS

**Response to Private Plaintiffs' Motion for a Stay of Briefing to Respond to
District's Motion for Declaration of Unitary Status and Request for Scheduling Conference**

1.        The NAACP Legal Defense Fund ("LDF") has been actively involved in this litigation for over fifty years on behalf of the Private Plaintiffs. In the past three years alone, the District has provided 13,807 pages of documentation to LDF in response to requests for information and through its court reports required under the 2013 Consent Order.[1] Additionally, as originally required under the 2013 Consent Order, LDF received the first eight reports submitted by the District from the Government after redaction.[2] Those reports number approximately two thousand pages each.

2.        The information provided to LDF has covered all of the *Green* factors, including student assignment (including information on Gifted and Special Education), faculty, staff,

---

[1] See Exhibits 1 through 8 in support of this Response. Due to the volume of pages, the District will submit a Notice of Conventional Filing with respect to these exhibits.

[2] LDF complains on pages three and four of its Memorandum in Support of Motion for Stay, [56], regarding the time required by both the Government and the District for production of the redacted semi-annual reports; however, there is no dispute LDF received the reports, nor do they allege they have had inadequate time to study and evaluate the reports.

transportation, facilities, and extracurricular activities, Intricate details of the District's compliance with and implementation of all procedures required under the 2013 Consent Order have also been provided.  Further, LDF has participated in multiple site visits in the District, has met with District administrators, community members, teachers, and others to gather information and evaluate the District's compliance with its desegregation obligations.

Additionally, the District met with LDF and the Government in November, 2017, regarding its intention to seek unitary status.  At that meeting, the District gave opposing counsel a draft of its memorandum in support of motion for unitary status and asked for feedback from opposing counsel.  Following the November, 2017, meeting, LDF and the Government submitted separate requests for information, and the District promptly responded.  The District supplemented its response to LDF's requests in February, 2018.  No feedback has been received from LDF or the Government.  For LDF to now allege it has insufficient information for it or its experts to form a response to the District's motion for declaration of unitary status is outrageous and misleading to the Court.

3. The District objects to LDF's request for wide-ranging, unnecessary discovery into all aspects of the District's operations.  The District objects to the burdensome, unnecessary, lengthy discover sought by LDF, because of the time, expense, and unnecessary delay it will cause.  This case has been pending for over fifty years.  The District's student enrollment is 91% African American; the Board of Trustees is majority black; the Board President is black; the District's Superintendent is black, as were her two predecessors.  Additionally, the 2013 Consent Order contemplated the District would satisfy its requirements by the end of the 2016-2017 school year.

LDF has been an active participant in this case and has been given more than enough information to respond to the District's motion for declaration of unitary status.  If LDF has an objection to the District's motion, it should be required to identify the specific area or areas of concerns before beginning full-fledged discovery.  The Court can then limit the discovery allowed to those specific areas of concern identified by LDF.[3]

4. The District does not seek to shirk its burden of showing it has 1) eliminated all vestiges of *de jure* discrimination to the extent practicable; 2) complied with this Court's desegregation orders for a reasonable period of time; and, 3) demonstrated its good-faith commitment to the constitutional rights that were the original predicate for the injunctive relief this Court awarded.  *Freeman v. Pitts*, 503 U.S. 467, 491 (1992); *Board of Education v. Dowell*, 498 U.S. 237, 249-50 (1991).  The District recognizes the necessity for, and indeed has requested, a Fairness Hearing on its motion for declaration for unitary status.  The District also recognizes the Court may set deadlines for discovery and expert-related discovery prior to the requested hearing.  The District will cooperate with all deadlines set by the Court in resolving this matter.

5. The District respectfully requests the Court deny the Private Plaintiffs' motion to stay briefing on the District's Motion for Declaration of Unitary Status and require the Private Plaintiffs (and the Government) to respond to the District's motion identifying specific topics of concern—if any—prior to setting deadlines for discovery, expert discovery, or hearing on the District's motion.

---

[3]   In its Response to the District's motion for unitary status, [58], LDF has stated no objections to the District's motion in the areas of transportation, faculty, staff, facilities, or extracurricular activities.  LDF's objections are limited to four areas: student assignment, inter-district transfers, quality of education, and racial disparities in discipline.  *Id.*

6.      In support of this Response, the District relies on the following exhibits being filed conventionally with the Clerk of Court:

Ex. 1:  2015 LDF Response (MPSD-000001-477)

Ex. 2:  2016 LDF Response (MPSD-000478-3607)

Ex. 3:  2016 Supplement (MPSD-003608-3720)

Ex. 4:  August 1, 2017, Report (Combined - redacted) (MPSD-003721-5908)

Ex. 5:  8.30.17 DOJ Response (redacted) (MPSD-005909-6252)

Ex. 6:  2017 DOJ Response (redacted) (MPSD-006253-10889)

Ex. 7:  2017 LDF Response (MPSD-010890-11498)

Ex. 8:  February 2018 Report (Combined - redacted) (MPSD-011499-13807).

Respectfully submitted, this 19th day of April, 2018.

**MERIDIAN PUBLIC SCHOOL DISTRICT**

/s/  John S. Hooks

OF COUNSEL:

Holmes S. Adams
MS Bar No. 1126
John S. Hooks
MS Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
E-mail: Holmes.Adams@arlaw.com
        John.Hooks@arlaw.com

And

John G. Compton
MS Bar No. 6433
Witherspoon and Compton LLC
1100 23rd Avenue
Meridian, Mississippi 39302
Telephone: 601.693.6466
Facsimile: 601.693.4840
E-Mail: JCompton@witherspooncompton.com

## CERTIFICATE OF SERVICE

      I do hereby certify that on this date, I filed electronically the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of filing to all registered counsel of record.

      Dated:  April 19, 2018.

                                        /s/  John S. Hooks