#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al., | ) |
| *Plaintiffs,* | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) Civil Action No. 4:65-cv-01300-HTW-LRA |
| *Plaintiff-Intervenor,* | ) 1300(E) |
| v. | ) |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) |
| *Defendants.* | ) |

#### REPLY IN SUPPORT OF PRIVATE PLAINTIFFS' MOTION
#### FOR A STAY OF BRIEFING TO RESPOND TO DISTRICT'S MOTION
#### FOR DECLARATION OF UNITARY STATUS
#### AND REQUEST FOR SCHEDULING CONFERENCE

Plaintiffs John Barnhardt *et al.* (collectively, "Private Plaintiffs") respectfully submit the instant Reply in support of their Motion (ECF No. 55) requesting the Court stay its consideration of Defendant Meridian Municipal Separate School District (the "District['s]") Motion for Unitary Status (ECF No. 53) and to hold a scheduling conference, enabling the Court to set deadlines for fact and expert discovery, and an evidentiary hearing regarding whether or not the District has achieved unitary status.

In its Response to Private Plaintiffs' Motion, the District does not oppose Private Plaintiffs' request for discovery and an evidentiary hearing. Indeed, the District "recognizes the necessity" for an evidentiary hearing and states that it will cooperate with all deadlines related to "discovery and expert-related discovery prior to the requested hearing." ECF No. 59 at 3. Consistent with the

District's concession—as well as controlling precedent—the Court should set a discovery schedule and evidentiary hearing. *Monteilh v. St. Landry Par. Sch. Bd.*, 848 F.2d 625, 629 (5th Cir. 1988) (ruling that a district court must "hold a hearing to consider whether the [school] district should be considered unitary; plaintiffs must receive notice of the hearing and an opportunity to show why the system is not unitary and why continued judicial supervision is necessary").

However, despite recognizing the necessity for fact and expert discovery and an evidentiary hearing to assess its compliance with this Court's desegregation orders, the District curiously opposes Private Plaintiffs' request to stay briefing. Any discovery conducted in this case would be relevant to arguments the parties make before this Court concerning the District's compliance with its existing desegregation orders. Conducting discovery and an evidentiary hearing before the parties are required to file a full response to the District's motion for unitary status would therefore conserve the Court's time and resources.[1] Further, staying briefing on the District's motion will enable the parties to present narrowly focused evidence for the Court to analyze.

Even though it recognizes the need for further factual development, the District also suggests that it has already provided Plaintiffs enough discovery to demonstrate that it has complied with this Court's desegregation orders. But, in so doing, the District wrongly focuses on the quantity of pages it has produced, while ignoring both the timing of those productions and other types of discovery that are necessary to adjudicate the District's motion. Contrary to the

---

[1] In an abundance of caution, Private Plaintiffs filed a motion in opposition to the District's Motion for Declaration of Unitary Status. ECF No. 58. Private Plaintiffs' opposition laid out how the District has failed to meet its burden of proving it has eliminated all vestiges of *de jure* discrimination. Private Plaintiffs also argued that further discovery, including expert discovery, is necessary to fully address the District's motion. *Id*. at 8. That motion was not intended to lay out all of Private Plaintiffs' objections; indeed, without further discovery, Private Plaintiffs cannot fully determine or present their objections.

2

District's argument, Private Plaintiffs do not have all information necessary to assess the District's compliance.

Despite attempting to negotiate in good faith with the District for nearly a year to receive discipline data that Private Plaintiffs could fully analyze, the District did not begin to provide that data until this Court issued an order. ECF No. 51. The District provided the Private Plaintiffs with its semi-annual report for the first time on September 28, 2017. The District produced its following report to the Private Plaintiffs on March 28, 2018, one day before filing its Motion seeking a declaration of unitary status and did not finish producing relevant documents until April 5, 2018. Private Plaintiffs now must review and analyze the data contained in these productions, with assistance from an expert, as part of the analysis under the *Green* factors.

Moreover, despite Private Plaintiffs' multiple requests, the District does not refute that it has not allowed Private Plaintiffs to conduct a site visit at the school district focused on the *Green* factors. Merle Decl. ¶ 6 & Ex. 3, Mot. to Stay Proceedings, ECF No. 55-1, 55-4. As the District knows, the two site visits Private Plaintiffs conducted in 2016 and 2017 were focused solely on the District's disciplinary practices. And, while the District stresses that it provided Plaintiffs' counsel a copy of its draft motion for unitary status, it fails to address the fact that it has not responded to the subsequent requests Plaintiffs' counsel made to conduct site visits. Finally, the District does not deny that the parties have not conducted depositions. "[Meeting] with District administrators, community members, teachers, and others" is substantively different than a deposition taken under oath. ECF No. 59 at 2.

The Court should not give weight to the District's objections that Plaintiffs' request to conduct discovery is "burdensome, unnecessary, [and] lengthy . . ." *Id*. First, the District's objections are purely speculative as Private Plaintiffs have not yet begun formal discovery with

the District. Second, just as the Court must engage in a substantive analysis of the District's operations, the Private Plaintiffs similarly cannot do a cursory or partial review of the District's compliance. *See Bd. of Educ. of Okla. City Pub. Schs. v. Dowell*, 498 U.S. 237, 250 (1991). Last, the District must include more than a general statement objecting to Plaintiffs' discovery request. The District must explain the grounds for objecting, including reasons why specific requests (which have not yet been served) are overbroad and burdensome. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

Moreover, the District's insistence that the Court can declare it has achieved unitary status simply because of the racial demographic of the student body and District leadership is misguided and inconsistent with controlling caselaw. ECF No. 59 at 2. The District cites no caselaw holding that a majority-Black district has presumptively eliminated the vestiges of its *de jure* segregation and achieved unitary status. Whether the District has a majority-Black student body and leadership is not dispositive of whether the District is continuing to discriminate. *See Castaneda v. Partida*, 430 U.S. 482, 483 (1977) (holding that "[b]ecause of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group"); *see also Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1265–66 (11th Cir. 2013) (upholding finding that Black employees of Alabama State University had been subjected to hostile work environment and retaliation by Black superiors).

In their motion and in their opposition to the District's motion for unitary status, Plaintiffs raised areas in which the District appears to not be in compliance, including, but not limited, to "student assignment, quality of education, faculty and staff, discipline administration, and the District's relationship with law enforcement agencies." Mem. in Support of Mot., ECF No. 56 at 4-5. With no objection from the District to the necessity of discovery and evidentiary hearing,

Plaintiffs respectfully request the Court issue a stay on Defendant's Motion and set a scheduling conference to establish a reasonable period of time for discovery, further briefing, and an evidentiary hearing.

Dated: April 24, 2018

                                            Respectfully Submitted,

/s/ Fred L. Banks, Jr.  
Fred L. Banks, Jr.  
Phelps Dunbar LLP  
Mississippi State Bar No. 1733  
4270 I-55 North  
Jackson, MS 39211-6391  
Tel: (601) 360-9356  
Fax: (601) 360-9777  
fred.banks@phelps.com  

/s/ Natasha Merle  
Natasha Merle  
NAACP Legal Defense and  
  Educational Fund, Inc.  
40 Rector Street, 5th Floor  
New York, New York 10006  
Tel: (212) 965-2200  
Fax: (212) 226-7592  
nmerle@naacpldf.org  

*Counsel for Private Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 24th of April 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel record.

/s/ Natasha Merle
Natasha Merle
NAACP Legal Defense and
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
nmerle@naacpldf.org