IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al.,<br><br>    *Plaintiffs*,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>    *Plaintiff-Intervenor*,<br><br>v.<br><br>MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al.,<br><br>    *Defendants*. | Civil Action No. 4:65-cv-01300-HTW-LRA 1300(E) |

### MEMORANDUM IN SUPPORT OF PRIVATE PLAINTIFFS' MOTION TO ADD NAMED PLAINTIFFS

Pursuant to Rules 17, 19, and 21 of the Federal Rules of Civil Procedure, Plaintiffs John Barnhardt et al. (collectively, "Private Plaintiffs") respectfully request that the Court add the individuals listed below as plaintiffs in this action.

The proposed additional plaintiffs are: Brandy Steele and Jacqueline Richardson (collectively, "Movants"), on behalf of their minor children.[1] Movants are the parents of Black children currently enrolled in schools operated by Defendant Meridian Municipal Separate School District (the "District"). Like the original Named Plaintiffs, Movants seek class wide relief on their own behalf, on behalf of their Black children, and on behalf of all other parents or legal guardians and their Black children who are similarly situated and affected by the actions and policies of the

---

[1] Brandy Steele's minor children currently attend Meridian High School (S.S., grade 12) and Carver Middle School (K.S., grade 8). Ms. Richardson's minor child currently attends Meridian High School (S.D., grade 11).

1

District. Movants are also citizens of the United States and residents of Lauderdale County, Mississippi.

I.     **The Court Should Add Movants, Whose Children Are Currently Enrolled in the District, as Plaintiffs in This Longstanding Class Action.**

The original Named Plaintiffs filed this lawsuit on May 10, 1965, against the Meridian Municipal Separate School District in the Southern District of Mississippi as a class action seeking the "disestablishment of its racially dual system." Consent Order, ECF No. 36 at 1. As stated in the Complaint, Plaintiffs brought this case as a class action "on their own behalf and on behalf of all other Negro children and parents in the city of Meridian, Lauderdale County, Mississippi, who are similarly situated and affected by the [District's] policies, customs and usages." Docket. No. 1 at 6 ¶ V, attached hereto as Ex. 1. Plaintiffs sought "common relief" for "each member of the class." *Id*.

Periodic addition of new plaintiffs is necessary to keep the claims of the class alive in long running desegregation or constitutional litigation. *See Rogers v. Paul*, 382 U.S. 198, 199 (1965) (granting a motion to add new plaintiffs in school desegregation case); *Lockett v. Bd. of Educ. of Muscogee Cty. Sch. Dist.*, 976 F.2d 648, 648 (11th Cir. 1992) (vacating district court's dismissal of school desegregation case and remanding for addition of new plaintiffs "because the district court and original parties treated this case from the outset as one that was, in fact, a class action"). This is true even in the absence of a class certification order. *See Graves v. Walton Cty. Bd. of Educ.*, 686 F.2d 1135, 1139-40 (5th Cir. 1982) (permitting the substitution of plaintiffs in school desegregation case where "despite the lack of a formal order certifying this case as a class suit, this case was in fact a class action and was specifically described and treated as such by the parties and the trial court"). Where the "injunctive relief has been ordered as to the class, all parties and the court have treated the lawsuit as a class action, and for over [50] years no party has suggested

that certification was an issue, as is all true in this lawsuit, the case is for all intents and purposes a class action even though no formal certification order has been entered, and neither certification, recertification, nor decertification is required." *Wyatt By & Through Rawlins v. Poundstone*, 169 F.R.D. 155, 159 (M.D. Ala. 1995); *see also Doe ex rel. Doe v. Bush*, 261 F. 3d 1037, 1049-52 (11th Cir. 2001) (similar).

Here, despite Plaintiffs initiating this action prior to the amendment of Rule 23 of the Federal Rules of Civil Procedure, which created the modern requirements for a class certification, Plaintiffs pleaded the elements of a Rule 23 class action in the Complaint, stating that:

> [M]embers of the class on whose behalf plaintiffs sue are so numerous as to make it impracticable to bring them all individually before this Court, but there are common questions of law and fact involved, common grievances arising out of common wrongs. A common relief is sought for each plaintiff and for each member of the class. The plaintiffs fairly and adequately represent the interest of the class.

Docket No. 1 at 6 ¶ V.

In addition, this Court has long treated this case as a class action and granted class wide relief enjoining Defendants from discriminating on the basis of race or color in the operation of the District. *See, e.g.,* Order, Docket No. 2 at 7-8, ¶ V (May 29, 1967) (holding "[n]o student shall be segregated or discriminated against on account of race or color in any service, facility, activity, or program"). As recent as 2013 and 2017, this Court adopted a Consent Order (ECF No. 36) and an Amended Consent Order (ECF No. 51) that sought to vindicate the constitutional rights of the class of Black children in the District. *See* ECF No. 36 at 4 (requiring the District to reform its student discipline policies, which had resulted in the disproportionate suspension, expulsion, and school-based arrest of Black students and hindered the "the orderly desegregation of the [District]"). The Consent Order, as modified, amended the November 7, 1969 desegregation order,

which granted the class injunctive relief. *See United States v. Hinds County Sch. Bd.*, 423 F. 2d 1264 (5th Cir. 1969).

Thus, it is necessary and appropriate for this Court to add Movants to the class of Black students and parents on whose behalf the original Named Plaintiffs instituted this class action. As noted above, Movants are parents of Black children currently enrolled in schools operated by Defendants and are currently impacted by Defendant's actions and policies. Movants have standing to enforce the Court's desegregation orders.

**II.     It is Necessary and Proper to Add Movants as Plaintiffs under the Federal Rules Due to Their Interests as Parents of Black Students in the District.**

The addition of Movants as plaintiffs in this school desegregation class action is authorized and proper under Rules 17, 19, and 21 of the Federal Rules of Civil Procedure. Movants are appropriate representatives of Black school children, who are currently attending schools in the Meridian Municipal Separate School District and are the real parties in interest. Fed. R. Civ. P. 17(c)(1).

The inclusion of the Movants, individuals whose children are the intended beneficiaries of the litigation, is necessary for the just adjudication of this action, as any decision in the case as to whether the school district has achieved unitary status will directly affect them as well as their legal rights to seek further redress for the continuing vestiges of segregation and racial discrimination. *See* Fed. R. Civ. P. 19(a)(1)(B)(i) (requiring joinder if a "person claims an interest relating to the subject of the action" and "disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest"). Furthermore, complete relief cannot be accorded here without the inclusion of the parents of Black children who currently attend schools in the Meridian Municipal Separate School District and who will be

directly affected by the District's actions, including its continuing failure to comply with the court's desegregation order and Consent Order. *See* Fed. R. Civ. P. 19(a)(1)(A).

The Court's addition of Movants is also proper under Rule 21, which provides that "the court may, at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also Mullaney v. Anderson,* 342 U.S. 415, 416-17 (1952) (permitting substitution of plaintiffs under Rule 21); *Lynch v. Baxley,* 651 F.2d 387, 388 n.1 (5th Cir. 1981) ("Efficient judicial administration weighs in favor of allowing an opportunity for a new and proper class representative to enter the case and litigate the interests of the subclass.").

The addition of Movants will not prejudice the District, in that it will not create any additional obligations beyond those that previous rulings in this case created. In fact, Movants' interests mirror those of the existing Plaintiffs in this case.

In accordance with Local Rule 7(b)(1), Private Plaintiffs have conferred with the United States and the District about this non-dispositive motion. The United States does not oppose Private Plaintiffs' Motion. At the time of this filing, the District has not confirmed its position.

**WHEREFORE**, Plaintiffs pray that this Court add Movants to this matter and for such other further relief that this Court deems appropriate.

Respectfully submitted,

/s/ Fred L. Banks, Jr.
Fred L. Banks, Jr.
Phelps Dunbar LLP
Mississippi State Bar No. 1733
4270 I-55 North
Jackson, MS 39211-6391
Tel: (601) 360-9356
Fax: (601) 360-9777

/s/ Natasha Merle
Natasha Merle
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
nmerle@naacpldf.org

*Counsel for Private Plaintiffs*

Dated: June 27, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Natasha Merle
Natasha Merle
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
nmerle@naacpldf.org

*Attorney for Private Plaintiffs*