IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

EASTERN DIVISION

JOHN BARNHARDT, minor, by his
mother and next friend, MRS.
JULIA ANN BARNHARDT

THELMA COLE, minor, by her
mother and next friend, MRS.
DESSIE JEAN COLE

BERTHA CONLEY, CHARLES CONLEY
and SYLVESTER CONLEY, minors,
by their mother and next friend,
MRS. BERTHA CONLEY

MILDRED CURRY and ROSIE MARIE
CURRY, minors, by their mother
and next friend, MRS. MILDRED
CURRY

ANNIE PEARL DAVIS, JAMES MOORE,
JOHNNIE WEAVER, PHYLLIS MOORE,
and J. B. MOORE, minors by their
mother and next friend, MRS.
WILLIE MAE DAVIS

EMRIDGE FALCONER and SANDRA FALCONER,
minors, by their mother and next
friend, MRS. JOHNNYE V. FALCONER

FREDDY FIKES, JIMMY LEE FIKES,
MARGIE FIKES and MARY FIKES, by
their mother and next friend,
MRS. LENOLIA FIKES

LAVALLE McCLINTON and GREGORY LAMAR
McCLINTON, minors, by their mother
and next friend, MRS. MARGIE FORD

BEVERLY ANNETTE FOY, minor, by her
mother and next friend, MRS. EARTHA
MAE FOY

LENRAY GANDY, LARRY MARTIN and LANCE
WILLIAMS, minors, by their mother and
next friend, MRS. ROSALEE GANDY

LEVAN MOSLEY, CHARLIE GORDON and LARRY
GORDON, minors, by their mother and
next friend, MRS. MARY E. GORDON

EDITH HOPKINS, GABRIEL HOPKINS and
LARRY HOPKINS, minors, by their
mother and next friend, MRS.
EMMA NELL GREEN

JIMMY DAVID GRIGGS, minor, by his
mother and next friend, MRS.
LEONA GRIGGS

EDWARD HELLEN, GLORIA ANN HELLEN
and LARRY HELLEN, minors, by their
mother and next friend, MRS.
GERTRUDE HELLEN



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 10 1965
Leryce E. Wharton, Clerk
By_____ Deputy

-1-

EXHIBIT 1    5

ABBOT HENDERSON, ARTHUR HENDERSON,
LEO ALLEN and ROY HENDERSON, minors,
by their mother and next friend,
MRS. CREOLA HENDERSON

ALVIS HICKS, CLARA HICKS, MELVIN
HICKS and REGINALD HICKS, minors,
by their mother and next friend,
MRS. MARY HICKS

DORIS LEFLORE, GEORGETTE LEFLORE,
HENDERSON LEFLORE and KAREN LEFLORE,
minors, by their mother and next
friend, MRS. ROSALEE LEFLORE

QUEEN ESTHER LLOYD and ROSE LLOYD,
minors, by their father and next
friend, MR. JOHN C. LLOYD

ANNELL MATTHEWS, DALE MATTHEWS,
GAIL MATTHEWS and JERRY MATTHEWS,
minors, by their mother and next
friend, MRS. MARY L. MATTHEWS

JUANITA MOSLEY, MAURICE MOSLEY,
MELVIN MOSLEY and WALTER MOSLEY,
minors, by their mother and next
friend, MRS. BERTHA MOSLEY

JULIA ODOMS, OSCAR ODOMS, RONALD
ODOMS and ROSIE ODOMS, minors, by
their mother and next friend,
MRS. MARY FRANCIS ODOMS

JAMES JONES, ROSCOE JONES, minors,
by their grandmother and next friend;
and SAMUEL ROBINSON, minor, by his
mother and next friend, MRS. JOHNNIE
ROBINSON

MARGARET GLOVER, minor, by her
guardian and next friend, MRS. AGNES
AGNES SMITH,

        Plaintiffs

    v.

MERIDIAN SEPARATE SCHOOL DISTRICT;
DR. L. O. TODD, Superintendent of
Education, DR. J. O. CARSON,
Assistant Superintendent for
Instruction; PAUL L. FRANKLIN,
Assistant Superintendent for
Business Affairs; MARVIN WILLIAMS,
MRS. I. A. ROSENBAUM, JR.; OTHO
R. SMITH, J. L. NORTHAM, JR.;
ARCHIE McDONNELL, ELWOOD WILLIAMS
and PHILLIP GARRISON, members
of the Board of Trustees, their
agents, successors, employees and
all those in active concert
with them,

        Defendants.

CIVIL ACTION

NO. 1300 (E)



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 10 1965
Loryce E. Wharton, Clerk
By _____ Deputy

EXHIBIT 1

6

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 10 1965
Loryce E. Wharton, Clerk
By _____ Deputy

C O M P L A I N T

I

The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, Section 1343(3). This is a suit in equity authorized by law, Title 42, United States Code, §1983, to be commenced by any citizen of the United States or other persons within the jurisdiction thereof to redress the deprivation, under color of statute, ordinance, regulation, custom or usage of a State, of rights, privileges and immunities secured by the Constitution and laws of the United States.

II

The jurisdiction of this Court is invoked to secure protection of rights, privileges and immunities and to redress deprivation of rights, privileges and immunities secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

III

This is a proceeding for a preliminary and permanent injunction enjoining The Meridian Separate School District, from continuing their policy, practice, custom and usage of operating compulsory biracial public school systems for the children residing in the City of Meridian, Mississippi.

IV

The plaintiffs in this case are set forth below:

| Minor Plaintiffs and Parents or Guardians | Age | Grade | School |
|---|---|---|---|
| 1. John Barnhardt minors, by their mother and next friend, Mrs. Julia Ann Barnhardt | 10 | 5 | Wechsler |
| 2. Thelma Cole minor, by her mother and next friend, Mrs. Dessie Jean Cole | 7 | 2 | West End |
| 3. Bertha Conley | 7 | 2 | West End |
| 4. Charles Conley | 9 | 4 | West End |
| 5. Sylvester Conley minors, by their mother and next friend, Mrs. Bertha Conley | 12 | 6 | West End |

EXHIBIT 1

7

| Minor Plaintiffs and Parents or Guardians | Age | Grade | School |
|---|---|---|---|
| 6. Mildred Curry | 8 | 3 | Wechsler |
| 7. Rosie Marie Curry | 6 | entering 1 | Wechsler |
| minors, by their mother and next friend, Mrs. Mildred Curry | | | |
| 8. Annie Pearl Davis | 13 | 7 | Carver |
| 9. James Moore | 9 | 4 | Mt. Barton |
| 10. Johnnie Weaver | 11 | 6 | Mt. Barton |
| 11. Phyllis Moore | 7 | 1 | Mt. Barton |
| 13. J. B. Moore | 5 | | Mt. Barton |
| minors, by their mother and next friend, Mrs. Willie Mae Davis | | | |
| 14. Emridge Falconer | 13 | 8 | Magnolia |
| 15. Sandra Falconer | 17 | 11 | Harris |
| minors, by their mother and next friend, Mrs. Johnnye V. Falconer | | | |
| 16. Freddy Fikes, | 10 | 5 | Mt. Barton |
| 17. Jimmy Lee Fikes | 8 | 3 | Mt. Barton |
| 18. Margie Fikes | 14 | 7 | Carver |
| 19. Mary Fikes | 12 | 6 | Mt. Barton |
| minors, by their mother and next friend, Mrs. Lenolia Fikes | | | |
| 20. Lavalle McClinton | 12 | 5 | Park View |
| 21. Gregory Lamar McClinton | 11 | 4 | Park View |
| 22. minors, by their mother and next friend, Mrs. Margie Ford | | | |
| Beverly Annette Foy | 6 | 1 | Mt. Barton |
| minor, by her mother and next friend, Mrs. Eartha Mae Foy | | | |
| 23. Lenray Gandy | 9 | 4 | Wechsler |
| 24. Larry Martin | 12 | 6 | Wechsler |
| 25. Lance Williams | 7 | 2 | Wechsler |
| minors, by their mother and next friend, Mrs. Rosalee Gandy | | | |
| 26. Levan Mosley | 13 | 3 | Parkview |
| 27. Charlie Gordon | 10 | 3 | Parkview |
| 28. Larry Gordon | 7 | 2 | East End |
| minors, by their mother and next friend, Mrs. Mary E. Gordon | | | |
| 29. Edith Hopkins | 7 | 1 | Wechsler |
| 30. Gabriel Hopkins | 9 | 3 | Wechsler |
| 31. Larry Hopkins | 10 | 3 | Wechsler |
| minors, bby their mother and next friend, Mrs. Emma Nell Green | | | |
| 32. Jimmy David Griggs | 11 | 6 | Wechsler |
| minor, by his mother and next friend, Mrs. Leona Griggs | | | |
| 33. Edward Hellen | 7 | 1 | West End |
| 34. Gloria Ann Hellen | 5 | | |
| 35. Larry Hellen | 8 | 3 | West End |
| minors, by their mother and next friend, Mrs. Gertrude Hellen | | | |
| 36. Abbot Henderson | 16 | 10 | Harris |
| 37. Arthur Henderson | 14 | 8 | Magnolia |
| 38. Leo Allen | 15 | 9 | Magnolia |
| 39. Roy Henderson | 12 | 6 | Park View |
| minors, by their mother and next friend, Mrs. Creola Henderson | | | |

EXHIBIT 1

| Minor Plaintiffs and Parents or Guardians | Age | Grade | School |
|---|---|---|---|
| 40. Alvis Hicks | 11 | 6 | West End |
| 41. Clara Hicks | 7 | 2 | West End |
| 42. Melvin Hicks | 9 | 3 | West End |
| 43. Reginald Hicks | 10 | 5 | West End |
| minors, by their mother and next friend, Mrs. Mary Hicks | | | |
| 44. Doris Leflore | 7 | 1 | East End |
| 45. Georgette Leflore | 13 | 8 | Magnolia |
| 46. Henderson Leflore | 12 | 7 | Magnolia |
| 47. Karen Leflore | 4 | | |
| minors, by their mother and next friend, Mrs. Rosalee Leflore | | | |
| 48. Queen Esther Lloyd | 8 | 3 | Wechsler |
| 49. Rose Lloyd | 13 | 8 | Carver |
| minors, by their father and next friend, Mr. John C. Lloyd | | | |
| 50. Annell Matthews | 10 | 4 | Wechsler |
| 51. Dale Matthews | 12 | 6 | Wechsler |
| 52. Gail Matthews | 12 | 6 | Wechsler |
| 53. Jerry Matthews | 13 | 7 | Magnolia |
| minors, by their mother and next friend, Mrs. Mary L. Matthews | | | |
| 54. Juanita Mosley | 9 | 4 | Mt. Barton |
| 55. Maurice Mosley | 6 | | |
| 56. Melvin Mosley | 18 | 12 | Harris |
| 57. Walter Mosley | 21 | | |
| minors, by their mother and next friend, Mrs. Bertha Mosley | | | |
| 58. Julia Odoms | 15 | 6 | Parkview |
| 59. Oscar Odoms | 13 | 5 | Wechsler |
| 60. Ronald Odoms | 14 | 5 | Wechsler |
| 61. Rosie Odoms | 16 | 6 | Wechsler |
| minors, by their mother and next friend, Mrs. Mary Francis Odoms | | | |
| 62. James Jones | 16 | 11 | Harris |
| 63. Roscoe Jones | 18 | 12 | Harris |
| minors, by their grandmother and next friend, Mrs. Johnnie Robinson | | | |
| 64. Samuel Robinson | 17 | 11 | Harris |
| minor, by his mother and next friend, Mrs. Johnnie Robinson | | | |
| 65. Margaret Glover | 6 | 1 | West End |
| minor, by her guardian and next friend, Mrs. Agnes Smith | | | |

V

Plaintiffs are all members of the Negro race. They bring this action on their own behalf and on behalf of all other Negro children and parents in the city of Meridian, Lauderdale County, Mississippi, who are similarly situated and affected by the policies, practices, customs and usages complained of herein. Plaintiffs are all citizens of the United States and of the State of Mississippi, residing in the City of Meridian, Lauderdale County, Mississippi. The minor plaintiffs and other minor Negro children similarly situated are eligible to attend and are presently attending public schools in the City of Meridian, Mississippi, which schools are under the jurisdiction, management and control of the defendants and which are all limited by defendants to attendance by Negro children, pursuant to the policy, practice, custom and usage of defendants of operating a compulsory biracial school system. The members of the class on whose behalf plaintiffs sue are so numerous as to make it impracticable to bring them all individually before this Court, but there are common questions of law and fact involved, common grievances arising out of common wrongs. A common relief is sought for each plaintiff and for each member of the class. The plaintiffs fairly and adequately represent the interest of the class.

VI

Defendants in this case are The Meridian Separate School District, organized and existing under the laws of the State of Mississippi; Dr. L. O. Todd, County Superintendent of Education; Dr. J. O. Carson, Assistant Superintendent for Instruction; Paul L. Franklin, Assistant Superintendent for Business Affairs; Marvin Williams, Mrs. I. A. Rosenbaum, Jr., Otho R. Smith, J. L. Northam, Jr., Archie McDonnell, Elwood Williams and Phillip Garrison, members of the Board of Trustees.

VII

Plaintiffs allege that defendants herein, acting under color of authority vested in them by the laws of the State of Mississippi, have pursued and are presently pursuing a policy, custom, practice

and usage of operating the public schools of the City of Meridian Lauderdale County, Mississippi, on a racially segregated basis. More particularly, plaintiffs allege that:

(a) the racially segregated school systems came into existence pursuant to the requirements of State law, and are presently continued, perpetuated and maintained by defendants as a matter of State law, policy, custom and usage:

(b) the Meridian Separate School District maintains 12 white secondary schools

(1) Meridian High School
(2) Kate Griffin Junior High School
(3) Northwest Junior High School
(4) Witherspoon School
(5) Chalk School
(6) Oakland Heights School
(7) Poplar Springs School
(8) West Hills School
(9) South Side School
(10) Marion Park School
(11) Tuxedo School
(12) Highland School

The defendant Board of Trustees also maintains one white junior college, The Meridian Junior College.

Each of these schools is limited to attendance by white pupils only and are staffed by white teachers, white principals and other white professional personnel and regardless of location, these schools may be attended by white pupils only.

(c) Defendant Meridian Separate School District also maintains seven Negro schools:

(1) Carver Junior High School
(2) Magnolia School
(3) Parkview School
(4) East End Elementary School
(5) Mount Barton School
(6) Wechsler School
(7) West End Elementary School

Defendant Board also maintains one Negro junior college, Harris Junior College.

Each of these schools is limited to attendance by Negro pupils. They are staffed by Negro principals, Negro teachers and other Negro professional personnel. Regardless of location, these schools may be attended by Negro children only.

VIII

The assignment of professional personnel in the defendant school systems is determined solely by the race and color of the

-7-

EXHIBIT 1     11

children attending the particular school and the race and color of the personnel to be assigned.

IX

Defendants assign pupils to schools in accordance with either a dual set of school zone lines or pursuant to policies, practices and procedures which result in all white children of elementary school age being assigned to white elementary schools and all Negro children of elementary school age being assigned to Negro elementary schools. All Negro elementary schools "feed into" the all Negro high schools while all white elementary schools "feed into" the all white high schools.

X

All curricular and extra-curricular activities and school programs are conducted on a racially segregated basis, and plaintiffs allege and believe that the quality and quantity of such activities and of education generally as provided by the defendant Boards to plaintiffs and members of their class is highly inferior to that provided white children.

XI

Budgets relating to school operation contain racial designations reflecting the compulsory biracial policy followed by defendants. All new construction plans proposed, adopted and executed by defendants are based upon the fact that there is in operation a compulsory biracial system of schools. All funds appropriated and expended by defendants are also appropriated and expended by defendants separately for Negro schools and separately for white schools.

XII

The children attending white schools in the City of Meridian, Lauderdale County, Mississippi are provided a superior education by defendants than is offered to Negro children attending Negro schools:

(a) The scholastic program offered in the Negro schools is distinctly inferior to that provided in the white schools, and

is taught in schools inadequate in size and facilities. The average class size in Negro schools is much greater than an average class in white schools.

    (b) White teachers are more highly trained than Negro teachers.

    (c) White teachers are more highly paid than Negro teachers.

    (d) More white teachers are provided per white child in attendance than per Negro child in attendance in the defendants' schools.

    (e) More money is spent for instruction of white children than Negro children.

## XIII

The defendants' policies, practices, customs and usages of racial segregation herein detailed are manifestations of a State policy to maintain racial segregation in the public schools, which policy is amply reflected in the Constitution and statutes of the State of Mississippi requiring segregation or aiding in the maintenance of segregation:

    (a) Article 8, §207, Mississippi Constitution, requires maintenance of separate schools for white and colored children;

    (b) §3841.3, Mississippi Code Annotated, authorizes the Attorney General to represent school officials in suits challenging validity of school operation;

    (c) §4065.3, Mississippi Code Annotated, authorizes the entire executive branch to prohibit by all lawful means the racial integration of public schools and other public facilities;

    (d) 6220.5, Mississippi Code Annotated, forbids attendance of whites with Negroes in any public schools of high school or lower level on penalty of fine, jail or both;

    (e) §6334-11, Mississippi Code Annotated, forbids enrollment of children in any school except that to which assigned or transferred according to state statute.

EXHIBIT 1      13

XIV

April 13, 1965, Negro parents residing in the City of Meridian, Mississippi, sent a letter and petition to Defendant Marvin Williams, chairman of Defendant Board of Trustees and Defendant Todd, Superintendent of Education of the City of Meridian stating that they are "extremely concerned that the City has as yet taken no steps to comply with the law by integrating its school system." The parents requested that the Board take immediate action to comply with the 1954 United States Supreme Court decision in Brown v. Board of Education. They also requested a meeting with the Board to discuss desegregation of the schools.

XV

September 4, 1964, a number of Negro parents sought transfers for their children to "white" schools.

1. Plaintiff Mrs. Grace Lloyd attempted to transfer her daughter Queen Ester Lloyd to all white Highland Park School. No action was taken on her transfer application. (see attached affidavit of Mrs. Grace Lloyd).

2. Plaintiff Mrs. Margie Ford attempted to transfer her two children Gregory McClinton and Levalle McClinton to all-white Marion Park School. The white principal, Mrs. Parker Price, refused to accept the transfer application. (see attached affidavit of Mrs. Margie Ford).

3. Plaintiff Mrs. Julia Ann Barnhardt attempted to transfer her son Johnny Barnhardt to all white Chalk School. The principal refused to accept him (see attached affidavit of Mrs. Julia Ann Barnhardt).

4. Plaintiff Mrs. Emma Nell Green attempted to enroll her three children at Chalk School and was refused. (see attached affidavit of Mrs. Emma Nell Green.)

5. Plaintiff Mrs. Lenolia Fikes attempted to enroll her two children at all white Southside School. Her transfer applications were refused. (See attached affidavit of Mrs. Lenolia Fikes.)

6. Plaintiff Mrs. Agnes Smith attempted to enroll her daughter in Chalk School. She was refused. (See attached affidavit of Mrs. Agnes Smith.)

EXHIBIT 1    14

7. Mrs. Johnnye Falconer attempted to enroll her daughter at an all white high school and was refused. After questioning whether Mrs. Falconer and her husband lived together, a school official told Plaintiff Sandra Falconer "we cannot accept you in this school" and showed them out.

8. Ralph Darden and Artie Sims, Negro students in the City of Meridian on September 14, 1964, attempted to register at all white Kate Griffin Junior High School. They filled out transfer applications but were instructed that they could not be accepted. No explanation was given.

9. Mrs. Hilda Rimpson, a Negro citizen residing in the City of Meridian attempted to register her seven year old daughter at all white Whitherspoon School. The registrar refused to enroll the child. (See attached affidavit of Mrs. Hilda Rimpson.)

10. Several other Negro parents and pupils attempted to register at all white schools in September, 1964. All were refused.

### XVI

Plaintiffs have not sought to utilize the provisions of the State Pupil Assignment Act as adopted in 1954, Mississippi Code Annotated, §§6334-01 - 6334-07, and submit that the exhaustion of remedies provided by this Act would prove futile and inadequate, in view of the State policy as illustrated by the State statutes detailed above and the policy of defendants, to provide the relief which plaintiffs seek here. Moreover, plaintiffs, by petitions and by prior transfer applications have placed defendant Board and defendant Superintendent of Education on notice of their desire to have the schools desegregated in the City of Meridian.

### XVII

Plaintiffs and members of the class which they represent, are injured by the refusal of defendants to cease operation of a compulsory biracial school system in the City of Meridian, Lauderdale County, Mississippi. The operation of a compulsory biracial school system violates rights of the plaintiffs and members of their class which are secured by the Due Process and

and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States. The plaintiffs, and members of their class, are injured by the policy of assigning teachers, principals and other professional school personnel on the basis of the race and color of the person to be assigned and the race and color of the children attending a particular school. The injury which plaintiffs and members of their class suffer as a result of the operation of compulsory biracial school systems is irreparable and shall continue to irreparably injure plaintiffs and their class until enjoined by this Court. Any other relief to which plaintiffs and those similarly situated could be remitted would be attended by such uncertainties and delays as to deny substantial relief, would involve a multiplicity of suits, cause further irreparable injury and occasion damage, vexation and inconvenience, not only to plaintiffs and those similarly situated but to defendants as public officials.

WHEREFORE, plaintiffs respectfully pray that this Court advance this cause on the docket and order a speedy hearing of this action according to law and after such hearing enter a decree enjoining defendants, their agents, employees, successors, and all persons in active concert and participation with them from refusing to admit plaintiffs and all members of their class requesting such assignments to the nearest white school they are eligible to enter no later than the start of the 1965-66 school year; and further enjoin defendants from:

(a) continuing to maintain a dual scheme and/or pattern of school zone lines or attendance area lines based on race or color;

(b) operating a compulsory biracial school system in the City of Meridian, Lauderdale County, Mississippi;

(c) assigning pupils to schools in the City of Meridian, Lauderdale County, Mississippi, on the basis of race and color of the pupils;

(d) assigning teachers, principals and other professional school personnel to the schools of the City of Meridian, Lauderdale County, Mississippi, on the basis of the race and color of the person to be assigned and the race and color of the children attending the school to which such personnel is to be assigned;

(e)  approving budgets, making available funds, approving employment and construction contracts, and approving policies, curricula and programs which are designed to perpetuate or maintain or support compulsory racially segregated schools;

2. Plaintiffs pray that this Court will allow them their costs herein and grant such further, other, additional or alternative relief, including reasonable attorney's fees, as may appear to the Court to be equitable and just.

                                    Respectfully submitted,

                                    CARSIE A. HALL
                                    JACK H. YOUNG
                                        538½ North Farish Street
                                        Jackson, Mississippi

                                  JACK GREENBERG
                                  DERRICK A. BELL, JR.
                                  MELVYN ZARR
                                    10 Columbus Circle
                                    New York, New York  10019

                                Attorneys for Plaintiffs