# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| JOHN BARNHARDT, et al., )<br>)<br>Plaintiffs, )<br>)<br>and )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>)<br>)<br>MERIDIAN MUNICIPAL SEPARATE )<br>SCHOOL DISTRICT, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 4:65-cv-01300-HTW-LRA 1300(E)<br><br>**PRIVATE PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSIONS** |

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure ("Federal Rules" or "Rules"), Private Plaintiffs ("Plaintiffs") hereby object and respond as follows to Defendants' First Interrogatories, Request for Production, and Request for Admissions, dated June 22, 2018 (the "Requests").

## **PLAINTIFFS' GENERAL OBJECTIONS**

1.  Plaintiffs object to these Requests to the extent that they purport to impose upon Plaintiffs any obligations different from, or greater than, those established or required by the Federal Rules, the Local Rules of the United States District Court for the Southern District of Mississippi (Eastern Division), or other orders of this Court.

1

EXHIBIT 2

2.	Plaintiffs object to the definition of "you," "your," and "Plaintiffs" to the extent that they conflate undersigned counsel with the Plaintiffs. The Plaintiffs are parties to this litigation and possess information relevant to the matters at issue. Counsel represent Plaintiffs' and their interests. Notwithstanding this objection, Plaintiffs will respond to requests directed to counsel that do not inappropriately seek information protected by attorney-client privilege, common interest doctrine or work product doctrine.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each individual Plaintiff including: (1) the individual Plaintiff's name; (2) the Plaintiff's connection to and knowledge of the case, including when the Plaintiff became involved in the case; (3) whether the Plaintiff is a parent or student in the District, and if a parent, identify each child in the District by name, grade, school, or, if applicable, year of graduation, and; (4) whether each Plaintiff has an objection to unitary status.  If an individual Plaintiff has an objection to unitary status, state the specific basis of the objection.

**Response:** Plaintiffs object to the extent that this interrogatory seeks information subject to attorney-client privilege. Plaintiffs also object that this interrogatory to the extent it requests information not relevant nor sufficiently tailored to any party's claims or defenses in this case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Discovery that amounts to a fishing expedition, where the request provides merely the possibility for something probative or relevant, is not permitted. *See Alston v. Prairie Farms Dairy, Inc.*, 2017 WL 4274858, at *1 (S.D. Miss. Sept. 26, 2017). Subject to these objections and the General Objections, Plaintiffs respond as follows:

EXHIBIT 2

Plaintiff Brandy Steele is the parent of three Black students in the Meridian Municipal Separate School District ("District"):  S          S         (Meridian High School, graduating 2019); S         S          (Meridian High School, grade 12); and K         S         (Carver Middle School, grade 8).  On June 27, 2018, Ms. Steele moved to be added as an individual plaintiff.

Plaintiff Jacqueline Richardson is the mother of one Black student in the District: S           D          (Meridian High School, grade 11). On June 27, 2018, Ms. Richardson moved to be added as an individual plaintiff.

Plaintiffs' objections to unitary status include, but are not limited to, student assignment, discriminatory discipline, and quality of education. Pursuant to any forthcoming court-issued scheduling order, including discovery schedule and evidentiary hearing, Plaintiffs will present evidence regarding their position on whether the District has achieved unitary status on any of the *Green* factors. *See* ECF No. 55 at 2-4.

Information regarding the original plaintiffs are included in the Complaint. Docket. No. 1

**INTERROGATORY NO. 2:**

State whether the Private Plaintiffs contend the District has eliminated the vestiges of *de jure* segregation to the extent practicable with regard to faculty assignment. Please state the basis of your answer, being careful to include all facts, data, and documents relied on in formulating your response.

**Response:** Plaintiffs object because this interrogatory calls for a legal conclusion. *See Roberson v. Great American Inc. Companies of New York*, 1969 WL 4774 (N.D. Ga. Mar. 31, 1969) ("Interrogatories calling for pure conclusions of law are impermissible."); *see also United States v. Selby*, 25 F.R.D. 12, 14 (N.D. Ohio 1960) (finding that "assertion and discussion of legal theories, and the classification of facts in support thereof, should be by the lawyers at trial

6

EXHIBIT 2

**Response:** Plaintiffs object that this interrogatory is not relevant nor sufficiently tailored to any party's claims or defenses in this case under Rule 26(b)(1). *See Alston*, 2017 WL 4274858, at *1.

**INTERROGATORY NO. 9:**

Identify each person or persons known or believed by you to have first-hand knowledge of the facts and circumstances of this case or have knowledge of any discoverable facts. Please include the name, last known address, telephone number, place of employment, and whether the individual may be called to testify at a hearing or trial in this matter.

**Response:** Plaintiffs object that this interrogatory is not relevant or sufficiently tailored to any party's claims or defenses in this case under Rule 26(b)(1). *See Alston*, 2017 WL 4274858, at *1. Plaintiffs also object that this interrogatory and its subparts are premature given that the parties have not completed discovery nor are the parties under a pretrial order. Subject to these objections and the General Objections, Plaintiffs respond as follows: Plaintiffs may call upon the following non-exhaustive list of witnesses to testify at a hearing and reserve the right to update and amend this list as Defendants continue to disclose outstanding information to Plaintiffs. Plaintiffs object to furnishing contact information to individuals on this list who are under the employ of Defendants.

    (a) Brandy Steele (plaintiff), 470 56th Avenue, Meridian, MS, 39307, (601) 616-    , stay at home parent;
    (b) Jacqueline Richardson (plaintiff), 1805 16th Avenue, Meridian, MS, 39301, (601) 880-    , case manager, Youth Villages;
    (c) Tabbotha Jones, President NAACP Lauderdale County Chapter, 3709 Newell Road, Meridian, MS, 39301 (850) 218-    ;
    (d) Roscoe Jones (plaintiff), (601) 692-    ;
    (e) Gary Johnson, (601) 527-    ;
    (f) LenRay Gandy (plaintiff), 1207 47th Avenue, Meridian, MS, 39307, Naval Air Station Meridian;
    (g) Lance Williams (plaintiff), 3520 11th Street, Meridian, MS, 39301;
    (h) Emridge Falconer (plaintiff), 2001 10th Avenue, Meridian, MS 39301;

EXHIBIT 2