# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al.,  )<br>)<br>*Plaintiffs,*  )<br>)<br>and  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>*Plaintiff-Intervenor,*  )<br>)<br>v.  )<br>)<br>MERIDIAN MUNICIPAL SEPARATE  )<br>SCHOOL DISTRICT, et al.,  )<br>)<br>*Defendants.*  )<br>_____) | Civil Action No. 4:65-cv-01300-HTW-LRA<br>1300(E) |

## REPLY IN SUPPORT OF PRIVATE PLAINTIFFS' MOTION
## TO ADD NAMED PLAINTIFFS

Plaintiffs John Barnhardt *et al.* (collectively, "Private Plaintiffs") respectfully submit the instant Reply in support of their Motion (ECF No. 67) requesting the Court add individuals, Brandy Steele and Jacqueline Richardson ("Movants"), to this lawsuit pursuant to Rules 17, 19, and 21 of the Federal Rules of Civil Procedure. Defendant Meridian Municipal Separate School District (the "District") submitted its response to this Court six days late and without permission or explanation. Accordingly, the Court should grant Private Plaintiffs' Motion as unopposed. L.U.Civ.R. 7(b)(3)(E). Even if this Court were to consider the District's response, it is wholly unsupported by caselaw and does not provide a basis for denying Private Plaintiffs' pro forma motion to add Movants. This Court, therefore, should grant Private Plaintiffs' Motion.

## I. The Court Should Disregard the District's Untimely Response to Private Plaintiffs' Motion to Add Named Plaintiffs.

On June 27, 2018, Plaintiffs filed a Motion to Add Named Plaintiffs. ECF No. 67. Pursuant to an agreement between the Parties, the District's deadline to respond to the Motion was extended from July 11, 2018, to "August 8, 2018, or seven days after receipt of the Private Plaintiffs' responses to discovery, whichever is later." ECF No. 71, ¶ 4. In good faith, Private Plaintiffs timely produced responses on July 30. The District, however, did not respond to the Motion by August 8 as required. Without acknowledgement or explanation of the untimeliness, the District did not respond to the Motion until August 14, six days after the agreed upon deadline.

Pursuant to L.U.Civ.R. 7(b)(3)(E), because the District failed to respond "within the allotted time", the Court should "grant the motion as unopposed." Furthermore, the District did not seek leave of court to file beyond the agreed upon deadline. Accordingly, the Court should disregard the District's response to the Motion. *See Bivins v. Miss. Reg'l Hous. Auth. VIII*, No. 1:13-CV-230-HSO-RHW, 2014 WL 12665156, at *1–2 (S.D. Miss. Mar. 14, 2014) (striking filing that was impermissibly filed without leave of court); and *Washington v. Copiah Cty. Bd. of Supervisors*, No. 3:16CV629TSL-RHW, 2017 WL 4844385 at *2 n.6 (S.D. Miss. June 13, 2017) (noting court may act on its own in striking responsive pleading that violates rules).

Not only is the District's response untimely, the District has neither acknowledged nor explained the untimeliness. This willful violation should render the District's filing unreviewable. *Cf. McCoy v. Fisher*, No. 2:15CV120-KS-MTP, 2016 WL 8738856, at *2 (S.D. Miss. May 16, 2016), report and recommendation adopted, No. 2:15CV120KS-MTP, 2016 WL 3410341 (S.D. Miss. June 20, 2016) (considering untimely motion where untimeliness was not willful and the untimely party "acted diligently to correct the error once it became known.").

Indeed, the Court should be "troubled . . . by [District] counsel's failure to acknowledge or offer any explanation for [their] tardy filing[]." *Bilbrew v. Miss. Bd. of Nursing*, No. 3:17-CV-346-DCB-LRA, 2018 WL 3074966 at *1 (S.D. Miss. June 20, 2018) (ordering counsel who filed untimely to "show cause to th[e] Court why it should not impose sanctions under Federal Rule of Civil Procedure 11"). Plaintiffs therefore respectfully request that the Court not endorse the District's conduct and that the Court grant Private Plaintiffs' Motion as unopposed.

## II. District's Misinterpretation of Long-Established Desegregation Law Does Not Support Denying Private Plaintiffs' Motion.

Even if the Court were to consider the District's response, however, its meritless arguments do not support denial of Private Plaintiffs' Motion.

There is no question that Movants have standing to enforce the Court's desegregation orders. The District does not dispute that Movants are parents of Black children currently enrolled in schools operated by the District. Any decision in this case concerning whether the District has achieved unitary status will directly affect Movants and their legal rights to seek redress for the continuing vestiges of segregation and the District's continued failure to comply with the court's desegregation orders. *See* Fed. R. Civ. P. 19(a)(1)(A); and (a)(1)(B)(i). The District does not contest that Movants are currently impacted by the Defendants' actions and policies and does not present any authority that supports denying the addition of Movants as Named Plaintiffs.

Further, the District does not dispute longstanding legal precedent squarely holding that the addition of new plaintiffs in desegregation cases is permitted. *See Rogers v. Paul*, 382 U.S. 198, 199 (1965) (granting a motion to add new plaintiffs in a school desegregation case); *Graves v. Walton Cty. Bd. Of Educ.*, 686 F.2d 1135, 1139-40 (5th Cir. 1982) (permitting new plaintiffs in school desegregation case where "despite the lack of a formal order certifying this case as a class suit, this case was in fact a class action and was specifically described and treated as such by the

3

parties and the trial court"); and *Lockett v. Bd. of Educ. of Muscogee Cty. Sch. Dist.*, 976 F.2d 648, 649 (11th Cir. 1992) (vacating a district court's dismissal of a school desegregation case and remanding for the addition of new plaintiffs "because the district court and original parties treated this case from the outset as one that was, in fact, a class action"). Importantly, the addition of Movants will not prejudice the District, nor create any additional obligations on the District. The District does not argue otherwise.

Instead of addressing what is required to add plaintiffs to this litigation, the District argues that because it was ordered to cease operation of a compulsory, racially-segregated school system, Movants cannot now be added as Named Plaintiffs to the class. *See* ECF No. 75, ¶¶ 2-3. The District is unable to cite any authority in support of this extreme proposition, which is a willful misconstruction of desegregation law that this Court should not adopt.

Movants are entitled to enforce their rights against the District's failure to eliminate the effects of *de jure* segregation. The District's "**duty is not simply to eliminate express racial segregation**: where *de jure* segregation existed, the school district's duty is to eliminate its effects root and branch." *Cowan v. Cleveland Sch. Dist.*, 748 F.3d 233, 238 (5th Cir. 2014) (citation omitted) (emphasis added). Thus, Movants have standing to enforce the District's continuing obligation to eliminate the vestiges of *de jure* segregation long after the District formally ended the separation of children of different races. Indeed, whether the District has satisfied this obligation goes to the heart of its motion for unitary status.

The Court should also deny the District's request to hold this Motion in abeyance to conduct depositions of Movants because no discovery is necessary—Movants' standing to serve

as Named Plaintiffs has already been established.[1] Ms. Steele and Ms. Richardson are parents of Black children who are affected by the persistent vestiges of the District's past and present discriminatory actions and policies. Multiple court orders resulted in the end of overt *de jure* segregation in Meridian and Mississippi. Nonetheless, because a school district "does not discharge its constitutional obligations until it eradicates policies and practices traceable to its prior *de jure* dual system that continue to foster segregation," this Court must "examine[ ] a wide range of factors to determine whether the [District] has perpetuated its formerly *de jure* segregation in any facet of its institutional system." *United States v. Fordice*, 505 U.S. 717, 728 (1992).

Here, as recently as 2013, this Court adopted a consent decree based on the substantial evidence that the District continues to discriminate against Black children through its disciplinary policies. Any student in the class—including Movants—is subject to the District's discriminatory practices. As the Fifth Circuit has repeatedly observed, "a school district with a history of operation of *de jure* segregated schools is under a continuing constitutional obligation to eradicate the vestiges of that dual school system. The failure sufficiently to satisfy this obligation continues the constitutional violation." *United States v. Lawrence Cty. Sch. Dist*., 799 F.2d 1031, 1044 (5th Cir. 1986). The District's continuing violations of the desegregation orders do "not violate only the court's order; they also violate[ ] the fourteenth amendment." *Id*. Thus, even if overt *de jure* segregation no longer exists in Meridian, the unconstitutional vestiges of that segregation remain

---

[1] The Court should also deny the District's request to stay Private Plaintiffs' Motion as they fail to adhere to the local rules. Pursuant to L.U.Civ.R. 7(b), the District should have presented a motion to the Court requesting an abeyance of Private Plaintiffs' motion. The District also did not confer with counsel for Private Plaintiffs pursuant to L.U.Civ.R. 7(b)(10) prior to making this application to the Court. In fact, Plaintiffs did not receive a request for deposition of Movants until the District submitted it simultaneously with its untimely response.

and are affecting Movants and the Plaintiff class to this day. This is the basis for Movants' eligibility to be added as named Plaintiffs.

To the extent the District seeks to depose Movants about its discriminatory practices, that issue is not relevant to the narrow focus of this Motion – the addition of Movants as Named Plaintiffs. Private Plaintiffs suggest that the parties work together to propose a joint scheduling order, at which time witness depositions by both parties can be scheduled in an orderly fashion. But such depositions are wholly unnecessary for this Court to rule on Private Plaintiffs' motion to add Movants as Named Plaintiffs.

The District remains subject to the Court's desegregation orders. The Defendants do not dispute that Movants are parents of Black children within the District and are impacted by the District's practices and policies. Therefore, Plaintiffs respectfully request the Court grant Private Plaintiffs' motion to add Movants as Named Plaintiffs.

Dated: August 21, 2018

                                                                         Respectfully Submitted,

| /s/ Fred L. Banks, Jr. | /s/ Natasha C. Merle |
|---|---|
| Fred L. Banks, Jr. | Natasha C. Merle |
| Phelps Dunbar LLP | Alexis Hoag |
| Mississippi State Bar No. 1733 | Kristen Johnson |
| 4270 I-55 North | NAACP Legal Defense and |
| Jackson, MS 39211-6391 |   Educational Fund, Inc. |
| Tel: (601) 360-9356 | 40 Rector Street, 5th Floor |
| Fax: (601) 360-9777 | New York, New York 10006 |
| fred.banks@phelps.com | Tel: (212) 965-2200 |
| | Fax: (212) 226-7592 |
| | nmerle@naacpldf.org |

*Counsel for Private Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on the 21st of August 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel record.

                                                      <u>/s/ Natasha Merle</u>
                                                      Natasha Merle
                                                      NAACP Legal Defense and
                                                         Educational Fund, Inc.
                                                      40 Rector Street, 5th Floor
                                                      New York, New York 10006
                                                      Tel: (212) 965-2200
                                                      Fax: (212) 226-7592
                                                      nmerle@naacpldf.org