THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| JOHN BARNHARDT, ET AL. | PLAINTIFFS |
| and | |
| UNITED STATES OF AMERICA | PLAINTIFF INTERVENOR |
| v. | CIVIL ACTION NO. 4:65-cv-01300–HTW-LRA |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, ET AL. | DEFENDANTS |

**Objections to Plaintiffs' Amended Notice of Deposition of Meridian Public School District**

Meridian Public School District (the "District") objects to the following deposition topics identified in the Plaintiffs' Amended Notice of Deposition of Meridian Public School District under Federal Rule of Civil Procedure 30(b)(6). *See,* Exhibit 1.

## Deposition Topics

**Faculty and Staff**

5.     The Defendant's efforts to comply with the Desegregation Order in the areas of faculty and staff assignments, including the transfer of faculty or staff within the District.

   **Objection:**     This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according

to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

6. The racial composition of faculty and staff at Poplar Springs Elementary School, from 1969 to the present.

**Objection:** This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

7. The non-renewal, termination, laying off, demotion (as defined by the Desegregation Order), or discontinuation of employment, of faculty and staff, including the reason for non-renewal, and the principal and/or administrator that recommended the faculty or staff person's non-renewal or demotion for each year from 2013 through present.

**Objection:** This area of inquiry is not related to obligations found in the District's Desegregation Order.  To the extent the Desegregation Order references a process for non-renewing, reassigning, or demoting employees as part of the District's implementation of the Desegregation Plan, those objectives have long been accomplished.  In considering a school district's motion for unitary status,

courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).  The District has not instituted any "non-renewal, termination, [lay-offs], demotion (as defined by the Desegregation Order), or discontinuation of employment, of faculty and staff" related to the Desegregation Order from 2013 to the present.

8. All facts, information, and documents that would support an assertion by Defendant that it has complied with the Desegregation Order and its affirmative desegregation obligations, and that it has eliminated the vestiges of its past de jure discrimination to the extent practicable with respect to faculty and staff assignment.

**Objection:** This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*,

941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).  Further, this topic or inquiry seeks a legal conclusion the deponent is not qualified to give.

9. All other issues concerning faculty and staff previously raised by the parties in their motions and correspondence.

**Objection:** This area of inquiry is overly broad, not limited in scope or time, and vague as to "all other issues concerning faculty and staff previously raised by the parties."

**Student Assignment**

1. The assignment of students to each school and each classroom in each school, including all of the Defendants' policies and practices concerning:

 a. The drawing and enforcement of attendance zones;

 b. School closures or consolidations;

 c. The review, approval and enforcement of intra-district student transfer requests, including majority-to-minority transfers;

 d. The review, approval and enforcement of inter-district student transfer requests;

 e. The creation, implementation, and enforcement of school capacity limits;

 f. The preparation, maintenance, and use of records, including documents concerning student demographic and enrollment patterns and residential housing patters by race.

**Objection:** This area of inquiry, and all subtopics, is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has

operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

With respect to specific subtopics:

a. No attendance zones have been altered since the Court's 2009 Order, more than three years prior to filing of the District's motion for unitary status.

b. No school closures have occurred since the Court's 2009 Order, more than three years prior to filing of the District's motion for unitary status.

e. This area of inquiry seeks information not relevant to the parties' claims and defenses in this case and about which the deponent is not qualified to testify.

f. This are of inquiry seeks information irrelevant to the parties' claims and defenses in this case.  No attendance zones have been altered since the Court's 2009 Order, more than three years prior to filing of the District's motion for unitary status, and the District has no plans to alter attendance zones.

2. All of the Defendant's actions that impacted student assignment, including all decisions concerning:

a. School attendance zones, including modifications since the November 7, 1969 desegregation order, July 20, 1970 order allowing modifications to the desegregation plan, and the June 19, 2009 order modifying the desegregation plan;

b. Inter- and intra-district student transfer requests that were granted or denied;

c. School capacity limits; and

d. Student demographic and/or school enrollment studies and reports.

**Objection:** This area of inquiry, and all subtopics, is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time,

53455229_1                                              5

and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013). Further, no party has objected to the District's student assignment plan since the Desegregation Order was entered.

With respect to specific subtopics:

a.      No attendance zones have been altered since the Court's 2009 Order, more than three years prior to filing of the District's motion for unitary status.

c.      This area of inquiry seeks information not relevant to the parties' claims and defenses in this case and about which the deponent is not qualified to testify.

5.      The racial composition of the student body at Poplar Springs Elementary School from 1969 to the present.

**Objection:**      This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018. In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See* Anderson, 517 F.3d at 297 (footnote omitted); see also Freeman, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

6. All computer database information related to student assignment to schools, including student locator maps, student 911 addresses, and school assignment data for all students, and all related maps, charts, and documents.

**Objection:** This area of inquiry seeks information irrelevant to the parties' claims and defenses in this case and about which the deponent is not qualified to testify.

7. All demographic shifts, changes to housing patters, and/or changes to student enrollment patterns that have impacted the racial composition of the Defendant's schools, and all related studies and reports commissioned or conducted by the Defendant.

**Objection:** This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018. In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

12. All facts, information, and documents that would support an assertion by Defendant that it has complied with the Desegregation Order since it was entered and that the Defendant has eliminated the vestiges of its past de jure discrimination to the extent practicable with respect to student assignment, including ability grouping.

**Objection:** This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018. In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013). Further, this topic or inquiry seeks a legal conclusion the deponent is not qualified to give.

**Academic Achievement**

2. All research, analysis, [and] evaluation [the] District has conducted of academic achievement, including graduation, retention, and dropout rates, to determine whether any racial disparity is a vestige of its past de jure discrimination.

**Objection:** This area of inquiry is not relevant to the parties' claims and defenses in this case. Neither the Desegregation Order nor the Consent Decree imposes any obligations on the District with respect to "academic achievement." This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018. In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has

operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

3.	All research, analysis, evaluations that the District has conducted of the effectiveness of remedial programs to address racial disparities in reading and math skills, and graduation, retention, and dropout rates, or otherwise comply with the Desegregation Order from 1969 to present.

de jure discrimination.

**Objection:**	This area of inquiry is not relevant to the parties' claims and defenses in this case. Neither the Desegregation Order nor the Consent Decree imposes any obligations on the District with respect to "academic achievement."  This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

4.	The high school graduation rates by race districtwide from 2013 to present.

**Objection:**	This area of inquiry is not relevant to the parties' claims and defenses in this case. Neither the Desegregation Order nor the Consent Decree imposes any obligations on the District with respect to "academic achievement."  This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November

53455229_1	9

9, 2018.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

5. In-grade retentions by grade and by race for each of Defendant's schools from 2013 to present.

**Objection:** This area of inquiry is not relevant to the parties' claims and defenses in this case. Neither the Desegregation Order nor the Consent Decree imposes any obligations on the District with respect to "academic achievement."  This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

6. The dropout rates by grade and race districtwide and for each of Defendant's schools from 2013 to present.

**Objection:** This area of inquiry is not relevant to the parties' claims and defenses in this case. Neither the Desegregation Order nor the Consent Decree imposes any obligations on the District with respect to "academic achievement." This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018. In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

7. All documents produced by Defendant related to curriculum, quality of education and student achievement.

**Objection:** This area of inquiry is not relevant to the parties' claims and defenses in this case. Neither the Desegregation Order nor the Consent Decree imposes any obligations on the District with respect to "academic achievement." This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents, without limitation to time, from November, 9, 1969, to November 9, 2018. In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the

desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

**Law Enforcement and 2013 Consent Decree**

1. All information and documents related to interventions by the Meridian Public School District Police Department ("MPSDPD") that resulted in exclusionary discipline, restraint, use of force, citations and/or arrest from 2013 to present.

    **Objection:** This area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents for a five-year period related to multiple categories of discipline. Further, documents relevant to this topic are in the possession of the Private Plaintiffs; therefore, to the extent the Private Plaintiffs wish to question the deponent about a specific instance, they should be prepared to provide the deponent with relevant documentation.

4. All facts, information, and documents produced by Defendant related to Law Enforcement Agencies and 2013 Consent Decree.

    **Objection:** The phrase "fact, information, and documents produced by Defendant related to Law Enforcement Agencies" is vague and does not adequately describe the information about which deponent will be asked to testify. Additionally, this area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents for a five-year period related to "documents . . . related to Law Enforcement Agencies" and the 2013 Consent Decree. Further, documents relevant to this topic are in the possession of the Private Plaintiffs; therefore, to the extent the Private Plaintiffs wish to question the deponent about a specific instance, they should be prepare to provide the deponent with relevant documentation.

Respectfully submitted, this 31st day of October, 2018.

**MERIDIAN PUBLIC SCHOOL DISTRICT**

/s/  John S. Hooks

OF COUNSEL:

Holmes S. Adams
MS Bar No. 1126
John S. Hooks
MS Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
E-mail:   Holmes.Adams@arlaw.com
          John.Hooks@arlaw.com

And

John G. Compton
MS Bar No. 6433
Witherspoon and Compton LLC
1100 23rd Avenue
Meridian, Mississippi 39302
Telephone: 601.693.6466
Facsimile: 601.693.4840
E-Mail: JCompton@witherspooncompton.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this date, I filed electronically the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of filing to all registered counsel of record.

      Dated:  October 31, 2018.

                                            /s/  John S. Hooks