# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al.,<br><br>*Plaintiffs*,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>*Plaintiff-Intervenor*,<br><br>v.<br><br>MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al.,<br><br>*Defendants*. | Civil Action No. 4:65-cv-01300-HTW-LRA<br>1300(E) |

## ORDER ESTABLISHING PROCEDURES FOR MERIDIAN PUBLIC SCHOOL DISTRICT SITE VISITS

On September 24, 2018, the parties in this matter informed the Court that they had reached an impasse regarding the procedures to govern Plaintiffs' inspections of Defendants' property pursuant to Federal Rule of Civil Procedure 34 ("site visits"). The parties agreed on the dates for the site visits and the schools to be visited. The only outstanding issue before the Court is the extent to which the parties can have informal discussions with school personnel during the site visits. At the hearing, the Court suggested that recording audio of the informal discussions may resolve concerns about the reliability of any records of those discussions. The Court then directed the parties each to file proposed procedures to govern these Rule 34 inspections.[1]

IT IS HEREBY ORDERED THAT the following procedures shall govern Plaintiffs' Rule 34 inspections:

---

[1] The United States Department of Justice will also abide by the procedures for the site visit as ordered by the Court.

1. At a mutually agreed upon time on November 12 and November 13, 2018, the District will permit counsel for Private Plaintiffs and the United States Department of Justice (collectively, "Plaintiffs") to inspect, during regular school hours and while students are in attendance, the premises and facilities at the following six schools:

    i. Poplar Springs Elementary School

    ii. Parkview Elementary School

    iii. West Hills Elementary School

    iv. Oakland Heights Elementary School

    v. Northwest Middle School

    vi. Meridian High School

2. During the site visits of each school, counsel for Defendants and a school administrator of Defendants' choosing shall accompany counsel for Plaintiffs and their consultant on a tour of each agreed upon school.

3. During each tour, Plaintiffs' counsel or their consultant shall be permitted to ask non-substantive questions about what the parties are simultaneously observing and/or hearing (e.g., "What is being taught in that classroom?"; "What is that room used for?"; "How long has that been broken?"). To the extent the parties disagree over whether a particular question is non-substantive, counsel for the parties shall attempt to resolve the disagreement in good faith. If counsel are unable to resolve the disagreement, they shall jointly call chambers to resolve the disagreement.

4. Counsel for all parties and any consultants shall make all reasonable efforts to minimize any disruption to classrooms or the general learning environment during all site visits.

5. After each tour of a school and before the conclusion of the site visit, counsel for

the parties, Plaintiffs' consultant, and the District administrator(s) shall convene at a location at the school to permit Plaintiffs' counsel and their consultant an opportunity to ask substantive questions of the administrator(s) if necessary. The substantive topics of discussion will include:

    i.    School facilities

    ii.    Student assignment, including in-school assignment

    iii.    Teacher hiring and assignment

    iv.    Ability grouping including gifted program offerings and advanced placement courses

6. The administrator(s) at each school best able to have informal discussions about the topics will be chosen in good faith by the District. The District will provide the name of the administrator whom they will make available for the informal discussion on or before October 29, 2018.

7. At the request of Defendants' counsel, the informal discussion will be audio-recorded.

8. Copies of the audio recordings, if any, will be distributed to all parties by November 16, 2018. Should any party believe any part of the audio recording is not audible, they should note (1) the school at which the informal discussion occurred; and (2) the approximate time on the recording which is inaudible. If necessary, the parties shall exchange this information by November 26, 2018.

9. If an audio-recording is submitted to the Court for its review, the content will not be admitted for the truth of the matter asserted, but rather for the purpose of establishing the question asked and answer given.

10. Plaintiffs will also have the opportunity to have one informal discussion with the District's Superintendent during the course of the site visit. At the request of Defendants' counsel,

this informal discussion may also be audio-recorded.

    SO ORDERED this 13th day of November, 2018.


s/Louis W. Fisher                    s/ HENRY T. WINGATE
Louis W. Fisher                      HONORABLE HENRY T. WINGATE
                                       UNITED STATES DISTRICT JUDGE