**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| JOHN BARNHARDT, et al., | ) |
| Plaintiffs, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) Civil Action No. 4:65-cv-01300-HTW-LRA |
| | ) 1300(E) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PRIVATE PLAINTIFFS' MOTION
TO COMPEL REQUEST FOR PRODUCTION NO. 21**

**INTRODUCTION**

Private Plaintiffs John Barnhardt *et al.* (collectively, "Plaintiffs") hereby move this Court to compel Defendant Meridian Municipal Separate School District (the "District") to produce copies of Student Discipline Records that are responsive to Plaintiffs' October 1, 2018 Request for Production No. 21.

Rule 26(b)(1) of the Federal Rules of Civil Procedure ("Rules" or "Federal Rules") requires the District to produce relevant documents requested by Plaintiffs pursuant to Rule 34. The Student Discipline Records requested by Plaintiffs are clearly relevant as to whether the District has complied with its obligations under the 2013 Consent Order. Notwithstanding both the relevance of the Student Discipline Records and obligations under the Rules, the District has refused to provide copies of these relevant documents or to allow Plaintiffs to make copies of the relevant documents.

The District refused to provide copies (or to allow Plaintiffs' counsel to make copies) on the basis that (1) the Consent Decree does not require the District to do so, and (2) it is not the District's practice to provide copies. This reasoning fails to justify the District's noncompliance with the Federal Rules.

Moreover, the 3-hour time period during which the District permitted Plaintiffs to inspect the documents was wholly insufficient under the Rules. This limited window did not permit Plaintiffs to obtain documents that are relevant to the Court's adjudication of the District's motion for declaration of unitary status. Further, Plaintiffs were required to inspect hundreds of pages of records under supervision of District personnel. These limitations made it impossible for Plaintiffs to meaningfully review the large amount of information and precluded Plaintiffs from analyzing the information with respect to the District's compliance with the 2013 Consent Decree.

Thus, the Court must compel the District to provide copies of the requested Student Discipline Records.

## FACTUAL BACKGROUND

Plaintiffs served their First Set of Interrogatories and Requests for Production ("RFP")[1] on October 1, 2018. Exhibit 1. RFP No. 21 requested that the District "produce all Student Discipline Reports for SY 2017-18 pertaining to the [24] students associated with the student identification numbers below" ("Student Discipline Records"). The 24 students are a sampling of the 1,401 students involved in disciplinary incidents in Quarters 3 and 4 of the 2017-18 school year in the District. Data regarding these students are reflected in excel spreadsheets produced in the District's August 2018 Biannual Report.

The District responded on October 31, 2018, objecting to RFP No. 21 as "overly broad, unduly burdensome, and . . . seek[ing] information the District is not required to provide under the Consent Order." Exhibit 2. On November 2, 2018, Plaintiffs responded that the request concerned only 24 of the 1,401 unique students involved in disciplinary incidents in Quarters 3 and 4 of the 2017-18 school year and that "failing to provide [Plaintiffs] an opportunity to review the Student Discipline Records prevents us from evaluating the District's compliance with the terms of the Consent Order." Exhibit 3.

On November 5, 2018, the District responded that it "will make the individual Student Discipline Record for those student's identified in Request No. 21 available for inspection only during the site visit." The District further responded that "[c]onsistent with the District's objection to the Government's request for copies of individual student records reviewed during the Spring,

---

[1] Unless otherwise noted, "RFP" refers to the Requests for Production set out in Plaintiffs' October 1, 2018 First Set of Interrogatories and Requests for Production.

3

2017 site visit, the District will not agree to provide copies of the records to LDF." Exhibit 3 p. 2. On November 9, Plaintiffs "agree[d] to inspect the student files simultaneous to the site visit." Plaintiffs also responded that "the District's previous basis for not providing copies of the student files flagged by the DOJ and Plaintiffs in April 2017--that the Consent Order did not require it--does not satisfy the District's obligations under Rule 34." Plaintiffs asked that "pursuant to Rule 34(b)(2)(B), [the District] state with specificity the District's grounds for not allowing copies of the requested documents." Further, "Plaintiffs propose[d] that, during the site visit, the District either scan the documents requested and produce the scans for all parties' review or allow plaintiffs to scan the documents at the District's facilities." Exhibit 3 p. 1.

On November 12, 2018, Plaintiffs conferred with Defendants' counsel in person regarding copies of the Student Discipline Records. The District again refused to provide copies, stating that it was not the District's practice to allow for copies of the records. Plaintiffs' counsel noted that the refusal to provide copies of the Student Discipline Records prevented Plaintiffs from being able to use the records in support of their position in this litigation and asked defense counsel how they propose Plaintiffs use this relevant information moving forward. The District stated that it did not know, but it was not their practice to provide copies; therefore, it would not do so unless ordered by the Court. The District advised that Plaintiffs could inspect the Student Discipline Records at the District's Central Office on November 13, 2018, from 11:00 am to 2:00 pm, and upon arrival at the Central Office, to ask for Ms. Monica Cryer.

Plaintiffs' counsel arrived at the District's Central Office on November 13, 2018, at approximately 10:30 am. Plaintiffs' counsel asked for Monica Cryer, who told them that the room for review was not yet available. Ms. Cryer also informed Plaintiffs' counsel that Dr. Carter (the District's Superintendent) instructed her that Plaintiffs' counsel could not take pictures of the

4

Student Discipline Records, which Plaintiffs had no intention of doing, and that Dr. Young (Assistant Superintendent) must remain in the room with Plaintiffs' Counsel as they inspect documents. Defendants' counsel never informed Plaintiffs' counsel that the inspection of the Student Discipline Records would be supervised by District personnel. On previous occasions, when Plaintiffs' counsel had inspected student records, they did so without any District personnel in the room. Plaintiffs' counsel asked Ms. Cryer to contact Dr. Carter regarding this unanticipated instruction that Plaintiffs' counsel be supervised, but never learned from Ms. Cryer whether she had been able to reach Ms. Carter about this issue.[2]

At 10:48 a.m., Plaintiffs' counsel was allowed to enter the room where the Student Discipline Records were located on a table. Dr. Young was in that room and informed Plaintiffs' counsel that they could step out of the room to speak privately, but they could not remove any Student Discipline Records from the room. At some point shortly thereafter, Dr. Young further informed Plaintiffs' counsel that Dr. Carter had instructed that counsel could not use their cell phones in the room. Plaintiffs' counsel agreed to use cell phones away from the table.

The Student Discipline Records produced for inspection ranged from approximately 10 pages to over 150 pages per student. District personnel (primarily Dr. Young, but briefly, Ms. Cryer) remained in the room during the entire time Plaintiffs' counsel reviewed the records. When Plaintiffs' counsel needed to speak confidentially, they stepped out of the room without the Student Discipline Records and had conversations outside of the review room. This process proved to be cumbersome and prevented Plaintiffs' counsel from meaningfully and adequately discussing

---

[2] When Plaintiffs' counsel was at the District Office to inspect the requested student records, Dr. Carter, along with Defendants' counsel, was participating at a site visit at one of the schools with other lawyers from Plaintiffs' legal team and Plaintiffs' consultant.

the Student Discipline Records among themselves. Plaintiffs' counsel left the District's Central Office at 1:55 p.m. without copies of any of the Student Discipline Records that they had quickly and summarily reviewed under the supervision of Dr. Young.

## ARGUMENT

Plaintiffs requested copies of Student Discipline Records that are relevant to whether the District is complying with its obligations under this Court's 2013 Consent Order. Pursuant to Rule 26(b)(1), Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) delineates factors to consider when determining whether discovery is within the scope contemplated by the Rules, including but not limited to "the importance of the issues at stake in the action," "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit."

Here, the requested Student Discipline Records fall squarely within the provisions of Rule 26(b)(1) because they are relevant to the District's claim that it is in compliance with the 2013 Consent Decree. The discipline data that the District provides in its Biannual Reports reflects a miniscule portion of the information contained in the actual Student Discipline Records. In other words, whether a Student Discipline Record has 10 pages or over 100 pages, the Biannual Reports condense those records into singular entries on excel spreadsheets. Those spreadsheet entries do not, however, allow Plaintiffs to fully assess the District's compliance with implementation of Positive Behavior Interventions and Supports (PBIS)[3] — the disciplinary system at the heart of

---

[3] PBIS is "a system of evidence-based strategies and structures which, if implemented effectively and with fidelity, assist schools and school personnel in establishing a positive school

the 2013 Consent Decree. The documents in the requested Student Discipline Records include, but are not limited to, "Student Discipline Reports," "Targeted Support Plan," "Minor Infractions/Corrective Strategies Form," "Behavior Intervention Plan," and "Investigation/Due Process Checklist." Without unimpeded inspection of the Student Discipline Records, Plaintiffs' counsel cannot determine whether the District is complying with its obligation to document the steps taken and interventions made with respect to discipline during the school year, pursuant to the Consent Decree.

Moreover, the additional factors delineated in Rule 26(b)(1) support Plaintiffs' request for production of the Student Discipline Records. With respect to "the importance of the issues at stake in the action," and "the importance of the discovery in resolving the issues," the District has moved the Court to declare that it has achieved unitary status. Once the District is declared unitary, the Court will no longer have oversight over the District—which has important implications for the thousands of students who are subject to the policies and practices of the District. Assessing, among other things, whether the District has implemented PBIS "with fidelity"[4] is critical to determining whether the District is compliant with the 2013 Consent Decree. The Court and Plaintiffs cannot simply take the Defendant's word for it. Review of the relevant Student Discipline Records are necessary so that Plaintiffs and the Court can make an independent assessment.

As to "the parties' relative access to relevant information," there is no other way for Plaintiffs to access the information in the Student Discipline Records besides the District

---

culture by constructively teaching school rules and social-emotional skills; positively reinforcing appropriate student behavior; using effective classroom management strategies to provide early intervention for misbehavior; and developing a continuum of graduated and appropriate consequences for more serious and continuous misbehavior." 2013 Consent Order, at ¶ 20.
[4] Id.

producing the Records. In effect, the District failed to produce the Student Discipline Records when it provided Plaintiffs' counsel an inadequate 3-hour timeframe for review and refused to allow Plaintiffs' counsel the opportunity to have confidential discussions about the documents—in the presence of the documents. In laying out the parameters for how and when Plaintiffs' counsel could review the Records, the District pointed to no authority supporting its improperly narrow interpretation of "inspect" in the context of discovery in active litigation.

Moreover "the burden or expense" of producing the Student Discipline Records does not "outweigh[] its likely benefit." The benefit of producing the Student Discipline Records is clear: it would allow Plaintiffs, and ultimately, the Court, to thoroughly assess the District's compliance with the 2013 Consent Order. That benefit clearly outweighs any burden or expense associated with producing the Records. Nevertheless, mindful of the potential burden of producing student files, Plaintiffs' counsel requested Student Discipline Records for only 24 of the 1,401 unique students involved in disciplinary incidents during the last two quarters of the 2017-18 school year. Also mindful of the potential expense of producing Student Discipline Records, Plaintiffs' counsel proposed that the District allow Plaintiffs' counsel to scan the Student Discipline Records, which would have created electronic rather than printed versions of the Records.

The District's objections to providing copies of the Student Discipline Records—as well as the District's refusal to allow Plaintiffs' counsel to inspect the Student Discipline Records without District personnel supervision—obstructed Plaintiffs' ability to receive discovery pursuant to the Federal Rules of Civil Procedure. Rule 34 permits a party to request that another party "produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated documents." Moreover, it is "common practice [to] produc[e] copies of documents . . . rather than simply permitting inspection." Committee Notes on Rules—2015 Amendment.

Consistent with that common practice, courts have routinely ordered that parties be permitted to copy documents produced to them for inspection under Rule 34. *See Clever View Investments, Ltd. v. Oshatz,* 233 F.R.D. 393 (SDNY Feb. 8, 2006) (rejecting argument that copying was unnecessary where some information in the requested documents was available in previously produced documents and requiring party to "make requested documents available for inspection and copying"); *see also Delozier v. First Nat. Bank of Gatlinburg*, 109 F.R.D. 161, 164 (E.D. Tenn. 1986) (permitting plaintiffs to photocopy documents, provided that they bear the cost of photocopying). The District's refusal to allow copying or scanning of the Student Discipline Records prevents Plaintiffs from fully presenting to this Court the factual support for its position as the case moves towards trial (*e.g.*, as exhibits during the trial). It also prevents Plaintiffs' consultant from reviewing documents and considering such documents in its opinion of the District's implementation of the Consent Order.

Although the District allowed inspection of the School Discipline Records, the conditions it imposed upon that inspection improperly and unnecessarily obstructed Plaintiffs' ability to fully inspect those records and, importantly, use those records in this litigation. With some Student Discipline Records containing over 100 pages, the three-hour timeframe allotted for inspection was inadequate. Plaintiffs' inspection was further obstructed by the inability of Plaintiffs' counsels to discuss the Student Discipline Records amongst themselves with the documents in hand.  And there was no opportunity to lodge an objection to Dr. Carter's restrictions beforehand because Defendants' counsel never informed Plaintiffs' counsel of these restrictions.  Plaintiffs' counsel are entitled to copies of the relevant Student Discipline Records so that they may fully and properly inspect, analyze, and evaluate those documents with the assistance of their retained consultant so that this Court may accurately adjudicate this matter.

Rule 34 requires the District to "state with specificity the grounds for objecting to the request, including the reasons." The District's refusal to provide copies of documents simply because they have not provided such documents in the past is not a sufficient ground under the Rules to prohibit copying of the Student Discipline Records.

The Federal Rules of Civil Procedure—not the 2013 Consent Decree nor the District's past practices—govern the District's discovery obligations. And the Federal Rules demand the production of relevant documents unless a sufficient objection has been lodged. The School Discipline Records are clearly relevant as to the District's claim that it is in compliance with the 2013 Consent Decree, and Defendants' counsel have not raised valid objections to prevent the disclosure of those documents. Accordingly, the District should be compelled to produce copies of the requested Student Discipline Records.

## CONCLUSION

For the foregoing reasons, the Court should compel the District to produce all the information requested.

Dated: November 16, 2018

Respectfully Submitted,

/s/ Fred L. Banks, Jr.  
Fred L. Banks, Jr.  
Phelps Dunbar LLP  
Mississippi State Bar No. 1733  
4270 I-55 North  
Jackson, MS 39211-6391  
Tel: (601) 360-9356  
Fax: (601) 360-9777  
fred.banks@phelps.com  

/s/ Kristen Johnson  
Kristen A. Johnson  
Natasha C. Merle  
Louis Fisher  
John Cusick  
NAACP Legal Defense and  
 Educational Fund, Inc.  
40 Rector Street, 5th Floor  
New York, New York 10006  
Tel: (212) 965-2200  
Fax: (212) 226-7592  
kjohnson@naacpldf.org  
nmerle@naacpldf.org  
lfisher@naacpldf.org  
jcusick@naacpldf.org  

*Counsel for Private Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kristen Johnson
Kristen A. Johnson
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th Floor New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
kjohnson@naacpldf.org