## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

JOHN BARNHARDT, et al., )
 )
   Plaintiffs, )
 )
 and )
 )
UNITED STATES OF AMERICA, ) Civil Action No. 4:65-cv-01300-HTW-LRA
 ) 1300(E)
   Plaintiff-Intervenor, )
 )
 v. )
 )
MERIDIAN MUNICIPAL SEPARATE )
SCHOOL DISTRICT, et al., )
 )
   Defendants. )
 )

### DECLARATION OF KRISTEN A. JOHNSON

Pursuant to 28 U.S.C. § 1746, I, Kristen A. Johnson, state as follows:

1. I am an attorney duly licensed to practice law in the States of New York and California, and I am counsel for Plaintiffs John Barnhardt, *et al.*, in the above-captioned matter. I have personal and firsthand knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2. Plaintiffs served their First Set of Interrogatories and Requests for Production ("RFP") on October 1, 2018.

3. The District responded on October 31, 2018, objecting to RFP No. 21 as "overly broad, unduly burdensome, and . . . seek[ing] information the District is not required to provide under the Consent Order."

4. On November 2, 2018, Plaintiffs responded that the request concerned only 24 of the 1,401 unique students involved in disciplinary incidents in Quarters 3 and 4 of the 2017-18 school

year and that "failing to provide [Plaintiffs] an opportunity to review the Student Discipline Records prevents us from evaluating the District's compliance with the terms of the Consent Order."

5.  On November 5, the District responded that it "will make the individual Student Discipline Record for those student's identified in Request No. 21 available for inspection only during the site visit." The District further responded that "[c]onsistent with the District's objection to the Government's request for copies of individual student records reviewed during the Spring, 2017 site visit, the District will not agree to provide copies of the records to LDF."

6.  On November 9, Plaintiffs "agree[d] to inspect the student files simultaneous to the site visit." Plaintiffs also responded that "the District's previous basis for not providing copies of the student files flagged by the DOJ and Plaintiffs in April 2017--that the Consent Order did not require it--does not satisfy the District's obligations under Rule 34." Plaintiffs asked that "pursuant to Rule 34(b)(2)(B), [the District] state with specificity the District's grounds for not allowing copies of the requested documents." Further, "Plaintiffs propose[d] that, during the site visit, the District either scan the documents requested and produce the scans for all parties' review or allow plaintiffs to scan the documents at the District's facilities."

7.  On November 12, 2018, Plaintiffs' counsel conferred with Defendants' counsel in person regarding copies of the requested student records. Defendants' counsel refused to agree to provide copies, stating that it was not their practice to allow for copies of the records. Plaintiffs' counsel noted that this would not allow Plaintiffs to use the records and asked defense counsel how they propose Plaintiffs use relevant information moving forward. The District stated that it did not know, but it was not their practice to provide copies; therefore,

it would not do so unless ordered by the Court. Plaintiffs' counsel was told that they could inspect the records at the District's Central Office on November 13, 2018 from 11:00 am to 2:00 pm, and upon arrival at the Central Office, to ask for Ms. Monica Cryer.

8.      Plaintiffs' counsel arrived at the District's Central Office on November 13 at approximately 10:30 am. Plaintiffs' counsel asked for Monica Cryer, who told them that the room for review was not yet available. Ms. Cryer also informed Plaintiffs' counsel that Dr. Carter (the District's Superintendent) instructed her that Plaintiffs' counsel could not take pictures of the records, which Plaintiffs had no intention of doing, and that Dr. Young (Assistant Superintendent) must remain in the room with Plaintiffs' Counsel as they inspect documents.

9.      Plaintiffs' counsel asked Ms. Cryer to contact Dr. Carter regarding this unanticipated instruction that Plaintiffs' counsel be supervised. In fact, Defendants' counsel had never said that Plaintiffs' counsel would have to be supervised while inspecting the records; and on previous occasions, when Plaintiffs' counsel had inspected student records, they did so without any District personnel in the room. Ms. Cryer represented to Plaintiffs' counsel that she sent Dr. Carter a text message. Ms. Cryer did not provide further information to Plaintiffs' counsel about her contact with Dr. Carter.

10.     At 10:48 a.m., Plaintiffs' counsel was allowed to enter the room where the records were located on a table. Dr. Young was in that room and informed Plaintiffs' counsel that if they wanted to talk privately, they could step out of the room, but they could not remove any student records from the room. At some point shortly thereafter, Dr. Young further informed Plaintiffs' counsel that Dr. Carter had instructed that counsel could not use their

cell phones in the room at all. Plaintiffs' counsel agreed to use cell phones away from the table.

11.     The student records produced for inspection ranged from approximately 10 pages to over 150 pages per student. District personnel (primarily Dr. Young, but briefly, Ms. Cryer) remained in the room the entire time as Plaintiffs' counsel reviewed the records. When Plaintiffs' counsel needed to speak confidentially, they stepped out of the room without documents and had conversations outside of the review room. Plaintiffs' left the District's Central Office at 1:55 p.m.

12.     Attached as Exhibit 1 to Plaintiffs' Motion to Compel Production of Information is a true and correct copy of Plaintiffs' October 1, 2018 First Set of Interrogatories and Requests for Production.

13.     Attached as Exhibit 2 to Plaintiffs' Motion to Compel Production of Information is a true and correct copy of Defendants' October 31 Response to Plaintiffs' October 1, 2018 First Set of Interrogatories and Requests for Production

14.     Attached as Exhibit 3 to Plaintiffs' Motion to Compel Production of Information Documents is a true and correct copy of the email exchange from November 2, 2018 to November 9, 2018 between the parties, as they conferred on Request for Production No. 21.

15.     Attached as Exhibit 4 to Plaintiffs' Motion to Compel Production of Documents is a true and correct copy of the Good Faith Certificate executed by both parties.

Dated: November 16, 2018

<div style="margin-left: 50%;">

<u>/s/ Kristen Johnson</u>
Kristen Johnson
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
kjohnson@naacpldf.org

</div>

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 16th day of November 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

<u>/s/ Kristen Johnson</u>
Kristen Johnson
NAACP Legal Defense and
    Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
kjohnson@naacpldf.org