# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

JOHN BARNHARDT, et al.,

        *Plaintiffs*,

   and

UNITED STATES OF AMERICA,

        *Plaintiff-Intervenor*,

   v.

MERIDIAN MUNICIPAL SEPARATE
SCHOOL DISTRICT, et al.,

        *Defendants*.

Civil Action No. 4:65-cv-01300-HTW-LRA
1300(E)

**PRIVATE PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT
MERIDIAN MUNICIPAL SEPARATE
SCHOOL DISTRICT, ET AL.**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Federal Rules" or "Rules"), Private Plaintiffs request that Defendant Meridian Municipal Separate School District ("District") respond to the following Interrogatories and identify and produce all documents and items responsive to the following Requests for Production ("Requests") to counsel for Private Plaintiffs, the NAACP Legal Defense and Educational Fund, Inc., 40 Rector Street, 5th floor, New York, NY 10006.

<u>**GENERAL INSTRUCTIONS FOR INTERROGATORIES**</u>

1.    The answer to any interrogatory shall fairly and completely meet the substance of any interrogatory. If Defendant's answer to any interrogatory is qualified in any particular way, then Defendant must state the facts of such qualification. Lack of knowledge or information is an insufficient basis for failure to answer fully an interrogatory, unless Defendant also

states that Defendant has made a reasonable inquiry and the information known or readily obtainable by Defendant is insufficient to enable Defendant to otherwise respond.

2.     Where an objection is interposed to any interrogatory, the objection shall state with specificity all bases and grounds for the objections. An interrogatory may not be objected to solely on the ground that the matter inquired into presents a genuine issue for trial.

3.     If, in responding to any of these interrogatories, you encounter an ambiguity in construing either the request, a definition, or an instruction, state with specificity the matter deemed ambiguous and identify the construction chosen or used in responding to the interrogatory.

4.     Information supplied in response to these interrogatories should be fully inclusive for the period from 1969 to the present, unless otherwise specified. However, notwithstanding this time period or any other time limitation stated in a particular interrogatory, fully responsive information must be supplied for any longer period and/or as reasonably required to cover any events that you contend to be relevant in any way to the subject matter of this litigation.

5.     In construing these interrogatories, the singular shall be deemed to include the plural and vice versa, so as to make each interrogatory inclusive rather than exclusive. The word "and" shall be deemed to include the disjunctive "or" and vice versa, so as to make each interrogatory inclusive rather than exclusive. The past tense shall be construed to include the present and future tenses and vice versa, so as to make each interrogatory inclusive rather than exclusive. The terms "each," "every," "all," and "any," whether used separately or together, shall be interpreted to encompass all material, events, incidents, persons, or information responsive to the interrogatory in which those terms appear.

6.     These interrogatories are continuing in nature so as to require supplemental responses as provided by Federal Rule of Civil Procedure 26(e) in the event you obtain or discover

additional relevant information between the time of the initial response to these interrogatories and the time of the final disposition of this action.

**<u>GENERAL INSTRUCTIONS FOR REQUESTS FOR PRODUCTION</u>**

1.      Unless otherwise stated, information supplied in response to these requests for production of documents should be fully inclusive for the period from 1969 to the present. However, notwithstanding this time limitation or any other time limitation stated in a particular request, responsive documents must be supplied for any longer and/or as reasonably required to cover any events that you contend to be relevant in any way to the subject matter of this litigation.

2.      These requests require Defendant to produce all documents that are in the actual or constructive possession, custody, or control of Defendants or their attorneys, accountants, representatives, consultants, agents, or employees.

3.      In construing these Requests, apply the broadest constructions, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside that scope. The past tense shall be construed to include the present and future tenses and vice versa. The terms "each," "every," "all," and "any," whether used separately or together, shall be interpreted to encompass all material, events, incidents, persons, or information responsive to the request in which those terms appear.

4.      If any document that would be responsive to the requests below is not produced because of a claim of privilege or immunity, Defendant shall serve upon the undersigned counsel a written list that identifies each such document and states the ground on which each such document is asserted to be privileged or immune from disclosure. Any attachment to an

allegedly privileged or immune document shall be produced unless you contend that the attachment is also privileged or immune from disclosure.

5.     Defendant may produce legible, complete, and exact copies of the original documents, provided that the originals be made available for inspection upon request by the undersigned counsel. Any and all responsive documents or data stored in electronic format shall be produced in their original unaltered format unless otherwise agreed to by the parties.

6.     Pursuant to Rule 34(b)(2)(E) of the Federal Rules, the documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this set of document requests.

7.     If there is any question as to the meaning of any part of these requests, or an issue as to whether production of responsive documents would impose and undue burden on Defendant, the undersigned counsel for Plaintiffs should be contacted promptly.

8.     These requests are continuing in nature as provided in Rule 26(e) of the Federal Rules in the event you obtain or discover additional documents between the time of the initial response to these requests and the time of the final disposition of this action.

## **DEFINITIONS**

1.     "DEFENDANT" means Defendant Meridian Public School District (the "District"), Defendant Amy Carter, in her official capacity as the Superintendent of the District, and Defendant Board of Trustees of the District and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of Defendant or subject to Defendant's control.

4

2.      "PLAINTIFFS" means named Plaintiffs in the complaint filed on May 10, 1965 and the Plaintiff class of Black children and parents in the city of Meridian who were and are affected by any current discrimination or the vestiges of any past racially discriminatory policies or practices of the District.

3.      "THIRD PARTIES" means any person or persons that is not a party to this case, including but not limited to, other school districts, superintendents, community members, faculty, consultants, etc.

4.      "YOU" or "YOUR" means the Defendant, including any and all employees, representatives, agents, consultants, or other individuals within your control or acting on your behalf, specifically including the Superintendent and members of the Board of Trustees of the District.

5.      "DESEGREGATION ORDER" means the currently operative desegregation plan entered in this case on November 7, 1969 by the United States Court of Appeals for the Fifth Circuit. *United States v. Hinds County Sch. Bd.*, 423 F.2d 1264 (5th Cir. 1969).

6.      "CONSENT DECREE" means the Consent Decree entered by the District Court in the above-captioned case on May 30, 2013 and available at ECF docket entry no. 36.

7.      "PERSON(S)" shall refer not only to natural persons, but also without limitation to firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, government entities, and/or any other type of legal or non-legal entities.

8.      "DOCUMENT" has the same meaning and scope as the term "document" as used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" as defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer discs, tapes, printouts, emails, and databases, and any handwritten, typewritten, printed,

electronically-recorded, electronically stored information, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

9.  The term "ELECTRONICALLY STORED INFORMATION" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

   a.  "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

   b.  "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

   c.  "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart flash drives, smart cards, integrated-circuit cards (*e.g.*, SIM cards).

10.  The terms "RELATING" or "RELATE" or "RELATED" mean concerning, referring, regarding, describing, evidencing, including or constituting, either directly or indirectly.

11.  The terms "SHOW" or "SHOWING" mean displaying, identifying, evidencing, proving, either directly or indirectly.

12.  The terms "COMMUNICATION" and "COMMUNICATED" mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether such information is transmitted orally or in writing or electronically or by any other method.

6

13.     "IDENTIFY" or "IDENTITY" when used with respect to a person means to state the person's full name, address, and telephone number.

14.     "DE JURE SEGREGATION" or "DE JURE" means segregation by race that results from the intentional or purposeful actions and policies of the school system.

15.     "ONE-RACE SCHOOLS" means schools in which students of a single race constitute 85 percent or more of the student population. For example, a school with Black student population that is 85 or more percent Black is a "one-race school."

16.      "DEMOTION" means any reassignment (1) under which a staff member receives less pay or has less responsibility than under the assignment he held previously, (2) which requires a lesser degree of skill than did the assignment he held previously, or (3) under which the staff member is asked to teach a subject or grade other than one for which he is certified or for which he has had substantial experience within a reasonably current period.  Five years is such a reasonable period.

## **INTERROGATORIES**

**Interrogatory No. 1**:

Please identify each person or persons known or believed by you to have first-hand knowledge of the facts and circumstances of this case or have knowledge of any discoverable facts. Please include the name, last known address, telephone number, place of employment, and whether the individual may be called to testify at a hearing or trial in this matter.

**Interrogatory No. 2**:

Please state with specificity the facts which the persons identified in response to Interrogatory No. 1 possess regarding this case.

**Interrogatory No. 3:**

Did you issue a policy statement between 1969 and 1973 setting forth in clear terms the procedures the District would follow in reassignment of personnel?  If so, please provide the policy statement.

**Interrogatory No. 4:**

Please identify each instance of the District directing members of its faculty or staff to accept new assignments as a condition of continued employment in order to comply with the desegregation order.

**Interrogatory No. 5:**

Please state whether any person or organization has objected, complained, or expressed concerns to the District, whether written or verbal, regarding any aspect of the District's operations that are the subject of this case. If so, describe the nature of the objection, complaint, or concern, including: (1) the identity of the person or organization submitting or making the objections; (2) the date of the objection, complaint, or concern; and (3) the format of the objection, complaint, or concern (*i.e.*, written or verbal).

**Interrogatory No. 6**:

Please provide the race of the principal and assistant principal at each school in the District for the period of 1969 to 1980.

**Interrogatory No. 7**:

Please provide the school dropout rates, retention rates, and graduation rates in the District, disaggregated by race, for the period of 1969 to 1980.

**Interrogatory No. 8:**

Please describe all assistance, guidance, and/or recommendations the District has sought from Plaintiffs, Department of Justice or third-parties to comply with the desegregation order between 1969 and 1973 and 2013 to present.

**Interrogatory No. 9:**

Does the District provide faculty and staff with professional development or any other trainings to explain the requirements of the Desegregation Order?  If so, please describe which faculty and staff (e.g., all or some principals, teachers, paraprofessionals, etc.) are provided with this training, the nature of the training, where and when this training is or has been provided, and who conducts this training.

**Interrogatory No. 10:**

Please state whether you believe that "white flight," as defined as the large-scale departure of white school-aged children from the District's schools to parochial, private, or other school systems, has occurred in the District. If so, please identify the years during which you believe "white flight" occurred in the District; the basis for your belief that white flight has occurred; the efforts, if any, that you are taking or have taken to discourage, prevent or avoid white flight; and all other relevant information.

**Interrogatory No. 11:**

For each school the District operates that is currently a one-race school, please state the year the school became a one-race school after 1973, and the cause of the school becoming a one-race school.

**Interrogatory No. 12:**

Please identify all steps the District has taken to increase racial or ethnic diversity in current one-race schools in the District.

**Interrogatory No. 13:**

Please identify when the District has reported or explained to the community its progress in implementing the Consent Decree or Desegregation Order? In your response, please include (1) the nature and format of the report to the community (e.g., written or verbal); (2) the name of the individual(s) who delivered the report to the community; and (3) the location where the report to the community took place.

**Interrogatory No. 14:**

Please state whether Defendant sought court approval before the closure of the following schools: Highland Elementary, Mount Barton Elementary, Wechsler Elementary, Chalk Elementary, and West End Elementary.  If not, please provide an explanation of why Defendant did not seek court approval, the date of the school's closure, the student racial demographics of the school at the time of closure, and why the school was closed.

**Interrogatory No. 15:**

Since 2013, has any person or organization objected, complained, or expressed any concerns to the District, whether written or verbal, regarding discrimination based on race, color, or ethnicity by you related to any aspect of the District's operations? If so, please describe, in detail, the nature of the objection, complaint, or concern, including: (1) the basis, underlying facts, and resolution of the objection, complaint, or concern; (2) identity of the person or organization submitting or making the objection, complaint, or concern; (3) the date of the objection, complaint,

or concern; and (4) the format of the objection, complaint, or concern (i.e., written, verbal, or other format).

**Interrogatory No. 16:**

Has the District communicated with any third-parties regarding this case during the time period following the entry of the Consent Decree? If so, please identify the persons with whom you have communicated, the date of any communications, and nature of those communications.

**Interrogatory No. 17:**

Has the District communicated with the United States government, including the U.S. Department of Justice, without including Private Plaintiffs, regarding this case since the entry of the Consent Decree? If so, please describe the communications, including the identity of the U.S. government representatives with whom you communicated, the date of any communications, and nature of the communications.

**Interrogatory No. 18:**

Please state whether Defendants contend that Private Plaintiffs have made any statements against their interest. If so, please explain the basis of your answer, being careful to include all facts, data, and documents relied on in formulating your response.

**Interrogatory No. 19:**

Please identify all individuals who have participated in responding to these interrogatories and Requests for Production of Documents or who have provided any information used in responding to these Interrogatories and Requests for Production of Documents.

## <u>REQUESTS FOR PRODUCTION</u>

**Document Request No. 1:**

Please produce all documents relied upon in formulating your responses to Plaintiffs' Interrogatories.

**Document Request No. 2:**

Please produce a copy and description of all written or recorded statements or reports regarding the District's efforts to comply with its obligations under the Desegregation Order and the Consent Decree.

**Document Request No. 3:**

Please produce a copy of all documents or descriptions related to objections, complaints, or concerns (written or verbal) regarding discrimination based on race, color or ethnicity made to the District, presented to, or in your possession.

**Document Request No. 4:**

Please produce a copy of all documents or descriptions related to objections, complaints, or concerns (written or verbal) regarding the District's compliance with the Desegregation Order and/or Consent Order.

**Document Request No. 5:**

Please produce the non-racial, objective criteria created by Defendant after implementation of the desegregation order from 1969-1980 and 2013 to the present used in selecting staff members

**Document Request No. 6:**

Please produce the evaluations of staff members who were dismissed or demoted by the District when attempting to comply with the desegregation order from 1969-1980 and 2013 to the present.

**Document Request No. 7:**

Please produce all documents related to Defendant's compliance with their duty to inform citizens of the community about the legal requirements for school desegregation and their plans for complying with these legal requirements for the following time periods: 1969-1970 SY through 1983-1984 SY and 2012-2013 SY through present.

**Document Request No. 8:**

Please produce all documents concerning the establishment and operation of the bi-racial advisory committee to advise Defendant from 1969 to 1980 and 2013 to present.

**Document Request No. 9:**

Please produce all documents relating to the Defendant providing personnel with copies of the desegregation plan and arranging for meetings where the personnel would have an opportunity to hear it explained from 1969 to 1980 and 2013 to present.

**Document Request No. 10:**

Please produce all documents related to the in-service training program provided by the Defendant to assist personnel in resolving difficulties and improving instruction from 1969-1980 and 2013 through present.

**Document Request No. 11:**

Please provide all documents related to the biracial faculty committees appointed by the Defendant to study and revise the curriculum at each school to assure better learning opportunities for all students from 1969 to 1980 and 2013 to present.

**Document Request No. 12:**

For each school operated by the District between 1969-1980, please produce all documents relating to any remedial programs offered at each school for reading and mathematics skills.

13

**Document Request No. 13:**

For each school currently operated by the District since 2012, please produce all documents relating to any remedial programs offered at each school for reading and mathematics skills.

**Document Request No. 14:**

For each school operated by the District between 1969-1980, produce all documents related to the District's review and revision of student grouping procedures.

**Document Request No. 15:**

For each school currently operated by the District from 2012 to the present, produce all documents related to the District's review and revision of student grouping procedures.

**Document Request No. 16:**

Produce all documents related to the review and revision of curriculum to provide recognition of Black history and culture from 1969-1980 and 2013 to present.

**Document Request No. 17:**

Produce all documents related to the implementation of Head Start or similar preschool programs for all children.

**Document Request No. 18:**

Please produce all documents related to the student-faculty human relations committee created by the Defendant to aid in implementation of desegregation from 1969 to1980 and 2013 to present.

**Document Request No. 19:**

Please produce all documents relating to any reports created by Defendant for the Court, the U.S. Department of Justice, Plaintiffs, or third-parties to assess your implementation of the Desegregation Order or the Consent Order.

**Document Request No. 20:**

Please produce all documents related to investigations conducted by the U.S. Department of Justice of District's compliance with the Desegregation Order between 1969 and 2011.

**Document Request No. 21:**

Please produce all Student Discipline Reports for SY 2017-2018 pertaining to the students associated with the student identification numbers below. The student identification numbers are from the Q3 and Q4 discipline data that the Defendants provided in their most recent Biannual Report in August 2018.  Please redact student identifying information.

| StudentID |
|-----------|
| 1001853 |
| 1017616 |
| 1025541 |
| 1265392 |
| 1267977 |
| 1301780 |
| 1328164 |
| 1389293 |
| 1425887 |
| 1448743 |
| 1450484 |
| 1466108 |
| 1470912 |
| 1470967 |
| 1473567 |
| 1473729 |
| 1502598 |
| 1508386 |
| 753572 |

| |
|---|
| 830567 |
| 830654 |
| 830694 |
| 846954 |
| 920331 |

**Document Request No. 22:**

Please produce a copy of all documents related to communications between the Defendants and any third-party regarding this case since the entry of the Consent Order.

**Document Request No. 23:**

Please produce a copy of any document you contend is a statement against interest by the Plaintiffs.

**Document Request No. 24:**

Please produce a copy of all transcripts, audio recordings, statements, or summaries of interviews of witnesses, town-hall or other meeting participants, or other individuals providing information related to this case.

**Document Request No. 25:**

If you are withholding any documents responsive to these requests subject to the attorney/client privilege, work-product doctrine, investigatory privilege, or any other privilege, produce a privilege log identifying the document(s) withheld, including the date, author, recipient, and subject of the document(s).

16

Dated: October 1, 2018

Respectfully submitted,

/s/ Fred L. Banks, Jr.
Fred L. Banks, Jr.
Phelps Dunbar LLP
Mississippi State Bar No. 1733
4270 I-55 North
Jackson, MS 39211-6391
Tel: (601) 360-9356
Fax: (601) 360-9777

/s/ Natasha Merle
Natasha Merle
Alexis Hoag
Kristen Johnson
Louis Fisher
NAACP Legal Defense and
   Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
nmerle@naacpldf.org

*Counsel for Private Plaintiffs*