# EXHIBIT 2

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT, ET AL.                                                           PLAINTIFFS

and

UNITED STATES OF AMERICA                                        PLAINTIFF INTERVENOR

v.                                                              CIVIL ACTION NO. 4:65-cv-01300–HTW-LRA

MERIDIAN MUNICIPAL SEPARATE
SCHOOL DISTRICT, ET AL.                                                          DEFENDANTS

---

**Meridian Public School District's Responses
to Private Plaintiffs' First Set of Interrogatories and Requests for Production**

---

Defendant Meridian Public School District responds to the Private Plaintiffs' first set of

interrogatories and requests for production of documents under Federal Rules of Civil Procedure 33 and 34

as follows:

### INTERROGATORIES

**Interrogatory No. 1:** Please identify each person or persons known or believed by you to have first-

hand knowledge of the facts and circumstances of this case or have knowledge of any discoverable facts.

Please include the name, last known address, telephone number, place of employment, and whether the

individual may be call to testify at a hearing or trial in this matter.

**Amended Answer:** The District identifies the following individuals with knowledge regarding

the District's compliance with its obligations under the operative desegregation orders and the Consent

Order in this case:

| Name | Areas of Knowledge |
|---|---|
| Dr. Amy Carter, Superintendent<br><br>May be contacted through counsel. | Discipline and the 2013 Consent Order; Law Enforcement and the 2013 Consent Order; Operations of the District. |

| | |
|---|---|
| Dr. Charlotte Young, Assistant Superintendent<br><br>May be contacted through counsel. | Student Assignment/Discipline and the 2013 Consent Order |
| John Taylor, Assistant Superintendent<br><br>May be contacted through counsel. | Student Assignment/Academic Achievement |
| Lavonda Germany, Director of Elementary Education<br><br>May be contacted through counsel. | Student Assignment/Academic Achievement |
| Howard Hagwood, PBIS Director<br><br>May be contacted through counsel. | Discipline and the 2013 Consent Order |
| Kim Kendrick, Director of Human Resources<br><br>May be contacted through counsel. | Faculty and Staff |
| Ricardo Clayton, MPSD Police Chief<br><br>May be contacted through counsel. | Law Enforcement and the 2013 Consent Order |
| Rosalind Operton, Principal Crestwood Elementary School<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Kelly McVay, Principal Harris Lower Elementary School<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Jeffery Blackmon, Principal Harris Lower Elementary School<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Angela McQuarley, Principal Parkview Elementary and Magnolia Middle School<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Jennifer DuPont, Principal Poplar Springs Elementary<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Shirley Mosley, Principal Oakland Heights Elementary<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Brooke Knight, Principal West Hills Elementary<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |

| | |
|---|---|
| Felicia Ruffin, Principal<br>Carver Middle School<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Justus Booth, Principal<br>Northwest Middle School<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Victor Hubbard, Principal<br>Meridian High School<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Rob Smith, Director<br>Ross Collins Career and Technical Center<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Theresa Chisolm, Director<br>Marion Park School<br><br>May be contacted through counsel. | Faculty and Staff/Student Assignment/Academic Achievement/Discipline and the 2013 Consent Order |
| Shelia Austin, Board Member<br><br>May be contacted through counsel. | Visioning, goal setting, budgeting, purchasing, employment, and policies |
| Gary Houston, Board President<br><br>May be contacted through counsel. | Visioning, goal setting, budgeting, purchasing, employment, and policies |
| Evanda Lyons, Board Member<br><br>May be contacted through counsel. | Visioning, goal setting, budgeting, purchasing, employment, and policies |
| Duane Maust, Board Member<br><br>May be contacted through counsel. | Visioning, goal setting, budgeting, purchasing, employment, and policies |
| Marvis Killingsworth,<br>Former Board Member<br>Address unknown | Visioning, goal setting, budgeting, purchasing, employment, and policies |
| Michael VanVeckhoven,<br>Former Board Member<br>4525 9th Avenue<br>Meridian, MS 39305 | Visioning, goal setting, budgeting, purchasing, employment, and policies |
| Judy Miller,<br>Former Board Member<br>Address unknown | Visioning, goal setting, budgeting, purchasing, employment, and policies |
| Don Evans,<br>Former Board Member<br>Address unknown | Visioning, goal setting, budgeting, purchasing, employment, and policies |
| Teresa Hodges,<br>Former Board Member<br>Address unknown | Visioning, goal setting, budgeting, purchasing, employment, and policies |
| Randy McCoy,<br>Former Interim Superintendent<br>Address unknown | Visioning, goal setting, budgeting, purchasing, employment, and policies |
| Alvin Taylor,<br>Former Superintendent<br>Address unknown | Visioning, goal setting, budgeting, purchasing, employment, and policies |

| Robin Miles,<br>Former Assistant<br>Superintendent\Curriculum<br>Address unknown | Visioning, goal setting, budgeting, purchasing, employment,<br>and policies |
|---|---|
| Teacher Discipline Advisory<br>Committees  (see bi-annual<br>reports) | |
| Community Discipline Advisory<br>Committees (see bi-annual reports) | |

**Interrogatory No. 2:**     Please state with specificity the fact which the persons identified in response to Interrogatory No. 1 possess regarding this case.

      **Answer:**      See Answer to Interrogatory No. 1.

**Interrogatory No. 3:**     Did you issue a policy statement between 1969 and 1973 setting forth in clear terms the procedures the District would follow in reassignment of personnel?  If so, please provide the policy statement.

      **Answer:**      The District objects to this Interrogatory as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

      Without waiving its objections, the District's November 9, 1969, Desegregation Order sets out the process for reassignment of personnel during implementation of the Desegregation Plan.

**Interrogatory No. 4:**     Please identify each instance of the District directing members of its faculty or staff to accept new assignments as a condition of continued employment in order to comply with the desegregation order.

      **Answer:**     The District objects to Interrogatory No. 4 as vague with respect to "each instance of the District directing members of its faculty or staff to accept new assignments as a condition of continued employment in order to comply with the desegregation order."  The District further objects to Interrogatory No. 4 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

      Without waiving its objections, within the past three years, the District has not directed faculty or staff to accept new assignments as a condition of continued employment. Further, the District does not make employment decisions based on race.

**Interrogatory No. 5:**     Please state whether any person or organization has objected, complained, or expressed concerns to the District, whether written or verbal, regarding any aspect of the District's operations that are the subject of this case.  If so, describe the nature of the objection, complaint, or concern, including: (1) the identify of the person or organization submitting or making the objections; (2) the date of the objection, complaint, or concern; and (3) the format of the objection, complaint, or concern (*i.e.,* written or verbal).

**Answer:**       The District objects to Interrogatory No. 5 as vague with respect to "District's operations that are the subject of this case."  Without waiving its objections, the District has received complaints or concerns from the following individuals with respect to situations involving individual employment or student matters:

a.   Randle Jennings:  Mr. Jennings filed an EEOC charge in August, 2018 alleging the District failed to hire him for discriminatory reasons.

b.   Brandy Steele:  Parent appealed recommendation of student for expulsion in February, 2018.  The Board of Trustees upheld recommendation for expulsion.

c.   Jacqueline Richardson:  Parent filed complaint with NAACP concerning student accommodation plan in January, 2018.  This matter was resolved through a call between the District and LDF.  The District denies Ms. Richardson's complaint had any relation to the Desegregation Order or the Consent Decree.

**Interrogatory No. 6:**     Please provide the race of the principal and assistant principal at each school in the District for the period of 1969 to 1980.

**Answer:**       The District objects to Interrogatory No. 6 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the parties' claims or defenses in this action.  The District further objects to Interrogatory No. 6 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

**Interrogatory No. 7:**     Please provide the school dropout rates, retention rates, and graduation rates in the District, disaggregated by race, for the period of 1969 to 1980.

**Answer:**     The District objects to Interrogatory No. 7 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, outside the scope of the District's Desegregation Order, and not relevant to the parties' claims or defenses in this action.  The District further objects to Interrogatory No. 7 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

**Interrogatory No. 8:**     Please describe all assistance, guidance, and/or recommendations the District has sought from Plaintiffs, Department of Justice, or third-parties to comply with the desegregation order between 1969 and 1973 and 2013 to present.

**Answer:**     The District objects to Interrogatory No. 8 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the

desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

Without waiving its objections, since 2013, the District has requested feedback from both the Department of Justice and Private Plaintiffs regarding the District's efforts to comply with its desegregation obligations.  No substantive feedback was received.

**Interrogatory No. 9:**     Does the District provide faculty and staff with professional development or any other trainings to explain the requirements of the Desegregation Order?  If so, please describe which faculty and staff (e.g., all or some principals, teachers, paraprofessionals, etc.) are provided with this training, the nature of the training, where and when this training is or has been provided, and who conducts this training.

**Answer:**     The District regularly provides professional development related to the Consent Order.  Information regarding these professional development programs has been included in the District's bi-annual reports.  With regard to the Desegregation Order, the District has long been in compliance.  From time to time, the District provides professional development or training regarding a variety of topics that may relate to the Desegregation Order.  These topics include student enrollment, verification of residency, pupil transportation, equal opportunity employment and hiring practices, and policies on extracurricular activities.

**Interrogatory No. 10:**     Please state whether you believe that "white flight," as defined as the large-scale departure of white school-aged children from the District's schools to parochial, private, or other school systems, has occurred in the District.  If so, please identify the years during which you believe "white flight" occurred in the District; the basis for your belief white flight has occurred; the efforts, if any, that you are taking or have taken to discourage, prevent or avoid white flight; and all other relevant information.

**Answer:**     The District objects to Interrogatory No. 10 as not relevant to the parties' claims or defenses in this matter.  Without waiving its objection, the District operates schools with student enrollment

reflective of the district-wide enrollment percentages.  Although the District has experienced a steady decline in its white student population since 1970, the District does not contend "white flight" or demographic shifts have resulted in racially isolated schools.  The District adamantly denies it has any racially isolated schools.

**Interrogatory No. 11:**   For each school the District operates that is currently a one-race school, please state the year the school became a one-race school after 1973, and the cause of the school becoming a one-race school.

**Answer:**        The District objects to Interrogatory No. 11 as not relevant to the parties' claims or defenses in this matter.  The District further objects to the Private Plaintiffs' definition of "one-race schools" as schools with 85% or more of one race of students.  The District has 90% African-American student enrollment; therefore, schools that are 85% of more African-American are not "one-race schools," but are reflective of the District's predominately African-American enrollment.  The District operates schools with student enrollment reflective of the district-wide enrollment percentages within +/- 20 percentage points.

**Interrogatory No. 12:**   Please identify all steps the District has taken to increase racial or ethnic diversity in current one-race schools in the District.

**Answer:**        See answer to Interrogatory No. 11.

**Interrogatory No. 13:**   Please identify when the District has reported or explained to the community its progress in implementing the Consent Decree or Desegregation Order?  In your response, please include (1) the nature and format of the report to the community (e.g., written or verbal); (2) the name of the individual(s) who delivered the report to the community; and (3) the location where the report to the community took place.

**Answer:**        The District objects to Interrogatory No. 13 as overly broad and not limited in scope or time.  Without waiving its objection, see the District's bi-annual reports submitted since 2013-14 for information on community outreach regarding implementation of the Consent Order.

**Interrogatory No. 14:**    Please state whether Defendant sought court approval before the closure of the following schools:  Highland Elementary, Mount Barton Elementary, Wechsler Elementary, Chalk Elementary, and West End Elementary.  If not, please provide an explanation of why Defendant did not seek court approval, the date of the school's closure, the student racial demographics of the school at the time of closure, and why the school was closed.

**Answer:**        The District objects to Interrogatory No. 14 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The District further objects to Interrogatory No. 14 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

Without waiving its objections, the District responds as follows:  Chalk Elementary burned in 1970.  See District Court's Findings of Fact and Conclusions of Law, July, 1970.  Mount Barton Elementary was closed at the end of the 1980-81 school year and leased to Meridian Junior College Skill Center.  East End School was closed following the 1970-71 school year and subsequently leased to MAP/Headstart.  High Elementary was abandoned following the 1981-82 school year.  Weschler Elementary was after the 1970-71 school year.  West End Elementary was renamed T.J. Harris Elementary.  Further, the Desegregation Order does not require the District to seek court approval for school closings.

**Interrogatory No. 15:**   Since 2013, has any person or organization objected, complained, or expressed any concerns to the District, whether written or verbal, regarding discrimination based on race, color, or ethnicity by you related to any aspect of the District's operations?  If so, please describe, in detail, the nature of the objection, complaint, or concern, including: (1) the basis, underlying facts, and resolution of the objection, complaint, or concern; (2) the identity of the person or organization submitting or making the objection, complaint, or concern; (3) the date of the objection, complaint, or concern; and (4) the format of the objection, complaint, or concern (i.e., written, verbal, or other format).

       **Answer:**   The District objects to Interrogatory No. 15 as vague with respect to "the District's operations."  Without waiving its objection, see answer to Interrogatory No. 5.  See also the District's bi-annual reports for discriminatory discipline complaints regarding individual student matters.

**Interrogatory No. 16:**   Has the District communicated with any third-parties regarding this case during the time period following the entry of the Consent Decree?  If so, please identify the persons with whom you have communicated, the date of any communications, and the nature of those communications.

       **Answer:**   The District objects to Interrogatory No. 16 as overly broad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence, and potentially not relevant to the parties' claims or defenses in this case.  The District further objects to the extent this interrogatory seeks information protected by attorney-client privilege or work-product doctrine.  Without waiving its objections, the District has utilized the services of Fluency Plus, REACH Mississippi, and American Institutes for Research to implement the objectives of the Consent Order since 2013.  See the District's bi-annual reports.

**Interrogatory No. 17:**   Has the District communicated with the United States government, including the U.S. Department of Justice, without including Private Plaintiffs, regarding this case since the entry of the Consent Decree?  If so, please describe the communications, including the identity of the U.S. government

representatives with who you communicated, the date of any communications, and the nature of the communications.

      **Answer:**      The District has had non-substantive communications with the Department of Justice, (e.g., regarding scheduling of meetings, calls, etc.), without LDF involvement.  The District cannot recall substantive conversations with the Department of Justice absent LDF's involvement since entry of the Consent Order.

**Interrogatory No. 18:**   Please state with Defendant contends the Private Plaintiffs have made any statement against their interest.  If so, please explain the basis of your answer, being careful to include all facts, data, and documents relied on in formulating your response.

      **Answer:**      The District makes no such contention.

**Interrogatory No. 19:**   Please identify all individuals who have assisted in responding to these interrogatories and Requests for Production of Documents or who have provided any information used in responding to these Interrogatories and Requests for Production of Documents.

      **Answer:**      Superintendent Amy Carter, PBIS Director Howard Hagwood, and counsel for the District have worked to respond to these Interrogatories and Requests for Production of Documents.

## REQUESTS FOR PRODUCTION

**Document Request No. 1:**      Please produce all documents relief upon in formulating your responses to Plaintiffs' Interrogatories.

      **Response:**      See the District's bi-annual reports submitted since 2013, which are already in the Private Plaintiffs' possession.  See also all documents previously produced to both the Department of Justice and Private Plaintiffs in response to various requests for information since 2015, which are already in the Private Plaintiffs' possession.  Further, see documents produced in response to these interrogatories and requests for production, numbered MPSD-000184 through MPSD-000801.

**Document Request No. 2:**      Please produce a copy and description of all written or recorded statements or reports regarding the District's efforts to comply with its obligations under the Desegregation Order and the Consent Decree.

     **Response:**      See the District's bi-annual reports submitted since 2013; see also Court Reports from 1970-71 school year through 1983-84 school year produced as MPSD-000 through MPSD-___.

**Document Request No. 3:**      Please produce a copy of all documents or descriptions related to objections, complaints, or concerns (written or verbal) regarding discrimination based on race, color or ethnicity made to the District, presented to, or in your possession.

     **Response:**      Randle Jennings filed an EEOC charge against the District in August, 2018 alleging discrimination in the hiring process.  LDF is already in possession of Mr. Jennings' charge.

**Document Request No. 4:**      Please produce a copy of all documents or descriptions related to objections, complaint, or concerns (written or verbal) regarding the District's compliance with the Desegregation Order and/or Consent Order.

     **Response:**      See answer to Interrogatory No. 5, above.  Without admitting the individual complaint identified relate to the District's compliance with the Desegregation Order and/or Consent Decree, LDF has been previously been provided documents related to the matters involve Brandy Steele and Jacqueline Richardson, numbered MPSD-000001 – 183.

**Document Request No. 5:**      Please produce the non-racial, objective criteria created by Defendant after implementation of the desegregation order from 1969, 1980, and 2013 to the present used in selecting staff members.

     **Response:**      The District objects to Request No. 5 as overly broad and unduly burdensome. The District further objects to Request No. 5 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has

eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at

297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent

case law, a motion for unitary status is proper once a school district has operated its school system for a

period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has

engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d

708, 715 n. 3 (N.D. Miss. 2013).

Without waiving its objections, see Board Policies GBC, GBD, GBE, and GCD previously produced

in response to Private Plaintiffs' November 19, 2017, Request for Information.

**Document Request No. 6:**  Please produce the evaluations of staff members who were dismissed or

demoted by the District when attempting to comply with the desegregation order from 1969-1980 and 2013

to the present.

**Response:**      The District objects to Request No. 6 as overly broad, unduly burdensome, not

reasonable calculated to lead to the discovery of admissible evidence, and not relevant to the parties'

claims or defenses in this case.   The District further objects to Request No. 6 as overly broad with respect

to scope and time.   In considering a school district's motion for unitary status, courts examine "whether (1)

the school district has complied in good faith with desegregation orders for a reasonable amount of time,

and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."

*See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct.

1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has

operated its school system for a period of 3 years in full compliance with the provisions of the

desegregation orders, during which time it has engaged in no instances of intentional discriminatory

activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

Without waiving its objections, the District has no documents responsive to this Request.

**Document Request No. 7:**     Please produce all documents related to the Defendant's compliance with their duty to inform citizens of the community about the legal requirements for school desegregation and their plans for complying with these legal requirements for the following time periods: 1969-1970 SY through 1983-1984 SY and 2012-2013 SY through present.

**Response:**     The District objects to Request No. 7 as overly broad, unduly burdensome, not reasonable calculated to lead to the discovery of admissible evidence, and not relevant to the parties' claims or defenses in this case.  The District further objects to Request No. 7 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

Without waiving its objections, the District's efforts to inform the community about the 2013 Consent Order and related activities have been reported in its bi-annual reports.

**Document Request No. 8:**     Please produce all documents concerning the establishment and operation of the bi-racial advisory committee to advise Defendant from 1969 to 1980 and 2013 to present.

**Response:**     The District objects to Request No. 8 as overly broad and unduly burdensome. The District further objects to Request No. 8 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at

297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

Without waiving its objections, the District has provided information regarding bi-racial advisory committees in its bi-annual reports.

**Document Request No. 9:**    Please produce all documents related to the Defendant providing personnel with copies of the desegregation plan and arranging for meetings where the personnel would have an opportunity to hear it explained from 1969 to 1980 and 2013 to present.

**Response:**    The District objects to Request No. 9 as overly broad, unduly burdensome, and vague with respect to "providing personnel with copies of the desegregation plan and arranging for meetings where the personnel would have an opportunity to hear it explained."  The District further objects to Request No. 9 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

Without waiving its objections, the District has provided information regarding professional development in its bi-annual reports.

**Document Request No. 10:**      Please produce all documents related to the in-service training program

provided by the Defendant to assist personnel in resolving difficulties and improving instruction from 1969-

1980 and 2013 through present.

      **Response:**      The District objects to Request No. 10 as overly broad, unduly burdensome, vague

with respect to "the in-service training program provided by the Defendant to assist personnel in resolving

difficulties and improving instruction," not reasonably calculated to lead to the District of admissible

evidence, and not relevant to the parties' claims or defenses in this matter.  The District further objects to

Request No. 10 as overly broad with respect to scope and time.  In considering a school district's motion for

unitary status, courts examine "whether (1) the school district has complied in good faith with

desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the

vestiges of prior *de jure* segregation to the extent practicable."  *See Anderson*, 517 F.3d at 297 (footnote

omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a

motion for unitary status is proper once a school district has operated its school system for a period of 3

years in full compliance with the provisions of the desegregation orders, during which time it has engaged

in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715

n. 3 (N.D. Miss. 2013).  The District further states neither its Desegregation Order nor Consent order

impose any obligation to operate a program as described in this Request.

**Document Request No. 11:**      Please provide all documents related to the biracial faculty committees

appointed by the Defendant to study and revise the curriculum at each school to assure better learning

opportunities for all students from 1969 to 1980 and 2013 to present.

      **Response:**      The District objects to Request No. 11 as overly broad, unduly burdensome, not

reasonably calculated to lead to the District of admissible evidence, and not relevant to the parties' claims

or defenses in this matter.  The District further objects to Request No. 11 as overly broad with respect to

scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the

school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013). The District further states neither its Desegregation Order nor Consent order impose any obligation to operate a program as described in this Request.

**Document Request No. 12:**      For each school operated by the District between 1969 and 1980, please produce all documents related to any remedial programs offered at each school for reading and mathematics skills.

**Response:**      The District objects to Request No. 12 as overly broad, unduly burdensome, not reasonably calculated to lead to the District of admissible evidence, and not relevant to the parties' claims or defenses in this matter. The District further objects to Request No. 12 as overly broad with respect to scope and time. In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

**Document Request No. 13:**     For each school currently operated by the District since 2012, please produce all documents relating to any remedial programs offered at each school for reading and mathematics skills.

   **Response:**     The District objects to Request No. 13 as overly broad, unduly burdensome, not reasonably calculated to lead to the District of admissible evidence, and not relevant to the parties' claims or defenses in this matter.  Without waiving its objections, see documents produced as MPSD-000190 – MPSD-000204.

**Document Request No. 14:**     For each school operated by the District between 1969-1980, produce all documents related to the District's review and revision of student grouping procedures.

   **Response:**     The District objects to Request No. 14 as overly broad, unduly burdensome, not reasonably calculated to lead to the District of admissible evidence, and not relevant to the parties' claims or defenses in this matter.  The District further objects to Request No. 14 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has operated its school system for a period of 3 years in full compliance with the provisions of the desegregation orders, during which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).

**Document Request No. 15:**     For each school currently operated by the District from 2012 to the present, produce all documents related to the District's review and revision of student grouping procedures.

**Response:**        The District objects to Request No. 15 as overly broad, unduly burdensome, not reasonably calculated to lead to the District of admissible evidence, and not relevant to the parties' claims or defenses in this matter.

**Document Request No. 16:**        Produce all documents related to the review and revision of curriculum to provide recognition of Black history and culture from 1969-1980 and 2013 to present.

**Response:**        The District objects to Request No. 16 as overly broad, unduly burdensome, not reasonably calculated to lead to the District of admissible evidence, and not relevant to the parties' claims or defenses in this matter.  Without waiving its objections, see documents produced as MPSD-000205 through MPSD-000210.

**Document Request No. 17:**        Produce all documents related to the implementation of Head Start or similar preschool programs for all children.

**Response:**        The District objects to Request No. 17 as overly broad, unduly burdensome, not reasonably calculated to lead to the District of admissible evidence, and not relevant to the parties' claims or defenses in this matter.  Without waiving its objections, see documents produced as MPSD-000211 through MPSD-000252.

**Document Request No. 18:**        Please produce all documents related to the student-faculty human relations committee created by the District to aid in implementation of desegregation from 1969 to 1980 and 2013 to present.

**Response:**        The District objects to Request No. 18 as overly broad, unduly burdensome, not reasonably calculated to lead to the District of admissible evidence, and not relevant to the parties' claims or defenses in this matter.  The District further objects to Request No. 18 as overly broad with respect to scope and time.  In considering a school district's motion for unitary status, courts examine "whether (1) the school district has complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school district has eliminated the vestiges of prior *de jure* segregation to the extent practicable."

*See Anderson*, 517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct.

1430 . . . according to pertinent case law, a motion for unitary status is proper once a school district has

operated its school system for a period of 3 years in full compliance with the provisions of the

desegregation orders, during which time it has engaged in no instances of intentional discriminatory

activity. *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013). The District further

states neither its Desegregation Order nor Consent Order impose any obligation to operate a program as

described in this Request.

**Document Request No. 19:**     Please produce all documents relating to any reports created by

Defendant for the Court, the U.S. Department of Justice, Plaintiffs, or third-parties to assess your

implementation of the Desegregation Order or Consent Order.

**Response:**     The District's bi-annual reports and various responses to requests for information

from the Department of Justice and Private Plaintiffs are already in the possession of the Private Plaintiffs.

**Document Request No. 20:**     Please produce all documents related to investigations conducted by the

U.S. Department of Justice of District's compliance with the Desegregation Order between 1969 and 2011.

**Response:**     The District objects to Request No. 20 as overly broad, unduly burdensome, vague

with respect to "investigations conducted by the U.S. Department of Justice," not reasonably calculated to

lead to the District of admissible evidence, and not relevant to the parties' claims or defenses in this matter.

The District further objects to Request No. 20 as overly broad with respect to scope and time. In

considering a school district's motion for unitary status, courts examine "whether (1) the school district has

complied in good faith with desegregation orders for a reasonable amount of time, and (2) the school

district has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *See Anderson*,

517 F.3d at 297 (footnote omitted); *see also Freeman*, 503 U.S. at 492, 498, 112 S. Ct. 1430 . . . according

to pertinent case law, a motion for unitary status is proper once a school district has operated its school

system for a period of 3 years in full compliance with the provisions of the desegregation orders, during

which time it has engaged in no instances of intentional discriminatory activity.  *United States v. Mississippi*, 941 F. Supp. 2d 708, 715 n. 3 (N.D. Miss. 2013).  Without waiving its objections, the best source of documents related to investigations conducted by the Department of Justice is the Department of Justice.

**Document Request No. 21:**      Please produce all Student Discipline Reports for SY 2017-2018 pertaining to the students associated with the student identification numbers below.  The student identification numbers are from the Q3 and Q4 discipline data that the Defendants provided in their most recent Biannual Report in August 2018.  Please redact student identifying information.

| Student ID |
|:----------:|
| 1001853 |
| 1017616 |
| 1025541 |
| 1265392 |
| 1267977 |
| 1301780 |
| 1328164 |
| 1389293 |
| 1425887 |
| 1448743 |
| 1450484 |
| 1466108 |
| 1470912 |
| 1470967 |
| 1473567 |
| 1473729 |
| 1502598 |
| 1508386 |
| 753572 |
| 830567 |
| 830654 |
| 830694 |
| 846954 |
| 920331 |

**Response:**      The District objects to Request No. 21 as overly broad, unduly burdensome, and to the extent it seeks information the District is not required to provide under the Consent Order.

**Document Request No. 22:**     Please produce a copy of all documents related to communications between the Defendants and any third-party regarding this case since the entry of the Consent Order.

   **Response:**     The District objects to Request No. 22 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not limited in subject matter, and to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, and/or the Federal Rules of Evidence covering consulting experts.  The District further objects to Request No. 22 as vague with respect to "communications between the Defendants and any third-party regarding this case."

**Document Request No. 23:**     Please produce a copy of any document you contend is a statement against interest by the Plaintiffs.

   **Response:**     The District has no documents responsive to this request.

**Document Request No. 24:**     Please produce a copy of all transcripts, audio recordings, statements, or summaries of interviews of witnesses, town-hall or other meeting participants, or other individuals providing information related to this case.

   **Response:**     The District is without documents responsive to this Request.

**Document Request No. 25:**     If you are withholding any documents responsive to these requests subject to attorney/client privilege, work-product doctrine, investigatory privilege, or any other privilege, produce a privilege log identifying the document(s) withheld, including the date, author, recipient, and subject of the document(s).

   **Response:**     There are no specific documents being withheld pursuant to any privilege at this time.

Respectfully submitted, this 31st day of October 2018.

**Meridian Public School District**

DR. AMY CARTER, SUPERINTENDENT

AS TO OBJECTIONS:


/s/  John S. Hooks
Holmes S. Adams
MS Bar No. 1126
John S. Hooks
MS Bar No. 99175
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Telephone:  601.353.3234
Facsimile:  601.355.9708
Holmes.adams@arlaw.com
John.hooks@arlaw.com

And

John G. Compton
MS Bar No. 6433
Witherspoon and Compton LLC
1100 23rd Avenue
Meridian, Mississippi 39302
Telephone: 601.693.6466
Facsimile: 601.693.4840
E-Mail: JCompton@witherspooncompton.com

**VERIFICATION**

STATE OF MISSISSIPPI
COUNTY OF LAUDERDALE

Personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid, Dr. Amy Carter, Superintendent of Meridian Public School District, who, being duly sworn, states on oath that she has signed the above and foregoing Answers to Plaintiffs' First Set of Interrogatories and Requests for Production, and that the matters and things contained therein are true and correct to the best of her knowledge and belief.

_____
Dr. Amy Carter, Superintendent

SWORN TO AND SUBSCRIBED BEFORE ME, this $\overline{31}$ day of October, 2018.

_____
Notary Public
My Commission Expires: April 3, 2020

STATE OF MISSISSIPPI
MONICA Y CRYER
NOTARY PUBLIC
ID No. 73238
Commission Expires
April 3, 2020
LAUDERDALE COUNTY

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed a notice of service of the above document with the Clerk of Court using the CM/ECF system and caused a true and correct copy of the above document to be served on counsel for the Private Plaintiffs via electronic mail as listed below:

Alexis Hoag (ahoag@naacpldf.org)
Natasha Merle (nmerle@naacpldf.org)
Kristen Johnson (kjohnson@naacpldf.org)
Louis Fisher (lfisher@naacpldg.org)
NAACP Legal Defense Fund
40 Rector Street, 5th Floor
New York, NY 10006-1738

Electronic service has also been provided to counsel for the United States.

Dated:  October 31, 2018.


/s/  John S. Hooks