# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| JOHN BARNHARDT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Civil Action No. 4:65-cv-01300-HTW-LRA 1300(E) |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | **PLAINTIFFS' AMENDED NOTICE OF** |
| v. | ) | **DEPOSITION OF MERIDIAN PUBLIC** |
| | ) | **SCHOOL DISTRICT** |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs John Barnhardt, et al. (collectively, "Plaintiffs"), will take the Rule 30(b)(6) deposition of the witness(es) designated by the Defendant Meridian Public School District ("District" or "Defendant"), at the Meridian Public School District Central Office, 1019 25th Avenue, Meridian, MS 39301 on November 9, 2018, at 9:00 a.m. (or at such other time and place as the parties may mutually agree). The deposition will be recorded stenographically, by a certified court reporter, and by video. The deposition will continue from day to day, or according to a schedule mutually agreed upon by the parties, until completed.

Pursuant to Rule 30(b)(6), Private Plaintiffs request that a witness (or witnesses) be produced who is (or are) knowledgeable regarding the matters set for below. Defendant is hereby requested to set forth, for each person so designated, the matters on which s/he will testify.

## GENERAL GUIDELINES

The term "document" is intended to have the broadest possible meaning under the Federal Rules of Civil Procedure, and includes, without limitation, all any written or otherwise recorded graphic matter of any type and any electronically stored information as defined in FRCP 34(a) and any information that is written, typed, printed, recorded, filmed, or otherwise graphically or digitally stored, produced, or reproduced, including, but not limited to, all data contained in Defendant's computer systems and databases, computers, and/or mobile data devices, as well as all memoranda, policies, reports, financial statements, school records, emails, handwritten and other notes, meeting minutes, transcripts, notices, papers, letters, envelopes, faxes, telegrams, telex messages, lists, tabulations, studies, evaluations, projections, summaries, statements, opinions, journals, diaries, log books, surveys, graphs, books, pamphlets, articles, magazines, newspapers, booklets, bulletins, regulations, maps, photographs, microfilms, tapes, discs, data cells, video recordings, website, social network site postings and blogs, online network storage systems, or other data storage device from which information can be obtained.

The terms "policies" or "procedures" means any written or unwritten policy, procedure, guidance, protocol, directive, mandate, rule, regulation, course of action, strategy, plan, memorandum of understanding, guiding principle, plans, guidelines, program, method, routine, process, modus operandi, technique, practice, system, formula, routine, and other modes of conduct that govern operations.

The terms "and," "or," as well as "and/or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the notice all responses that otherwise might be construed to be outside its scope.

"CONSENT DECREE" means the Consent Decree entered by the District Court in the above-captioned case on May 30, 2013 and available at ECF docket entry no. 36.

"DESEGREGATION ORDER" means the currently operative desegregation plan entered in this case on November 7, 1969 by the United States Court of Appeals for the Fifth Circuit. *United States v. Hinds County Sch. Bd.*, 423 F.2d 1264 (5th Cir. 1969).

## DEPOSITION TOPICS

**Faculty and Staff**

1. The recruitment of faculty and staff to each of the Defendant's schools for each year from 2013 through present, including all the Defendant's policies and practices concerning:
   a. The creation and implementation of an outreach and/or recruitment plan for minority faculty and staff; and
   b. The preparation, maintenance, and use of job fair and recruitment data, including documents concerning demographic and participant data, to target recruitment efforts.

2. The procedure used to hire faculty and staff within the Defendant's schools for each year from 2013 through present, including:
   a. All application and interview policies;
   b. Any modifications to the written hiring and assignment practices and procedures;
   c. Instruments utilized during the interview and hiring processes;
   d. Applicant tracking mechanisms; and
   e. Any other factors that are used to compare the qualifications of applicants.

3. The racial compositions of the faculty and staff at each of the Defendant's schools from 2013 through present, and all charts, reports and documentation related to the hiring, retention and termination of faculty and staff.

4. The assignment and/or reassignment of staff and faculty to each of the Defendant's schools from 2013 through present.

5. The Defendant's efforts to comply with the Desegregation Order in the areas of faculty and staff assignments, including the transfer of faculty or staff within the District.

6. The racial composition of faculty and staff at Poplar Springs Elementary School, from 1969 to the present.

7. The non-renewal, termination, laying off, demotion (as defined by the Desegregation Order), or discontinuation of employment, of faculty and staff, including the reason for

non-renewal, and the principal and/or administrator that recommended the faculty or staff person's non-renewal or demotion for each year from 2013 through present.

8. All facts, information, and documents that would support an assertion by Defendant that it has complied with the Desegregation Order and its affirmative desegregation obligations, and that it has eliminated the vestiges of its past de jure discrimination to the extent practicable with respect to faculty and staff assignment.

9. All other issues concerning faculty and staff previously raised by the parties in their motions and correspondence.

**Student Assignment**

1. The assignment of students to each school and each classroom in each school, including all of the Defendant's policies and practices concerning:
   a. The drawing and enforcement of attendance zones;
   b. School closures or consolidations;
   c. The review, approval and enforcement of intra-district student transfer requests, including majority-to-minority transfers
   d. The review, approval and enforcement of inter-district student transfer requests;
   e. The creation, implementation and enforcement of school capacity limits;
   f. The preparation, maintenance, and use of records, including documents concerning student demographic and enrollment patterns and residential housing patterns by race.

2. All of the Defendant's actions that impacted student assignment, including all decisions concerning:
   a. School attendance zones, including modifications since the November 7, 1969 desegregation order, July 20, 1970 order allowing modifications to the desegregation plan, and the June 19, 2009 order modifying the desegregation plan
   b. Inter- and intra-district student transfer requests that were granted or denied;
   c. School capacity limits; and
   d. Student demographic and/or school enrollment studies and reports.

3. All proposals the Defendant has considered and/or adopted to prospectively modify, alter, and/or replace any part of the above-referenced student assignment policies and decisions.

4. The racial compositions of the student bodies at each of the Defendant's schools for all years from 2013 to present, and all related maps, enrollment reports and projections, and documents.

5. The racial composition of the student body at Poplar Springs Elementary School from 1969 to the present.

4

6.  All computer database information related to student assignment to schools, including student locator maps, student 911 addresses, and school assignment data for all students, and all related maps, charts, and documents.

7.  All demographic shifts, changes to housing patterns, and/or changes to student enrollment patterns that have impacted the racial composition of the Defendant's schools, and all related studies and reports commissioned or conducted by the Defendant.

8.  The curriculum, course offerings, and all other educational and/or academic programs at each school, including, but not limited to Advanced Placement (AP), special education, and gifted programs.

9.  Defendant's policies and practices that permit students at each of Defendant's schools to qualify for participation or otherwise enroll in particular courses and educational and/or academic programs at each school, including, but not limited to AP, special education, and gifted programs.

10. The racial composition and enrollment for those courses, and academic and/or educational programs, including, but not limited to AP, special education, and gifted programs.

11. Defendant's efforts, including any policies and practices, to ensure that student grouping procedures comply with the Desegregation Order, including any attempts to address racial disparities in course assignments and the District's efforts to review and/or revise grouping procedures from 2013 to present

12. All facts, information, and documents that would support an assertion by Defendant that it has complied with the Desegregation Order since it was entered and that the Defendant has eliminated the vestiges of its past de jure discrimination to the extent practicable with respect to student assignment, including ability grouping.

**Academic Achievement**

1.  All remedial programs in reading and mathematics skills in place at each of Defendant's schools from 2013 to present.

2.  All research, analysis, evaluation District has conducted of academic achievement, including graduation, retention, and dropout rates, to determine whether any racial disparity is a vestige of its past de jure discrimination.

3.  All research, analysis, evaluations that the District has conducted of the effectiveness of remedial programs to address racial disparities in reading and math skills, and graduation, retention, and dropout rates, or otherwise comply with the Desegregation Order from 1969 to present.

4.  The high school graduation rates by race districtwide from 2013 to present.

5

5. In-grade retentions by grade and by race for each of Defendant's schools from 2013 to present.

6. The dropout rates by grade and by race districtwide and for each of Defendant's schools from 2013 to present.

7. All documents produced by Defendant related to curriculum, quality of education and student achievement.

**Discipline and 2013 Consent Order**

1. The disciplining of students at each school operated by the District, including all of Defendant's policies and practices concerning:
    a. The categorization of student conduct and disciplinary actions/punishments;
    b. The dissemination of information related to discipline, including to students, parents, teachers, and community members;
    c. The use of discipline by faculty, staff, and /or administrators;
    d. The use of referrals for disciplinary purposes, including out-of-class referrals to school-level administrators, referrals to the alternative school (Marion Park), and referrals to outside authorities, such as law enforcement;
    e. The administering of discipline, including the use of all factors or other criteria, such as progressive discipline models, to determine what punishments will be levied in different circumstances;
    f. The preparation, maintenance, and use of records, including all school-level referral forms, records, and tabulations;
    g. The implementation of Positive Behavior Interventions and Supports ("PBIS") and evaluation of compliance for District personnel;
    h. The training and supervision provided to faculty and staff, and school safety officers ("SSOs") and school resource officers ("SROs"), including all training on the Defendant's policies, professional development related to classroom management, PBIS, de-escalation and cultural sensitivity training; and
    i. All efforts the Defendant has taken to address and remedy racial disparities, if any, in student discipline.

2. All proposals Defendant has considered and/or adopted to prospectively modify, alter, and/or replace any part of the above-referenced student discipline policies and decisions since 2013.

3. All facts, information, and documents that support an assertion by Defendant that it has complied with its affirmative obligations under the Consent Decree.

4. Data relating to the District's compliance with its obligation to implement a system of graduated infractions, corrective strategies, and consequences.

5. The District's policy and procedures for providing students and their parents with due process before imposing disciplinary consequence.

**Law Enforcement and 2013 Consent Decree**

1. All information and documents related to interventions by the Meridian Public School District Police Department ("MPSDPD") that resulted in exclusionary discipline, restraint, use of force, citations and/or arrest from 2013 to the present.

2. All policies and practices related to trainings that MPSDPD employees received to comply with obligations under the Consent Decree.

3. All policies and practices related to use of force for MPSDPD employees from 2013 to the present.

4. All facts, information, and documents produced by Defendant related to Law Enforcement Agencies and 2013 Consent Decree.

Dated: October 23, 2018

/s/ Fred L. Banks, Jr.
Fred L. Banks, Jr.
Phelps Dunbar LLP
Mississippi State Bar No. 1733
4270 I-55 North
Jackson, MS 39211-6391
Tel: (601) 360-935
Fax: (601) 360-9777
fred.banks@phelps.com

/s/ Louis Fisher
Natasha Merle
Kristen Johnson
Louis Fisher
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
nmerle@naacpldf.org
kjohnson@naacpldf.org
lfisher@naacp.ldf.org

*Counsel for Private Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October 2018, I served a copy of this notice by

e-mail to all  counsel of record.

/s/ Louis Fisher
Louis Fisher
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
lfisher@naacpldf.org