# EXHIBIT 5

| | |
|---|---|
| **From:** | Jaime Dole <Jaime.Dole@arlaw.com> on behalf of John Hooks <John.Hooks@arlaw.com> |
| **Sent:** | Friday, November 16, 2018 5:26 PM |
| **To:** | Vaughan, Aria (CRT); Louis Fisher; John Hooks |
| **Cc:** | John Compton; Natasha Merle; Kristen A. Johnson; John Cusick; Singleton, Natane (CRT) |
| **Subject:** | RE: Barnhardt v. Meridian: forthcoming motions |

Hi Aria and Louis,

When the parties met in Washington, D.C. on November 9, 2017, the District provided both the DOJ and the LDF a draft of the District's brief in support of unitary status and asked the Plaintiff Parties to provide feedback regarding any specific areas of agreement or concern. The Board Chairman and Superintendent attended the meeting in good faith in an effort to avoid unnecessary and expensive litigation. The issues in this case are straightforward. This, after all, is a school district with a student enrollment of approximately 95% African-American. The majority of the Board of Education is African-American, including the Board Chairman. The Superintendent, as well as her two predecessors, is African-American.

Now, 372 days after the meeting, the DOJ has provided no feedback on the District's motion or memorandum in support of unitary status. The LDF has only signaled that it has no objection to facilities, transportation, and extracurricular activities. As the Plaintiff Parties know, your alleged concerns stemming from the adequacy of Chief Clayton's deposition do not impact your ability to note any specific objections to the District's motion for unitary status with regard to any of the *Green* factors as well as the vast majority of the provisions of the 2013 Consent Decree. Not only did you agree to provide this information to the District in our meeting of November 9, 2017, it is the Plaintiff Parties' obligation to do so under the Court's scheduling order.

The District does not agree to an extension of your important obligation to provide specific objections to the District's motion for unitary status as ordered by the Court. The Plaintiff Parties have had 47 years to evaluate this case and to determine whether the District is unitary. The District cannot be responsible for the LDF's decision to submit discovery six months after the District filed its motion for unitary status and the DOJ's decision to submit discovery two days before the deadline.

The truth is your allegation that Chief Clayton did not "substantively answer questions" is a blatant attempt to delay the hearing in this matter. Chief Clayton appropriately directed the LDF's lawyer Mr. Cusick to the professional development and training information provided in the District's bi-annual reports. That information is substantive and complete. The only person unprepared at the deposition was Mr. Cusick who did not appear to understand what Chief Clayton meant when he said that the training materials had been "submitted." Only later in the deposition, after a break, did Mr. Cusick come to the conclusion that training materials had been included in the District's voluminous bi-annual reports. Mr. Cusick did not have those materials on-hand to question Chief Clayton about them. The DOJ attended the deposition only by telephone and asked no question whatsoever of Chief Clayton. The DOJ did not notice Chief Clayton's deposition and has no right to object to anything about the deposition at this late stage. Neither party is entitled to another bite at the apple.

I do not believe Chief Clayton, who has worked extremely hard to further the objectives of the 2013 Consent Decree should be used as a scapegoat by Plaintiff Parties to sabotage the District's efforts to present this case. The Meridian Public School District is eager to appear in Court and show all the reasons why it received special commendation for it success in implementing the 2013 Consent Decree at a White House ceremony by then-Attorney General Loretta Lynch.

Finally, I asked both Louis and Aria to cite specific provisions of the rough draft of Chief Clayton's testimony in support of their reckless allegations that Chief Clayton had not "substantively answered" their questions.  No citations to the record were provided, because none can be found.  Further, before the deposition, the District specifically objected to the broad range of inquiry regarding law enforcement operations and activities in the LDF's 30(b)(6) notice:

4.       All facts, information, and documents produced by Defendant related to Law Enforcement Agencies and 2013 Consent Decree.

   **Objection:**       The phrase "fact, information, and documents produced by Defendant related to Law Enforcement Agencies" is vague and does not adequately describe the information about which deponent will be asked to testify.  Additionally, this area of inquiry is overly broad, as it requires the deponent to have knowledge of all District documents for a five-year period related to "documents . . . related to Law Enforcement Agencies" and the 2013 Consent Decree.  Further, documents relevant to this topic are in the possession of the Private Plaintiffs; therefore, to the extent the Private Plaintiffs wish to question the deponent about a specific instance, they should be prepared to provide the deponent with relevant documentation.

Despite this objection, and despite Ms. Merle's agreement to accommodate this objection by providing witnesses specific documents, Mr. Cusick proceeded to question Chief Clayton repeatedly regarding training and professional development over the entire course of the 2013 Consent Decree without referencing any documents from the voluminous bi-annual reports, which specifically contain this information as noted in the District's objection above.  As I said in the deposition, the questions regarding the voluminous training materials already provided and referenced by Chief Clayton were fundamentally unfair.

The Consent Decree presupposes that the parties will work in good faith.  Attempting to surprise Chief Clayton and embarrass him at his deposition with unresolved questions about several policies and procedures could not have been done in good faith.  District counsel has repeatedly asked the Plaintiff Parties if they believe the District has any loose ends to tie up regarding its desegregation obligations, particularly regarding its obligations under the 2013 Consent Decree.  Had District counsel or the Superintendent been aware that final details had not been resolved regarding these policies, progress would have been made to resolve the matter immediately as has been the case with every other aspect of implementing the 2013 Consent Decree.

Finally, once again, we are calling on the LDF and the DOJ to step up to the plate and act in good faith to bring any concerns you have to the attention of the District immediately as ordered by the Court.  Lying in wait to surprise witnesses about unresolved concerns is unprofessional and unproductive to advancing unitary status for the Meridian Public Schools, a goal toward which we should all be striving.

Regards,

John

---

**From:** Vaughan, Aria (CRT) [mailto:Aria.Vaughan@usdoj.gov]
**Sent:** Friday, November 16, 2018 3:19 PM
**To:** Louis Fisher; John Hooks
**Cc:** John Compton; Natasha Merle; Kristen A. Johnson; John Cusick; Singleton, Natane (CRT)
**Subject:** RE: Barnhardt v. Meridian: forthcoming motions

John,

The United States agrees that Chief Clayton did not substantively answer questions about Meridian Public School District Police Department's training and policies and procedures, including the District's response to plaintiffs' proposed revisions to those policies and procedures and the District's adopted definition of force under those policies. We will not oppose private plaintiffs' motion.

Given the outstanding discovery requests, including the District's response to our own request, we agree that the parties should ask the Court to push the discovery deadline back until all documents are received and depositions have closed, as well as provide two weeks following that date to notify the District as to our specific objections to unitary status. The information we have requested following Chief Clayton's 30(b)(6) deposition is information that should have been reported to us pursuant to paragraph 109 of the 2013 Consent Order and was separately requested at various points throughout our monitoring of the District's compliance of that order, including on November 9, 2017, following our in-person meeting to discuss the District's progress towards achieving unitary status. It is imperative that we are given an opportunity to engage in a meaningful review of all information so we can make a fully informed decision.

Best,
Aria

---------------------------------------------------------
Aria S. Vaughan
Trial Attorney
U.S. Department of Justice, Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., N.W., PHB 4300
Washington, DC  20530
Tel: 202-616-2166  |  Fax 202-514-8337
aria.vaughan@usdoj.gov

For overnight mail:
U.S. Department of Justice, Civil Rights Division
Educational Opportunities Section
601 D Street, NW
Patrick Henry Building, Rm. 4116
Washington, DC  20004

This email message contains confidential information intended only for the use of the individual or entity to whom it is addressed. It may also contain legally privileged information. If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, notify me by email and destroy all paper and electronic copies.

**From:** Louis Fisher <lfisher@naacpldf.org>
**Sent:** Friday, November 16, 2018 4:15 PM
**To:** John Hooks <John.Hooks@arlaw.com>
**Cc:** John Compton <JCompton@witherspooncompton.com>; Natasha Merle <nmerle@naacpldf.org>; Kristen A. Johnson <kjohnson@naacpldf.org>; John Cusick <jcusick@naacpldf.org>; Vaughan, Aria (CRT) <Aria.Vaughan@crt.usdoj.gov>; Singleton, Natane (CRT) <Natane.Singleton@crt.usdoj.gov>
**Subject:** RE: Barnhardt v. Meridian: forthcoming motions

John:

Chief Clayton was unable to substantively answer questions relating to trainings—both required under the MOU between the Meridian Police Department and Meridian Public School District Police Department ("MPSDPD") and the 2013 Consent Order; MPDSDPD's polices and procedural manual; and revisions to edits proposed by the United States and Plaintiffs to several policies introduced as exhibits during the deposition. Throughout these lines of questions, Chief Clayton testified that he would have to look back at the document to provide an answer and/or that he had submitted documentation of which Plaintiffs have no record.

Plaintiffs would also like to re-up our request of your position on our motion to extend the discovery deadline to 2-weeks after receipt of anything ordered by the Court, as well as to extend our time to provide objections to unitary status until 2 weeks after such receipt of the documents/opportunity to re-depose. As you know, Plaintiffs have a motion to compel already outstanding. We also intend to file motion to compel production of documents responsive to RFP 21 today and a motion to re-depose Chief Clayton (if the parties are unable to come to an agreement).

Let me know if you have any additional questions.

Thank you,

Louis


**Louis Fisher**
**Harvard Law Review Public Interest Fellow**
**NAACP Legal Defense and Educational Fund, Inc.**
40 Rector Street, 5th Floor, New York, NY 10006
212.965.2267  lfisher@naacpldf.org
www.naacpldf.org



PRIVILEGE AND CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged or confidential information and is/are for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** John Hooks <John.Hooks@arlaw.com>
**Sent:** Thursday, November 15, 2018 12:48 PM
**To:** Louis Fisher <lfisher@naacpldf.org>
**Cc:** John Compton <JCompton@witherspooncompton.com>; Natasha Merle <nmerle@naacpldf.org>; Kristen A. Johnson <kjohnson@naacpldf.org>; John Cusick <jcusick@naacpldf.org>; Aria Vaughan <Aria.Vaughan@usdoj.gov>; Natane.Singleton@usdoj.gov
**Subject:** Re: Barnhardt v. Meridian: forthcoming motions

Louis:

Please provide a list of questions you contend Chief Clayton did not answer, including citations to the transcript.

I will respond once I have reviewed.

Thanks,

John

4

John S. Hooks

Adams and Reese LLP
1018 Highland Colony Parkway, 800
Ridgeland, Mississippi 39157

Direct: 601.292.0708
Cell: 601.750.5434
E-fax: 601.944.9037

Admitted in Mississippi and the District of Columbia



**John Hooks**
Partner
Admitted in Mississippi and District of Columbia

1018 Highland Colony Parkway, Suite 800 | Ridgeland, MS 39157
**main** 601.353.3234  |  **direct** 601.292.0708  |  **mobile** 601.750.5434
**efax** 601.944.9037  |  **fax** 601.355.9708

**john.hooks@arlaw.com**

**website bio vCard map**

On Nov 15, 2018, at 10:44 AM, Louis Fisher <lfisher@naacpldf.org> wrote:

> All,
>
> Plaintiffs plan to file a motion to extend the discovery deadline to a date two weeks after the Court's ruling on our pending motion to compel. Please let us know by COB today if you consent to this extension?
>
> Plaintiffs also plan to file a motion to re-depose Chief Clayton based on his lack of preparedness for the 30(b)(6) deposition. Please give your positions on this request today as well.
>
> Thanks,
>
> Louis
>
>
> **Louis Fisher**
> **Harvard Law Review Public Interest Fellow**
> **NAACP Legal Defense and Educational Fund, Inc.**
> 40 Rector Street, 5th Floor, New York, NY 10006
> <image001.jpg>  212.965.2267  <image001.jpg>  lfisher@naacpldf.org
> www.naacpldf.org  <image002.jpg>   <image003.jpg>
>
> <image004.jpg>
> PRIVILEGE AND CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged or confidential information and is/are for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited.

**If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.**