# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al., | ) |
| Plaintiffs, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) Civil Action No. 4:65-cv-01300-HTW-LRA |
| | ) 1300(E) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF PRIVATE PLAINTIFFS' MOTION TO SEEK LEAVE TO RE-DEPOSE AN UNPREPARED 30(b)(6) DESIGNEE

## INTRODUCTION

Plaintiffs John Barnhardt *et al.* (collectively, "Plaintiffs") hereby move this Court for an order seeking leave to re-depose Meridian Public School District Police Department ("MPSDPD") Chief Ricardo Clayton or another knowledgeable witness designated by the District.

The District failed to adequately prepare Chief Clayton as required by Federal Rule of Civil Procedure ("Rule") 30(b)(6). Under Rule 30(b)(6), the District had a duty to prepare Chief Clayton to be knowledgeable on topics he was assigned as a Rule 30(b)(6) designee to answer for the District. The duty included preparing Chief Clayton to know facts beyond those known to him in his personal capacity, as well as a review of documents relevant to the Rule 30(b)(6) noticed topics. Chief Clayton was unable to answer substantive questions about the noticed topics concerning law enforcement and the 2013 Consent Decree. Defendants' failure to prepare Chief Clayton or another knowledgeable witness prevented Plaintiffs from obtaining relevant discovery to which they were entitled.

## FACTUAL BACKGROUND

On October 23, 2018, Plaintiffs sent the District an amended notice of the Rule 30(b)(6) deposition and requested that the District produce a witness (or witnesses) who is (or are) knowledgeable about specified topics, including law enforcement and the 2013 Consent Decree. Exhibit 1. The noticed topics included:

1. All information and documents related to interventions by the Meridian Public School District Police Department ("MPSDPD") that resulted in exclusionary discipline, restraint, use of force, citations and/or arrest from 2013 to the present.

2. All policies and practices related to trainings that MPSDPD employees received to comply with obligations under the Consent Decree.

3. All policies and practices related to use of force for MPSDPD employees from 2013 to the present.
4. All facts, information, and documents produced by Defendant related to Law Enforcement Agencies and the 2013 Consent Decree.

Defendants designated MPSDPD Chief Clayton on November 7, 2018 as its witness in the Rule 30(b)(6) deposition for these topics.

On November 12, 2018, Plaintiffs attempted to take the deposition of Chief Clayton. However, the Defendants' failure to prepare Chief Clayton prevented Plaintiffs from gathering relevant information, as demonstrated from his inability to substantively answer relevant questions throughout the deposition.

## ARGUMENT

Rule 30(b)(6) requires the designating party ("deponent") to produce one or more witnesses who are knowledgeable about the subject matters of the noticed topics. *Brazos River v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). In order to satisfy its duty in producing a knowledgeable deponent, the party must make a "'conscientious good-faith endeavor to designate the persons having knowledge of the matters sought' by the discovery party and to '*prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'" *Id.* (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (citations omitted) (emphasis added). More specifically, the "deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.*

The District failed to prepare Chief Clayton to testify regarding the noticed topics. During his deposition, Chief Clayton testified that he did not review any documents in preparation for the

Rule 30(6)(b) deposition.[1] MSPD 30(b)(6) Clayton Dep. 5:19-21. When specifically asked whether he reviewed any of the District's training materials before the deposition, he answered evasively, "I know I look at all we have accomplished as a department." *Id.* 63: 15-25, 64: 1-11.

Plaintiffs attempted to ask numerous questions about law enforcement trainings that are required by the 2013 Consent Decree. These trainings are clearly relevant to whether the District has complied with the 2013 Consent Decree. Specifically, Plaintiffs attempted to inquire into whether such trainings were given, the lesson plans and substance of the trainings, when the trainings were given, the trainers who gave them, and attendance, among other things. However, Chief Clayton was not prepared to substantively discuss the trainings required under the 2013 Consent Decree to be undertaken by the District, which was listed as a topic on the Rule 30(b)(6) notice. Chief Clayton was unable to identify how many trainings the District had conducted, and when asked substantive questions about the uncertain number of trainings, he frequently answered that he "would have to look back it." *Id.* 47: 2-12, 54:12-17, 88:10-14, 90: 4-8.

Chief Clayton also answered that information regarding such trainings were "submitted." *Id.* 47: 9-14. However, contrary to Chief Clayton's testimony, documentation regarding several of the required trainings were not produced. In the absence of any documents produced by Defendants on this topic, this 30(b)(6) deposition was the sole means to ascertain relevant evidence as to the trainings required under the 2013 Consent Decree. Chief Clayton's lack of preparation foreclosed basic questions about these trainings, as well as entire lines of questioning into the substance of those trainings.

Defendants' counsel further obstructed questions about trainings by lodging improper speaking objections. *Id.* 66: 22-25, 67: 1-25, 68: 1-25. In response to questions about who

---

[1] Because the final deposition transcript is not yet available, the following is provided for informational purposes only. Plaintiffs can provide the Court with the final certified transcript when it is available, if necessary.

facilitated trainings required under the memorandum of understanding between the MPSDPD and Meridian Police Department, Chief Clayton asserted that "I would need to go back and look." *Id.* 66:24. Plaintiffs followed up by asking whether Chief Clayton reviewed any trainings in preparation for the deposition. *Id.* 66: 24, 67: 1. The District objected, inaccurately claiming that the question was asked-and-answered and further inaccurately claiming that Plaintiffs' counsel was harassing and badgering Chief Clayton about the trainings—claims that were contradicted by the deposition transcript itself. *Id.* 67:2-5. Defense counsel continued raising speaking objections despite being reminded that these were not proper and were contrary to his obligations under the Federal Rules of Civil Procedure. These improper speaking objections further frustrated and obstructed Plaintiffs' attempt to gather relevant information regarding the required trainings.

Plaintiffs also attempted to question Chief Clayton about MPSDPD policies and procedures which are relevant to compliance with the 2013 Consent Decree. However, Chief Clayton could not accurately answer any questions about these policies and procedures on his purported basis that Plaintiffs appeared to have an outdated MPSDPD policies and procedures manual. *Id.* 80: 14-16. Exhibit 2. Chief Clayton could not identify what changes had been made to the manual or why these changes prevented him from answering the questions posed.[2] Since the District had not produced the most recent version of the policies and procedures manual, Plaintiffs attempted to ask whether certain proposed edits by the United States and Plaintiffs were accepted or rejected, which were introduced as Exhibits 9, 10, 11. *Id.* 101:10-22. Exhibit 3. Again, Chief Clayton testified that he would have to look back at the document, that he could not answer questions about whether he had implemented the edits and, if so, why he had accepted or rejected

---

[2] Chief Clayton agreed to produce the most recent version of the MPSDPD's policies and procedures manual, which, at that time, had not been produced by Defendants despite Plaintiffs' discovery requests. MSPD 30(b)(6) Clayton Dep. 96: 24-25, 97:1-4.

the United States and Plaintiffs' proposed edits to policies and procedures. *Id.* 102: 4-25, 103: 1-17.

Concerning the use-of-force policy, for example, Chief Clayton could not substantively discuss the policy adopted by the District and had not previously provided the adopted policy to Plaintiffs. Instead, he only referenced that "it's online as far as under Department of Justice." *Id.* 75: 6-16. When asked from which division within the Department of Justice he had obtained the policy or the website from which he obtained it, Chief Clayton stated that he could not remember. *Id.* 74: 23-25, 75: 1-2. Chief Clayton further testified that he sent back a version of these proposed edits to the Plaintiffs. *Id.* 103: 4-14. Plaintiffs have no records of receiving edits incorporating or rejecting the proposed edits delineated in Exhibits 9, 10, or 11, or an updated policies and procedures manual.

Given the importance and relevance of this line of questioning, during an off-record conversation with opposing counsel, Plaintiffs stated that no such documents had been received from the District and recommended that the parties show Chief Clayton the most recent correspondence concerning these issues in order to streamline the deposition and obtain the necessary information. Because it was clear that Chief Clayton was not prepared to testify to the edits he had made to the policies and procedures, Plaintiffs suggested coming back after lunch so that Defendants' counsel could prepare their witness to substantively testify about the topic. Instead, the Defendants refused such a recess and directed Chief Clayton to simply testify to his current memory of the documents. Because he had not reviewed or prepared to testify about the policies and procedures, Chief Clayton was unable to substantively answer questions about edits, if any, he had made to the policies and procedures.

Whether viewed individually or collectively, Chief Clayton's inability to answer important questions that should have been expected as 30(b)(6) topics, his uncertainty about updated MPSDPD policies and procedures, and his limited knowledge about the noticed topic areas demonstrate that he was not a knowledgeable witness for the purposes of a Rule 30(b)(6) deposition. The District failed to make conscientious, good faith efforts to produce a thoroughly educated witness on topics and facts concerning law enforcement and the 2013 Consent Decree. Plaintiffs cannot fully assess Defendant's compliance with the 2013 Consent Decree without a knowledgeable witness who can answer questions about law enforcement and the 2013 Consent Decree.

Re-deposing either Chief Clayton as a prepared witness or another knowledgeable designee for the District is the only appropriate remedy to address the Defendant's failure to abide by its obligations under Rule 30(b)(6). *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (finding the failure to produce a knowledgeable deponent who was competently prepared to fully and responsibly address the questions posed by the plaintiffs warranted reconvening defendant's deposition); *Mobile Telecommunications Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652-M-BK 2015 WL 12698062, at *4 (N.D. Tex. July 15, 2015) ("allowing Plaintiff to depose Defendant on additional topic to supplement unprepared witnesses and broach relevant new topics cannot be considered an abuse of Rule 30(b)(6)"). Accordingly, Plaintiffs request an opportunity to re-depose Chief Clayton or another knowledgeable witness designated by Defendants on these topics after adequate preparation.

Given the November 16, 2018 deadline, Plaintiffs further request an extension of the discovery deadline until two weeks after the deposition of Chief Clayton. Further, Plaintiffs also request a two-week extension of the deadline to notify the District as to our specific objections to

unitary status as it is imperative that we are given an opportunity to engage in a meaningful review of all information received from the designee. Good cause exists to modify the scheduling order under Federal Rule of Civil Procedure 16(b) given Defendants' unreasonable obstruction in Plaintiffs' discovery efforts. *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."). This modest extension would permit Plaintiffs to obtain the necessary discovery in order to fully present their arguments to the Court without causing any prejudice to Defendants.

Dated: November 16, 2018

Respectfully Submitted,

/s/ Fred L. Banks, Jr.
Fred L. Banks, Jr.
Phelps Dunbar LLP
Mississippi State Bar No. 1733
4270 I-55 North
Jackson, MS 39211-6391
Tel: (601) 360-9356
Fax: (601) 360-9777
fred.banks@phelps.com

/s/ Natasha Merle
Natasha Merle
Kristen Johnson
Louis W. Fisher
John S. Cusick
NAACP Legal Defense and
   Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
nmerle@naacpldf.org
kjohnson@naacpldf.org
lfisher@naacpldf.org

*Counsel for Private Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

                                                        /s/ Natasha Merle
                                                        Natasha Merle
                                                        NAACP Legal Defense and
                                                        Educational Fund, Inc.
                                                          40 Rector Street, 5th Floor
                                                        New York, New York 10006
                                                        Tel: (212) 965-2200
                                                        Fax: (212) 226-7592
                                                        jcusick@naacpldf.org