**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

JOHN BARNHARDT, et al.,

Plaintiffs,

and

UNITED STATES OF AMERICA,

Plaintiff-Intervenor,

v.

MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al.,

Defendants.

Civil Action No. 4:65-cv-01300-HTW-LRA 1300(E)

**PRIVATE PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE**

Private Plaintiffs John Barnhardt *et al.* (collectively, "Plaintiffs") hereby move this Court for an order extending the discovery deadline, pursuant to Federal Rule of Civil Procedure 16(b). Under the joint scheduling order, ECF 78, the current discovery deadline is November 16, 2018. Plaintiffs respectfully request an extension of the discovery deadline until two weeks after the Court has ruled on all outstanding discovery disputes and the District has provided all documents ordered produced by this Court, if applicable, and/or the re-deposition of Chief Clayton ordered by this Court, if applicable. The following discovery motions filed by Plaintiffs are pending before this Court: (1) motion to compel production of information, ECF 86; (2) motion to compel production of Request for Production ("RFP") No. 21, ECF 111; and (3) motion to seek leave to re-depose an unprepared 30(b)(6) designee, ECF 117.

The procedural history of these three discovery disputes is as follows.

With respect to the first motion, ECF 86, on August 22, 2018, the Court held a telephonic scheduling conference, at which the Court ordered Plaintiffs to provide the District with a good faith letter specifying their outstanding requests for information (RFIs). The Court further ordered the District to either produce the requested information or to submit its objections to the Court. ECF 77. On August 28, 2018, Plaintiffs sent a good faith letter to the District. The District responded on September 7, 2018, with written objections to Plaintiffs' outstanding RFIs. ECF 77. The District filed these objections with the Court on September 13. ECF 77. On September 21, 2018, Plaintiffs filed a response to the District's objections. ECF 81.

The Court held a status conference on September 24, 2018, at which Plaintiffs raised the issue of their outstanding RFIs. The parties informed the Court that they had reached an impasse regarding the RFIs after conferring in good faith. At the conference, the Court ordered the Plaintiffs to file a motion to compel and set a briefing schedule. Pursuant to that schedule, Plaintiffs timely filed their motion to compel on October 1, 2018. ECF 86. Defendants filed their response on October 8, 2018 (ECF 90) and Plaintiffs replied on October 15, 2018 (ECF 92).

Second, with respect to the motion to compel production of RFI No. 21, Plaintiffs served their First Set of Interrogatories and Requests for Production on October 1, 2018. RFP No. 21 requests that the District "produce all Student Discipline Reports for SY 2017-18 pertaining to the [24] students associated with the student identification numbers below." The 24 students are a sampling of the 1,401 students involved in disciplinary incidents in Quarters 3 and 4 of the 2017-18 school year in the District. The District objected to this RFP on October 31, 2018, contending it is "overly broad, unduly burdensome, and . . . seeks information the District is not required to provide under the Consent Order." On November 2, 2018, Plaintiffs responded to the District's

objections, maintaining that meaningful review of these records was necessary to evaluate whether the District is complying with the 2013 Consent Order.

On November 5, the District responded that it "will make the individual Student Discipline Record for those student's identified in Request No. 21 available for inspection only during the site visit." The District further responded that "[c]onsistent with the District's objection to the Government's request for copies of individual student records reviewed during the Spring, 2017 site visit, the District will not agree to provide copies of the records to LDF."

From November 9 through November 12, as detailed further in the motion to compel (ECF 111), counsel for the parties continued to confer regarding whether the District would produce copies of the requested student records. Defendants' counsel continued to refuse to provide copies or to allow Plaintiffs' counsel to make copies. On November 16, Plaintiffs timely moved to compel production of copies of these records under Rule 34 to permit meaningful review and analysis of the relevant documents.

Third, and finally, regarding the motion seeking leave to re-depose a 30(b)(6) designee, Plaintiffs served an amended notice of Rule 30(b)(6) deposition on October 23, 2018, which requested that the District produce a witness (or witnesses) who is (or are) knowledge regarding, among other things, law enforcement and the 2013 Consent Decree. On November 7, the District designated Chief Ricardo Clayton to testify to these topics. On November 12, 2018, Plaintiffs attempted to take the deposition of Chief Clayton. The designee was insufficiently prepared, however, and was unable to substantively answer questions about the designated topics. On November 16, Plaintiffs timely filed a motion to seek leave to re-depose an unprepared 30(b)(6) designee, ECF 117.

Plaintiffs respectfully request an extension of the discovery deadline until two weeks after the Court has ruled on Plaintiffs' motions, the District has produced all documents ordered by this Court (if applicable), and Chief Clayton has been re-deposed (if so ordered by the Court). Plaintiffs also request that the deadline for notifying the District of plaintiff-parties' objections to its motion for unitary status be extended to two weeks after the production of documents and/or re-deposition of Chief Clayton.

Plaintiffs have good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b) because Plaintiffs cannot reasonably meet the discovery deadlines despite their good faith, diligent efforts to do so. Plaintiffs have diligently sought production of the requested information, documents, and deposition testimony to which they are entitled under the federal rules. Once the requested information is produced, it is imperative that Plaintiffs have sufficient time to adequately review it.

The parties have conferred in good faith. The District opposes the Motion. The Department of Justice joins the motion.

Dated: November 16, 2018

Respectfully Submitted,

/s/ Fred L. Banks, Jr.
Fred L. Banks, Jr.
Phelps Dunbar LLP
Mississippi State Bar No. 1733
4270 I-55 North
Jackson, MS 39211-6391
Tel: (601) 360-935
Fax: (601) 360-9777
fred.banks@phelps.com

/s/ Louis Fisher
Natasha Merle
Kristen Johnson
John S. Cusick
Louis Fisher
NAACP Legal Defense and
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
lfisher@naacpldf.org

*Counsel for Private Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Louis Fisher
Louis Fisher
NAACP Legal Defense and
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
lfisher@naacpldf.org