THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| JOHN BARNHARDT, ET AL. | PLAINTIFFS |
| and | |
| UNITED STATES OF AMERICA | PLAINTIFF INTERVENOR |
| v. | CIVIL ACTION NO. 4:65-cv-01300–HTW-LRA |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, ET AL. | DEFENDANTS |

**Response to Private Plaintiffs' Motion to Compel**

In the 2013 Consent Decree regarding discipline the parties agreed to a very specific arrangement for how student discipline data would be collected, analyzed, and shared among the parties. Now, the Private Plaintiffs seek to use utilize traditional discovery methods to obtain student information to which they are not entitled under the 2013 Consent Decree.

Paragraphs 103 through 108 of the 2013 Consent Decree address "data collection, data review, and self-assessment." [36], pp. 38-40. There, the District's responsibility for collecting and reviewing "disaggregated discipline data" is described. The process involves creation of a "database" that will assign students a unique identifier and include a description of the disciplinary incident, the student's prior disciplinary history, consequence, date the consequence was imposed, description of interventions that were attempted prior to imposing the consequence, and whether the parent appealed any item of the disciplinary decision. Similar information is captured regarding referrals to law enforcement agencies and school-based arrests.

The 2013 Consent Decree also has a detailed provision regarding "monitoring and enforcement." The basic idea set out in paragraph 109 is that the District will submit semi-annual reports to the Department of Justice, which in turn will provide a copy of the semi-annual reports to counsel for the Private Plaintiffs "subject to the requirements of FERPA." The contents of the report are specifically described in the Consent Decree and include "Data collected, reviewed, and analyzed in paragraphs 104-106 of this Consent Order and copies of any responsive action plans developed and implemented as a result of that review and analysis."

In negotiating the 2013 Consent Decree, the parties specifically did not include in the universe of information to be provided by the District to the Department of Justice all other information related to students. These records are protected by FERPA, and the District is legally obligated to provide parental notifications prior to the dissemination of these records. Further, the laborious process of redacting student names and other personal identifiers would impose an undue burden on the District's already taxed resources. Additionally, even with redactions, the District is concerned that the confidentiality of these student records could easily be compromised.

Because of these concerns, the District objected to a similar request from the Department of Justice for this extraneous confidential student information following a site visit in April, 2017. The District objected to producing the records, because the Department of Justice was not entitled to the information under the 2013 Consent Decree. The Department of Justice did not move this Court to order production of the records.

All of the information necessary for monitoring and enforcement the 2013 Consent Decree is contained in data already provided by the District as required by the Consent Decree. Even so, in an effort to resolve this discovery dispute, the District agreed to allow counsel for the

Private Plaintiffs to inspect the confidential student information beyond that required to be produced under the 2013 Consent Decree.  The District denies the Private Plaintiffs' allegation that they were only allowed three hours to inspect the records.  Four lawyers for the Private Plaintiffs came to the District at various times over a four-day period in November, 2018.  No complaints about insufficient time or the process for inspection were presented to the Superintendent or the District's counsel.  The District admits that it takes its obligations under FERPA seriously and, therefore, undertook measures to protect the documents from illegal and unauthorized dissemination by virtue of photocopies made by cellular phone or otherwise.

In a further good-faith effort to resolve this dispute, the District has agreed to offer the documents in question for further inspection at the convenience of the Private Plaintiffs' counsel.  The District has offered to make the documents available to counsel for the Private Plaintiffs during their visit to continue Chief Clayton's deposition.  In an effort to make the continuation of Chief Clayton's deposition and continued inspection of the records as convenient as possible, the District has offered for both to be conducted at the offices of Adams and Reese LLP in Ridgeland, Mississippi.  *See,* Exhibit 1.

The Private Plaintiffs have not shown they are entitled to the documents under the Federal Rules of Civil Procedure or the 2013 Consent Decree.  The District requests the Court deny the Private Plaintiffs' motion to compel.

Respectfully submitted, this 21st day of November, 2018.

**MERIDIAN PUBLIC SCHOOL DISTRICT**

/s/  John S. Hooks

OF COUNSEL:

Holmes S. Adams
MS Bar No. 1126
John S. Hooks
MS Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
E-mail: Holmes.Adams@arlaw.com
John.Hooks@arlaw.com

And

John G. Compton
MS Bar No. 6433
Witherspoon and Compton LLC
1100 23rd Avenue
Meridian, Mississippi 39302
Telephone: 601.693.6466
Facsimile: 601.693.4840
E-Mail: JCompton@witherspooncompton.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this date, I filed electronically the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of filing to all registered counsel of record.

      Dated:  November 21, 2018.

                                /s/  John S. Hooks