## Jaime Dole

**From:** John Hooks <John.Hooks@arlaw.com>
**Sent:** Wednesday, November 21, 2018 12:56 PM
**To:** Louis Fisher
**Cc:** John Compton; Natasha Merle; Kristen A. Johnson; John Cusick; Aria Vaughan; Natane.Singleton@usdoj.gov
**Subject:** RE: Barnhardt v. Meridian: forthcoming motions

Louis,

We will have Chief Clayton available at our office at 10:00 a.m. on December 3. Additionally, we will have the student records at issue available for continued inspection at our office on the date of Chief Clayton's deposition. The District will also make the records available any other time that is convenient for your inspection.

John

---

**From:** Louis Fisher [mailto:lfisher@naacpldf.org]
**Sent:** Tuesday, November 20, 2018 3:42 PM
**To:** John Hooks
**Cc:** John Compton; Natasha Merle; Kristen A. Johnson; John Cusick; Aria Vaughan; Natane.Singleton@usdoj.gov
**Subject:** RE: Barnhardt v. Meridian: forthcoming motions

Hi John,

We appreciate the District's willingness to move forward with the re-deposition of Chief Clayton. We are available at 10am CST on December 3 to re-depose Chief Clayton at your Ridgeland Office.

Plaintiffs intend to focus on the areas we previously noted: (1) the required trainings under the 2013 Consent Decree and MOU, (2) the proposed revisions by the United States and Plaintiffs to MPSDPD policies and procedures, and (3) the MPSDPD's policies and procedures manual. However, if these lines of questioning result in answers that lead to other areas of inquiry, we are entitled to ask follow-up questions into those areas as well.

Plaintiffs have no objection to using the time remaining from Chief Clayton's November 12 deposition. There appears to be about 4 hours remaining, which we will confirm.

During the deposition, we ask that all parties abide by the Federal Rules of Civil Procedure and not engage in improper objections, including speaking objections, that frustrate and obstruct Plaintiffs from gathering information. Similarly, as counsel knows, all objections, except objections to form, are preserved. Thus, objecting to questions as "ridiculous" and "absurd," for example, are not proper grounds for raising an objection and are unnecessary. MPSDPD Clayton Dep. 48: 14, 19.

With respect to the review of the requested student records, as delineated in the motion to compel and the supporting memo, Plaintiffs' counsel are entitled to copies of the relevant Student Discipline records and the District still has not met Rule 34's requirement that it "state with specificity the ground for objecting to the request, including the reasons." These copies are necessary to allow Plaintiffs and our consultant to fully analyze and present to the Court the factual support for our position as the case moves towards trial. Plaintiffs' counsel renew our offer to scan/copy the documents ourselves or pay for a third-party to do so, if the District prefers.

Sincerely,

EXHIBIT 1

Louis

**Louis Fisher**
**Harvard Law Review Public Interest Fellow**
**NAACP Legal Defense and Educational Fund, Inc.**
40 Rector Street, 5th Floor, New York, NY 10006
▪ 212.965.2267 ▪ lfisher@naacpldf.org
www.naacpldf.org

PRIVILEGE AND CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged or confidential information and is/are for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Jaime Dole <Jaime.Dole@arlaw.com> **On Behalf Of** John Hooks
**Sent:** Monday, November 19, 2018 2:55 PM
**To:** Louis Fisher <lfisher@naacpldf.org>
**Cc:** John Compton <JCompton@witherspooncompton.com>; Natasha Merle <nmerle@naacpldf.org>; Kristen A. Johnson <kjohnson@naacpldf.org>; John Cusick <jcusick@naacpldf.org>; Aria Vaughan <Aria.Vaughan@usdoj.gov>; Natane.Singleton@usdoj.gov; John Hooks <John.Hooks@arlaw.com>
**Subject:** RE: Barnhardt v. Meridian: forthcoming motions

Hi Louis and Kristen,

We disagree with your allegation that Chief Clayton did not provide substantive answers. However, the District is willing to offer Chief Clayton to the Private Plaintiffs for further deposition testimony subject to the following:

1. The subject matter will be limited to the areas of inquiry listed below: (1) the required trainings under the 2013 Consent Decree, (2) the proposed revisions by the United States and Plaintiffs to MPSDPD policies and procedures, and (3) the MPSDPD's policies and procedures manual.

2. The Private Plaintiffs may depose Chief Clayton for the remaining time available under the Federal Rules of Civil Procedure, *i.e.* 7 hours minus the time from his November 12 deposition. We believe this is more than adequate to address the topics outlined above.

3. Again, we had reached an agreement prior to the 30(b)(6) deposition that documents previously provided to the Private Plaintiffs would be presented to the witnesses in light of the voluminous number of documents and the wide range of time that has elapsed since the adoption of the 2013 Consent Decree. If you wish to ask Chief Clayton questions related to materials provided in the biannual reports or otherwise, please have the documents available for Chief Clayton's review.

We are will to make Chief Clayton available at our offices here in Ridgeland if that will make arrangements more convenient for you and speed this process along. Chief Clayton is available on the following dates: November 26, 27, 28, 30, or December 3.

Also, the District disagrees with the LDF's characterization of the document review process at the District. In an effort to avoid a continuing controversy, however, the District will make the student records available for further review

EXHIBIT 1

whenever convenient for you, including during your trip to depose Chief Clayton. These documents will be available here in Ridgeland if you so desire.

We do not agree to an extension of the fact discovery deadline except for these limited purposes.

Please let us know if these approaches are satisfactory.

Regards,

John

---

**From:** Louis Fisher [mailto:lfisher@naacpldf.org]
**Sent:** Friday, November 16, 2018 6:59 PM
**To:** John Hooks
**Cc:** John Compton; Natasha Merle; Kristen A. Johnson; John Cusick; Aria Vaughan; Natane.Singleton@usdoj.gov
**Subject:** RE: Barnhardt v. Meridian: forthcoming motions

Good evening John:

As discussed in our previous emails, Chief Clayton could not substantively answer questions including: (1) the required trainings under the 2013 Consent Decree, (2) the proposed revisions by the United States and Plaintiffs to MPSDPD policies and procedures, and (3) the MPSDPD's policies and procedures manual. Indeed, Chief Clayton testified that he did not review any documents in preparation for his testimony.

In response to questions about trainings, Chief Clayton provided evasive answers to specific questions and stated that he would have to look back at the document to discuss the training. MPSD 30(b)(6) Clayton Dep. 47: 2-12, 54: 12-17, 88: 10-14, and 90: 4-8.

Chief Clayton affirmatively stated he could not comment on the proposed edits to the policies and procedures because he sent them back to the United States. Id. 103: 4-14.

Last, Chief Clayton testified that Plaintiffs had an outdated version of the policies and procedures and stated he would need to look back at it in order to answer any questions about the document. Id. 80: 14-16.

A number of these documents that Chief Clayton testified he would need to review to discuss, had not been produced, including the updated version of policies and procedures. Without access to these documents, Plaintiffs had no other way to obtain this information but for Chief Clayton's testimony.

We are seeking to re-depose Chief Clayton. If the District does not consent, please return the good-faith certificate, which is attached again.

Sincerely,
Louis

**Louis Fisher**
**Harvard Law Review Public Interest Fellow**
**NAACP Legal Defense and Educational Fund, Inc.**
40 Rector Street, 5th Floor, New York, NY 10006
▪ 212.965.2267 ▪ lfisher@naacpldf.org
www.naacpldf.org 

EXHIBIT 1

PRIVILEGE AND CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged or confidential information and is/are for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** John Hooks <John.Hooks@arlaw.com>
**Sent:** Friday, November 16, 2018 6:27 PM
**To:** Louis Fisher <lfisher@naacpldf.org>
**Cc:** John Compton <JCompton@witherspooncompton.com>; Natasha Merle <nmerle@naacpldf.org>; Kristen A. Johnson <kjohnson@naacpldf.org>; John Cusick <jcusick@naacpldf.org>; Aria Vaughan <Aria.Vaughan@usdoj.gov>; Natane.Singleton@usdoj.gov
**Subject:** Re: Barnhardt v. Meridian: forthcoming motions

Hi Louis:

You have not conferred in good faith, because you have not cited to any portions of the Chief's transcript to substantiate your allegations that he did not provide sufficient answers. Again, I am requesting you set out in detail exactly the questions you claim he did not answer. I do not believe that a global allegation that the witness did not comply is sufficient to satisfy your good-faith burden.

Without these specifics, how could the District negotiate with you?

Thanks,

John

John S. Hooks

Adams and Reese LLP
1018 Highland Colony Parkway, 800
Ridgeland, Mississippi 39157

Direct: 601.292.0708
Cell: 601.750.5434
E-fax: 601.944.9037

Admitted in Mississippi and the District of Columbia

On Nov 16, 2018, at 5:16 PM, Louis Fisher <lfisher@naacpldf.org> wrote:

> John:
>
> Thank you for your response. Please return an executed copy of the attached good faith certificate regarding our motion for leave to re-depose, so that we may file it today.
>
> Thanks,
>
> Louis

EXHIBIT 1

**Louis Fisher**
**Harvard Law Review Public Interest Fellow**
**NAACP Legal Defense and Educational Fund, Inc.**
40 Rector Street, 5th Floor, New York, NY 10006
<image001.jpg> 212.965.2267 <image001.jpg> lfisher@naacpldf.org
www.naacpldf.org <image002.jpg> <image003.jpg>

<image004.jpg>
PRIVILEGE AND CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged or confidential information and is/are for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Jaime Dole <Jaime.Dole@arlaw.com> **On Behalf Of** John Hooks
**Sent:** Friday, November 16, 2018 5:27 PM
**To:** Louis Fisher <lfisher@naacpldf.org>; John Hooks <John.Hooks@arlaw.com>
**Cc:** John Compton <JCompton@witherspooncompton.com>; Natasha Merle <nmerle@naacpldf.org>; Kristen A. Johnson <kjohnson@naacpldf.org>; John Cusick <jcusick@naacpldf.org>; Aria Vaughan <Aria.Vaughan@usdoj.gov>; Natane.Singleton@usdoj.gov
**Subject:** RE: Barnhardt v. Meridian: forthcoming motions

Hi Louis,

Please see my previous email in response to Aria's message.

Thank you,

John

---

**From:** Louis Fisher [mailto:lfisher@naacpldf.org]
**Sent:** Friday, November 16, 2018 3:15 PM
**To:** John Hooks
**Cc:** John Compton; Natasha Merle; Kristen A. Johnson; John Cusick; Aria Vaughan; Natane.Singleton@usdoj.gov
**Subject:** RE: Barnhardt v. Meridian: forthcoming motions

John:

Chief Clayton was unable to substantively answer questions relating to trainings—both required under the MOU between the Meridian Police Department and Meridian Public School District Police Department ("MPSDPD") and the 2013 Consent Order; MPDSDPD's polices and procedural manual; and revisions to edits proposed by the United States and Plaintiffs to several policies introduced as exhibits during the deposition. Throughout these lines of questions, Chief Clayton testified that he would have to look back at the document to provide an answer and/or that he had submitted documentation of which Plaintiffs have no record.

Plaintiffs would also like to re-up our request of your position on our motion to extend the discovery deadline to 2-weeks after receipt of anything ordered by the Court, as well as to extend our time to provide objections to unitary status until 2 weeks after such receipt of the documents/opportunity to re-depose. As you know, Plaintiffs have a motion to compel already outstanding. We also intend to file motion to compel production of documents responsive to RFP 21 today and a motion to re-depose Chief Clayton (if the parties are unable to come to an agreement).

EXHIBIT 1

Let me know if you have any additional questions.

Thank you,

Louis

**Louis Fisher**
**Harvard Law Review Public Interest Fellow**
**NAACP Legal Defense and Educational Fund, Inc.**
40 Rector Street, 5th Floor, New York, NY 10006
<image001.jpg> 212.965.2267 <image001.jpg> lfisher@naacpldf.org
www.naacpldf.org <image002.jpg> <image003.jpg>

<image004.jpg>
PRIVILEGE AND CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged or confidential information and is/are for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** John Hooks <John.Hooks@arlaw.com>
**Sent:** Thursday, November 15, 2018 12:48 PM
**To:** Louis Fisher <lfisher@naacpldf.org>
**Cc:** John Compton <JCompton@witherspooncompton.com>; Natasha Merle <nmerle@naacpldf.org>; Kristen A. Johnson <kjohnson@naacpldf.org>; John Cusick <jcusick@naacpldf.org>; Aria Vaughan <Aria.Vaughan@usdoj.gov>; Natane.Singleton@usdoj.gov
**Subject:** Re: Barnhardt v. Meridian: forthcoming motions

Louis:

Please provide a list of questions you contend Chief Clayton did not answer, including citations to the transcript.

I will respond once I have reviewed.

Thanks,

John

John S. Hooks

Adams and Reese LLP
1018 Highland Colony Parkway, 800
Ridgeland, Mississippi 39157

Direct: 601.292.0708
Cell: 601.750.5434
E-fax: 601.944.9037

Admitted in Mississippi and the District of Columbia

EXHIBIT 1

**John Hooks**
Partner
Admitted in Mississippi and District of Columbia
ADAMS AND REESE LLP

1018 Highland Colony Parkway, Suite 800 | Ridgeland, MS 39157
**main** 601.353.3234 | **direct** 601.292.0708 | **mobile** 601.750.5434
**efax** 601.944.9037 | **fax** 601.355.9708

**john.hooks@arlaw.com**

**website bio vCard map**

On Nov 15, 2018, at 10:44 AM, Louis Fisher <lfisher@naacpldf.org> wrote:

All,

Plaintiffs plan to file a motion to extend the discovery deadline to a date two weeks after the Court's ruling on our pending motion to compel. Please let us know by COB today if you consent to this extension?

Plaintiffs also plan to file a motion to re-depose Chief Clayton based on his lack of preparedness for the 30(b)(6) deposition. Please give your positions on this request today as well.

Thanks,

Louis

**Louis Fisher**
**Harvard Law Review Public Interest Fellow**
**NAACP Legal Defense and Educational Fund, Inc.**
40 Rector Street, 5th Floor, New York, NY 10006
<image001.jpg> 212.965.2267 <image001.jpg> lfisher@naacpldf.org
www.naacpldf.org <image002.jpg> <image003.jpg>

<image004.jpg>
**PRIVILEGE AND CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged or confidential information and is/are for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.**

<11.16 Good Faith Cert.pdf>

**EXHIBIT 1**