# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al., | ) |
| Plaintiffs, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) Civil Action No. 4:65-cv-01300-HTW-LRA |
| Plaintiff-Intervenor, | ) 1300(E) |
| v. | ) |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

## REPLY MEMORANDUM IN SUPPORT OF PRIVATE PLAINTIFFS' MOTION TO COMPEL REQUEST FOR PRODUCTION NO. 21

Private Plaintiffs John Barnhardt *et al.* (collectively, "Plaintiffs") respectfully submit this Reply Memorandum in Support of their Motion to Compel Defendant Meridian Public School District (the "District") to produce the Student Discipline Records requested in Request for Production No. 21 in Plaintiffs' Oct. 1, 2018 First Set of Interrogatories and Requests for Production. ECF No. 111.

Plaintiffs seek copies of Student Discipline Records for 24 students who are a sampling of the 1,401 students involved in disciplinary incidents in Quarters 3 and 4 of the 2017-18 school year. Pls.' Mem. in Supp. of Request for Produc., ECF No. 112 at 3. It is undisputed that these documents are relevant to assessing the District's compliance with the 2013 Consent Order. ECF No. 36 ("Consent Order"). Specifically, the documents are relevant because they contain information that will allow Plaintiffs to fully assess the District's compliance with implementation

of Positive Behavior Interventions and Supports (PBIS)—the disciplinary system at the heart of the 2013 Consent Order.

For the first time, the District has stated its objection that "redacting student names and other personal identifiers would impose an undue burden" on the District." Defs.' Resp. to Pls.' Mot. to Compel, ECF No. 121 at 2. The District also relies on a vague and unspecified concern that student confidentiality would be compromised despite redactions. Id. These concerns do not outweigh the District's discovery obligation to produce clearly relevant information. Moreover, as District's counsel should know, this Court has previously issued a protective order in connection with granting a prior motion to compel production of documents regarding student discipline which included student identifying information. Agreed Protective Order (Sept. 23, 2011), ECF No. 10.

As a threshold matter, the Federal Rules of Civil Procedure (the "Rules") govern discovery in civil litigation, not the Consent Order upon which the District relies. Under Rule 26(b)(1), Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" and, under Rule 24, can request that Defendant "produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated documents." Here, the requested Student Discipline Records are relevant to the District's claim that it is in compliance with the Consent Order. Plaintiffs' request is also proportional to the needs of the case as Plaintiffs have requested only discipline records (as opposed to other records) of only 24 students in the District. Moreover, it is "common practice [to] produc[e] copies of documents . . . rather than simply permitting inspection." Committee Notes on Rules—2015 Amendment.

The District does not contest that it has this discovery obligation under the Federal Rules. Instead, the District wholly ignores the Rules and insists that only the Consent Order controls what information that the District provides to Plaintiffs' counsel as part of its discovery obligations. This argument is without merit. Even assuming Plaintiffs would not have been entitled to this information under the Consent Order, that is no longer the case now that the District is seeking declaration of unitary status and a hearing is currently scheduled for February 4, 2019. The Court entered a scheduling order that controls fact and expert discovery in this case. ECF No. 78. The District is unable to provide any legal authority that the Consent Order rather than the Rules dictate discovery at this stage of litigation.

Furthermore, at the unitary status hearing, Plaintiffs are entitled to put on evidence as to whether, among other things, the District has complied with the 2013 Consent Order so that the Court may fully and accurately adjudicate this issue. The evidence that Plaintiffs are permitted to introduce at the unitary status hearing is not limited to what the District was required to produce under the Consent Order.

Accordingly, the District should be compelled to either provide copies of the requested Student Discipline Records or allow Plaintiffs' counsel to copy the requested Student Discipline Records.

**I.   WITHOUT THE REQUESTED COPIES, THIS COURT WILL BE DEPRIVED OF FULL FACTUAL SUPPORT FOR THE PARTIES' POSITIONS**

Plaintiffs do not deny that the Consent Order requires that, with respect to "disaggregated discipline data[,] . . . [t]he District's data collection and review shall capture, at a minimum, . . . description of interventions that were attempted prior to imposing the consequence," ECF No. 36 at ¶ 104, and that this data should be reflected in the District's semi-annual reports. *Id.* at ¶ 109. However, the data in the semi-annual reports provides limited information about whether the

3

District has implemented PBIS with fidelity. For example, while Mr. Hagwood, the District's Director of PBIS, testified during the Rule 30(b)(6) deposition that "all the behavior counselors maintain tier documentation across the board for all students," Hagwood Depo Tr. 68: 22-24, without copies of the requested Student Discipline Records, Plaintiffs cannot assess whether appropriate interventions are being attempted and documented as required under the Consent Order. ECF No. 36 at ¶ 38 ("The District shall not administer exclusionary discipline consequences prior to attempting and documenting non-exclusionary corrective strategies and interventions except in emergency situations involving serious and immediate threats to safety.").

Moreover, without a court order compelling the District to either provide copies or allow Plaintiffs' to make copies at their own expense, only the District would be able to rely on the requested documents as the case moves towards the unitary status hearing. Plaintiffs and this Court are not required to take the District at its word.

The District's refusal to allow copying or scanning of the requested Student Discipline Records prevents Plaintiffs from fully presenting to this Court the factual support for its position. As a practical matter, for example, without copies of the requested documents, Plaintiffs would not be able to use any of the documents as exhibits during the hearing. Further, Plaintiffs' expert consultant, who has experience evaluating school discipline strategies, is also unable to review the files and analyze the implementation of PBIS while the District withholds the documents. The District neither addressed nor contested these important points in their opposition to Plaintiffs' motion. *See* ECF No. 121.

The burden on the District of copying documents does not outweigh the prejudice to Plaintiffs in denying access to these relevant files. This is especially true given that Plaintiffs have offered to cover the costs of copying the requested Student Discipline Records.

## II. THE DISTRICT SHOULD NOT BE ALLOWED TO USE THE CONSENT ORDER TO CIRCUMVENT THEIR DISCOVERY OBLIGATIONS UNDER THE FEDERAL RULES

Plaintiffs do not dispute that the 2013 Consent Order delineates how and when certain data will be shared with Plaintiffs' counsel for the purposes of monitoring and enforcement. The Federal Rules of Civil Procedure, however, ultimately govern discovery in this litigation—and they always have. For example, this Court has ordered the District, pursuant to Rules 26, 34 and 37, to comply with other discovery requests. *See* ECF No. 19. Also, the District was subject to the Federal Rules for discovery purposes, specifically Rule 30(b)(6), when depositions were taken in 2012. *See* ECF No. 36 at 2. The Federal Rules governed discovery before the District moved this Court for a Declaration of Unitary Status and must necessarily govern discovery after the District's motion. Thus, while the District may now contend that the Consent Decree is the sole authority for determining the District's discovery obligations, that simply has never been the case.

The District's Opposition to Plaintiffs Motion to Compel invoked FERPA for the first time in objecting to Plaintiffs' requests for copies, but FERPA does not absolve the District of its discovery obligation of relevant documents. *See Nichols v. Univ. of S. Miss.*, No. 08 Civ. 0128(MTP), 2009 WL 1565749, at *1 (S.D. Miss. June 1, 2009) (citation omitted) ("FERPA does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure."). And just as the District "takes its obligations under FERPA seriously," ECF No. 121 at 3, Plaintiffs' counsel is fully aware of FERPA obligations and also takes them seriously. To that end, in Request for Production No. 21, Plaintiffs specifically requested that student identifying information be redacted from the requested Student Discipline Records of the 24 students.

Moreover, a protective order is the appropriate mechanism for protecting the confidentiality of the Student Discipline Records, not withholding the records. *See, e.g.*, *Doe v. Ohio State Univ.*, No. 16 Civ. 171(CMV), 2018 WL 4958958, at *4 (S.D. Ohio Oct. 15, 2018) (granting motion to compel documents containing students' identifying information, under protective order, where the school did not contest the relevance of the requested documents and the plaintiff "narrowed down the list of nearly 1,200 potentially relevant cases to only 35"). Plaintiffs' counsel has entered protective orders in other desegregation cases with cooperative school districts who wanted to demonstrate their compliance. *See, e.g.*, *Stout v. Jefferson Cty. Bd. of Educ.*, No. 65 Civ. 00396(MHH) (N.D. Ala.). In fact, the same has been done in this case, *see* ECF No. 10, and can be done again at this point in the litigation to protect the confidentiality of student names and any other personal student identifiers contained in the requested Student Discipline Records.

The District cannot avoid its discovery responsibilities by invoking the Consent Order or FERPA. It must be compelled to produce all the relevant information requested by Plaintiffs so that the merits can be fully and properly adjudicated by this Court.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Memorandum in Support of Plaintiffs' Motion to Compel Request for Production No. 21, Plaintiffs respectfully request that this Court order the District to produce copies of—or allow for Plaintiffs to copy—all requested Student Discipline Records pursuant to the Federal Rules of Civil Procedure.

Dated: November 28, 2018

Respectfully Submitted,

/s/ Fred L. Banks, Jr.
Fred L. Banks, Jr.
Phelps Dunbar LLP
Mississippi State Bar No. 1733
4270 I-55 North
Jackson, MS 39211-6391
Tel: (601) 360-9356
Fax: (601) 360-9777
fred.banks@phelps.com

/s/ Kristen Johnson
Natasha Merle
Kristen Johnson
Louis Fisher
John Cusick
NAACP Legal Defense and
 Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
nmerle@naacpldf.org
kjohnson@naacpldf.org
lfisher@naacpldf.org
jcusick@naacpldf.org

*Counsel for Private Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of November 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel record.

/s/ Kristen Johnson
Kristen Johnson
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
kjohnson@naacpldf.org
