IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al., | ) |
| Plaintiffs, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) Civil Action No. 4:65-cv-01300-HTW-LRA |
| Plaintiff-Intervenor, | ) 1300(E) |
| v. | ) |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF PRIVATE PLAINTIFFS'
MOTION TO EXTEND DISCOVERY DEADLINE**

Private Plaintiffs John Barnhardt *et al.* (collectively, "Plaintiffs") respectfully submit this Reply Memorandum in Support of their Motion for an Order, pursuant to Federal Rule of Civil Procedure 16(b), extending the discovery deadline until two weeks after the District has produced all documents ordered by the Court. ECF No. 119 ("Nov. 16 Motion for Extension").

Under Rule 16(b), Plaintiffs have good cause to modify the discovery deadline in the Scheduling Order, ECF No. 78. *See Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."). This extension is necessary for Plaintiffs to obtain (1) the data sought in their Motion to Compel Production of Information, ECF No. 86 ("Oct. 1 Motion to Compel") and (2) access to copies of the student discipline records sought in their Motion to Compel Request for Production of

Documents, ECF No. 111 ("Nov. 16 Motion to Compel").[1] Rule 16(b)'s good cause standard is satisfied here, as Plaintiffs have timely and diligently sought production of the requested information and documents. Once the requested documents are produced, Plaintiffs require two weeks so that Plaintiffs have sufficient time to review and analyze the production with their expert.

First, with respect to the information sought in Plaintiffs' October 1 Motion to Compel—teacher quality, ability grouping, and academic achievement data—Plaintiffs' diligence cannot be questioned: the requests for these documents were served in June and July 2018, *see* Mem. in Supp. of Pls.' Mot to Compel Produc., ECF No. 87 at 2, and were the subject of several good-faith conferrals and two status conferences in August and September 2018. *See* Nov. 16 Motion for Extension at 2. When the parties reached an impasse, the Court ordered Plaintiffs to file a motion to compel, and Plaintiffs complied within a week. ECF No. 87 at 3.

Defendants do not dispute that Plaintiffs have been diligently pursuing production of this information even *before* entry of the relevant Scheduling Order, ECF No. 78. Instead, Defendants merely reiterate their Opposition to Plaintiff's Motion to Compel. *See* ECF No. 123 ("Defs.' Opp.") at 2. If the Court agrees with Plaintiffs' October 1 motion to compel, and thus orders the

---

[1] Plaintiffs also filed a Motion to Seek Leave to Re-Depose an Unprepared 30(b)(6) Designee, Chief Ricardo Clayton. ECF No. 117. The parties have agreed to a date for the redeposition of Chief Clayton. Assuming that the previous deficiencies in testimony are remedied, *see* Mem. in Supp. of Mot. to Seek Leave to Re-Depose, ECF No. 118 at 3-7, Plaintiffs agree that Chief Clayton's deposition is no longer a basis for this motion.

However, the District's suggestion that Plaintiffs delayed in scheduling depositions of Chief Clayton and other deponents is a mischaracterization of the facts. First, Plaintiffs' ability to prepare for depositions of District personnel was impeded by the District's refusal to produce relevant information relating to teacher quality, ability grouping, and academic achievement. *See* ECF No. 87 at 2-3. Second, Plaintiffs did not delay in scheduling depositions and attempted to begin scheduling depositions with the District in the beginning of October 2018. Any delay in scheduling the depositions resulted from the unavoidable challenges of accommodating the competing schedules of Plaintiffs' counsel, both defense counsel, and the deponents—not from a lack of diligence by Plaintiffs in setting deposition dates.

production of the requested documents, all parties agree that, at the very least, "a brief period of discovery would be needed to address the topics at issue." Defs.' Opp. at 2. In addition to an extension of the discovery deadline to permit Defendants to produce the compelled information, Plaintiffs request a brief extension of two additional weeks to allow Plaintiffs and their expert to analyze the information produced by the District and to review it for completeness. Given Plaintiffs' undisputed diligence in pursuing production of this information, this short, two-week extension is justified.

Second, regarding the student disciplinary records sought in Plaintiffs' November 16 Motion to Compel, Plaintiffs' diligence is similarly beyond dispute. The District opposes the request for an extension by reverting to its opposition to the November 16 Motion to Compel, arguing again that production of copies (rather than inspection of originals only) is not required. *See* Defs.' Opp. at 2. If the Court orders production of copies, Plaintiffs require an additional two-week extension of the discovery deadline after the Defendants produce the copies (or permit Plaintiffs to make the copies at Plaintiffs' expense) so that Plaintiffs and Plaintiffs' expert consultant have sufficient time to review and analyze the belated production.[2]

Plaintiffs have diligently sought production of these documents. The District's description of the discovery history in this case is misleading. Plaintiffs did not "wait" until October 1 to begin serving formal discovery requests. Rather, Plaintiffs served discovery requests promptly, less than two weeks after the Court entered the relevant scheduling order on September 19, 2018. ECF

---

[2] As detailed in Plaintiffs' motion to compel production of these documents, it is undisputed that these student disciplinary records are relevant and that copies of these records are necessary to allow meaningful review and analysis of the District's school disciplining policies and practices and to provide evidence to this Court. Mem. in Supp. of Mot. to Compel Request for Produc., ECF No. 112 at 2.

3

No. 78. And as described above, Plaintiffs diligently sought other relevant information through informal discovery in June and July 2018 prior to the inception of a formal discovery schedule.

In filing these discovery motions, Plaintiffs have no intention of "sabotag[ing]" the District's efforts to prepare. Defs.' Opp. at 2. To the contrary, Plaintiffs continue to diligently seek production of relevant information and documents to which they are entitled under the Federal Rules so they may accurately assess the District's claim to unitary status. Both parties are intent on moving forward with the unitary status hearing in a timely manner, but both parties must also receive complete discovery productions under the Federal Rules before any such hearing can occur. Plaintiffs have satisfied their discovery obligations. Any delay in discovery can be attributed only to the District's refusal to produce relevant information and documents. Assuming that the District timely and completely complies with any orders to compel production, Plaintiffs anticipate proceeding to the unitary status hearing in due course.[3]

For the foregoing reasons and the reasons set forth in Plaintiffs' motion to extend the discovery deadline, Plaintiffs respectfully request an extension of the discovery deadline until two weeks after the District has produced any and all documents ordered by this Court pursuant to Plaintiffs' pending Motions to Compel Production (ECF Nos. 86 and 111).

---

[3] The District also "objects to the unnecessary expansion of the . . . requirement that the Plaintiff Parties give notice of their specific objections to the District's motion by November 16, 2018." Defs.' Opp. at 1.
   On November 16, 2018, Plaintiffs served notice of their objections to the District's motion for unitary status on the District, as required by the scheduling order, ECF No. 78. Given that the District continues to refuse to produce certain relevant information, however, Plaintiffs reserve the right to supplement these objections if the District is compelled to produce the requested information and documents. Similarly, per the scheduling order, Plaintiffs will produce the reports of their experts on November 30 but reserve the right to amend those reports following any compelled productions.

4

Dated: November 28, 2018

                                                      Respectfully Submitted,

| | |
|---|---|
| /s/ Fred L. Banks, Jr. | /s/ Louis Fisher |
| Fred L. Banks, Jr. | Natasha Merle |
| Phelps Dunbar LLP | Kristen Johnson |
| Mississippi State Bar No. 1733 | Louis Fisher |
| 4270 I-55 North | NAACP Legal Defense and |
| Jackson, MS 39211-6391 |    Educational Fund, Inc. |
| Tel: (601) 360-9356 | 40 Rector Street, 5th Floor |
| Fax: (601) 360-9777 | New York, New York 10006 |
| fred.banks@phelps.com | Tel: (212) 965-2200 |
| | Fax: (212) 226-7592 |
| | nmerle@naacpldf.org |
| | kjohnson@naacpldf.org |
| | lfisher@naacpldf.org |

                                                      *Counsel for Private Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of November 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel record.

>
> /s/ Louis Fisher
> Louis Fisher
> NAACP Legal Defense and
>   Educational Fund, Inc.
> 40 Rector Street, 5th Floor
> New York, New York 10006
> Tel: (212) 965-2200
> Fax: (212) 226-7592
> lfisher@naacpldf.org