**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOHN BARNHARDT, ET AL.**                                                     **PLAINTIFFS**

**AND**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF INTERVENOR**

**V.**                              **CIVIL ACTION NO. 4:65-CV-01300–HTW-LRA**

**MERIDIAN MUNICIPAL SEPARATE
SCHOOL DISTRICT, ET AL.**                                                  **DEFENDANTS**

---

**Motion of the Meridian Public School District to Deem its Motion for Unitary Status as Confessed**

---

The Meridian Public School District (the "District') moves this Court to deem its motion for unitary status as confessed by the Department of Justice and offers the following in support of its motion:

1. The Court's scheduling order in this matter specifically directed the Department of Justice ("DOJ") to submit any objections to the District's motion for unitary status no later than November 16, 2018: "By this date, the Plaintiff Parties will also notify the District of any specific objections to unitary status and whether expert testimony will be offered." [78].

2. The DOJ has submitted no objection.

3. During the Court's telephonic conference on December 18, 2018, however, an attorney for the DOJ announced that the DOJ was waiting to decide whether it had objections, notwithstanding this Court's scheduling order requiring such objections, if any, to have been presented no later than November 16, 2018.

4. The DOJ submitted no motion for an extension of the deadline within which to provide objections, if any. Instead, the DOJ unilaterally departed from the scheduling order negotiated and agreed to by the parties and entered by the Court.

5. During the Court's conference on December 18, 2018, the DOJ announced that it is waiting for the completion of all "outstanding" discovery in order to tell the District whether it has objections to the motion for unitary status. This approach is disingenuous for several reasons:

- First, the "outstanding discovery" is not discovery propounded by the DOJ. The District has responded to all discovery propounded by the DOJ without objection.

- Second, the "outstanding discovery" to which the District has objected, primarily relates to the Legal Defense Fund's ("LDF") attempt to obtain data to determine whether there is a so-called "academic achievement gap" between black and white students. This is the LDF's discovery, not discovery of the DOJ. Nor has the DOJ joined in the LDF's motion to compel this information. Specifically, the LDF has requested data concerning the following academic performance information, disaggregated by race: 1) advanced placement test scores of students; 2) the pass/fail rate for students taking advanced placement courses; 3) graduation cohort data; 4) drop-out rates; and 5) list of all students retained for each grade.

The District has objected to the production of these data. The issue of relative equality of educational outcomes between black and white students is unrelated to the 1969 Consent Decree in this case or the original desegregation factors set out in *Green v. County School Board of New Kent County*, 391 U.S. 430 (1968). In *Green*, the Supreme Court evaluated five factors to determine whether a school district is unitary: faculty assignment, student assignment, comparability of facilities, access to extracurricular activities, and desegregation of transportation routes. A potential disparity in academic achievement is not among the desegregation responsibilities identified in the original 1969 desegregation order of this case, any subsequent orders of the case, or the factors identified by the Supreme Court in

*Green*. In the five-decade history of the case, neither the DOJ nor the LDF has evaluated this information, confirming by their own conduct that such analysis was not part of the desegregation plan of this school district. Regardless of the merits of whether the LDF is entitled to this information regarding the academic outcomes of students, the DOJ offers no explanation of how not having this academic achievement information has precluded it from complying with the scheduling order by setting out any objections it had regarding the actual desegregation obligations imposed by the 1969 desegregation order or the *Green* factors. This academic achievement data is unrelated to the areas of faculty assignment, student assignment, comparability of facilities, access to extracurricular activities, and desegregation of transportation routes. In other words, the DOJ could have complied with the scheduling order even without this information (for which it has not asked).

Similarly, with regard to the twenty-four students' discipline records the Court has ordered the District to produce in response to the LDF's motion to compel, the DOJ did not move the Court to extend the deadline to submit its objections to unitary status based on lack of these records, if any.

- Third, and perhaps most importantly, the DOJ's reliance on "outstanding discovery" as a justification for its failure to comply with the scheduling order is contrary to the law of this case. In 1974, a panel of the Fifth Circuit Court of Appeals specifically found that the Meridian Public School District was unitary. *See* Exhibit "A," Order, March 20, 1974. That order, signed by three judges of the Fifth Circuit Court of Appeals, and approved by representatives from the DOJ, the LDF, and the District, confirms that "the Meridian Municipal Separate School District school system has been and is being maintained as a unitary school system in compliance with the aforesaid orders," and transfers the case to the district court's inactive docket "subject to being reopened for good cause shown." The DOJ's refusal to state its position on the motion for unitary status contradicts the 1974 order that this school district is unitary.

6. What is the harm to the District by allowing the DOJ to sit on its hands and wait? Recognizing the DOJ was not going to substantively respond to the District's motion within the time

permitted under the Federal Rules, the District negotiated a scheduling order unequivocally requiring the DOJ to set out its position on the motion for unitary status by no later than November 16, 2018.  The District then had 31 days or until December 17, 2018, to identify and designate expert witnesses.  Had the District known of the DOJ's objections, if any, on November 16, the District could have set about preparing witnesses, including expert witnesses, to address those objections.  Now, the District is unable to consult with and retain potential expert witnesses to assist in responding to any objections the DOJ may surface.  The District's deadline for designating additional witnesses has passed and, as a practical matter, the opportunity for identifying new experts (even on a consulting basis) to counter any DOJ objections is now foreclosed given the approaching holiday and the February 4, 2019, hearing date.  Additionally, the District, without knowing whether the DOJ will object or what those objections might be, is totally unable to modify or adjust its designation of expert witnesses to address any possible concerns or objections.  Similarly, the District, in its various preparation sessions with its employees and consulting experts, has been left to guess at objections the DOJ *might* bring forward with regard to the motion for unitary status.  This has put the District at a great disadvantage and has skyrocketed the costs of the litigation, because the District's lawyers must anticipate a broad universe of potential topics of confrontation—topics that may not end up being areas of confrontation at all.  At this late date, responding to any last-minute concerns of the DOJ would put the District at a severe disadvantage, contrary to the orderly process negotiated by the parties and approved by the Court in the scheduling order.

   7.  The DOJ could easily have avoided this situation.  In November 2017, the Superintendent of the District, as well as the President of the District's Board of Education traveled to Washington, D.C. for meetings with the DOJ and the LDF at the offices of the DOJ.  The District presented the parties with a draft of its memorandum for unitary status.  The DOJ agreed to perform more analysis of the District to determine whether it would agree with or oppose the motion.  Now, 408 days later, the DOJ still has not responded or indicated if it has objections despite promising that it would do so.

8. In short, ordinary litigants must respond within 14 days of receiving a motion. Ordinary litigants must comply with scheduling orders to which they have agreed and that have been approved by federal judges. Here, the DOJ believes it can simply wait indefinitely to respond to the District's motion—without seeking leave of the Court. In so doing, the DOJ shows no concern for how its actions impact the ability of the District to prepare its case. Because the DOJ failed to submit any objections by the deadline it agreed to as set out in the scheduling order, the District respectfully moves the Court to deem the District's motion as confessed as to the DOJ and to order that the deadline has passed for any objections to be presented by the DOJ.

Because this motion is simple and straightforward, the District requests the requirement for an accompanying memorandum be waived.

Respectfully submitted, this 21st day of December, 2018.

**MERIDIAN PUBLIC SCHOOL DISTRICT**

/s/ John S. Hooks

OF COUNSEL:

Holmes S. Adams
MS Bar No. 1126
John S. Hooks
MS Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
E-mail:   Holmes.Adams@arlaw.com
          John.Hooks@arlaw.com

And

John G. Compton
MS Bar No. 6433
Witherspoon and Compton LLC
1100 23rd Avenue
Meridian, Mississippi 39302
Telephone: 601.693.6466
Facsimile: 601.693.4840
E-Mail: JCompton@witherspooncompton.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I filed electronically a true and correct copy of the foregoing with the Clerk of this Court using the CM/ECF system which caused notice to be served on all registered counsel of record.

Dated:  December 21, 2018.

/s/  John S. Hooks