IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Civil Action No. 4:65-cv-01300-HTW-LRA |
| ) | 1300(E) |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| MERIDIAN MUNICIPAL SEPARATE ) | |
| SCHOOL DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

**PRIVATE PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DEEM ITS MOTION FOR UNITARY STATUS AS CONFESSED**

Private Plaintiffs John Barnhardt *et al.* (collectively, "Plaintiffs") hereby oppose the Motion of the Meridian Public School District to Deem its Motion for Unitary Status as Confessed (the "Motion") to the extent that it contends that Defendant Meridian Municipal Separate School District (the "District") was declared unitary in an order issued by the United States Court of Appeals for the Fifth Circuit on March 20, 1974 ("1974 Order"). ECF No. 140 at 3. Plaintiffs further oppose the District's Motion to the extent that it mischaracterizes the student achievement data requested by Plaintiffs as irrelevant. Moreover, Plaintiffs reiterate their request to compel production of the student achievement data.

The District's Motion primarily concerns the Plaintiff-Intervenor United States' ("United States") position on the District's motion for unitary status. However, the Motion includes a legal argument that impacts Plaintiffs: namely, whether the District was declared unitary in 1974, and

whether such a declaration predetermines the outcome of the District's pending motion for unitary status. The District mischaracterizes the import of the 1974 Order. The District was not—and never has been—declared by any federal court to have achieved unitary status.

The District's misplaced reliance on the 1974 Order, which it failed to attach, is foreclosed by Supreme Court and Fifth Circuit precedents rejecting precisely the same argument put forward in the Motion. In *Board of Education of Oklahoma City Public Schools v. Dowell*, the Supreme Court explained that "lower courts have been inconsistent in their use of the term 'unitary'"; consequently, there are lower court opinions in which "a school district [is] called unitary and nevertheless still contain[s] vestiges of past discrimination." 498 U.S. 237, 245 (1991). Therefore, the Court held that a 1977 order, which used the term "unitary," but "did not dissolve the desegregation decree, . . . was too ambiguous to bar [plaintiffs] from challenging later action by the Board." *Id.* at 244–45.

Similarly, in *Thomas ex rel. D.M.T. v. School Board, St. Martin Parish*, the Fifth Circuit concluded that a 1974 order using the term "unitary school system" was unclear and did not amount to a precise judicial declaration that "the School Board had remedied all vestiges of past discrimination." 756 F.3d 380, 386 (5th Cir. 2014). The relevant 1974 order in *Thomas* stated: "[i]t is apparent from the record in this case, including the detailed [desegregation] plan for the operation of the St. Martin Parish public schools, and we so find and accordingly decree that the above named defendants have previously achieved a unitary school system and have operated as such for a period in excess of three (3) years prior to this date." *Id.* at 386. Relying on *Dowell*, the Fifth Circuit held that the use of the word "unitary" in 1974 was ambiguous and, therefore, was not a clear intention to end federal court supervision in 1974.

*Dowell* and *Thomas* control the present case. The District relies on the Fifth Circuit's 1974 pronouncement that "the Meridian Municipal Separate School District school system has been and is being maintained as a unitary school system in compliance with the aforesaid orders." ECF No. 140 at 3. As explained in *Dowell* and *Thomas*, the phrase "unitary school system"—as used in the 1974 Order, as well as other 1970s orders—does not constitute a judicial finding of fact that the vestiges of segregation have been eliminated. Supreme Court and Fifth Circuit precedents, therefore, foreclose the District's position that it achieved unitary status through the 1974 Order.

Moreover, the District continues to incorrectly maintain that the student achievement data requested by Plaintiffs is irrelevant. ECF No. 140 at 2. For the reasons fully explained in Plaintiffs' memorandum in support of our motion to compel, ECF No. 87 at 10-11, this data is relevant and must be produced. *See, e.g., Jenkins v. Missouri*, 122 F.3d 588, 594 (8th Cir. 1997); *United States v. State of Texas*, 447 F. 2d 441, 448 (5th Cir. 1971); *United States v. Yonkers Bd. of Educ.*, 123 F. Supp. 2d 694, 702 (S.D.N.Y. 2000) ("If statistical data demonstrates a racial disparity in academic achievement, . . . then an explanation is required" from defendants).

For the foregoing reasons, Plaintiffs respectfully oppose those portions of the District's Motion that contain inaccurate statements about the 1974 Order and Plaintiffs' request for student achievement data.  In addition, Plaintiffs reiterate their request to compel the production of the student achievement data for the reasons set forth in more detail in Plaintiffs' motion to compel that is currently pending before the Court.

Dated: December 24, 2018

                                          Respectfully Submitted,

/s/ Fred L. Banks, Jr.  
Fred L. Banks, Jr.  
Phelps Dunbar LLP  
Mississippi State Bar No. 1733  
4270 I-55 North  
Jackson, MS 39211-6391  
Tel: (601) 360-935  
Fax: (601) 360-9777  
fred.banks@phelps.com

/s/ Louis Fisher  
Natasha Merle  
Kristen Johnson  
John S. Cusick  
Louis Fisher  
NAACP Legal Defense and  
  Educational Fund, Inc.  
40 Rector Street, 5th Floor  
New York, New York 10006  
Tel: (212) 965-2200  
Fax: (212) 226-7592  
lfisher@naacpldf.org

*Counsel for Private Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24 day of December, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel record.

/s/ Louis Fisher
Louis Fisher
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
lfisher@naacpldf.org