THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **JOHN BARNHARDT, ET AL.** | **PLAINTIFFS** |
| **AND** | |
| **UNITED STATES OF AMERICA** | **PLAINTIFF INTERVENOR** |
| **V.** | **CIVIL ACTION NO. 4:65-CV-01300–HTW-LRA** |
| **MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, ET AL.** | **DEFENDANTS** |

### Response of the Meridian Public School District to the United States' Supplemental Motion to Join Private Plaintiffs' Motion to Extend Discovery Deadline

The Meridian Public School District (the "District') requests the Court deny the United States' (DOJ) supplemental motion to join the Private Plaintiffs' (LDF) Motion to Extend the Discovery Deadline. [150].

1. First, the DOJ's claim that it has a "duty to carefully assess all relevant facts before making a determination regarding whether a school district under a desegregation order has attained unitary status," does not justify an extension of the discovery deadline here. All information and documentation relevant to the District's actual desegregation obligations set out in the 1969 Consent Decree and the 2013 Consent Order has been provided to the DOJ. The DOJ has made no allegation to the contrary.

2. Second, the LDF's motion for extension of the discovery deadline, [119], is based on the District's objections to a number of discovery requests propounded by the LDF. The discovery requests to which the District objected, primarily relate to the LDF's attempt to obtain data to determine whether there is a so-called "academic achievement gap" between black and white students. This is the LDF's discovery, not discovery of the DOJ. Nor has the DOJ joined in the LDF's motion to compel this information.

Specifically, the LDF has requested data concerning the following academic performance information, disaggregated by race: 1) advanced placement test scores of students; 2) the pass/fail rate for students taking advanced placement courses; 3) graduation cohort data; 4) drop-out rates; and 5) list of all students retained for each grade.

The District has objected to the production of these data. The issue of relative equality of educational outcomes between black and white students is unrelated to the 1969 Consent Decree in this case or the original desegregation factors set out in *Green v. County School Board of New Kent County*, 391 U.S. 430 (1968). In *Green*, the Supreme Court evaluated five factors to determine whether a school district is unitary: faculty assignment, student assignment, comparability of facilities, access to extracurricular activities, and desegregation of transportation routes. A potential disparity in academic achievement is not among the desegregation responsibilities identified in the original 1969 desegregation order of this case, any subsequent orders of the case, or the factors identified by the Supreme Court in *Green*. In the five-decade history of the case, neither the DOJ nor the LDF has evaluated this information, confirming by their own conduct that such analysis was not part of the desegregation plan of this school district. Regardless of the merits of whether the LDF is entitled to this information regarding the academic outcomes of students, the DOJ offers no explanation of how not having this academic achievement information has precluded it from evaluating the District's compliance with its desegregation obligations imposed by the 1969 desegregation order or the *Green* factors. This academic achievement data is unrelated to the areas of faculty assignment, student assignment, comparability of facilities, access to extracurricular activities, and desegregation of transportation routes.

3. Similarly, with regard to the twenty-four students' discipline records the Court has ordered the District to produce in response to the LDF's motion to compel, the DOJ did not propound the discovery request at issue, nor did it join in the LDF's motion to compel production of the records. Further, there is no

obligation set out in the 2013 Consent Order requiring the District to provide individual student discipline records in order for the DOJ to evaluate the District's compliance with the 2013 Consent Order.

Because the DOJ has offered no justification for its untimely request to join the LDF's motion, the District requests the Court deny the motion.

Respectfully submitted, this 7th day of February, 2019.

**MERIDIAN PUBLIC SCHOOL DISTRICT**

/s/  John S. Hooks

OF COUNSEL:

Holmes S. Adams
MS Bar No. 1126
John S. Hooks
MS Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
E-mail:   Holmes.Adams@arlaw.com
             John.Hooks@arlaw.com

And

John G. Compton
MS Bar No. 6433
Witherspoon and Compton LLC
1100 23rd Avenue
Meridian, Mississippi 39302
Telephone: 601.693.6466
Facsimile: 601.693.4840
E-Mail: JCompton@witherspooncompton.com

## **CERTIFICATE OF SERVICE**

     I do hereby certify that on this date, I filed electronically a true and correct copy of the foregoing with the Clerk of this Court using the CM/ECF system which caused notice to be served on all registered counsel of record.

     Dated: February 7, 2019.

                                            /s/ John S. Hooks