# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHN BARNHARDT, et al., | ) |
| Plaintiffs, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) Civil Action No. 4:65-cv-01300-HTW-LRA |
| | )  1300(E) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

### NOTICE OF PROPOSED SETTLEMENT OF MERIDIAN PUBLIC SCHOOL DISTRICT DESEGREGATION CASE AND HEARING ON FAIRNESS OF SETTLEMENT AND UNITARY STATUS

TO:  ALL COMMUNITY MEMBERS WITH AN INTEREST IN THE MERIDIAN PUBLIC SCHOOL DISTRICT, INCLUDING AFRICAN AMERICAN STUDENTS ENROLLED IN OR ELIGIBLE TO ATTEND THE MERIDIAN PUBLIC SCHOOL DISTRICT AND THE PARENTS OR LEGAL GUARDIANS OF AFRICAN AMERICAN STUDENTS ENROLLED IN OR ELIGIBLE TO ATTEND THE MERIDIAN PUBLIC SCHOOL DISTRICT (MEMBERS OF THE CLASS ON WHOSE BEHALF THIS LAWSUIT WAS BROUGHT)

*A federal court authorized this notice. This is not a solicitation from a lawyer*.

This Notice has been approved by the U.S. District Court for the Southern District of Mississippi to provide you with information about: (1) the proposed settlement in the Meridian Public School District desegregation case; and (2) the Meridian Public School District's motion for unitary status, both of which may affect you. **A Fairness Hearing and Unitary Status Hearing will be held on September 9, 2019. The hearing is open to the public. See Paragraph 3 for how to submit written objections or comments and appear and address the Court.**

Attorney Work Product
Privileged & Confidential

The Private Plaintiffs and Meridian Public School District have concluded that it is in their respective best interests to enter into a Settlement Agreement. By doing so, they avoid the time, costs, and resources associated with further litigation. **Class members are permitted to object to or comment on the settlement by sending a written statement to the Court or by asking to speak in Court about the fairness of the settlement. Alternatively, class members can do nothing, thereby agreeing to the settlement. These options – and the deadlines to exercise them – are explained in greater detail below.**

\* \* \*

This school desegregation case began on May 10, 1965, when Private Plaintiffs sued the Meridian Municipal Separate School District on behalf of themselves and a class consisting of all Black students, and all parents of Black students, eligible to enroll in the District ("the Class"). The suit sought to end the District's racially dual educational system. On June 28, 1965, this Court allowed the United States Department of Justice to intervene as a plaintiff.

On May 29, 1967, the Court ordered the District to end all school segregation and eliminate the effects of the segregated school system. On November 7, 1969, the Court of Appeals for the Fifth Circuit issued a subsequent order requiring the District to terminate operation of a dual school system based on race or color and requiring the District to operate an integrated school system. On May 30, 2013, this Court amended its earlier orders to include the terms of a Consent Order regarding the District's disciplinary practices and law enforcement in schools. The 2013 Order requires the District to administer discipline without discrimination on the basis of race and in a manner that does not further the segregation of students based on race. The Order also requires the District to decrease exclusionary disciplinary consequences, limit referrals to the juvenile justice system, incorporate culturally responsive discipline techniques, support and reinforce positive behavior, employ corrective strategies and interventions to keep students in classrooms, ensure students and parents receive due process when the District disciplines students, and provide all students with an equal opportunity to learn in a safe, orderly, and supportive environment.

On March 29, 2018, the District filed a motion for unitary status, asking the Court to permanently dismiss the case and declare that the District has met the legal requirements to close this school desegregation case. The District seeks to terminate federal court oversight of student, faculty, and staff assignment, as well as transportation, facilities, and extra-curricular activities and to declare that the District has satisfied the requirements for unitary status. The District asks the Court to schedule a unitary status hearing at which members of the public may be heard by the Court prior to the Court's decision as to whether or not it should grant the District's motion. The Private Plaintiffs opposed the District's motion and asked the Court to continue federal court oversight of the District's operations. The United States Department of Justice does not oppose the District's motion.

Following these developments, the Private Plaintiffs and the District consulted extensively and agreed upon a Settlement Agreement that has now been submitted to the District Court for

Attorney Work Product
Privileged & Confidential

preliminary approval. The United States Department of Justice has not joined the Settlement Agreement. **If the Settlement Agreement is approved *and* the Court grants the District's motion, this lawsuit will be dismissed; the District will be deemed unitary by virtue of the Court's Order; and all prior Orders of the Court in this case will be withdrawn, subject only to the parties' right, if necessary, to seek enforcement of the provisions of the Settlement Agreement.**

The Class Representatives and Class Counsel believe that the proposed Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class. The Court has preliminarily approved the Settlement Agreement. The principal terms of the Settlement Agreement are summarized below.

The District's motion for unitary status and accompanying memorandum and the Settlement Agreement are available for inspection with the United States District Court for the Southern District of Mississippi in Jackson, Mississippi. In addition, the motion, memorandum, and Settlement Agreement are available at the Office of Superintendent, 1019 25th Avenue, Meridian, Mississippi 39301, and the District's website at: https://www.mpsdk12.net/. The Settlement Agreement is also available on the NAACP Legal Defense and Educational Fund's website at: https://www.naacpldf.org/case-issue/barnhardt-et-al.-v.-meridian.

### 1. What is included in the Settlement Agreement?

Under the proposed Settlement Agreement, Private Plaintiffs will not oppose the District's motion for unitary status. Moving forward, the parties agree that the District will implement a series of remedial measures as to student assignment, faculty assignment, and school discipline. During this time, the District will also periodically share information with the Private Plaintiffs on student assignment, faculty assignment, school discipline, and school law enforcement.

Under this agreement, the District will work with the Equity Assistance Center-South of the Intercultural Development Research Association ("IDRA EAC"). IDRA EAC is an equity assistance center that provides school districts with technical assistance and training to build capacity of local educators to ensure a more equitable learning environment for all students. To learn more about IDRA EAC and its expertise, please visit https://www.idraeacsouth.org/.

### STUDENT ASSIGNMENT

- **Gifted Program:** The District will:
    - Examine the racial differences in selection and enrollment rates in the District's Gifted Program;
    - Implement a second screening test for the Gifted Program at the beginning of third grade, unless this is impermissible according to the state of Mississippi;

3

Attorney Work Product
Privileged & Confidential

- o Require that all teachers at the elementary level are trained on how to recognize intellectual giftedness despite cultural, linguistic, and economic differences;
- o Reach out to Black students and their parents and guardians to provide information about the Gifted Program; and
- o Review data about the Gifted Program to ensure the program is being administered fairly and without regard to race.

- **Magnet Program:** The District will:
    - o Assess and study the feasibility of developing a magnet program; and
    - o Conduct a community survey to determine what kind of magnet school is most attractive to the community.

## FACULTY ASSIGNMENT

- **Minority Recruitment Plan:** The District will:
    - o Develop a minority recruitment plan;
    - o Build capacity to effectively recruit, hire, assign, and retain racially diverse faculty and staff;
    - o Develop a robust, exciting, and social justice-oriented "Grow Your Own" program to help recruit Black students and others into the teaching field;
    - o Explore opportunities for voluntary reassignment of teachers and other professionals to improve racial diversity at particular schools; and
    - o Expand and improve partnerships with colleges and universities, including Historically Black Colleges and Universities, for establishing teaching internships and conducting outreach to prospective students.

## SCHOOL DISCIPLINE AND LAW ENFORCEMENT

- **Restorative Justice:** The District will:
    - o Explore opportunities to incorporate restorative practices into its policies, with the goal of keeping students in the classroom to the maximum extent consistent with effective instruction;
    - o Develop and implement a professional development plan covering the school-wide implementation of restorative practices; and
    - o Survey teachers and stakeholders to assess school climate regarding discipline;
    - o Develop and implement a plan to inform parents/guardians about the District's plan for restorative practices; and
    - o Revise discipline referral and documentation forms to provide space for school personnel to note restorative justice approaches.

- **Law Enforcement:** The District will:
    - o Ensure that all CPD officers receive adequate training to understand how to police in accordance with the updated manual;

Attorney Work Product
Privileged & Confidential

- o Conduct an implicit-bias training for CPD officers; and
- o Assign a CPD Training Resource Officer to manage an ongoing training program.

### 2. Do I have a lawyer in this case?

The NAACP Legal Defense & Educational Fund and Phelps Dunbar LLP serve as Class Counsel in this case. Class Counsel represent class members and their interests, and class members will not be charged for their services. Any class member or other community member may also hire their own attorney to advise them, but they will be responsible for paying the attorney's fees. If you are a class member and you would like to contact Class Counsel with questions or for advice, please use the contact information provided in paragraph 6 below.

### 3. How do I give the Court my opinions?

If you wish to object to or comment on the proposed settlement or the District's motion for unitary status, you may submit an objection or comment form and/or appear at the Fairness Hearing to explain your opinions, including why you believe the settlement should or should not be approved as fair, reasonable, and adequate. **Any objection or comment on the proposed settlement will not be considered unless it is sent to the Clerk of the Court on or before August 30, 2019.**

If you would like to address the Court at the hearing, you must first send your objections or comments in writing to the Court at 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39201. You may obtain copies of an objection or comment form at any school in the District; at the Office of the District's Superintendent at 1019 25th Avenue, Meridian, Mississippi 39301; and on the NAACP Legal Defense and Educational Fund's website at https://www.naacpldf.org/case-issue/barnhardt-et-al.-v.-meridian. **Please note that all written objections and comments will be filed on the Court's Electronic Case Filing (ECF) system, making them available to the public and the media.**

Class Counsel will represent the Class at the Fairness Hearing. Class members and other community members are welcome to attend at their own expense. If you send any objection or comment, you do not have to come to Court to present it. As long as you mailed your written objection or comment on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary.

**Only persons who have submitted written objections or comments postmarked by August 30, 2019, may speak at the hearing. If you would like to address the Court at the hearing, you must first send the Court your objections or comments in writing, and it must be postmarked on or before August 30, 2019.**

5

Attorney Work Product
Privileged & Confidential

### 4. When and where will the Court make a decision about the settlement and the District's motion for unitary status?

There will be a "Fairness Hearing" to consider approval of the proposed Settlement Agreement and the District's motion on September 9, 2019, beginning at _____, at the United States District Court for the Southern District of Mississippi, Thad Cochran United States Courthouse, 501 E. Court Street, Jackson, Mississippi 39201, Courtroom 6E.

### 5. What happens if I do nothing at all?

If you do nothing, you forfeit the right to state any comments on or objections to the Settlement Agreement before the Court makes its determination as to the fairness, reasonableness, and adequacy of the settlement and to the Court's decision as to whether the District has achieved unitary status.

### 6. Who can answer my questions?

Please do not call or write the Court or the Clerk of the Court for information or advice. If you have questions concerning this litigation, the Settlement Agreement, or the Fairness Hearing, please direct your questions to counsel:

Attorney Work Product
Privileged & Confidential

| **Counsel representing Private Plaintiffs and the Class is:** | **Counsel representing the Meridian Public School District is:** | **Counsel representing the United States is:** |
|---|---|---|
| **NAACP Legal Defense & Educational Fund, Inc.**<br>40 Rector Street, 5th Floor<br>New York, NY 10006<br><br>NATASHA MERLE<br>nmerle@naacpldf.org<br>212-965-2200<br><br>KRISTEN JOHNSON<br>kjohnson@naacpldf.org<br>212-965-2200<br><br>JOHN CUSICK<br>jcusick@naacpldf.org<br>212-965-2200<br><br>LOUIS FISHER<br>lfisher@naacpldf.org<br>212-965-2200 | **Adams and Reese LLP**<br>1018 Highland Colony Parkway<br>Suite 800<br>Ridgeland, MS 39157<br><br>JOHN S. HOOK<br>john.hooks@arlaw.com<br>601-292-0708 | **U.S. Department of Justice, Civil Rights Division**<br>Patrick Henry Building<br>Suite 4300<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530<br><br>ARIA VAUGHAN<br>Aria.Vaughan@usdoj.gov<br>202-514-4092<br><br>NATANE SINGLETON<br>Natane.Singleton@usdoj.gov<br>202-514-4092 |
| **Phelps Dunbar LLP**<br>111 East Capitol Street, Suite 600<br>Jackson, MS 39201<br><br>FRED L. BANKS, JR.<br>fred.banks@phelps.com<br>601-360-9356 | **Witherspoon and Compton LLC**<br>1100 23rd Avenue<br>Meridian, MS 39302<br><br>JOHN G. COMPTON<br>jcompton@witherspooncompton.com<br>601-693-6466 | |