**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN BARNHARDT, et al.,          ) | |
|          ) | |
|      Plaintiffs,     ) | |
|          ) | |
|    and       ) | |
|          ) | |
| UNITED STATES OF AMERICA,   ) | Civil Action No. 4:65-cv-01300-HTW-LRA |
|          ) | 1300(E) |
|      Plaintiff-Intervenor,   ) | |
|          ) | |
|    v.       ) | |
|          ) | |
| MERIDIAN MUNICIPAL SEPARATE   ) | |
| SCHOOL DISTRICT, et al.,     ) | |
|          ) | |
|      Defendants.    ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION**
**FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**
**AND FOR AUTHORIZATION OF NOTICE TO THE PLAINTIFF CLASS**
**PURSUANT TO RULE 23(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Private Plaintiffs John Barnhardt, et al. ("the Private Plaintiffs") and Defendants Meridian

Public School District, et al. ("the District") (collectively, "the Parties") have settled the matter

between them pursuant to the attached Settlement Agreement, following extensive consultation

and negotiation. Both Parties have concluded that it is in their respective best interests to enter into

this Settlement Agreement. By doing so, they avoid the time, costs, and resources associated with

further litigation.

"A class action shall not be dismissed or compromised without the approval of the court,

and notice shall be given to all members of the class in such a manner as the court directs." Fed.

R. Civ. P. 23(e). Court approval under Rule 23 is a "two-step process": "First, the Court makes a

preliminary fairness evaluation of the proposed terms of settlement submitted by counsel. Second,

if the Court determines that the settlement is fair, the Court directs that notice pursuant to Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement." *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426 (E.D. Tex. 2002). The procedures proposed in this Joint Motion have been utilized in school desegregation class actions in federal district courts in the Fifth Circuit, including in the Southern District of Mississippi.[1]

On a motion for preliminary approval, "the standards are not as stringent as those applied to a motion for final approval." *In re OCA, Inc. Sec. & Derivative Litig.*, No. CIV A 05-2165, 2008 WL 4681369, at *11 (E.D. La. Oct. 17, 2008). This preliminary fairness evaluation "is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *Jones v. Singing River Health Sys.*, No. 1:14CV447-LG-RHW, 2016 WL 6106518, at *5 (S.D. Miss. Jan. 20, 2016) (quoting *In re Traffic Exec. Ass'n E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980)). *See also Cope v. Duggins*, No. CIV.A. 98-3599, 2001 WL 333102, at *1 (E.D. La. Apr. 4, 2001) ("During the preliminary evaluation, the Court will examine the submitted materials and determine whether the proposed settlement appears fair on its face.").

As such, preliminary approval should be granted "[i]f the proposed settlement discloses no

---

[1]   *See*, *e.g.*, Order Approving Amended Settlement Agreement, Declaring the Biloxi School District Unitary, Vacating all Prior Orders Except as Specified, and Dismissing the Case Subject to Retention of Ancillary Jurisdiction, *Mason v. Biloxi Mun. Special Sch. Dist.*, Civil Action No. 2696 (S.D. Miss. Aug. 23, 2002); Final Judgment, *Davis v. East Baton Rouge Parish Sch. Bd.*, No. 56-1662-D-M3 (M.D. La. Aug. 14, 2003); Order Approving the Parties' Settlement, *Montielh v. St. Landry Parish Sch. Bd.*, 65-cv-10912 (W.D. La. 2011); *see also* Order, *Davis v. Bd. of Sch. Comm'rs of Mobile County*, Civ. No. 3003-63-H (S.D. Ala. March 27, 1997); Amended Final Order Withdrawing Federal Supervision and Granting Unitary Status to the Public Schools of Pinellas County, Florida, *Bradley v. Pinellas County Sch. Bd.*, No. 8:64-CV-98-T-23B (M.D. Fla. Aug. 17, 2000); Memorandum Decision, *Lee v. Macon County Bd of Educ. (City of Vestavia Hills Sch. Sys.)*, No. 2:06-MC-2265-VEH (N.D. Ala. Dec. 13, 2007); Final Order, *Hightower v. West*, No. 1:69-CV-12880-RLV (N.D. Ga. June 6, 2003); Memorandum and Order, Dkt. No. 266, *Liddell v. Bd. of Educ. of City of St. Louis*, 72-cv-00100 (E.D. Mo. 1999).

reason to doubt its fairness, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, does not grant excessive compensation to attorneys, and appears to fall within the range of possible approval . . . ." *OCA*, 2008 WL 4681369, at *11. "Other factors considered during the preliminary approval stage include whether the settlement agreement appears to be the product of serious, informed, non-collusive negotiations and whether counsel are experienced and have been adequately informed of the facts via discovery." *Jones*, No. 1:14CV447-LG-RHW, 2016 WL 6106518, at *5 (S.D. Miss. Jan. 20, 2016) (quoting *Barnes v. United States*, 89 Fed. Cl. 668, 670 (2009)). Finally, preliminary approval ensures that class members receive sufficient notice of the settlement and their rights to comment on it. *See* Order Regarding State-Wide Special Education Issue, *Lee v. Lee County Bd. of Educ.*, Civ. Nos. 3:70cv845-MHT at *2-4 (M.D. Ala. Nov. 16, 2006).

The proposed Settlement Agreement and accompanying procedures fall within the range of reasonableness outlined above. The agreement is not only fair and reasonable, but it is also a true product of compromise between the parties. Under the proposed agreement, the District will implement a series of remedial measures as to student assignment, faculty assignment, school discipline, and law enforcement. During this time, the District will also periodically share information with the Private Plaintiffs regarding these topics. Private Plaintiffs agree that, assuming the District's good faith compliance with these measures, they will not oppose the District's motion for unitary status.[2] Consequently, the parties agree that the case may be dismissed, with prejudice, subject to the Court's retention of ancillary jurisdiction under *Kokkonen*

---

[2]     In similar situations, district courts have determined "that the provisions of the Settlement Agreement are appropriate steps in remedying the original constitutional violation that gave rise to th[e] litigation" and, therefore, that the dismissal order "is necessarily conditioned upon performance of the terms of the Settlement Agreement." *See, e.g.*, Findings of Fact and Conclusions of Law on Joint Motion for Approval of Settlement Agreement, *Augustus v. Sch. Bd. of Escambia County*, No. 3:60-CV-1064-LAC (N.D. Fla. Dec. 17, 1999), at 19 ¶¶ 32, 33.

*v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375 (1994), solely to enforce the terms of the Settlement Agreement, if necessary.[3]

To ensure members of the Class are notified of their rights, the proposed Notice will be published three times in two newspapers; the Parties will also make the Notice, Settlement Agreement, Motion for Unitary Status, and accompanying documents available at the Superintendent's office and on their respective websites. The proposed Notice provides class members and the public with comprehensive information about the Settlement Agreement, including the history of the case, the reasons for settlement, the terms of the settlement, and how to comment on or object to the settlement. Therefore, consistent with the authorities cited, the parties respectfully request that the Court grant the Parties' Joint Motion for Preliminary Approval of the Settlement Agreement and for Authorization of Notice to the Plaintiff Class.

---

[3]     *Kokkonen* and its progeny make clear that, by following certain procedures, district courts may retain ancillary jurisdiction to enforce the terms of a settlement agreement, even after a final dismissal with prejudice. "[A] court's ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees provides such an independent jurisdictional basis to enforce a settlement agreement only if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal." *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (quoting *Kokkonen*, 511 U.S. at 380–81). *Kokkonen* "specified two ways in which a court may make a settlement agreement part of its dismissal order: either by separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* (quoting *Kokkonen*, 511 U.S. at 380–81).

In school desegregation cases, district courts in this circuit have utilized these *Kokkonen* procedures to retain jurisdiction to enforce settlement agreements after dismissals with prejudice. *See, e.g.*, Order Approving the Parties' Settlement, *Montielh v. St. Landry Parish Sch. Bd.*, 65-cv-10912 (W.D. La. 2011), at 16; *see also* Memorandum and Order, Dkt. No. 266, *Liddell v. Bd. of Educ. of City of St. Louis*, 72-cv-00100 (E.D. Mo. 1999), at 19 (incorporating settlement agreement into order of dismissal). Here, the parties have conditioned their settlement on retention of ancillary jurisdiction over enforcement, pursuant to *Kokkonen*.

4

Respectfully submitted,

/s/ Fred L. Banks, Jr.
Fred L. Banks, Jr.
Phelps Dunbar LLP
Mississippi State Bar No. 1733 4270 I-55 North
Jackson, MS 39211-6391
Tel: (601) 360-935
Fax: (601) 360-9777
fred.banks@phelps.com

/s/ Natasha Merle
Natasha Merle
Kristen Johnson
John S. Cusick
Louis Fisher
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
nmerle@naacpldf.org

*Counsel for Private Plaintiffs*

/s/ John S. Hooks
John S. Hooks
MS Bar No. 99175
Holmes S. Adams
MS Bar No. 1126
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708

/s/ John G. Compton
John G. Compton
MS Bar No. 6433
Witherspoon and Compton LLC
1100 23rd Avenue
Meridian, Mississippi 39302
Telephone: 601.693.6466
Facsimile: 601.693.4840

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2019 I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all  counsel of record.

/s/ Natasha Merle
Natasha Merle
NAACP Legal Defense and
 Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
nmerle@naacpldf.org