UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JOHN BARNHARDT | PLAINTIFF |
| v. | CIVIL ACTION NO: 4:65cv1300 |
| UNITED STATES OF AMERICA | |
| | INTERVENOR PLAINTIFF |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT | DEFENDANT |

TRANSCRIPT OF TELECONFERENCE

WEDNESDAY, NOVEMBER 17, 2021

BEFORE THE HONORABLE HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

COURT REPORTER:

Fred W. Jeske, RMR, CRR
701 North Main Street, Suite 228
Hattiesburg, Mississippi  39401
(601) 255-6432
fred_jeske@mssd.uscourts.gov

```
 1          APPEARANCES:

 2          REPRESENTING THE PLAINTIFF BARNHARDT and PRIVATE
            PLAINTIFFS:
 3
                 JOHN SPENCER CUSICK, ESQUIRE
 4               NATASHA MERLE, ESQUIRE
                 KRISTEN ADRINA JOHNSON, ESQUIRE
 5               NAACP Legal Defense &
                 Educational Fund, Inc. - New York
 6               40 Rector Street, 5th Floor
                 New York, NY 10006-1738
 7               212-965-2200
                 jcusick@naacpldf.org
 8               nmerle@naacpldf.org
                 kjohnson@naacpldf.org
 9

10          REPRESENTING INTERVENOR PLAINTIFF:

11               MITZI DEASE PAIGE, ESQUIRE
                 U.S. Attorney's Office
12               501 East Court Street
                 Suite 4.430
13               Jackson, MS  39201
                 601-973-2840
14               mitzi.paige@usdoj.gov

15               ARIA VAUGHAN, ESQUIRE
                 U. S. Department of Justice-CRT
16               950 Pennsylvania Avenue NW
                 4CON, 10th Floor
17               Washington, DC 20530
                 202-598-9629
18               aria.vaughan@usdoj.gov

19

20

21

22

23

24

25
```

```
 1        APPEARANCES CONTINUED:

 2        REPRESENTING THE DEFENDANT:

 3              JOHN G. COMPTON, ESQUIRE
                Witherspoon & Compton, LLC
 4              P. O. Box 845 (39202)
                1100 23rd Avenue
 5              Meridian, MS 39301
                601-693-6466
 6              jcompton@witherspooncompton.com

 7              JOHN SIMEON HOOKS, ESQUIRE
                Adams and Reese, LLP - Ridgeland
 8              1018 Highland Colony Parkway
                Suite 800
 9              Ridgeland, MS 39157
                601-353-3234
10              john.hooks@arlaw.com

11

12                            -oOo-

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                          P R O C E E D I N G S
 2           THE CLERK:  This Terri Barnes, Judge Wingate's
 3   courtroom deputy.  Who is on the line?
 4           MS. MERLE:  Natasha Merle for the plaintiffs is on the
 5   line.
 6           THE CLERK:  Good morning.
 7           MS. MERLE:  Good morning.
 8           MS. JOHNSON:  This is Kristen Johnson on behalf of
 9   private plaintiff.
10           THE CLERK:  I'm sorry, can you repeat yourself?
11           MS. JOHNSON:  Yes, sorry.  Good morning.  This is
12   Kristen Johnson on behalf of the private plaintiff.
13           THE CLERK:  Thank you.
14           MR. COMPTON:  Good morning.  This is John Compton on
15   behalf of the School District.
16           MS. PAIGE:  Good morning.  This is Mitzi Dease Paige
17   from the U.S. Attorney's office, the intervenor.
18           MS. FORTNER:  Good morning.  Janet Fortner, Meridian
19   Public School District, director.
20           MR. GERMANY:  Good morning.  LaVonda Germany with
21   Meridian Public School District.
22           MS. CARTER:  Good morning.  Amy Carter,
23   superintendent, Meridian Public School District.
24           THE CLERK:  Is there anyone else on behalf of the
25   School District?
```

1           I believe that's it.
2                MS. VAUGHAN:  Okay.  Good morning.  This is Aria
3  Vaughan on behalf of the United States.
4                THE COURT:  This is Judge Wingate.
5        Good morning, Fred.
6                THE REPORTER:  Good morning, Judge.
7                THE COURT:  How are you today?
8                THE REPORTER:  I'm good, Judge.  How are you?
9                THE COURT:  Okay.  Doing great.
10       What weather you having down there, Fred?
11               THE REPORTER:  Probably the same as you, Judge.
12               THE COURT:  Not bad, Fred.
13       Now, who else do we have on the line?  Anybody?
14               MR. COMPTON:  John Compton, attorney for Meridian
15 Public School District.
16               THE COURT:  John, good morning.
17               MR. HOOKS:  John Hooks, also for the Meridian Public
18 Schools.
19               THE COURT:  Okay.
20               MS. CARTER:  Amy Carter, Meridian Public Schools.
21               THE COURT:  All right.
22               MS. FORTNER:  Janet Fortner, Meridian Public Schools.
23               THE COURT:  Good morning.
24               MS. GERMANY:  LaVonda Germany with Meridian Public
25 Schools.

1      MS. JOHNSON:  Your Honor, this is Kristen Johnson on
2 behalf of the private plaintiff.
3      THE COURT:  Okay.
4   Do I have anyone else on the line?
5      MS. MERLE:  Yes, Your Honor.  We also have Natasha
6 Merle and John Cusick on behalf of the private plaintiff.
7      THE COURT:  All right.  Anybody else?
8      MS. VAUGHAN:  Good morning, Your Honor.  This is Aria
9 Vaughan on behalf of the United States.
10      MS. PAIGE:  And good morning, Your Honor, Mitzi Dease
11 Paige on behalf of private plaintiffs as well.
12      THE COURT:  All right.  Anybody else?
13   All right.  Then I hear no additional identifications.
14   So who is going to speak on behalf of the plaintiff?
15      MS. JOHNSON:  That will be me, Your Honor, Kristen
16 Johnson.
17      THE COURT:  All right.  One second.
18   And are you in Tennessee right now?
19      MS. JOHNSON:  No, I'm in --
20      THE COURT:  I'm sorry.  You're where?
21      MS. JOHNSON:  New York.
22      THE COURT:  New York.  All right.
23   And who is there with you?
24      MS. JOHNSON:  My co-counsel, Natasha Merle and John
25 Cusick.

1        THE COURT:  Okay.  Natasha Merle and?
2        MS. JOHNSON:  John Cusick.
3        THE COURT:  John Cusick?
4        MS. JOHNSON:  Yes.
5        THE COURT:  Okay.  And who will be speaking on behalf
6   of Meridian?
7        MR. HOOKS:  Good morning, Your Honor.  This is John
8   Hooks from Adams and Reese and we're pleased to represent the
9   School District.  John Compton is also on the line, who is
10  their local school board attorney.
11       THE COURT:  All right.
12     Ms. Johnson.
13       MS. JOHNSON:  Yes, Your Honor.
14       THE COURT:  Do you have a copy of the motions report,
15  the outstanding motions?
16       MS. JOHNSON:  I don't have a copy of the motions
17  report, but I think I have some recollection of what's still
18  outstanding, Your Honor.
19       THE COURT:  Okay.  Well, could you give me motions --
20  or what motions you think are outstanding?
21       MS. JOHNSON:  Your Honor, there's --
22       THE COURT:  And give me -- and give me not only the
23  main motion but if you will give me the docket number, okay?
24       MS. JOHNSON:  Sure, Your Honor.
25       THE COURT:  Go ahead.

1           MS. JOHNSON:  We have docket entry 53.  That's the
2    district's motion for delaying of unitary status.
3           THE COURT:  You say 52?
4           MS. JOHNSON:  53.
5           THE COURT:  Okay.  Go ahead.
6           MS. JOHNSON:  And docket entry 158.  That is the joint
7    motion for settlement agreement.
8           THE COURT:  158?
9           MS. JOHNSON:  Yes.
10          THE COURT:  Okay.
11          MS. JOHNSON:  And I will say, Your Honor, at the last
12   conference we did discuss some other motions that I think, for
13   example, docket entry number 140.
14          THE COURT:  140.
15          MS. JOHNSON:  That was I think the motion to deem
16   unitary status as confessed.  And I believe at the last status
17   conference that was -- I think the district mentioned they
18   would withdraw that, but my recollection may not be correct.
19       And I think the same with docket entry number 150, which
20   was a supplemental motion for an extension of time to complete
21   discovery.  And I think the United States mentioned they would
22   withdraw that.
23       There was some discussion on that.  But that's what I have
24   on my list, Your Honor.
25          THE COURT:  All right.  So you have named 153 -- not

1    153, but just 53; correct?

2              MS. JOHNSON:  53, um-hum, correct.

3              THE COURT:  All right.  53, 158, 140 and 150 as

4    possibilities; correct?

5              MS. JOHNSON:  Yes.  Yes, that's what I have on my

6    list, Your Honor.

7              THE COURT:  Okay.  Let me turn to the defense, and

8    tell me which ones you think are outstanding.

9              MR. HOOKS:  Your Honor, I agree with that assessment,

10   and I also agree that with regard to the motion that is 140,

11   the motion to deem the unitary status motion as admitted or

12   confessed, we did agree, the School District agreed, to

13   withdraw that motion, and I believe the extension for discovery

14   motion also was determined at the last call to be no longer

15   necessary.

16             THE REPORTER:  Who was speaking there?

17             MR. HOOKS:  John Hooks from Adams and Reese on behalf

18   of the school district.

19             THE REPORTER:  Thank you.

20             THE COURT:  All right.  And so then 150 is not

21   outstanding anymore; correct?  Mr. Hooks?  Hello?

22             MR. HOOKS:  Your Honor, this is John Hooks again.

23   150, was that the extension of discovery motion?

24             THE COURT:  I was just looking at it, and it looks

25   like that's what it is.  Let me read it.  It says 150,

1   supplemental motion for extension of time to complete
2   discovery.
3              MR. HOOKS:  Yes, sir.  My understanding, that's no
4   longer necessary.
5              THE COURT:  Okay.  So 150 and 140 are not before the
6   court anymore.  Do you agree with that?
7              MR. HOOKS:  Your Honor, this is John Hooks.  I agree
8   with that.
9              THE COURT:  Okay.  And what you're saying, though, is
10  docket numbers 53 and 158 are still before the court; is that
11  correct?
12             MR. HOOKS:  That is correct, Your Honor.
13             THE COURT:  Okay.  Just one moment.
14      Meanwhile, let me go back to Ms. Johnson.
15      So do you agree, then, that 53 and 158 are the only two
16  that are before the court now?
17             MS. JOHNSON:  Yes, Your Honor.
18             THE COURT:  Okay.  Now, is there anyone who disagrees
19  with that?
20      All right.  I hear no naysayers.  So it's 53 and 158.
21      Just a moment.
22      53.
23             THE CLERK:  No. 53 is motion for declaration of
24  unitary status.
25             THE COURT:  Okay.  And that was Terri reading that,

1    Fred.
2            THE REPORTER:  Thank you, Judge.
3            THE COURT:  Read that again.
4            THE CLERK:  Docket No. 53 is the declaration of
5    unitary status by Meridian Municipal Separate School District.
6            THE COURT:  Okay.  And now read off to me Docket
7    No. 158.
8        158.
9            THE CLERK:  Docket No. 158 is a joint motion for
10   preliminary approval of settlement agreement and authorization
11   of notice to the plaintiff class.
12           THE COURT:  Okay.  Can you understand me okay, then?
13   158 is, quote, a joint motion for settlement agreement and
14   authorization of notice to the plaintiff class pursuant to Rule
15   23(E) of the Federal Rules of Civil Procedure.
16       Did you get that, Fred?
17           THE REPORTER:  Yes, sir.
18           THE COURT:  All right.  Thank you.
19       Now let me turn back to the plaintiff.
20       Ms. Johnson, let's pick up 53 first.
21       What is there outstanding on 53 that needs to be done at
22   this point, inasmuch as all of the other motions have been
23   dealt with?
24           MS. JOHNSON:  Kristen Johnson again for the plaintiff.
25       Your Honor, 53 is the district's motion for unitary

1   status, and I will say that the -- you know, it's technically
2   connected to the other outstanding motions, which is a joint
3   settlement.  By that I mean once a joint settlement is put in
4   place, that motion for unitary status won't be at play anymore,
5   and so there is nothing outstanding to do with Motion 53
6   outside of getting the settlement agreement in place, which is
7   the subject matter of the outstanding motion under 158.
8        THE COURT:  Then let's turn to 158, then.  And so then
9   assuming the court signs off on 53, then what will be
10  outstanding on 158?
11       MS. JOHNSON:  Well, Your Honor, 158 reads -- what it's
12  setting out there is the standing motion and the timeline and
13  the timeline for the notice to the class.  We discussed that a
14  bit at the last status conference, and the parties have not yet
15  agreed on a date, but I think that's the next step with respect
16  to Motion 158.
17       THE COURT:  All right.  I did some work on this from
18  the last time that we had a conversation, and if I rolled up
19  some matters that are concerned with, and I need to go back to
20  my notes and see exactly what I had determined, but I had
21  looked back through some of the proceedings and some of the
22  exhibits on this, and I didn't have time this morning due to
23  some other obligations to finish that before the call, and I
24  will do that as soon as I get off the line.  What is for this
25  hearing, assuming I don't have any other questions as to the

1   fairness hearing, which is supposed to be held at a time
2   convenient for all of the parties, and then after appropriate
3   motions.
4       Ms. Johnson, if we go to that point, how much time do you
5   think you'll have to have before we conduct that fairness
6   hearing from this point on, if you start working with the
7   report?
8           MS. JOHNSON:  Kristen Johnson for the plaintiff.
9       For the record, Your Honor, is your question how much time
10  we need or when is the time we give notice or --
11          THE COURT:  I'm asking about the entire process.
12          MS. JOHNSON:  Okay.  Again, Your Honor, the parties
13  haven't been able to confirm yet, but I know that for the
14  private plaintiffs, we would be available as soon as mid
15  February for a status hearing, and that would require notice to
16  go out at the beginning of January.
17          THE COURT:  Now, to the other parties, would you
18  contemplate an in-person hearing or the ability to conduct this
19  by telephone?
20          MS. JOHNSON:  Your Honor, I think -- I believe we
21  discussed this at the last status conference, that the private
22  plaintiffs were definitely open to doing this virtually or by
23  telephone, whatever -- whatever virtual option is available to
24  the court, given the still unclear status of the pandemic and
25  what that might mean in the months ahead.  So private

1    plaintiffs are definitely open to a virtual proceeding.
2            THE COURT: Okay. At the last session or two we have
3    to give account of the threat of the virus and make some
4    accommodation as to what the schedule might be. So at this
5    juncture, will you be available for a virtual?
6            MS. JOHNSON: Yes, Your Honor.
7            THE COURT: Okay. And if I can provide you some
8    dates, would you be able then to look at those dates to see
9    which ones will be better for your schedule?
10           MS. JOHNSON: Yes, Your Honor.
11           THE COURT: Okay. And let's go to the other side.
12       Mr. Hooks.
13           MR. HOOKS: Your Honor, the School District agrees
14   with everything Ms. Johnson just said in terms of the handling
15   of it virtually, and our availability also. We are very much
16   agreeable to mid to late February for sure, and we would be
17   happy to look at dates before then or after.
18       This is John Hooks, if I didn't say that for the court
19   reporter.
20       And we would be pleased to look at, you know, any of these
21   options. So whatever we can do, Your Honor, to be in a
22   position to help move this long, we're happy to do that.
23           THE COURT: Okay. So then those are matters that seem
24   to be on our plate at this point, that is, my looking at the
25   notes, that I actually looked at something that I intended to,

1   just to be sure, and then go set up a virtual conference seems
2   to be the only matters that I need to discuss at this point.
3        So is there anything else that we need to take up at this
4   time?
5             MS. VAUGHAN:  Your Honor, if I may.
6             THE COURT:  Yes.  Who is this?
7             MS. VAUGHAN:  This is Aria Vaughan on behalf of the
8   United States.
9             THE COURT:  Okay.
10            MS. VAUGHAN:  And it sounds like we all agree that the
11  hearing should be virtual, and that works for the United States
12  as well because we are still under travel limitations because
13  of the pandemic.
14            THE COURT:  Yes, the last time we talked you were
15  under those restrictions.
16            MS. VAUGHAN:  Um-hum.  Yes.  And they've continued.
17       So we don't know when -- when they will be lifted, and so
18  it's prudent to proceed with a plan for a virtual hearing.
19       The one thing that I will note is that while the hearing
20  is to focus on the private plaintiff's and defendant's
21  settlement agreement and fairness hearing for that agreement,
22  the United States also believes that the court should take some
23  time after it determines whether to approve that settlement to
24  determine whether the district is unitary by analyzing each of
25  the Green factors.

1          At this point the United States is not planning to object
2    to the district's motion, so the private plaintiffs are correct
3    in that should the court approve the settlement, it appears
4    that the motion would be unopposed, but the court should
5    consider also, you know, making findings as to the Green
6    factors on the record at that time in order to determine that
7    the School District is unitary.
8          THE COURT: Yes. You're correct.
9          And that inasmuch as that describes this court's
10   understanding since the last time we talked. As I mentioned
11   earlier, I went back through these exhibits to look at some
12   matters on some questions I had. And I wrote up some responses
13   to my questions. And so I will share those with you all later.
14         So is there anything else you want to inform me of?
15         MS. VAUGHAN: Nothing for the United States.
16         THE COURT: Okay. Anybody else?
17         MS. PAIGE: Your Honor, this is Ms. Mitzi Dease Paige.
18   If I might say one thing.
19         THE COURT: Ms. Paige.
20         MS. VAUGHAN: If at all possible, Your Honor, it might
21   be easier if we, when talking about the options, to explore a
22   Zoom call so that the court reporter would be able to see who
23   is speaking and might just be a little bit easier to facilitate
24   that part of the hearing, if we did it virtually via some kind
25   of Webex or Zoom or whatever the court's preference would be,

1    as opposed to a telephonic call like this one.
2             THE COURT:  I agree with you.  It's more convenient
3    for the court as I'm sure for the court reporter.
4       The problem that I encountered last time is getting
5    everybody in on the Zoom call.  I have to talk to my IT people
6    to see where we are at this point.  Because I know at one time
7    when I talked about addressing the possibility of it being a
8    Zoom, I was told that the limitations are the number of people
9    who could actually participate.
10      That might have changed now.  But the last time I
11   inquired, that's what the response was.
12            MS. PAIGE:  If I might say, I've been on several Zoom
13   calls in another case that I had with the Civil Rights
14   Division, and the county, Hinds County, and so we have done
15   that.  It has worked well.  The court has also provided a call
16   for the public, a telephone call number for the public to
17   listen in on.  So I think they may have worked out those kinks.
18   And we've had very few issues with utilizing that method.
19            THE COURT:  Thank you for telling me that.  Because I
20   have not checked back with my IT people since last time we
21   talked about whether they have knowledge of that.  So thanks
22   for telling me, and I will get with my IT people immediately
23   and handle it in that respect.
24      Anything else, Ms. Paige?
25            MS. PAIGE:  No, Your Honor, that's it.

1        THE COURT: Okay. Anybody else?

2        UNIDENTIFIED SPEAKER: Not for the plaintiff, Your
3 Honor, no, sir.

4        THE COURT: Okay. And what about Ms. Johnson,
5 anything else?

6        MS. JOHNSON: Nothing else, Your Honor. Thank you.

7        THE COURT: Anything else from any of the other
8 persons on the line?

9     All right. Hearing no one addressing those other matters,
10 then I conclude the telephone call. And I thank all of you for
11 being available.

12     And now that the intention on the virus seems to back down
13 some, maybe we can show up personally, and I will be in contact
14 with y'all.

15     All right. Thank y'all so much.

16        MR. HOOKS: Thank you, Your Honor.

17        THE COURT: And I will communicate by written
18 communication for the next date.

19     All right. Thank you very much. I'm signing off.

20        COUNSEL IN UNISON: Thank you, Your Honor.

21     (Proceedings concluded at 9:58 a.m.)

CERTIFICATE OF COURT REPORTER

    I, Fred W. Jeske, RMR, CRR, Official Court Reporter for the United States District Court for the Southern District of Mississippi, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a correct transcript of the proceedings reported by me using the stenotype reporting method in conjunction with computer-aided transcription, and that same is a true and correct transcript to the best of my ability and understanding.

    I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.

s/Fred W. Jeske
FRED W. JESKE, RMR, CRR
OFFICIAL COURT REPORTER