IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| JOHN BARNHARDT, et al., | ) |
| Plaintiffs, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) Civil Action No. 4:65-cv-01300-HTW-LRA |
| Plaintiff-Intervenor, | ) 1300(E) |
| v. | ) |
| MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO SET HEARING ON DEFENDANTS' SECOND MOTION TO MODIFY
THE DESEGREGATION PLAN AND FOR EXPEDITED CONSIDERATION**

Plaintiffs John Barnhardt, et al. ("Plaintiffs") oppose Defendants' request for the Court to either decide Defendants' second modification motion on just the briefing or to set an evidentiary hearing for now. *See* ECF No. 181. Instead, Plaintiffs request the Court postpone any decision on this motion until it rules on Defendants' pending first modification motion (ECF No. 167). Two reasons illustrate why postponing a ruling on Defendants' request here benefits the Court and the Parties.

First, Defendants admit that resolution of their first modification motion is necessary for them to move forward with their second modification motion (ECF No. 180). As Meridian Municipal Separate School District Superintendent Dr. Amy Carter explained in her affidavit, any "continuing delay in ruling on the Carver Middle School motion will further delay the elementary school reconfiguration." ECF No. 184 at 5. Defendants, for example, would need to reassign the

previous Carver middle-school student population back to the Carver building if the Court denies their first modification motion. But based on the briefing and status conferences held on May 17 and 18, 2023, the Carver building cannot house the previously Carver middle-school student population and the proposed elementary-school population outlined in Defendants' second modification motion. Similarly, Dr. Carter has identified several priorities that the District would need to undertake immediately if Defendants' first modification motion is denied, including replacing thirty-seven teachers at the middle-school level over this summer. *See* ECF No. 184 at 5. In short, Defendants' proposed elementary-school reconfiguration plan would not be feasible if the Court denied their first modification motion.

Second, the Court's resolution of Defendants' first modification motion will impact Plaintiffs' assessment of the elementary-school reconfiguration plan. After such resolution, Plaintiffs will reassess their response to Defendants' second modification motion. If Plaintiffs remain opposed to the second modification motion at that time, they will join Defendants' request for an evidentiary hearing to be set on an expedited basis. A ruling on just the briefing, as Defendants alternatively request, would be inappropriate. The Court would benefit from community members having the opportunity to testify given potential factual disputes, including Defendants' representations of community members' views about the elementary-school reconfiguration plan. *See* ECF No. 184 at 2-3. But if Plaintiffs do not oppose the second modification motion, then waiting for resolution of Defendants' initial modification motion would mitigate the need for any unnecessary additional briefing or evidentiary hearing.

For these reasons, the Court should not schedule an evidentiary hearing on Defendants' second modification motion until it rules on their initial modification motion. Plaintiffs continue to join Defendants' request for an expedited ruling on their first modification motion. And as

explained during the May 17 and 18 status conferences, Plaintiffs believe the Court can rule on that initial modification motion based on the briefing and record presented during the August 11, 2022 evidentiary hearing.

      Given the straightforward nature of this response, Plaintiffs respectfully request that the Court waive the requirement for an accompanying memorandum brief, pursuant to Local Rule 7(b)(4).

Dated: June 2, 2023                                         Respectfully submitted,

*s/ Fred L. Banks, Jr.*                             *s/ John S. Cusick*
Fred L. Banks, Jr.                                      John S. Cusick
Phelps Dunbar LLP                                Legal Defense Fund
Mississippi State Bar No. 1733              40 Rector Street, 5th Floor
4270 I-55 North                                         New York, New York 10006
Jackson, MS 39211-6391                    Tel: (212) 965-2200
Tel: (601) 360-935                                   Fax: (212) 226-7592
Fax: (601) 360-9777                             jcusick@naacpldf.org
fred.banks@phelps.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                       *s/ John S. Cusick*
                                       John S. Cusick
                                       Legal Defense Fund
                                       40 Rector Street, 5th Floor
                                       New York, New York 10006
                                       Tel: (212) 965-2200
                                       Fax: (212) 226-7592
                                       jcusick@naacpldf.org