THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BARNHARDT, ET AL.                                                                    PLAINTIFFS

and

UNITED STATES OF AMERICA                                                    PLAINTIFF-INTERVENOR

v.                                                                CIVIL ACTION NO. 4:65-cv-1300-HTW-LGI

MERIDIAN MUNICIPAL SEPARATE
SCHOOL DISTRICT, ET AL.                                                                   DEFENDANTS

REPLY IN SUPPORT OF MOTION TO SET HEARING ON SECOND MOTION TO
MODIFY DESEGREGATION PLAN AND FOR EXPEDITED CONSIDERATION

The Meridian Public School District submits this reply in support of its Motion to Set Hearing on its Second Motion to Modify Desegregation Plan and for Expedited Consideration, [181], and states as follows:

1. The LDF has pointed to no desegregation issues that are implicated by either the District's Motion to Modify Desegregation Plan, ("First Motion") having to do with the closure of Carver Middle School, or its Second Motion to Modify Desegregation Plan and for Expedited Consideration ("Second Motion") having to do with the reconfiguration of elementary schools. [167], [180]. The primary reason the LDF objected to the District's First Motion related to community objections to the closure of Carver Middle School. The LDF offered no legitimate desegregation concerns. Now, the LDF objects to the District's Second Motion because (1) the Court has not ruled on the First Motion and (2) "potential factual disputes" related to

"community members' views about the elementary-school reconfiguration plan." [189], p. 2. Objections from community members are not a desegregation issue.

2.      The Board of Trustees has a legal obligation to operate in the best interest of the District's students, including providing high-quality instruction with certified teachers and ensuring the safety of its students. The two pending motions for modification of the District's desegregation plan with regard to its middle schools and elementary schools are directly related to these, and other important educational goals. Neither the LDF, nor this Court, have more knowledge or expertise regarding what is in the best interest of the District's students than the District's Superintendent and Board of Trustees. The Board has a right to organize its schools in the way it sees fit—particularly where no desegregation issue has been identified.

3.      Moreover, the LDF has not explained how any objection to the closure of Carver Middle School will remain if the Court permits the District to re-open Carver as an elementary school. The affidavit testimony of Dr. Amy Carter, Superintendent, is unrefuted: Dr. Carter has met with community members on at least five occasions. [189]. Representatives of the Carver Coalition who opposed the closure of Carver as a middle school in the 2022-2023 school year "expressed support for the proposed plan to reconfigure the elementary schools, because students would be returning to the Carver campus." *Id.* Thus, the LDF has not shown how any dispute actually exists—certainly no valid desegregation problem entitles the LDF to ask this Court to supplant the valid rationale of the District's Superintendent and Board. The LDF, at this point, appears not to know if any "community members" oppose re-opening Carver as an elementary. There is no evidence anyone does.

4. Briefing will be completed on June 8, 2023, on the District's Second Motion. The District requests the Court rule on its First Motion and Second Motion expeditiously. [167], [180]. The District disagrees with the LDF's assertion that a ruling on the briefs related to the Second Motion would be inappropriate, because the Court would "benefit from community members having the opportunity to testify." [189], p. 2. Here, the opinions and observations from community members have nothing to do with the District's desegregation obligations, nor are "community members" legally responsible for operation of the District's schools. The Court is positioned to rule on both pending motions for modification without further briefing or testimony. Of course, should the Court wish to hold an evidentiary hearing on the Second Motion the District will cooperate fully.

WHEREFORE, PREMISES CONSIDERED, the Meridian Public School District respectfully requests that the Court decide the matter on the pleadings or enter an Order setting a hearing on the District's Second Motion to Modify Desegregation Plan and for Expedited Consideration.

Respectfully submitted this the 8th day of June, 2023.

**MERIDIAN PUBLIC SCHOOL DISTRICT**

/s/ John S. Hooks

OF COUNSEL:

John S. Hooks
MS Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Pkwy., Suite 800
Ridgeland, MS 39157
Tel: (601) 353-3234
Fax: (601)-355-9708
John.Hooks@arlaw.com

And

John G. Compton
MS Bar No. 6433
Witherspoon & Compton
1100 23rd Avenue
P. O. Box 845
Meridian, Mississippi 39302
Tel: (601) 693-6466
Fax:  (601) 693-4840
jcompton@witherspooncompton.com

**CERTIFICATE OF SERVICE**

    I, John Hooks, certify that I have this day caused a true and correct copy of the above document to be filed with the Clerk of Court via the CM/ECF System, which caused notice of filing to be served on all counsel of record.

    Dated: June 8, 2023.

    /s/ *John S. Hooks*
    John S. Hooks